Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
       jjm@johnsonmaylaw.com


Krystal Mikkilineni, *PHV pending*
Robert E. Richards, *PHV pending*
Tirzah Roussell, *PHV pending*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
       Robert.richards@dentons.com
       Tirzah.roussell@dentons.com

Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re<br><br>MILLENKAMP CATTLE INC.<br><br>                    Debtor. | Case No. 24-_____-NGH |

**DEBTOR'S MOTION FOR AN ORDER (1) AUTHORIZING BUT NOT REQUIRING THE DEBTOR TO PAY UTILITY PROVIDERS, (2) DETERMINING AND APPROVING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (3) PROHIBITING UTILITY PROVIDERS FROM DISCONNECTING SERVICE, AND (4) GRANTING RELATED RELIEF**

Debtor Millenkamp Cattle, Inc., the above-captioned debtor and debtor-in-possession ("**Millenkamp Cattle**" or the "**Debtor**")[1], hereby moves the Court (the "**Motion**") under Sections 105 and 366 of Title 11 of the United States Code (the "**Bankruptcy Code**") for entry of an order substantially in the form attached as Exhibit A hereto, (1) authorizing but not requiring the Debtor to continue to pay pre-petition utility providers, (2) determining and approving adequate assurance of payment for future utility service, (3) prohibiting utility providers from disconnecting service, and (4) granting related relief. In support, the Debtor respectfully states as follows:

## JURISDICTION

This Court has jurisdiction to consider the relief requested in this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).  The Debtor's principal offices and principal place of business are located in Jerome and Cassia County, Idaho and within the District of Idaho, and, therefore, venue is proper in this district under 28 U.S.C. §§ 1408(1) and 1409.  The bases for relief requests herein are Sections 105 and 366 of the Bankruptcy Code.

## BACKGROUND

The Debtors are ten affiliates that collectively own and operate several businesses, including a calf ranch raising approximately 50,000 calves located in Jerome, Idaho; a dairy heifer feedlot in Declo, Idaho, raising approximately 60,000 head of dairy cattle; a dairy operation at the Declo facility where the dairy cattle are milked several times a day; farming operations in Jerome, Twin Falls and Cassia counties; and custom harvest & trucking throughout the Magic Valley.

On April 2, 2024 (the "**Petition Date**") the Debtor filed its petitions for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**").  In the ordinary course of business, the

---

[1] The Debtors in the Chapter 11 Cases are: Millenkamp Cattle, Inc.; Idaho Jersey Girls LLC; East Valley Cattle, LLC; Millenkamp Properties, L.L.C.; Millenkamp Properties II LLC; Millenkamp Family LLC; Goose Ranch, LLC; Idaho Jersey Girls Jerome Dairy LLC; Black Pine Cattle LLC; and Millenkamp Enterprises LLC.

DEBTORS' MOTION RE UTILITY PROVIDERS – Page 2

Debtor incurs expenses for electricity, telecommunications, water, gas, sanitation, and other similar utility services provided by the following eleven (11) utility providers (as such term is used in Bankruptcy Code Section 366, collectively, the "**Utility Providers**"), whose services and average monthly bills are set forth in Exhibit B hereto:

a. Idaho Power, which provides the Debtor's Jerome and Buhl facilities with electricity.

b. Raft River Electric, which provides the Debtor's Cassia County facilities with electricity.

c. Intermountain Gas, which provides the Debtor's facilities with gas for heat;

d. United Electric, which provides the Debtor's facilities with electricity;

e. Western Waste Service, which provides sanitation services for the Debtor's facilities;

f. Total Waste Management, which provides sanitation services for the Debtor's facilities;

g. Valley Co-op Propane, which provides propane gas to assist in operating the dairy facility;

h. Anthem Broadband, which provides internet service for the Debtor's facilities (appx. $4k/mo)

i. Verizon Wireless, which provides voice over IP phone system and cell phone service for the Debtor and its employees (appx. $3k/mo)

j. Centurylink, which provides service for fax machines (appx. $400/mo)

k. Bare Necessities, which provides portable toilet service for remote locations at the Debtor's facilities (appx. $760/mo)

Uninterrupted utility services are essential to the Debtor's ongoing operations and, therefore, to the success of these Chapter 11 Cases. Indeed, any interruption of any of the Debtor's

DEBTORS' MOTION RE UTILITY PROVIDERS – Page 3

utility services, even for a brief period of time, would negatively affect the Debtor's operations and would seriously jeopardize the Debtor's ability to reorganize and, ultimately, recoveries to its stakeholders. It is therefore critical that utility services continue uninterrupted during these Chapter 11 Cases.

