Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
       jjm@johnsonmaylaw.com


Krystal Mikkilineni, *PHV pending*
Robert E. Richards, *PHV pending*
Tirzah Roussell, *PHV pending*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
       Robert.richards@dentons.com
       Tirzah.roussell@dentons.com

Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re: | Case No. 24-40158-NGH |
| MILLENKAMP CATTLE, INC. | Chapter 11 |
| Debtor. | Joint Administration Requested |

**MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS[1]**

---

[1] The Debtors in the Chapter 11 Cases are: Millenkamp Cattle, Inc.; Idaho Jersey Girls LLC; East Valley Cattle, LLC; Millenkamp Properties, L.L.C.; Millenkamp Properties II LLC; Millenkamp Family LLC; Goose Ranch, LLC; Idaho Jersey Girls Jerome Dairy LLC; Black Pine Cattle LLC; and Millenkamp Enterprises LLC.

MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS – Page 1

Millenkamp Cattle, Inc. (the "Debtor"), by and through its undersigned attorneys, hereby requests the entry of an order, pursuant to 11 U.S.C. § 503(b)(9), allowing the following Suppliers an administrative expense claim in the amounts shown, and allowing the Debtors to pay the claims in the ordinary course of post-petition business operations.

| Vendor Name | Item Supplied | Amount owed |
|---|---|---|
| Amalgamated Sugar | Feed | $1,309.00 |
| Conrad & Bischoff, Inc. | Fuel | $153,779.39 |
| Les Schwab Tire Center | Tires | $1,243.76 |
| Les Schwab Tire Center | Alley Vac | $250.40 |
| MicroProteins, Inc. | Feed | $7,073.56 |
| Schow's Auto Parts | Engine Oil | $32.65 |
| Tacoma Screw Products, Inc. | Supplies | $814.59 |
| Thomas Petroleum | Fuel | $2,700.31 |
| United Oil | Fuel | $1,117.20 |
|  | **TOTAL** | **$165,485.05** |

In support of its Motion, the Debtor states as follows:

## JURISDICTION

1. On April 2, 2024 (the "Petition Date"), each of the above-referenced debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Idaho (the "Court").

2. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (B). Venue is proper in this District pursuant to 28 U.S.C. §1408 and 1409.

MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS – Page 2

## BACKGROUND

3.      The Suppliers manufactures or provide feed, fuel, tires or other supplies for the dairy and cattle industry (among other industries).  The Suppliers regularly sold some of these products to the Debtors before the Petition Date.

4.      In the 20 days preceding the Petition Date, the Debtors received goods that the Suppliers sold on credit to the Debtors in the ordinary course of the Debtors' business.  Such goods included feed, fuel, tires, oil and other supplies (the "Goods") and had an aggregate value of $165,485.05.

5.      As of the date of this Motion, the Suppliers have not received payment for the Goods.

## RELIEF REQUESTED

6.      The Debtors respectfully request that this Court allow the Suppliers' administrative expense claims in the amounts outlined above for the Goods pursuant to section 503(b)(9) of the Bankruptcy Code.  Further, the Debtors respectfully request the Court allow the Debtors to pay the administrative claims of the Suppliers in the regular course of the Debtors' continued operations.

## BASIS FOR RELIEF

7.      § 503(b)(9) provides administrative priority for the "value of any goods received by the debtor within twenty (20) days before the date of commencement of a case under this title in which goods have been sold to the debtor in the ordinary course of such debtor's business." *See also In re Brown & Cole Stores, LLC*, 375 B.R. 873, 878 (B.A.P. 9th Cir. 2007). (recognizing that § 503(b)(9) applies to vendors supplying goods). These claims must be paid in full for the Debtors to confirm a chapter 11 plan. *See* 11 U.S.C. § 1129(a)(9)(A).

8.     In fact, the Bankruptcy Code does not prohibit a debtor from paying such claims prior to confirmation. As administrative claims incurred in the ordinary course of business, the Debtors submit that they may pay such claims in accordance with their business judgment pursuant to section 363(c)(1). Courts have regularly authorized the payment of claims arising under section 503(b)(9) in the ordinary course of business. *See e.g. In re Chassix Holdings, Inc.*, No. 15-10578 (Bankr. S.D.N.Y. Apr. 14, 2015) (No. 275).

9.     Thus, these claims for goods received by the Debtors within 20 days prior to the Petition Date should be allowed as administrative expenses, and this Court should allow the Debtors to pay these claims in the ordinary course of the Debtors' ongoing business.

WHEREFORE, the Debtors respectfully requests that the Court enter an order (i) allowing the Suppliers' administrative expense claim in the amounts listed above, pursuant to Section 503(b)(9) of the Bankruptcy Code; (ii) allowing the Debtors to pay said administrative expense claims in the ordinary course of Debtors' business and (iii) granting such other and further relief as may be just and proper under the circumstances.

DATED this 2nd day of April, 2024.

                                                              /s/ Matt Christensen                            
                                                              Matthew T. Christensen
                                                              Attorney for the Debtors