Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
         jjm@johnsonmaylaw.com


Krystal Mikkilineni, *PHV pending*
Robert E. Richards, *PHV pending*
Tirzah Roussell, *PHV pending*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
         Robert.richards@dentons.com
         Tirzah.roussell@dentons.com

Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re: | Case No. 24-_____-NGH |
|---|---|
| MILLENKAMP CATTLE, INC. | Chapter 11 |
| Debtor. | |

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER ESTABLISHING INTERIM FEE AND EXPENSE REIMBURSEMENT PROCEDURES**

Millenkamp Cattle, Inc., the Debtor in the above-captioned Chapter 11 case (the "Debtor"), by and through its counsel of record, JOHNSON MAY, submits this Memorandum in Support of its Motion for an order authorizing procedures for Professionals (as defined herein) that are both

currently employed and to be employed by order of the Court to (i) file and serve monthly notices in order to receive monthly interim compensation and reimbursement of expenses and (ii) file and serve periodic applications for approval of interim compensation and reimbursement of expenses incurred pursuant to section 331 of title 11 of the United States Code (the "Bankruptcy Code").

## STATEMENT OF FACTS

### A.    Description of the Debtor

The Debtor is an Idaho corporation that is in the business, together with several affiliated companies, of operating dairy, calf ranch, farming and trucking operations in Jerome, Twin Falls and Cassia counties.  On April 2, 2024, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of its property and is operating and managing its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of the Motion, no Official Committee of Unsecured Creditors has been constituted. The Debtor has retained professionals and may retain additional professionals in the future.  Additionally, the Committee may also retain professionals.

### B.    The Debtor's Current Operations.

The Debtor currently is operating its business and continuing to provide dairy, calf ranch, farming and trucking operations.  The Debtor intends to reorganize its business affairs and pay creditors through a confirmed Chapter 11 Plan, thus maximizing the value of the available assets for the benefit of creditors and equity interest holders.

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

In connection with the administration of the Debtor's Chapter 11 case and pursuant to orders entered or to be entered by this Court, the Debtor and the Committee have employed and may continue to employ attorneys, accountants and other professionals that will be subject to the Bankruptcy Code's provisions relating to the employment and compensation of professionals (collectively, the "Professionals"). Section 331 of the Bankruptcy Code authorizes applications for interim compensation once every 120 days unless the Court orders otherwise.

The Debtor believes that in a case of this size, it is both necessary and appropriate to establish a procedure for paying and monitoring the interim compensation due from this estate on a monthly basis. By reviewing the amounts requested on a monthly basis, rather than every 120 days, the Debtor, the Committee, the U.S. Trustee and other parties in interest will be in a better position to monitor and control the costs and fees of the Professionals on a current and regular basis. Additionally, the various Professionals will be required to devote substantial time, effort and expense to the Debtor's case. The absence of a procedure for allowing interim compensation on a current basis would also cause undue financial burdens on the Professionals, unfairly compelling the retained Professionals to finance the chapter 11 case. Therefore, the Debtor requests that the Court adopt the following procedures for awarding interim compensation and reimbursement of expenses to all Professionals.

**PROPOSED PROCEDURE**

1.      Commencing for the month ending April 30, 2024, and continuing each month thereafter, each Professional seeking the payment of interim compensation concerning the

previous calendar month shall file with the Court and serve on the U.S. Trustee, the Debtor and any Committee (collectively, the "Notice Parties") an abbreviated notice of interim compensation and reimbursement of expenses (the "Cover Sheet Application"). The Cover Sheet Application shall be filed and served no later than thirty (30) days after the end of the month for which compensation is sought.

2. The Cover Sheet Application shall (1) relate to services rendered and expenses incurred during the prior month; (2) seek payment of interim compensation in an amount equal to (or less than) seventy-five percent (75%) of the fees sought and one hundred percent (100%) of the expenses incurred during the prior month and (3) indicate the amount requested, the total time expended, the names of the Professionals who performed the services and the hourly billing rate for each timekeeper. The Cover Sheet Application shall be accompanied by a detailed listing of the time expended by each timekeeper that performed the services, and the costs incurred by category during the month for the period set forth on the Cover Sheet Application. The Cover Sheet Application shall also comply with the requirements of the Guidelines.

