# EXHIBIT 6

Sheila R. Schwager, ISB No. 5059
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 200
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5261
Email: sschwager@hawleytroxell.com

Attorneys for Plaintiff, Rabo AgriFinance LLC

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| RABO AGRIFINANCE LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MILLENKAMP CATTLE, INC., an Idaho corporation, EAST VALLEY CATTLE, LLC, an Idaho limited liability company, MILLENKAMP PROPERTIES II LLC, an Idaho limited liability company, MILLENKAMP FAMILY LLC, an Idaho limited liability company, IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company, MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company, IDAHO JERSEY GIRLS, LLC, an Idaho limited liability company, GOOSE RANCH LLC, an Idaho limited liability company, BLACK PINE CATTLE LLC, an Idaho limited liability company, MILLENKAMP ENTERPRISES LLC, an Idaho limited liability company, SUSAN MILLENKAMP as Trustee of the WJM 2012 TRUST, WILLIAM MILLENKAMP as Trustee of the SJM 2012 TRUST, WILLIAM JOHN MILLENKAMP, an individual; and SUSAN JO MILLENKAMP, an individual;<br><br>Defendants. | Case No. CV01-24-01156<br><br>STIPULATED FACTS AND EXHIBITS FOR RECEIVERSHIP HEARING, FEBRUARY 9, 2024 |

STIPULATED FACTS AND EXHIBITS FOR RECEIVERSHIP HEARING, FEBRUARY 9,
2024 - 1 -

59797.0002.16794900.1

Plaintiff, Rabo AgriFinance, LLC, as Agent for the Lenders, ("**Rabo**" or "**Agent**"), by and through its attorneys of record Hawley Troxell Ennis & Hawley, LLP; the Defendants identified in the above caption ("**Defendants**"), by and through their attorneys of record Johnson May; and Metropolitan Life Insurance Company and MetLife Real Estate Lending LLC (collectively "**MetLife**"), by and through their attorneys of record, Jones Williams Fuhrman Gourley, hereby enter into this Stipulation as to certain facts and the admissibility of exhibits for the hearing set for February 9, 2024. The parties agree that in the event of any demonstrated inconsistency between this stipulation and the plain language of any of the documents referenced within the stipulation, the documents control. Further, the parties agree that the facts stipulated to below are solely for purposes of the hearing currently set for February 9, 2024 (and potential subsequent dates), and the stipulated facts may not be used in any other or subsequent proceeding.

**A. The Defendants and Rabo hereby stipulate to the following facts, of which MetLife has no objection:**

1. On or about April 21, 2021, Millenkamp Cattle, Inc., an Idaho corporation, Idaho Jersey Girls LLC, an Idaho limited liability company, East Valley Cattle, LLC, an Idaho limited liability company, Millenkamp Properties, L.L.C., an Idaho limited liability company, Millenkamp Properties II, LLC, an Idaho limited liability company, Millenkamp Family LLC, an Idaho limited liability company, Goose Ranch LLC, an Idaho limited liability company, Idaho Jersey Girls Jerome Dairy LLC, an Idaho limited liability company, Black Pine Cattle LLC, an Idaho limited liability company, Millenkamp Enterprises LLC, an Idaho limited liability company, Susan Millenkamp as Trustee of the WJM 2012 Trust, William Millenkamp as Trustee of the SJM 2012 Trust, William John Millenkamp, and Susan Jo Millenkamp (collectively the "**Borrowers**"),

STIPULATED FACTS AND EXHIBITS FOR RECEIVERSHIP HEARING, FEBRUARY 9, 2024 - 2 -

obtained a Loan in the principal sum of $94,125,000.00[1], wherein Borrowers received funds from the Lenders to support their operations.

2. Contemporaneously therewith, Borrowers executed and delivered to Rabo, as Agent, that certain Third Amended and Restated Loan and Security Agreement, dated April 21, 2021 ("**Loan Agreement**").

3. Under the terms of the Loan Agreement, the Borrowers agreed to pay all unpaid principal, accrued but unpaid interest, and any other amounts owed under the Loan, to Rabo on or before the maturity date of June 1, 2022 (the "**Maturity Date**").

4. Failure to pay the obligations due under the Loan within three business days after the obligations became due constitutes an event of default under the Loan Agreement.

