# NOTE

October 20, 2022                                                                                                                              Loan # SC1001

1.     **Promise To Pay.** For value received, Millenkamp Cattle, Inc., an Idaho corporation, Idaho Jersey Girls, LLC, an Idaho limited liability company, East Valley Cattle, LLC, an Idaho limited liability company, Idaho Jersey Girls Jerome Dairy LLC, an Idaho limited liability company, Millenkamp Family LLC, an Idaho limited liability company, Millenkamp Properties, L.L.C., an Idaho limited liability company, Millenkamp Properties II LLC, an Idaho limited liability company, Goose Ranch, LLC, an Idaho limited liability company, William J. Millenkamp, an individual, and Susan J. Millenkamp, an individual (collectively, **"Borrowers"**), jointly and severally promise to pay to the order of Conterra Agricultural Capital, LLC, an Iowa limited liability company (**"Lender"**), the principal sum of $16,500,000.00, plus interest on the unpaid principal balance hereof at the rate or rates of interest specified herein and in the Loan Agreement, as defined below.

2.     **Interest; Late Charges.** Except when a different rate is applicable pursuant to the following paragraph, interest will accrue on the unpaid principal balance of this promissory note (this **"Note"**) at a rate of 5.00% per annum.

Upon the occurrence and during the continuance of an Event of Default, as defined in the Loan Agreement dated the date hereof between Borrowers and Lender (the **"Loan Agreement"**), all outstanding amounts due under this Note shall bear interest at a rate equal to 18% per annum or, if less, the maximum rate allowed by applicable law. In addition, upon the occurrence and during the continuance of an Event of Default, Lender may add any unpaid interest to principal then due under this Note and such sum will bear interest therefrom until paid at the rate provided in this Note (including any increased interest rate).

In addition, if any installment of principal or interest due under this Note is not received by Lender by the 10th calendar day after the date such payment is due, a late fee shall be payable by Borrowers equal to 5% of the amount of the payment then due.

Neither the imposition nor payment of any additional interest, compounded interest, or the late fee hereunder shall be deemed a waiver of any Event of Default.

Interest on this Note is computed on a 30/360 simple interest basis; monthly interest is calculated by applying the interest rate over a year of 360 days comprised of 12 months of 30 days each.

3.     **Original Interest Discount (OID).** In connection with the Loan Agreement, Borrowers agree that the funded amount of the Loan, as defined in the Loan Agreement, shall be reduced by an original issue discount of $1,500,000.00 (the "OID"), which OID shall be retained by Lender. For the avoidance of doubt, Borrowers agree that, notwithstanding such reduction from the funded amount of the Loan, Borrowers remain liable to pay (a) the full principal amount of the Loan under the Loan Agreement (inclusive of such OID), without giving effect to such reduction, and which OID shall be due and payable in full, if not earlier in accordance with this Note, on the Maturity Date, as defined in the Loan Agreement, and (b) accrued interest shall be payable on the full outstanding principal amount of the Loan under the Loan Agreement (inclusive of such OID), without giving effect to such deduction.

4.  **Payments.** Borrowers will make (i) 11 consecutive interest only monthly payments, with interest calculated from the Closing Date, as defined in the Loan Agreement, on the unpaid principal balance at 5.00% per annum, commencing November 1, 2022, and (iii) a final payment in an amount equal to all remaining principal and all accrued but unpaid interest, due and payable on October 20, 2023. Any interest accruing at an increased rate because of an Event of Default shall be due and payable on demand.

Borrowers may prepay the principal balance of this Note at any time in whole or in part, subject to payment therewith of such additional amounts as are specified in Section 8 below. Borrowers will give Lender written notice of each such prepayment not less than 10 days and not more than 60 days before the date of such prepayment. Each prepayment of the principal balance of this Note shall be applied to the installments due hereunder in inverse order of maturity.

5.  **Loan Agreement.** This Note is issued pursuant to, and is subject to, the Loan Agreement, which provides, among other things, for the acceleration of the maturity hereof upon the occurrence of an Event of Default.

6.  **Usury.** The indebtedness evidenced by this Note and any related documents shall remain in compliance with any usury provisions of the State of Idaho. This Note and any related documents are subject to the express condition that at no time shall Borrowers be obligated, or required, to pay interest on the principal balance at a rate that could subject Lender to either civil or criminal liability as a result of such rate being in excess of the maximum rate which Lender is permitted to charge. If, by the terms of this Note, Borrowers are, at any time, required or obligated to pay interest on the principal balance at a rate in excess of such maximum rate, then the rate of interest under this Note shall be deemed to be immediately reduced to such maximum rate, and interest payable hereunder shall be computed at such maximum rate, and any portion of all prior interest payments in excess of such maximum rate shall be applied, and/or shall retroactively be deemed to have been payments made, in reduction of the principal balance.

7.  **Waivers.** Borrowers and any other person who has obligations under this Note waive presentment and notice of dishonor.

8.  **Premium Due Upon Prepayment or Acceleration.**

Upon any full or partial prepayment of the principal balance of this Note, and upon acceleration of the principal balance of this Note for any reason, Borrowers shall have paid or shall pay to Lender, in consideration for the privilege of prepayment or, in the case of acceleration, as compensation for depriving Lender of its right to maintain its investment in this Note free from repayment by Borrowers (except as provided herein), an amount (the **"Prepayment/Acceleration Premium"**) equal to 9 months interest, as calculated from the Closing Date, as defined in the Loan Agreement.

9.  **Notices.** Any notice or other communication that this Note requires or permits shall be governed by the Loan Agreement.

