UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No.: 24-40158-NGH |
| MILLENKAMP CATTLE, INC., | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**ORDER GRANTING THE DEBTORS' EMERGENCY MOTION (I) AUTHORIZING
THE DEBTORS TO (A) PAY PRE-PETITION EMPLOYEE WAGES AND SALARIES,
AND (B) PAY AND HONOR EMPLOYEE BENEFITS AN OTHER WORKFORCE
OBLIGATIONS; AND (II) AUTHORIZING AND DIRECTING THE APPLICABLE
BANK TO PAY ALL CHECKS AND ELECTRONIC PAYMENT REQUESTS MADE BY
THE DEBTORS RELATING TO THE FOREGOING**

The Debtors' *Emergency and Continuing Motion of Debtors for Entry of Order: (I)
Authorizing the Debtors to (A) Pay Prepetition Employee Wages and Salaries, and (B) Pay and
Honor Employee Benefits and Other Workforce Obligations; and (II) Authorizing and Directing
the Applicable Bank to Pay All Checks and Electronic Payment Requests Made by the Debtors
Relating to the Foregoing* (the "Motion"); and the Court, having reviewed the Motion and having
held an interim hearing on the relief requested in the Motion on April 4, 2024, at 1:30 p.m.; and
having heard the statements of counsel in support of the relief requested in the Motion at the
hearing, finds that the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334,
that this is a core matter under 28 U.S.C. § 157(b)(2), that notice of the Motion and the Hearing
were sufficient under the circumstances and that no further notice need be given; and the legal and
factual bases set forth in the Motion and at the hearing establish just cause for the relief granted
herein; and any objections to the requested relief having been withdrawn or overruled on the
merits; and after due deliberation and sufficient cause appearing, therefore

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion is GRANTED as provided herein.

2. The Motion was appropriate under the circumstances and in compliance with the Bankruptcy Code and Bankruptcy Rules.

3. Millenkamp Cattle is authorized, in its sole discretion, to do the following:

   a. To honor and pay all payroll Wages for Employees of Millenkamp Cattle that have been accruing commencing March 16, 2024 through March 31, 2024 payable on April 5, 2024, totaling approximately $1.3 million;

   b. To honor and pay all accrued and unpaid prepetition Withholding Obligations (whenever payable);

   c. To honor and pay the Paid Time Off ("PTO"), allowing Employees to utilize post-petition all pre-petition PTO in the ordinary course of the Debtors' business;

   d. To pay accrued and unpaid prepetition amounts relating to employee benefits totaling approximately $70,000;

   e. To maintain the Debtors' self-insured and fully insured medical, dental and vision insurance plans, including to continue to pay, in their discretion and in the ordinary course of their business, the administrative fees, medical, dental, and vision claims and premiums for all health plans incurred post-petition; and to deliver the Employees' portion of any premiums to the corresponding administrators in connection with the payment of the Wages and Withholding Obligations;

   f. To pay accrued and unpaid reimbursable employee expenses;

   g. To the extent not expressly identified above, prepetition wages and benefits, including contributions that may be due or arise on defined contribution plans and defined benefit plans, may be paid as a priority claim to the extent there is

availability of under the priority cap of Bankruptcy Code sections 507(a)(4) and (a)(5).

4. Millenkamp Cattle's banks are authorized *and directed* to immediately do the following:

    a. To immediately unfreeze Millenkamp Cattle's payroll and other Employee-related disbursement accounts;

    b. With regard to the foregoing obligations, to debit Millenkamp Cattle's account in the ordinary course of business without need for further order of this Court for:

        i. (i) all checks, items and other payment orders drawn on Millenkamp Cattle's account which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of notice of filing of the Petition;

        ii. (ii) all checks, automated clearing house entries, and other items deposited or credited to Millenkamp Cattle's account with such bank prior to filing of the Petition which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent Millenkamp Cattle was responsible for such items prior to filing of the Petition; and

        iii. (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Debtors' cash management system.

    c. For the avoidance of doubt, to honor all items presented against the bank accounts, whether originated pre-petition or post-petition and whether or not authorized by other orders; and

d.  To rely on the representations of the Debtors with respect to whether any check, item, or other payment order drawn or issued by the Debtors prior to filing of the Petition should be honored pursuant to this or any other order of this Court and the DIP Documents, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein. //end of text//

DATED: April 8, 2024



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

Order submitted by: Matthew T. Christensen, counsel for the Debtors

Approved as to form:

  __/s/ Jason Naess (email approval)_____

Jason Naess, attorney for the U.S. Trustee