UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re<br><br>MILLENKAMP CATTLE, INC., *et. al.*,<br><br>Debtors.[1] | Case No. 24-40158-NGH<br><br>Chapter 11 |

**INTERIM ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL AND TO SCHEDULE A FINAL HEARING**

THIS MATTER came before the court for an interim hearing on Debtors' *Emergency and Continuing Motion for Interim and Final Order Authorizing Use of Cash Collateral and Granting Adequate Protection and Setting a Final Hearing* (Docket No. 22) (the "Cash Collateral Motion") held on April 4, 2024, upon the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its

---

[1] The Debtors in the Chapter 11 Cases along with the last four digits of their respective tax identification number or registration number in the applicable jurisdiction are: Millenkamp Cattle, Inc. (26-0603892); Idaho Jersey Girls LLC (46-3084467); East Valley Cattle, LLC (20-3238613); Millenkamp Properties, L.L.C. (26-0604003); Millenkamp Properties II LLC (84-3797719); Millenkamp Family LLC (46-1868279); Goose Ranch, LLC; Idaho Jersey Girls Jerome Dairy LLC (81-4713431); Black Pine Cattle LLC; and Millenkamp Enterprises LLC.  The location of the Debtors' service address for purposes of the Chapter 11 Cases is 471 N 300 W., Jerome, ID 83338.

#3886400

estate, its creditors; and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefore; ~~it is hereby:~~

**IT IS HEREBY ORDERED, ~~ADJUDGED, AND DECREED~~ that**:[2]

1. The Motion is granted as set forth herein.

2. The Debtors are authorized use of cash collateral effective as of the Petition Date[3] through April 9, 2024, as follows:

    a. The Debtors are granted use of cash collateral through April 9, 2024, for payment of the expenses outlined on the attached Exhibit A.

    b. The Debtors are authorized to use cash collateral from the following: (1) steer sale proceeds; (2) accounts receivable; and (3) funds the Receiver provided to the Debtors after the Petition Date.

    c. Rabo AgriFinance, LLC ("RAF"), MetLife, and Conterra shall be granted and shall maintain adequate protection liens on all post-petition cash collateral to the same **validity,**[4] extent and priority as existed pre-petition, to the extent of any cash collateral the secured creditor has an interest in and is actually used by the Debtors; provided, however, that such replacement liens shall not attach to any proceeds of any avoidance actions. To be clear, the use of cash collateral is also subject to a replacement lien on all RLOC Collateral (as defined in the Cash Collateral Motion),

---

[2] Language modified by Court.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Cash Collateral Motion.

[4] Language modified by Court.

        including milk proceeds, to the extent the secured creditor has an interest, and it is used by the Debtors.

    d.  If the Debtors determine it is necessary to sell calves to meet the budget, then the amount of the proceeds received for the calves sold through Tuesday, April 9, 2024, will be placed in a reserve account upon the approval of a DIP Facility, with DIP financing, in favor of RAF, and the Debtors shall provide documentation to RAF upon each sale. Other than Milk, no other RLOC Collateral will be sold prior to April 10, 2024, and not without further Court order. Nothing in this paragraph 2(d) impairs Conterra's security interest in the livestock and the proceeds of the livestock constituting Conterra's cash collateral deposited in the reserve account.

    e.  At the hearing on April 9, 2024, the Debtors rights and arguments as to any livestock sold after April 9, 2024, to object to the condition of RAF that the livestock sale proceeds be placed in a reserve account, are preserved.

3.    The Debtors shall provide weekly variance reports to the Pre-Petition Secured Lenders (as defined in the Cash Collateral Motion) (i.e., reports reflecting the difference between the budgeted amount of revenue and expenses and the actual amounts) in the same format as the original Budget (the "Variance Reports"). Said Variance Reports shall be due on or before 5:00 p.m. (MDT), beginning on Tuesday April 16, 2024, and continuing on the same day of each following week until termination of this Order.

4.    The Debtors will operate in compliance with the U.S. Trustee's Guidelines unless otherwise approved or directed by this court.

5.    Nothing in this Order will be deemed or construed as an admission or waiver by the Pre-Petition Secured Lenders as to adequate protection, or any other issue in the case, and this

Order will not constitute consent by Pre-Petition Secured Lenders to the use of each of their Cash Collateral other than for the limited purpose expressly provided herein.

6. Nothing herein alters or affects the valid liens and lien priority of the Pre-Petition Secured Lenders.

7. To the extent applicable to the relief granted in this order, the provisions of Bankruptcy Rule 6003 are met as the relief granted herein is necessary to avoid immediate and irreparable harm.

8. A further hearing on the interim relief granted herein shall be held on April 9, 2024, at 9 a.m. (MT). This shall be an in-person hearing.

9. A final hearing on the relief granted herein shall be held on May 8, 2024, at 9 a.m. (MT) ("Final Hearing"). Any opposition to the granting of relief on the Debtors' Cash Collateral Motion on a final basis shall be filed and served by May 1, 2024. In the event no party files an objection to the final use of cash collateral on or before this deadline, the Court may convert this hearing to a telephonic hearing. The Debtors may file a reply to any opposition or present its reply at the Final Hearing. **No party shall be permitted to present evidence or testimony to the Court at the Final Hearing unless that party files a witness list and exhibit list by May 3, 2024.**[5]

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order. //end of text//

---

[5] Language modified by Court.

DATED: April 8, 2024



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

Order submitted by: Matthew T. Christensen, counsel for the Debtors

Approved as to form and content by:

\_\_\_/s/ Sheila R. Schwager (email approval)\_\_\_

Sheila R. Schwager, attorney for Rabo Agrifinance LLC

Approved as to form and content by:

\_\_\_/s/ Ron Bingham (email approval)\_\_\_

Ron Bingham, attorney for MetLife parties

Approved as to form and content by:

\_\_\_/s/ John O'Brien (email approval)\_\_\_\_

John O'Brien, attorney for Conterra

Approved as to form by:

\_\_\_/s/ Brett R. Cahoon (email approval)\_\_

Brett R. Cahoon, attorney for the U.S. Trustee

EXHIBIT A

(Authorized interim budget)

| Payee | Memo | Amount |
|---|---|---|
| Conrad & Bischoff | Fuel | $27,961.21 |
| Land View | Feed | $79,896.31 |
| Verizon | Phones | $2,418.07 |
| Viterra | Feed | $250,000.00 |
| PerforMix | Feed | $75,000.00 |
| J.D. Heiskell & Co | Feed | $60,000.00 |
| US Commodities | Feed | $30,000.00 |
| Payroll Expenses | Payroll | $1,221,432.63 |
| Agri-Service | Spreader repairs | $12,500.00 |
| Liberty Basin | Corn | $211,200.00 |
| Land View | Feed | $800,66.45 |
| Land View | Feed | $240,000.00 |
| Viterra | Feed | $300,000.00 |
| Liberty Basin | Corn | $146,000.00 |
| MWI | Medicines | $150,000.00 |
| Rangen | Feed | $75,000.00 |
| Amalgamated Sugar | Feed | $94,000.00 |
|  | **TOTAL** | **$3,055,474.67** |