To the extent that the Debtor subsequently identifies additional providers of utility services, the Debtor hereby seeks authority to amend this Motion to add or remove any Utility Provider. The Debtor will amend the Motion by notifying the added Utility Provider in writing that the Debtor has added it to as a Utility Provider as defined in this Motion. The Debtor further requests that any order apply to any such subsequently identified Utility Provider as provided in the adequate assurance procedures, regardless of when each Utility Provider was added as a Utility Provider. With respect to any subsequently identified Utility Provider, the proposed adequate assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an additional assurance request within 21 days of receiving a copy of the order, or the Motion (each of which fully recite the adequate assurance procedures). The Debtor shall have the period specified in the proposed adequate assurance procedures to seek to resolve any subsequently added Utility Provider's additional assurance request by mutual agreement with the Utility Provider without further order of the Court or to schedule a hearing with the Court to determine the adequacy of assurance of payment with respect to such Utility Provider in accordance with such adequate assurance procedures.

The Debtor requests that all Utility Providers, including subsequently added Utility Providers, be prohibited from altering, refusing, or discontinuing utility services to the Debtor absent further order of the Court. The Debtor pays the Utility Providers on a periodic based on each Utility Provider's billing cycle. The Debtor submits that it would be administratively

DEBTORS' MOTION RE UTILITY PROVIDERS – Page 4

burdensome to segregate pre-petition amounts from post-Petition Date amounts owing to each Utility Provider on each account where the billing cycles do not coincide with the Petition Date (and most, if not all, will not). Accordingly, the Debtor requests that the Court authorize, but not require, the Debtor to pay all pre-petition amounts owing to Utility Providers in the ordinary course of its business for administrative convenience and to ensure that the Utility Providers do not unintentionally cease provision of the utility services as a result of non-payment. In addition, failure to pay prepetition amounts could result in Utility Providers requesting a higher adequate assurance deposit or to take action to terminate utility services, resulting in a greater cost to the estate than if payments from the Debtor continued uninterrupted.

## SUPPORTING AUTHORITIES FOR REQUESTED RELIEF

### A. Proposed Adequate Assurance Procedures

Section 366 of the Bankruptcy Code provides that a utility provider may alter, refuse, or discontinue a Chapter 11 debtor's utility service if the utility does not receive from the debtor adequate "assurance of payment" within 30 days from the Petition Date. *11 U.S.C. § 366(b).* But it does not expressly require notice to the Debtor or the Court, or any other provision, leaving it ambiguous when and how a utility service provide can cease service, which exposes the Debtor and its estate to unacceptable risk that a Utility Service Provider might just unilaterally decide to stop service. Section 366(c)(1)(A) defines the phrase "adequate assurance of payment" to mean, among other things, a cash deposit. *11 U.S.C. § 366(c)(1)(A).*

The Debtor is presently current on all payments to Utility Service Providers, and does not believe any Utility Service Providers are at risk of non-payment in the future. Accordingly, the Debtor proposes to provide a deposit to each requesting Utility Provider who holds an unpaid pre-petition claim of greater than one-month's unpaid amount only, in an amount equal to two weeks'

DEBTORS' MOTION RE UTILITY PROVIDERS – Page 5

worth of utility service as calculated by the Debtor according to the last historical 52-week period (each, an "**Adequate Assurance Deposit**"); provided, however, that (a) a request for such deposit is made in writing no later than fourteen (14) days after the Petition Date (the "**Request Deadline**"); and (b) such requesting Utility Provider does not already hold a deposit equal to or greater than the Adequate Assurance Deposit (which existing deposit shall be deemed to be the Adequate Assurance Deposit for purposes of this Motion). All such Adequate Assurance Deposits shall be returned to the Debtor upon the earlier of (a) consensual termination of services between Utility Provider and the Debtor or (b) confirmation of a Chapter 11 plan, if not applied or returned earlier.

The Debtor intends to pay post-petition obligations owed to the Utility Providers in a timely manner. The Debtor expects that its cash flow from operations and/or debtor-in-possession financing will be sufficient to pay post-petition obligations related to its utility service. The Debtor submits that the Adequate Assurance Deposit (if requested), in conjunction with the Debtor's demonstrated ability to pay for utility services in the ordinary course of business (together, the "**Proposed Adequate Assurance**"), constitutes sufficient adequate assurance to the Utility Providers. If any Utility Provider believes additional assurance is required, that Utility Provider may request such assurance pursuant to the procedures set forth below.