3. Each Professional electing to file a Cover Sheet Application shall serve: (1) a copy of such Cover Sheet Application on the Notice Parties and (2) a notice of said Cover Sheet Application, (the "Notice") on the Notice Parties and any party who has requested special notice in the Debtor's Chapter 11 case.

4. Any objection to the payment of fees or reimbursement of expenses in a Cover Sheet Application must be filed with the Court and served on the Debtor, the Professional whose Cover Sheet Application is the subject of the objection, counsel for the Debtor and counsel for the Committee, within fourteen (14) calendar days of the date that the Notice was mailed. If no objection is timely filed and served, the Cover Sheet Application shall be deemed approved on an

MEMORANDUM IN SUPPORT OF MOTION FOR ORDER ESTABLISHING INTERIM FEE AND EXPENSE REIMBURSEMENT PROCEDURES – Page 4

interim basis, and the Debtor shall be authorized and directed to make payment as requested therein within fourteen (14) calendar days following the expiration of the objection period without this Court holding a hearing or entering any further order thereon. If an objection is timely filed and served, then the Debtor shall be authorized to make payment only for those amounts that are not in dispute within fourteen (14) calendar days following the expiration of the period in which to file objections. The disputed amounts in the Cover Sheet Application shall be heard and resolved by the Court at the next hearing to be held pursuant to the procedures set forth below, or at such other time as may be noticed by the affected Professional.

5.  Notwithstanding the monthly fee request and payment thereof pursuant to Cover Sheet Applications, within thirty (30) days after the end of each four-month period, commencing with the period that ends June 30, 2019, each Professional who has elected to file a Cover Sheet Application, or is otherwise seeking interim compensation, shall file with the Court and serve on the Notice Parties an interim fee application with a summary of the activities of the Professional (the "Interim Application"), in accordance with Bankruptcy Code section 331 and rules 2016 and 2002(a)(6) of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"). The Interim Applications shall seek approval of one hundred percent (100%) (including the twenty-five percent (25%) held back from monthly payments), or less, of the requested interim compensation and reimbursement of expenses, including any compensation and reimbursement made pursuant to Cover Sheet Applications, during the prior four-month period.

6.  Any party filing an Interim Application with respect to a particular four-month period shall file with the Court and serve on the Notice Parties and those parties who have requested special notice in the Debtor' case, a notice of the hearing (or opportunity for a hearing on negative notice) on the Interim Application that sets forth the total amount of compensation for

MEMORANDUM IN SUPPORT OF MOTION FOR ORDER ESTABLISHING INTERIM FEE AND EXPENSE REIMBURSEMENT PROCEDURES – Page 5

services rendered and reimbursement of expenses sought in each such Interim Application. Any party in interest who has timely filed a written objection to a Professional's Interim Application or Cover Sheet Application shall be entitled to be heard upon such objection at the hearing to consider approval of the Interim Applications, as shall the Professional whose fees or expenses are the subject of any objection. If an objection is sustained, or the Court otherwise orders, such Professional shall disgorge to the Debtor any payments it may have received for fees or costs with respect to which such objection is sustained, pending final allowance at the conclusion of such Professional's final fee application. If an objection is not sustained and the fees or expenses approved, any unpaid amount shall be paid promptly by the Debtor to the Professional.

## THE PROPOSED PROCEDURES ARE APPROPRIATE

The Debtor believes that the adoption of the interim fee and expense reimbursement procedure set forth herein is fair and reasonable and in the best interests of the Debtor's estate. Moreover, pursuant to the Court's authority under Bankruptcy Code sections 102(1) and 105, compliance with the interim fee procedures set forth herein will be deemed to satisfy Bankruptcy Rule 2016 and sections 330 and 331 of the Bankruptcy Code. Bankruptcy Code section 331 provides for the payment of interim compensation for professionals retained by debtors in possession and creditors' committees:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

*11 U.S.C. § 331*.