5. Pursuant to the terms of the Loan Agreement, the Borrowers granted to Rabo, in its capacity as Agent for the benefit of Lenders, a security interest in and to the following property and interests in property of the Borrowers, whether now owned or existing or hereafter acquired or arising and wheresoever located: all Accounts, Inventory, Equipment, Farm Products, Goods, General Intangibles, Payment Intangibles, Commercial Tort Claims (specifically described as those Commercial Tort Claims which are proceeds of any of the other herein described collateral), Deposit Accounts, Margin Accounts, Commodity Accounts, Commodity Contracts, Securities Accounts, Investment Property, Instruments, Letter of Credit Rights, Documents, Chattel Paper, Electronic Chattel Paper, Tangible Chattel Paper, all accessions to, substitutions for, and all replacements, products and proceeds of the foregoing (including without limitation, proceeds of

---

[1] The Loan, as amended and restated from time to time, consists of: (i) a Line of Credit A Note in the total principal sum of $83,000,000.00, identified as Loan No. 22116035; (the "**Line A Notes**"); (ii) a Line of Credit B Note in the total principal sum of $5,000,000.00, identified as Loan No. 22116036 (the "**Line B Notes**"); and (iii) a Line of Credit C Note in the total principal sum of $3,000,000.00, identified as Loan No. 22116037 (the "**Line C Notes**"). The collective amounts Lenders advanced to or for the benefit of Borrowers under the Notes are hereafter referred to as the "**Loan**".

STIPULATED FACTS AND EXHIBITS FOR RECEIVERSHIP HEARING, FEBRUARY 9, 2024 - 3 -

insurance policies insuring any of the foregoing), all books and records pertaining to any of the foregoing (including without limitation, customer lists, credit files, computer programs, printouts and other computer materials and records), and all insurance policies insuring any of the foregoing. Borrowers further agreed to grant to Agent for the benefit of the Secured Parties (a) Control Agreements with respect to each of its deposit accounts, excluding Excluded Accounts, and each Margin Account, (b) collateral assignments, in form and substance acceptable to Agent, of Borrowers' Milk Agreements and Milk Payments, all with respect to such agreements with and payments from with Glanbia Foods, Inc., and (c) collateral assignments, in form and substance acceptable to Agent, of one more key man life insurance policies insuring the life of William John Millenkamp (collectively "**Collateral**").

6. The interests in the Collateral held by the Agent on behalf of the Lenders is subject to an Intercreditor Agreement dated September 18, 2018, executed by the Borrowers, MetLife, and the Agent ("**2018 Intercreditor Agreement**").

7. The Borrowers did not pay the outstanding obligations due and owing under the Loan Agreement on the Maturity Date.

8. The Agent and the Borrowers entered into a Forbearance Agreement made effective as of October 20, 2022 ("**Forbearance Agreement**").

9. The Forbearance Agreement granted the Borrowers until June 30, 2023 (provided there was not a Termination Event, as defined therein) to identify a new capital source to refinance the Loan.

10. In the Forbearance Agreement the Agent agreed, on behalf of the Lenders, to forbear, without waiving any of the defaults identified therein (collectively "**Forbearance Defaults**"), from exercising its rights and remedies under the Loan Agreement until the earlier of

STIPULATED FACTS AND EXHIBITS FOR RECEIVERSHIP HEARING, FEBRUARY 9, 2024 - 4 -

any Termination Event or June 30, 2023 ("**Forbearance Period**").

11. In the Forbearance Agreement, each of the Borrowers acknowledged the occurrence of the Forbearance Defaults.

12. As consideration for the Lenders entering into the Forbearance Agreement, the Borrowers agreed to make certain economic concessions, including issuing a Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing (Second Priority), dated October 20, 2022, in favor of the Agent on behalf of the Lenders, to secure any and all obligations owed to the Lenders, which was recorded in Cassia County, as Instrument No. 2022-004552, Twin Falls County as Instrument No. 2022018722, and Jerome County as Instrument No. 2224759 ("**Mortgage**").

13. The Mortgage encumbered certain real and personal property of which MetLife has a priority interest that secure the MetLife loans. MetLife consented to the recording of the Mortgage, pursuant to the terms of the Subordination and Intercreditor Agreement dated October 20, 2022, entered into between MetLife and Rabo as Agent, and acknowledged by the Borrowers ("**2022 Intercreditor Agreement**").

14. Borrowers defaulted on their obligations under the Forbearance Agreement to maintain a Borrowing Base equal to or greater than $10,000,000.00 for the measuring period ending February 28, 2023. While these breaches constituted Termination Events (as defined by the Forbearance Agreement), instead of exercising its remedies at that time, the Agent sent a letter dated April 19, 2023, providing the notice of default, reserving its rights due to the default, but continued to forbear.