10. **Applicable Law and Jurisdiction.** This Note shall be governed by and construed under the laws of the State of Idaho, without regard to its conflicts of laws provisions. Borrowers irrevocably agree and consent that any action against Borrowers for collection or enforcement of this Note may be brought in any state or federal court that has subject matter jurisdiction and is located in, or the district of which includes, Jerome County, Idaho, and that any such court shall have personal jurisdiction over Borrowers for purposes of the action. Borrowers waive any objection that any such court is not a convenient forum.

<u>**PURSUANT TO IDAHO STATUTES § 9-505(5), A PROMISE OR COMMITMENT TO LEND MONEY OR TO GRANT OR EXTEND CREDIT IN AN ORIGINAL PRINCIPAL AMOUNT OF FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) OR MORE, MADE BY A PERSON OR ENTITY ENGAGED IN THE BUSINESS OF LENDING MONEY OR EXTENDING CREDIT, MUST BE IN WRITING TO BE LEGALLY BINDING UPON SUCH PERSON OR ENTITY**</u>.

This Note and the rights and obligations evidenced hereby are subordinate to the payment in full of the obligations owing to the Senior Loan Agent as described in and pursuant to the terms of that certain Intercreditor and Subordination Agreement dated as of October ___, 2022 between Rabo AgriFinance LLC, as Senior Loan Agent, and Conterra Agricultural Capital, LLC; and each holder of this Note, by its acceptance hereof, shall be bound by the provisions of that Subordination Agreement.

3

EXHIBIT 1    Page 3 of 7

IN WITNESS WHEREOF, Borrowers have executed this Note as of the day and year first set forth above.

**BORROWERS:**

**MILLENKAMP CATTLE, INC.,**
an Idaho corporation

_/s/ William J. Millenkamp_
By:   William J. Millenkamp
Its:   President

**IDAHO JERSEY GIRLS, LLC,**
an Idaho limited liability company

_/s/ William J. Millenkamp_
By:   William J. Millenkamp
Its:   Managing Member

**EAST VALLEY CATTLE, LLC,**
an Idaho limited liability company

_/s/ William J. Millenkamp_
By:   William J. Millenkamp
Its:   Member

**IDAHO JERSEY GIRLS JEROME DAIRY, LLC,**
an Idaho limited liability company

_/s/ William J. Millenkamp_
By:   William J. Millenkamp
Its:   Managing Member

_/s/ Susan J. Millenkamp_
By:   Susan J. Millenkamp
Its:   Managing Member

**MILLENKAMP FAMILY LLC,**
an Idaho limited liability company

_/s/ William J. Millenkamp_
By:   William J. Millenkamp
Its:   Manager

_/s/ Susan J. Millenkamp_
By:   Susan J. Millenkamp
Its:   Manager

Signature Page to Note

EXHIBIT 1    Page 4 of 7

**MILLENKAMP PROPERTIES, L.L.C.**,
an Idaho limited liability company

By: Millenkamp Family LLC, its Member

_____
By: William J. Millenkamp
Its: Manager

_____
By: Susan J. Millenkamp
Its: Manager


**MILLENKAMP PROPERTIES II LLC**,
an Idaho limited liability company

By: Millenkamp Family LLC, its Member

_____
By: William J. Millenkamp
Its: Manager

_____
By: Susan J. Millenkamp
Its: Manager


**GOOSE RANCH, LLC**,
an Idaho limited liability company

By: Millenkamp Family LLC, its Member

_____
By: William J. Millenkamp
Its: Manager

_____
By: Susan J. Millenkamp
Its: Manager


**WILLIAM J. MILLENKAMP**,
an individual

_____
William J. Millenkamp


Signature Page to Note

EXHIBIT 1    Page 5 of 7

**SUSAN J. MILLENKAMP**,
an individual

_____
Susan J. Milenkamp

Signature Page to Note

EXHIBIT 1                                    Page 6 of 7

## ALLONGE TO NOTE

For purposes of endorsement of the promissory note October 20, 2022, executed by WILLIAM JOHN MILLENKAMP a/k/a Bill Millenkamp ("**W. Millenkamp**"), SUSAN JO MILLENKAMP a/k/a/ Susie Millenkamp ("**S. Millenkamp**"), EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("**East Valley**"), IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("**Idaho Jersey**"), GOOSE RANCH LLC, an Idaho limited liability company ("**Goose Ranch**"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("**Millenkamp Properties**"), IDAHO JERSEY GIRLS LLC, an Idaho limited liability company ("**Jersey Girls LLC**"), MILLENKAMP CATTLE, INC., an Idaho corporation ("**Cattle Inc.**"), MILLENKAMP FAMILY LLC, an Idaho limited liability company ("**Millenkamp Family**"), and MILLENKAMP PROPERTIES II, LLC, an Idaho limited liability company ("**Millenkamp Properties II**" and together with W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, and Goose Ranch, individually and collectively, in favor of Conterra Agricultural Capital, LLC, an Iowa limited liability company, in the original principal amount of $16,500,000 plus interest (the "**Note**"), this Allonge to Note is affixed and becomes a permanent part of the Note.

**PAY TO THE ORDER OF**
**Ag Funding SC II LLC, a Delaware limited liability company**
**WITHOUT RECOURSE**

Dated effective as of October 20, 2022.

CONTERRA AGRICULTURAL CAPITAL, **LLC**, an Iowa limited liability company

By: _____
Mark A. Smith
Its: COO & General Counsel

EXHIBIT 1    Page 7 of 7