As a condition of requesting and accepting an Adequate Assurance Deposit, and absent compliance with the Adequate Assurance Procedures (defined below), the requesting Utility Provider shall be deemed to have (a) stipulated that the Adequate Assurance Deposit constitutes adequate assurance of payment of such Utility Provider within the meaning of Section 366 of the Bankruptcy Code, and (b) waived any right to seek additional or different adequate assurance during the course of this Case. Likewise, any Utility Provider that does not request an Adequate

Assurance Deposit by the Request Deadline and does not file an objection to the Motion or pursuant to the Adequate Assurance Procedures (as described below) shall be deemed to have adequate assurance that is satisfactory to it within the meaning of Section 366 of the Bankruptcy Code.

In light of the severe consequences to the Debtor and its operations of any interruption in services by the Utility Providers, but recognizing the right of the Utility Providers to evaluate the Proposed Adequate Assurance on a case-by-case basis, the Debtor proposes that the Court approve and adopt the following procedures (the "**Adequate Assurance Procedures**").

　　i.　　The Debtor has mailed a notice of the hearing date and a copy of this Motion to the Utility Providers on the Utility Service List so that notice of this Motion is received within 21 days of the final Hearing.

　　ii.　　If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of deposits, prepayments, or otherwise, it must serve a request (an "**Additional Assurance Request**") upon (i) proposed counsel for the Debtor, Johnson May, 199 N. Capitol Blvd, Ste 200, Boise ID 83702, Attn: Matt Christensen, (ii) the Office of the United States Trustee for the District of Idaho, 550 W. Fort Street, Room 698, Boise, ID 83724.

　　iii.　　Any Additional Assurance Request must (i) be made in writing, (ii) set forth the location(s) for which utility services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits, (iv) certify the amount that is equal to one month of utility service it provides to the Debtor, calculated as a historical average over the past 12 months, and (v) explain why the Utility Provider believes the Debtor's Adequate Assurance Deposit is not sufficient adequate assurance of future payment.

　　iv.　　Upon the Debtor's receipt of any Additional Assurance Request at the addresses set forth in Subsection b. above, the Debtor shall have 14 days from the receipt of such Additional Assurance Request (the "**Resolution Period**") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

　　v.　　The Debtor may resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, without limitation, cash deposits,

DEBTORS' MOTION RE UTILITY PROVIDERS – Page 7

|      |      |
|------|------|
| | prepayments, and other forms of security, without further order of the Court if the Debtor believes such additional assurance is reasonable. |
| vi. | If the Debtor determines that the Additional Assurance Request is not reasonable and cannot reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "**Determination Hearing**") pursuant to Section 366(c)(3) of the Bankruptcy Code. |
| vii. | Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for pre-petition services or on account of any objections to the Proposed Adequate Assurance. |
| viii. | With respect to any Utility Provider that received notice of the Motion at least 21 days before the Hearing, the Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request within 14 days prior to the Hearing and does not timely objection to the Motion. With respect to any subsequently identified Utility Provider, the Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request within 21 days of receiving a copy of the Order or the Motion. |
| ix. | The Utility Providers are forbidden to alter, refuse, or discontinue service on account of any pre-petition charges, or require additional assurance of payment other than the Proposed Adequate Assurance except through the Adequate Assurance Procedures. |

### B. The Utility Providers Are Adequately Assured of Payment for Future Services

Uninterrupted utility service is critical for the success of the Debtor's Case. Section 366(c)(2) of the Bankruptcy Code provides that a utility provider may discontinue its services to a debtor if the debtor has not furnished adequate assurance of payment within 30 days after the petition date. *See* 11 U.S.C. § 366(c)(2). Congress enacted Section 366 of the Bankruptcy Code to protect debtors from utility service cutoffs upon a bankruptcy filing while providing utility companies with adequate assurance that the debtors will pay for post-petition services. *See* H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6306. Accordingly, Section 366 of the Bankruptcy Code protects debtors by prohibiting utilities from altering, refusing, or

discontinuing services to a debtor solely on account of unpaid pre-petition amounts for a period of 30 days after a Chapter 11 filing. At the same time, it protects utilities by permitting them to alter, refuse, or discontinue service after 30 days if the debtor has not furnished "adequate assurance" of payment in a form "satisfactory" to the utility.