MEMORANDUM IN SUPPORT OF MOTION FOR ORDER ESTABLISHING INTERIM FEE AND EXPENSE REIMBURSEMENT PROCEDURES – Page 6

In enacting the professional compensation provisions of the Bankruptcy Code, Congress adopted the principle that "[p]rofessionals in bankruptcy cases are entitled to be paid on a comparable basis to other privately retained counsel, both in terms of timeliness and amount of payment." *In re Commercial Consortium of California*, 135 B.R. 120, 123 (Bankr. C.D. Cal. 1991) (*citing Burgess v. Klenske (In re Manoa Finance Co., Inc.)*, 853 F. 2d 687, 690 (9th Cir. 1988)); *In re Nucorp Energy, Inc.*, 764 F. 2d 655, 658-59 (9th Cir. 1985); *First National Bank of Chicago v. Committee of Creditors Holding Unsecured Claims (In re Powerine Oil Co.)*, 71 B.R. 767, 770 (B.A.P. 9th Cir. 1986). Congress' intent in enacting Bankruptcy Code section 331 is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

The Bankruptcy Appellate Panel for the Ninth Circuit (the "BAP") made clear that interim payments for professionals on a monthly basis are entirely appropriate in large cases such as the Debtor's case. *See United States Trustee v. Knudsen Corp. (In re Knudsen Corp.)*, 84 B.R. 668 (9th Cir. BAP 1988) (footnote omitted). In *Knudsen*, the BAP observed that the problem, arising especially in large cases, is that when counsel must wait an extended period for payment, counsel is essentially compelled to finance the reorganization. This result is improper and may discourage qualified practitioners from participating in bankruptcy cases; a result that is clearly contrary to Congressional intent. *Id.* at 672.

*Knudsen* holds that, at least in large cases such as this one, monthly payments to professionals are appropriate without prior approval of the Court so long as made pursuant to a procedure that provides the opportunity for subsequent review by the Court. *Knudsen*, 84 B.R. at 671-72. The procedures proposed herein provide ample opportunity for such review. The Bankruptcy Court in the Central District of California also addressed the issue of monthly compensation of professionals in *In re California Consortium*, 135 B.R. 120, 123 (Bankr. C.D. Cal. 1991). In analyzing Bankruptcy Code section 331, the court held that "[t]he essential purpose of this section is to relieve counsel and other professionals of the burden of financing lengthy bankruptcy proceedings." 135 B.R. at 123. The court noted, however, that even as long ago as 1991, payments once every 120 days are no longer sufficient to keep bankruptcy counsel on par with other lawyers:

> In 1978, when the Code was enacted, attorneys customarily billed their clients on a quarterly basis. Times have changed. Lawyers now run their practices in a more business-like fashion. Computerization has simplified and speeded the billing process. As widely documented in the legal press, the billing cycle has shifted to monthly statements. The 120-day provision of Section 331, intended to be a help to lawyers in 1978, has become a straight-jacket for the lawyers of the '90s. Thus, even payments every 120 days no longer compensate bankruptcy attorneys on a fully equivalent basis with their nonbankruptcy colleagues.

*Id.* at 123-24.

The proposed fee procedures are consistent with both Bankruptcy Code section 331, which provides that professionals may be paid after "notice and a hearing." Further, the interim fee procedures outlined herein alleviate the financial burden on the Professionals employed in the Debtor's case, comply with the requirements of Bankruptcy Code section 331, and accord with the procedure that the United States Trustee recommended in the *Knudsen* case – a procedure that the BAP found "would undoubtedly be appropriate...." *Id.,* 84 B.R. at 672 n.7. Additionally, the interim fee application procedures requested and outlined herein have been approved in previous

MEMORANDUM IN SUPPORT OF MOTION FOR ORDER ESTABLISHING INTERIM FEE AND EXPENSE REIMBURSEMENT PROCEDURES – Page 8

cases in the Ninth Circuit, including this court. *See, e.g., In re Heller Ehrman LLP*, N.D. Cal. Bankr. Case No. 08-32514, Order dated May 7, 2009; *In re Ryan Hinton, Inc.*, Case No. 19-40481-JDP, Docket No. 17 and 93 (Bankr. D. Idaho 2019).

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court enter an order establishing an interim fee application and expense reimbursement procedure as described above and granting such other and further relief as this Court deems just.

DATED this 2nd day of April, 2024.

                /s/  Matt Christensen
MATTHEW T. CHRISTENSEN
Attorney for the Debtors