15. In April 2023, the Borrowers requested that the Lenders make a protective advance that would enable the Borrowers to pay for feed for the Borrowers' cattle,.

STIPULATED FACTS AND EXHIBITS FOR RECEIVERSHIP HEARING, FEBRUARY 9, 2024 - 5 -

59797.0002.16794900.1

16. On April 12, 2023, the Agent made a protective advance of $1,000,000.00, for the purpose of purchasing feed, without any penalty or additional premium (the "**First Protective Advance**").

17. In making the First Protective Advance, the Agent reserved and retained the Lenders' rights due regarding the defaults under the Forbearance Agreement.

18. As of July 1, 2023, the Borrowers had not refinanced the Loan by June 30, 2023, as required by the Forbearance Agreement. The Borrowers continued to attempt to obtain a commitment from a reputable agribusiness lender (the "**Potential Refinancing Source**"). To that end, the Agent reserved its rights, but did not terminate the Forbearance Agreement.

19. In early July, the Agent requested the following from the Borrowers:

A) Partial repayment of the Loan by liquidating the Borrowers' herd of steers ("**Steer Sale**");

B) Retention of an investment banker to pursue a potential sale of the Borrowers' business as a going concern to a party with the financial wherewithal to pay Borrowers' liabilities to employees, vendors, and feed its livestock;

C) Updates on the status of the commitment from the Potential Refinancing Source;

D) Repayment of the Agent's legal fees incurred in connection with the Forbearance Agreement that the Borrowers were contractually obligated to, but had failed to, pay under the express terms of Section 10 of the Loan Agreement;

E) Additional financial reporting to assist the Agent in understanding the Borrowers' liquidity and plans to repay the Loans; and

F) Information regarding unencumbered assets;

(the "**Contingency Planning Requests**").

20. On August 8, 2023 Borrowers requested that the Agent endorse certain livestock checks made payable to Borrowers and that the Agent allow the Borrowers to retain one hundred percent (100%) of the steer collateral proceeds.

21. Borrowers responded that if the Agent would not release one hundred percent of

STIPULATED FACTS AND EXHIBITS FOR RECEIVERSHIP HEARING, FEBRUARY 9, 2024 - 6 -

the steer proceeds which totaled $1,121,545.00, that the Borrowers would cancel future steer sales.

22. On August 11, 2023, the Agent terminated the Forbearance Agreement. Agent's election was circulated via a Notice of Termination of Forbearance Period on August 11, 2023, and via a Notice of Termination of Forbearance Agreement dated August 14, 2023.

23. On or about August 15, 2023, the CRO, Riveron, resigned from his position with the Borrowers.

24. Or about August 30, 2023, the Agent's attorneys sent letters to known purchasers of the Borrowers' Livestock directing that all checks issued for the purchase of Livestock from the Borrowers were to include Agent as a Payee and needed to be sent directly to Agent's counsel to be applied to the obligations owed under the Loan. Subsequent to those letters being delivered, the notified purchasers began submitting the checks directly to Agent's counsel.

25. Upon receipt of the Checks, the Borrowers were (and continue to be) notified and the proceeds were (and continue to be) sent to the Agent to be applied to the obligations owed by the Borrowers.

26. At the Borrowers' request, on September 13, 2023, the Agent made another protective advance of Two Million Five Hundred Thousand Dollars ($2,500,000.00) to the Borrowers to pay for feed and other supplies that were critical to the care and wellbeing of the Borrowers' livestock.

27. On November 17, 2023, the Borrowers represented to the Agent that Milk proceeds would be fully exhausted the following week and there were immediate issues of feed suppliers cutting off feed. The Borrowers requested the release of steer proceeds for operations.

28. On January 10, 2024, the Agent funded an additional protective advance of Two Million Five Hundred Thousand Dollars ($2,500,000.00).

STIPULATED FACTS AND EXHIBITS FOR RECEIVERSHIP HEARING, FEBRUARY 9, 2024 - 7 -

**B. The Defendants and MetLife hereby stipulate to the following facts, of which Rabo has no objection:**

1. MetLife is the owner and holder of certain commercial real estate loans (collectively, the "**MetLife Loans**") made by MetLife to William John Millenkamp, Susan Jo Millenkamp, East Valley Cattle, LLC, Idaho Jersey Girls LLC, Idaho Jersey Girls Jerome Dairy LLC, Goose Ranch LLC, Millenkamp Properties, L.L.C., Millenkamp Cattle, Inc., Millenkamp Family LLC, and Millenkamp Properties II, LLC (collectively, the "**MetLife Borrowers**").