Section 366(c) of the Bankruptcy Code also specifies the factors that a bankruptcy court may consider when determining whether an adequate assurance payment is, in fact, adequate. Specifically, courts no longer may consider (a) the absence of a security deposit before a debtor's petition date, (b) a debtor's history of timely payments, or (c) the availability of an administrative expense priority when determining the amount of a deposit. Notwithstanding these changes, Congress did not intend to abrogate the bankruptcy court's ability to determine the amount of adequate assurance necessary or change the fundamental requirement that assurance of payment must simply be "adequate." *See, e.g., In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009) ("[g]enerally, adequate assurance is considered to be something less than an absolute guarantee. The particular facts and circumstances of each case are evaluated and taken into consideration to determine what constitutes adequate assurance") (internal quotation marks omitted); *Steinebach v. Tucson Elec. Power Co. (In re Steinebach)*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("a utility is only entitled to adequate assurance of payment. Adequate assurance of payment is not, however, absolute assurance").

Thus, while Section 366(c) of the Bankruptcy Code limits the factors a court can consider when determining whether a debtor has provided adequate assurance of payment, it does not limit the court's ability to determine the amount of payment necessary, if any, to provide such adequate assurance. Instead, Section 366(c) of the Bankruptcy Code gives courts discretion in determining the amount of payment necessary for adequate assurance that they previously had under Section

DEBTORS' MOTION RE UTILITY PROVIDERS – Page 9

366(b) of the Bankruptcy Code. *Compare* 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.") *with* 11 U.S.C. § 366(c)(3)(a) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).")

In addition, it is well established that Section 366(b) of the Bankruptcy Code permits a bankruptcy court to find that no adequate assurance payment at all is necessary to provide a utility with adequate assurance of payment. *See Va. Elec. & Power Co. v. Caldor, Inc. -N. Y.*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that other security should be interpreted narrowly, . . . bankruptcy court's authority to modify the level of the deposit or other security provided for under § 366(b), includes the power to require no deposit or other security where none is necessary to provide a utility supplier with adequate assurance of payment.") (citations omitted). This principle may be applicable in cases where the debtor has made pre-petition deposits or prepayments for services that utilities ultimately will render post-petition. *See also* 11 U.S.C. § 366(c)(1)(A)(v) (recognizing a prepayment for post-petition services as adequate assurance). Accordingly, even after the 2005 revisions to Section 366 of the Bankruptcy Code, courts continue to have discretion to determine the amount of adequate assurance payments and, where appropriate, to determine that no such payment is necessary.

Courts also have recognized that, in determining the requisite level of adequate assurance, bankruptcy courts should "focus upon the need of the utility for assurance, and to require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co.*, 117 F.3d at 650 (emphasis in original) (citations omitted); *see also In re Penn Cent. Transp. Co.*, 467 F.2d 100, 103-04 (3d Cir. 1972)

(affirming bankruptcy court's ruling that no utility deposits were necessary where such deposits likely would "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected").

Accordingly, demands by a Utility Provider for a guarantee of payment should be refused when the Debtor's specific circumstances already afford adequate assurance of payment. The Debtor submits that the proposed adequate assurance, and the Adequate Assurance Procedures provide more than adequate assurance of future payment. Furthermore, the Debtor expects that funds from its operations will be sufficient to pay operating costs, including utility costs, as such costs come due. Moreover, the Debtor has a powerful incentive to stay current on utility obligations because of its reliance on utility services for the operation of its business.

These factors, which the Court may (and should) consider when determining the amount of any adequate assurance payments, justify a finding that the proposed adequate assurance and the Adequate Assurance Procedures assure the Utility Providers of future payment. Bankruptcy courts routinely approve relief similar to the relief requested by this Motion. *See, e.g., In re Divinia Water, Inc.,* Case No. 21-40059-JMM, Docket No. 32 (Bankr. D. Idaho, 2021); *In re Vector Arms., Corp.* No. 15-23109 (Bankr. D. Utah, Marcy 12, 2015; *In re Marion Energy Inc.*, Case No. 14-31632 (Bankr. D. Utah, Dec. 1, 2014); *see also In re Amicus Wind Down Corp. (f/k/a Friendly Ice Cream Corp.)*, Case No. 11-13167 (Bankr. D. Del. Oct. 24, 2011) (deeming utilities adequately assured where the debtor established a segregated account containing the aggregate estimated cost for two weeks of utility service); *In re Neb. Book Co.*, No. 11-12005 (Bankr. D. Del. July 21, 2011) (same); *In re L.A. Dodgers LLC*, No. 11-12010 (Bankr. D. Del. July 19, 2011) (same); *In re Ambassadors Int'l, Inc.*, No. 11-11002 (Bankr. D. Del. Apr. 26, 2011) (same).