2. As of January 28, 2024, the outstanding principal amount of the MetLife Loans is approximately $182,768,680.12 (the "**MetLife Debt**").

3. The MetLife Loans are evidenced in part by (i) that certain Promissory Note A, dated as of September 26, 2018, in the original principal amount of $106,000,000.00 (as anytime amended, restated, replaced, supplemented, or otherwise modified, "**Note A**"), the makers of which are William John Millenkamp, Susan Jo Millenkamp, East Valley Cattle, LLC ("**East Valley**"), Idaho Jersey Girls Jerome Dairy LLC ("**Jersey Girls Dairy**"), Goose Ranch LLC ("**Goose Ranch**"), Millenkamp Properties, L.L.C. ("**Millenkamp Properties**"), Millenkamp Cattle, Inc. ("**Cattle Inc.**"), and Millenkamp Family LLC ("**Family LLC**"); (ii) that certain Promissory Note B, dated as of September 26, 2018, in the original principal amount of $59,400,000.00 (as anytime amended, restated, replaced, supplemented, or otherwise modified, "**Note B**"), the makers of which are William John Millenkamp, Susan Jo Millenkamp, East Valley, Jersey Girls Dairy, Goose Ranch, Millenkamp Properties, Cattle Inc., and Family LLC; (iii) that certain Promissory Note C, dated as of April 15, 2020, in the original principal amount of $13,000,000.00 (as anytime amended, restated, replaced, supplemented, or otherwise modified, "**Note C**"), the makers of which are William John Millenkamp, Susan Jo Millenkamp, East Valley, Jersey Girls Dairy, Goose Ranch, Millenkamp Properties, Cattle Inc., Family LLC, and

STIPULATED FACTS AND EXHIBITS FOR RECEIVERSHIP HEARING, FEBRUARY 9, 2024 - 8 -

Millenkamp Properties II LLC ("**Millenkamp Properties II**"); (iv) that certain Promissory Note D, dated as of April 21, 2021, in the original principal amount of $17,954,226.00 (as anytime amended, restated, replaced, supplemented, or otherwise modified, "**Note D**"), the makers of which are William John Millenkamp, Susan Jo Millenkamp, East Valley, Jersey Girls Dairy, Goose Ranch, Millenkamp Properties, Cattle Inc., Family LLC, and Millenkamp Properties II; (v) that certain Promissory Note E, dated as of April 21, 2021, in the original principal amount of $15,978,409.00 (as anytime amended, restated, replaced, supplemented, or otherwise modified, "**Note E**"), the makers of which are William John Millenkamp, Susan Jo Millenkamp, East Valley, Jersey Girls Dairy, Goose Ranch, Millenkamp Properties, Cattle Inc., Family LLC, and Millenkamp Properties II; and (vi) that certain Promissory Note, dated as of March 12, 2019, in the original principal amount of $5,508,350.00 (as anytime amended, restated, replaced, supplemented, or otherwise modified, the "**199858 Note**," and collectively with Note A, Note B, Note C, Note D, and Note E, the "**MetLife Notes**"), the makers of which are William John Millenkamp, Susan Jo Millenkamp, East Valley, Jersey Girls Dairy, Goose Ranch, Millenkamp Properties, Cattle Inc., Family LLC, Millenkamp Properties II, and Idaho Jersey Girls LLC ("**Jersey Girls LLC**").

4.    As security for Note A, Note B, Note C, Note D, and Note E, William John Millenkamp, Susan Jo Millenkamp, East Valley, Jersey Girls Dairy, Goose Ranch and Millenkamp Properties executed that certain Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, dated as of September 26, 2018 and recorded in the Official Records of Cassia County, Idaho, under Document No. 2018-003845, and in the Official Records of Jerome County, Idaho, under Document No. 2184031, as amended by that certain First Amendment dated April 15, 2020 and recorded in the Official Records of Cassia County, Idaho, under Document No. 2020-001707,

STIPULATED FACTS AND EXHIBITS FOR RECEIVERSHIP HEARING, FEBRUARY 9, 2024 - 9 -

59797.0002.16794900.1

and in the Official Records of Jerome County, Idaho, under Document No. 2201724, as amended by that certain Second Amendment dated April 21, 2021 and recorded in the Official Records of Cassia County, Idaho, under Document No. 2021-002100, and in the Official Records of Jerome County, Idaho, under Document No. 2212265 (as anytime further amended, restated, replaced, supplemented or otherwise modified, the "**2018 Mortgage**"), pursuant to which MREL is the holder of a first-priority lien on certain real property described therein and improvements thereon (the "**2018 Mortgage Real Property**," legally described on Exhibit A-1), and on certain other collateral (as more particularly described in the 2018 Mortgage and amendments thereto, collectively, the "**2018 Mortgage Property**").