DEBTORS' MOTION RE UTILITY PROVIDERS – Page 11

Moreover, if a Utility Provider disagrees with the Debtor's proposed adequate assurance, the Adequate Assurance Procedures will enable the parties to negotiate and, if necessary, seek Court intervention without jeopardizing the Debtor's continuing operations.

### C. The Proposed Adequate Assurance Procedures Are Appropriate

The Court has authority to approve the Adequate Assurance Procedures under Section 105(a) of the Bankruptcy Code, which provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of Section 105(a) of the Bankruptcy Code is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01 (Alan N. Resnick & Henry J. Sommer, eds. 16th ed. rev. 2014) at 105–6. The Adequate Assurance Procedures are necessary in this Case. If the Adequate Assurance Procedures are not approved, a Utility Provider could blindside the Debtor by unilaterally deciding on or after the 30th day following the Petition Date that it is not adequately protected and discontinuing service or making an exorbitant demand for payment to continue service. Discontinuation of utility service could shut down operations and damage the Debtor's business, assets, inventory, and employees, resulting in significant harm to the Debtor's business operations that would jeopardize the Debtor's chances of executing a successful reorganization.

### WAIVER OF BANKRUPTCY RULES 6004(A) AND 6004(H)

Given the nature of the relief requested herein, the Debtor respectfully requests a waiver of (a) the notice requirements under Bankruptcy Rule 6004(a) and (b) the 14-day stay under Bankruptcy Rule 6004(h), to the extent either rule is applicable to avoid irreparable harm to the Debtor and its business.

DEBTORS' MOTION RE UTILITY PROVIDERS – Page 12

## DEBTOR'S RESERVATION OF RIGHTS

Nothing in this Motion should be construed as (a) an admission as to the validity or priority of any claim against the Debtor, (b) a waiver of the Debtor's rights to dispute any claims, or (c) an approval or assumption of any agreement, contract, or lease, under Section 365 of the Bankruptcy Code. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently. No prior motion for the relief requested herein has been made to this or any other court.

## NOTICE OF THIS MOTION

The Debtor has provided notice of this Motion to (a) the Office of the United States Trustee for the District of Idaho; (b) the parties listed on the List of Creditors Holding the 20 Largest Unsecured Claims for the Debtor; (c) all ECF notice parties; (d) the United States Internal Revenue Service; (e) the Idaho State Tax Commission; and (f) the Utility Providers listed in this Motion. In light of the nature of the relief requested in this Motion, the Debtor respectfully submits that no further notice is necessary.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that this Court enter the Order substantially in the form attached as Exhibit A hereto, granting the relief requested in the Motion and other and further relief as is just and proper.

DATED this 2nd day of April 2024.

JOHNSON MAY

/s/ Matt Christensen
MATTHEW T. CHRISTENSEN
Attorney for the Debtor

**(EXHIBIT A – PROPOSED ORDER)**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re<br><br>MILLENKAMP CATTLE INC.<br><br>Debtor. | Case No. 24-_____-NGH |

**ORDER (1) AUTHORIZING BUT NOT REQUIRING THE DEBTOR TO PAY UTILITY PROVIDERS, (2) DETERMINING AND APPROVING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (3) PROHIBITING UTILITY PROVIDERS FROM DISCONNECTING SERVICE, AND (4) GRANTING RELATED RELIEF**

The motion (the "**Motion**") filed by the above-captioned debtor-in-possession (the "**Debtor**") under Section 105 and 366 of Title 11 of the United States Code (the "**Bankruptcy Code**") for entry of an order (this "**Order**") (1) authorizing but not requiring the Debtor to continue to pay pre-petition utility providers, (2) determining and approving adequate assurance of payment for future utility service, (3) prohibiting utility providers from disconnecting service, and (4) granting related relief, all as more fully set forth in the Motion; and the Court, having reviewed the Motion and having held a hearing on the relief requested in the Motion; and having heard the statements of counsel in support of the relief requested in the Motion at the hearing, finds that the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, that this is a core matter under 28 U.S.C. § 157(b)(2), that notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given; and the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and any objections

to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing, therefore

IT IS HEREBY ORDERED AS FOLLOWS:

    i.      The Motion is GRANTED as provided herein.