    5.    As security for the 199858 Note, William John Millenkamp, Susan Jo Millenkamp, East Valley, Jersey Girls Dairy, Jersey Girls LLC, Goose Ranch, Millenkamp Properties, Cattle Inc., Family LLC, and Millenkamp Properties II executed that certain Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, dated as of March 12, 2019 and recorded in the Official Records of Jerome County, Idaho, under Document No. 2190993, and in the Official Records of Twin Falls, Idaho, under Document No. 2019003382 (as anytime amended, restated, replaced, supplemented, or otherwise modified, the "**2019 Mortgage**," and collectively with the 2018 Mortgage, the "**MetLife Mortgages**"), pursuant to which MLIC is the holder of a first-priority lien on certain real property described therein and improvements thereon (the "**2019 Mortgage Real Property**," legally described on Exhibit A-2), and collectively with the 2018 Mortgage Real Property, the "**Real Property**"), and on certain other collateral (as more particularly described in the 2019 Mortgage and amendments thereto, collectively, the "**2019 Mortgage Property**," and collectively with the 2018 Mortgage Property, the "**Property**").

    6.    The collateral provided to MetLife as security for the MetLife Loans pursuant to

STIPULATED FACTS AND EXHIBITS FOR RECEIVERSHIP HEARING, FEBRUARY 9, 2024 - 10 -

the 2018 Mortgage and the 2019 Mortgage consists of: (i) virtually all of the MetLife Borrowers' real property, approximately 18,863.51 acres of land in and around Twin Falls, Idaho (including fixtures, structures and improvements) (collectively, the "**MetLife Real Estate Collateral**"); and (ii) certain personal property owned by Defendants, including (a) crops grown after a foreclosure; (b) all wells, underground pipelines, sprinklers, and similar irrigation equipment (but excluding rolling stock) located at the Real Property, as well as all lines, valve openers, pipes, and similar items pertaining to such irrigation equipment; and (c) all milking equipment located at the real property; as well as (d) certain Milk Receivables in a capped amount referred to as the "MetLife Milk Proceeds Priority Claim" (collectively, the "**MetLife Priority Personal Property Collateral**") (the MetLife Real Estate Collateral and the MetLife Personal Property Collateral together, the "**MetLife Collateral**").

7.   MetLife's security interests were duly recorded with the Idaho Secretary of State and the various County Clerks, as appropriate.

8.   In connection with Note A, Note B, Note C, Note D, and Note E, William John Millenkamp, Susan Jo Millenkamp, East Valley, Jersey Girls Dairy, Jersey Girls LLC, Goose Ranch, Millenkamp Properties, Cattle LLC, Family LLC, and Millenkamp Properties II executed that certain Amended and Restated Construction and Disbursement Agreement (as anytime amended, restated, replaced, supplemented, or otherwise modified, the "**Construction Agreement**"), pursuant to which MREL and William John Millenkamp, Susan Jo Millenkamp, East Valley, Jersey Girls Dairy, Jersey Girls LLC, Goose Ranch, Millenkamp Properties, Cattle LLC, Family LLC, and Millenkamp Properties II agreed to certain terms and conditions regarding Notes A, B, C, D, and E. Also in connection with Note A, Note B, Note C, Note D, and Note E, William John Millenkamp, Susan Jo Millenkamp, East Valley, Jersey Girls Dairy, Goose Ranch,

STIPULATED FACTS AND EXHIBITS FOR RECEIVERSHIP HEARING, FEBRUARY 9, 2024 - 11 -

Millenkamp Properties, Cattle LLC, Family LLC, and Millenkamp Properties II executed that certain Financial Covenant and Reporting Agreement, dated as of April 21, 2021 (The "**Reporting Agreement**"), pursuant to which William John Millenkamp, Susan Jo Millenkamp, East Valley, Jersey Girls Dairy, Goose Ranch, Millenkamp Properties, Cattle LLC, Family LLC, and Millenkamp Properties II agreed to certain financial and other reporting requirements with respect to Note A, Note B, Note C, Note D, and Note E.

9. In connection with the Notes, Borrowers executed that certain Cross Default Agreement, dated as of March 12, 2019 (as anytime amended, restated, replaced, supplemented, or otherwise modified, the "**Cross Default Agreement**"), pursuant to which Borrowers agreed, among other things, that a default under any of the Notes shall constitutes a default under all of the Notes.