    2.      The Debtor is authorized but not required to continue to pay Utility Providers in the ordinary course of its business including, in its business judgment, on account of amounts due from the pre-petition period.

    3.      The following procedures (the "**Adequate Assurance Procedures**") are hereby adopted.

        i.    The Debtor has mailed a notice of the hearing date and a copy of this Motion to the Utility Providers on the Utility Service List so that notice of this Motion is received within 21 days of the final Hearing.

        ii.    If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of deposits, prepayments, or otherwise, it must serve a request (an "**Additional Assurance Request**") upon (i) proposed counsel for the Debtor, Johnson May, 199 N. Capitol Blvd, Ste 200, Boise ID 83702, Attn: Matt Christensen, (ii) the Office of the United States Trustee for the District of Idaho, 550 W. Fort Street, Room 698, Boise, ID 83724.

        iii.    Any Additional Assurance Request must (i) be made in writing, (ii) set forth the location(s) for which utility services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits, (iv) certify the amount that is equal to one month of utility service it provides to the Debtor, calculated as a historical average over the past 12 months, and (v) explain why the Utility Provider believes the Debtor's Adequate Assurance Deposit is not sufficient adequate assurance of future payment.

        iv.    Upon the Debtor's receipt of any Additional Assurance Request at the addresses set forth in Subsection b. above, the Debtor shall have 14 days from the receipt of such Additional Assurance Request (the "**Resolution Period**") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

DEBTORS' MOTION RE UTILITY PROVIDERS – Page 15

  v.  The Debtor may resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, without limitation, cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtor believes such additional assurance is reasonable.

  vi.  If the Debtor determines that the Additional Assurance Request is not reasonable and cannot reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "**Determination Hearing**") pursuant to Section 366(c)(3) of the Bankruptcy Code.

  vii.  Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for pre-petition services or on account of any objections to the Proposed Adequate Assurance.

  viii.  With respect to any Utility Provider that received notice of the Motion at least 21 days before the Hearing, the Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request within 14 days prior to the Hearing and does not timely objection to the Motion. With respect to any subsequently identified Utility Provider, the Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request within 21 days of receiving a copy of the Order or the Motion.

  ix.  The Utility Providers are forbidden to alter, refuse, or discontinue service on account of any pre-petition charges, or require additional assurance of payment other than the Proposed Adequate Assurance except through the Adequate Assurance Procedures.

4.  This Order applies to any subsequently identified Utility Provider, regardless of when each Utility Provider was added to the Utility Service List.

5.  The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the pre-petition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on

DEBTORS' MOTION RE UTILITY PROVIDERS – Page 16

the Debtor's designation of any particular check or electronic payment request as being approved by this Order.

6. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

7. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to in this Order in accordance with the Motion.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

//end of text//


Order submitted by:


Matthew T. Christensen, attorney for the Debtors

**(EXHIBIT B – Utility Service List)**

| Vendor Name | Address | Service | Average Monthly Bill |
|---|---|---|---|
| Idaho Power | Attn: Corporate Cashier PO Box 6062 Boise ID 83707-6062 | Power | $16,850.00 |
| Raft River Electric | PO Box 617 Malta ID 83342-0617 | Power | $200,000.00 |
| Intermountain Gas | PO Box 5600 Bismarck ND 58506-5600 | Gas | $290.00 |
| United Electric | 1330 21st St. Heyburn ID 83336 | Power | $2,177.00 |
| Western Waste Service | PO Box 714 Jerome ID 83338 | Sanitation | $4,300.00 |
| Total Waste Management | PO Box 309 Heyburn ID 83336 | Sanitation | $7,737.44 |
| Valley Co-op Propane | 2114 N. 20th St. Nampa ID 83687 | Propane gas | $68,717.29 |
| Anthem Broadband | PO Box 30 Rupert ID 83350 | Internet | $4,000.00 |
| Verizon Wireless | PO Box 660108 Dallas TX 75266-0108 | VOIP and cell phones | $3,000.00 |
| Centurylink | PO Box 2961 Phoenix AZ 85062-2961 | Fax line service | $400.00 |
| Bare Necessities | PO Box 1952 Twin Falls ID 83303 | Portable toilet service | $760.00 |