10. MetLife and Rabo entered into a certain Intercreditor Agreement dated as of September 18, 2018 and recorded on October 1, 2018 in the Official Records of Cassia County, Idaho, as Document No. 2018-003947, and in the Official Records of Jerome County, Idaho, as Document No. 2184033, as amended by that certain First Amendment thereto dated as of July 10, 2019 and recorded in the Official Records of Cassia County, Idaho, as Document No. 2019002759, in the Official Records of Gooding County, Idaho, as Instrument No. 265476, and in the Official Records of Jerome County, Idaho, as Document No. 2193388, as further amended by that certain Second Amendment thereto dated as of April 15, 2020 and recorded in the Official Records of Cassia County, Idaho, as Document No. 2020-001709, and in the Official Records of Jerome County, Idaho, as Document No. 2201726, and as further amended by that certain Third Amendment thereto dated as of April 21, 2021 and recorded in the Official Records of Cassia County, Idaho, as Document No. 2021002100, and in the Official Records of Jerome

County, Idaho, as Document No. 2212267 (as amended, the "**First Intercreditor Agreement**").

11. MetLife and Rabo entered into a certain Subordination and Intercreditor Agreement (as amended, the "**Second Intercreditor Agreement**") dated as of October 20, 2022.

12. MetLife and certain Defendants entered into a certain Agreement dated August 15, 2022 (the "**MetLife Forbearance Agreement**"), whereby MetLife in exchange for certain consideration and subject to certain conditions provided a limited waiver of its rights arising from certain defaults by certain Defendants under the MetLife Loans.

13. There currently exists no monetary default on the loan obligations owed by the MetLife Borrowers to MetLife.

C. **Rabo, the Defendants, and MetLife here stipulate to the authenticity and admissibility of the documents identified on the attached Exhibit A, which is incorporated herein by reference.** For clarification purposes, the stipulation as to exhibits is limited to admissibility, and is without prejudice as to all parties to dispute any factual statements or assertions, legal analysis, or opinions, that are made within such documents.

[signatures on following page]

Dated: Feb. 8, 2024

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
Sheila R. Schwager, ISB No. 5059
Attorneys for Plaintiff, Rabo AgriFinance LLC

Dated: 2-8-24

JOHNSON MAY

By /s/ Matt Christensen
Matthew T. Christensen, ISB No. 5059
Attorneys for Defendants

Dated: 2.8.24

JONES WILLIAMS FUHRMAN GOURLEY

By /s/ Kimbell Gourley
Kimbell Gourley
Attorneys for MetLife

STIPULATED FACTS AND EXHIBITS FOR RECEIVERSHIP HEARING, FEBRUARY 9, 2024 - 14 -

59797.0002.16794900.1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused to be served a true copy of the foregoing STIPULATED FACTS AND EXHIBITS FOR RECEIVERSHIP HEARING, FEBRUARY 9, 2024, by the method indicated below, and addressed to each of the following:

| | |
|---|---|
| Matthew T. Christensen<br>J. Justin May<br>Katherine R. Sliman<br>JOHNSON MAY<br>199 N Capitol Blvd., Suite 200<br>Boise, Idaho 83702<br>*Counsel for Defendants* | ☐ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ E-mail:<br>mtc.eserve@johnsonmaylaw.com<br>jjm.eserve@johnsonmaylaw.com<br>krs.eserve@johnsonmaylaw.com<br>☐ Facsimile<br>☑ iCourt |
| Kimball D. Gourley<br>JONES WILLIAMS FUHRMAN GOURLEY<br>225 N 9th Street, Suite 820<br>Boise, Idaho 83702<br>*Counsel for MetLife, Interested Party* | ☐ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ E-mail: kgourley@idalaw.com<br>☐ Facsimile<br>☑ iCourt |
| Robert A. Faucher<br>Zachery J. McCraney<br>HOLLAND & HART, LLP<br>800 W. Main Street, Suite 1750<br>Boise, ID 83702-7714<br>*Counsel for Glanbia Foods, Inc., Interested Party* | ☐ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ E-mail: RFaucher@hollandhart.com<br>ZJMcCraney@hollandhart.com<br>☐ Facsimile<br>☑ iCourt |
| Brian Rothschild<br>Richard H. Greener<br>Slade D. Sokol<br>PARSONS BEHLE & LATIMER<br>800 W. Main Street, Suite 1300<br>Boise, ID 83702<br>*Counsel for Matthew McKinlay and CFO Solutions, dba Ampleo, Proposed Receiver* | ☐ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ E-mail: brothschild@parsonsbehle.com<br>rgreener@parsonsbehle.com<br>ssokol@parsonsbehle.com<br>☐ Facsimile<br>☑ iCourt |

Dated: Feb 8, 2024

_____
Sheila R. Schwager, ISB No. 5059

STIPULATED FACTS AND EXHIBITS FOR RECEIVERSHIP HEARING,
FEBRUARY 9, 2024 - 15

59797.0002.16794900.1

**Exhibit A- STIPULATED EXHIBITS**

|  | **RABO'S EXHIBITS** |
|---|---|
| Exhibit 1 | Third Amended and Restated Loan and Security Agreement, dated April 21, 2021 ("**Loan Agreement**") |
| Exhibit 2 | First Amendment to Third Amended and Restated Loan and Security Agreement, dated June 23, 2021 ("**First Amendment**") |
| Exhibit 3 | Second Amendment to Third Amended and Restated Loan and Security Agreement, dated October 21, 2022 ("**Second Amendment**"). |
| Exhibit 4 | Intercreditor Agreement, dated September 18, 2018 ("**First Intercreditor Agreement**") |
| Exhibit 5 | Milk Check Assignment Agreement ("**Milk Agreements**") |
| Exhibit 6 | Collateral Assignment of Milk Contracts ("**Collateral Assignment**") |
| Exhibit 7 | Notice of Maturity Default / Notice of Default, dated June 10, 2022 ("**June 10 Notice**") |
| Exhibit 8 | Long-Term Forbearance Agreement, effective October 20, 2022 ("**Forbearance Agreement**") |
| Exhibit 9 | Subordination and Intercreditor Agreement, dated October 20, 2022 ("**Second Intercreditor Agreement**") |
| Exhibit 10 | Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing (Second Priority), Cassia County Instrument No. 2022-004552 and Twin Falls County Instrument No. 2022018722, Jerome County Instrument No. 2224759 ("**Mortgage**") |
| Exhibit 11 | Notice of Default, dated April 19, 2023 |
| Exhibit 12 | Notice of Default, dated May 17, 2023 |
| Exhibit 13 | Non-binding term sheet, executed on May 16, 2023 |
| Exhibit 14 | Notice of Default, dated July 11, 2023 |
| Exhibit 15 | Draft Steer Sale Proposal, delivered on July 6, 2023 ("**Steer Sale Plan**") |
| Exhibit 16 | Email transmitting the Steer Sale Plan (Riveron indicating that Millenkamp had not yet approved the plan) ("**Steer Sale Email**") |
| Exhibit 17 | DL Control Account Agreement |
| Exhibit 18 | July 19, 2023 email ("**July 19 Steer Email**") |
| Exhibit 19 | July 19, 2023 reply email from NRF ("**July 19 Account Email**") |
| Exhibit 20 | July 19, 2023 response email from Riveron ("**July 19 Steer Response**") |
| Exhibit 21 | July 24, 2023 email from Agent to Borrowers ("**July 24 Steer Email**") |
| Exhibit 22 | July 25, 2023 response from Borrowers ("**July 25 Steer Response**") |
| Exhibit 23 | Notice of Intent to Take Possession of Collateral, dated August 3, 2023 ("**Marshaling Notice**") |
| Exhibit 24 | August 8, 2023 email from Agent's counsel to Borrowers' counsel ("**August 8 Email**") |
| Exhibit 25 | Checks made payable to Borrowers and Agent ("**Steer Proceeds Checks**") |
| Exhibit 26 | August 9, 2023 email responding to the August 8 Email, ("**August 9 Email**"); August 10, 2023, NRF response email ("**August 10 NRF Email**"); and August 10, 2023, response from Borrowers ("**August 10 Borrower Email**") |
| Exhibit 27 | August 11, 2023, email from Borrowers ("**August 11 Conversion Email**") |
| Exhibit 28 | Notice of Termination of Forbearance Period, dated August 11, 2023 ("**Forbearance Period Notice**") |
| Exhibit 29 | Notice of Termination of Forbearance Agreement, dated August 14, 2023 ("**Termination Notice**") |

Case 24-40158-NGH    Doc 81-6    Filed 04/03/24    Entered 04/03/24 19:49:44    Desc
Exhibit Exhibit 6 - Stipulated Facts    Page 18 of 19

**Exhibit A- STIPULATED EXHIBITS**

| | |
|---|---|
| Exhibit 30 | November 28, 2023 letters from Agent's counsel |
| Exhibit 31 | September 5, 2023, email sent by Borrowers to Agent re: consideration of different proposals |
| Exhibit 32 | Email from Agent to its counsel re: draft receivership and stipulation / proposed order |
| Exhibit 33 | October 10, 2023 email sent by Borrowers' General Manager |
| Exhibit 34 | December 6 – 7, 2023 email exchange re: approval of $35 million |
| Exhibit 35 | History of Loans 1.17.24 |
| Exhibit 36 | Millenkamp January 2024 Letter to Custom Calf Raising Clients |
| Exhibit 37 | Millenkamp January 2024 Letter to Fall 2023 Corn Silage Farmers |
| Exhibit 38 | Viserion Grain, LLC v. Millenkamp Cattle, Inc., Lawsuit (not including exhibits) |
| Exhibit 39 | H&M Complaint for Lien Foreclosure |
| Exhibit 40 | Complaint re Silage Growers v. Millenkamp (w/o exhibits due to length) |
| Exhibit 41 | B&H Farming v. Millenkamp, et al. Lawsuit (not including exhibits) |
| Exhibit 42 | Declaration of Matt McKinlay of CFO Solutions, LLC filed on January 22, 2024 |
| Exhibit 43 | Receiver/Operator Summary Matrix |
| Exhibit 44 | Resolutions of Millenkamp Cattle, Inc., dated July 13, 2023 |
| | **METLIFE'S EXHIBITS** |
| Exhibit 1000 | Promissory Note A – September 26, 2018 |
| Exhibit 1001 | Promissory Note B – September 26, 2018 |
| Exhibit 1002 | Promissory Note C – April 15, 2020 |
| Exhibit 1003 | Promissory Note D – April 21, 2021 |
| Exhibit 1004 | Promissory Note E – April 21, 2021 |
| Exhibit 1005 | 199858 Promissory Note – March 12, 2019 |
| Exhibit 1006 | 2018 Mortgage |
| Exhibit 1007 | 2019 Mortgage |
| Exhibit 1008 | Construction and Disbursement Agreement |
| Exhibit 1009 | Financial Covenant and Reporting Agreement |
| Exhibit 1010 | Cross Default Agreement |
| Exhibit 1011 | First Intercreditor Agreement |
| Exhibit 1012 | Second Intercreditor Agreement |
| Exhibit 1013 | MetLife Forbearance Agreement |
| Exhibit 1014 | Milk Check Assignment Agreement for Glanbia Foods, Inc. (Note A) – September 26, 2018 |
| Exhibit 1015 | Milk Check Assignment Agreement for Glanbia Foods, Inc. (Note B) – September 26, 2018 |
| Exhibit 1016 | Milk Check Assignment Agreement for Glanbia Foods, Inc. (Note C) – December 9, 2020 |
| Exhibit 1017 | Milk Check Assignment Agreement for Glanbia Foods, Inc. (Notes D & E) – April 21, 2021 |
| Exhibit 1018 | Millenkamp Organizational Chart – Demonstrative Exhibit |
| Exhibit 1019 | Summary of Promissory Note Obligations |

**Exhibit A- STIPULATED EXHIBITS**

|  | **MILLENKAMP CATTLE, INC., ET. AL'S EXHIBITS** |
|---|---|
| Exhibit 2000 | Most recent financial reports from Eide Bailey |
| Exhibit 2001 | Most recent financial reports from Kander |
| Exhibit 2002 | Management Chart |
| Exhibit 2003 | Emails from Matt McKinlay outlining his RFP to operators |
| Exhibit 2004 | Emails from/to Matt McKinlay re: proposed expenses for receivership |
| Exhibit 2005 | List of titled vehicles with liens |
| Exhibit 2006 | List of Equipment with UCC filings ahead of Rabo |
|  |  |
| Exhibit 2008 | East Valley Dairy appraisal |
| Exhibit 2009 | German Dairy appraisal |
| Exhibit 2010 | Idaho Jersey Girls Jerome Dairy appraisal |
| Exhibit 2011 | Millenkamp Canyonlands appraisal |
| Exhibit 2012 | Millenkamp Goose Ranch appraisal |
| Exhibit 2013 | Millenkamp McGregor appraisal |
| Exhibit 2014 | Millenkamp Moonshine Ranch appraisal |
| Exhibit 2015 | Millenkamp Cattle Calf Ranch appraisal |
| Exhibit 2016 | Feed inventory report |
|  |  |
|  |  |

59797.0002.16784726.2