Sheila R. Schwager, ISB No. 5059
Brent R. Wilson, ISB No. 8936
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 W. Main Street, Suite 200
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5261
Email: sschwager@hawleytroxell.com
       bwilson@hawleytroxell.com

Andrew J. Schoulder (*pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: 212.318.3030
Email: andrew.schoulder@nortonrosefulbright.com

Attorneys for Rabo AgriFinance LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re | Chapter 11 |
| MILLENKAMP CATTLE, INC., *et al.,* | Case No. 24-40158 (NGH) |
| Debtors.[1] | (Joint Administration Requested) |

**NOTICE OF INTENT TO SERVE SUBPOENA**

---

[1] The Debtors in the Chapter 11 Cases along with the last four digits of their respective tax identification number or registration number in the applicable jurisdiction are: Millenkamp Cattle, Inc. (3892); Idaho Jersey Girls LLC (4467); East Valley Cattle, LLC (8613); Millenkamp Properties, L.L.C. (4003); Millenkamp Properties II LLC (7719); Millenkamp Family LLC (8279); Goose Ranch, LLC (N/A); Idaho Jersey Girls Jerome Dairy LLC (3431); Black Pine Cattle LLC (N/A); and Millenkamp Enterprises LLC (N/A). The location of the Debtors' service address for purposes of the Chapter 11 Cases is 471 N 300 W., Jerome, Idaho 83338.

NOTICE OF INTENT TO SERVE SUPBOENA - 1

59797.0007.17071821.1

Rabo AgriFinance LLC, in its capacity as agent and lender ("**RAF**"), by and through its attorneys of record, hereby files its Notice of Intent to Serve Supboena, pursuant to Federal Rule of Bankruptcy Procedure 9016, incorporating Federal Rule of Civil Procedure 45(a)(4).

RAF intends to serve the supboena attached hereto and incorporated by reference herein as **Exhibit A** on the Debtors Millenkamp Cattle, Inc. et al.

| | |
|---|---|
| Dated: April 18, 2024 | HAWLEY TROXELL ENNIS & HAWLEY LLP |
| | |
| | /s/ Brent R. Wilson |
| | _____ |
| | Brent R. Wilson, ISB No. 8936 |
| | Attorneys for Rabo AgriFinance LLC |

NOTICE OF INTENT TO SERVE SUBPOENA - 2

CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on this 18th day of April, 2024, I electronically filed the foregoing NOTICE OF INTENT TO SERVE SUBPOENA with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to those identified in the CM/ECF system for this matter, at the time this document was filed, including the following persons:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Roussell | tirzah.roussell@dentons.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Jon B. Evans | evans.jb@dorsey.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine Patrice Reynard | janine@averylaw.net |
| Sheila Rae Schwager | sschwager@hawleytroxell.com |
| Brent Russel Wilson | bwilson@hawleytroxell.com |
| Zachary Fairlie | zfairlie@spencerfance.com |
| John O'Brien | jobrien@spencerfane.com |
| Gery W. Edson | gedson@gedson.com |
| Aaron Bell | abell@evanskeane.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Faucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| Karen Lloyd | klloyd@grsm.com |
| James Justin May | jjm@johnsonmaylaw.com |
| Rhett Michael Miller | rmiller@magicvalley.law |
| Robert E. Richards | robert.richards@dentons.com |
| Holly Roark | holly@roarklawboise.com |
| Evan Thomas Roth | evan@sawtoothlaw.com |
| Meredith Leigh Thielbahr | mthielbahr@grsm.com |

NOTICE OF INTENT TO SERVE SUBPOENA - 3

59797.0007.17071821.1

John F. Kurtz, Jr.  jfk@kurtzlaw.com
And any others receiving cm/ecf notices

/s/ Brent R. Wilson
Brent R. Wilson

NOTICE OF INTENT TO SERVE SUBPOENA - 4

59797.0007.17071821.1

# EXHIBIT A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Idaho__

In re __Millenkamp Cattle, Inc., et al.__
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __24-40158-NGH__

Chapter __11__

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: __All Debtors in the jointly administered chapter 11 case, as stated in Attachment A hereto.__
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All Documents and Communications as requested in Attachment A attached hereto and incorporated herein by reference.

| PLACE | DATE AND TIME |
|---|---|
| Hawley Troxell Ennis & Hawley LLP, 877 W. Main Street, Suite 200, Boise, ID 83702; or via email to bwilson@hawleytroxell.com | May 1, 2024, 5:00 p.m. (MT) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __April 18, 2024__

CLERK OF COURT

OR

_____     __/s/ Brent R. Wilson_____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Rabo AgriFinance LLC__, who issues or requests this subpoena, are:

Brent R. Wilson, Esq., Hawley Troxell Ennis & Hawley LLP, 877 W. Main Street, Suite 200, Boise, Idaho 83702: bwilson@hawleytroxell.com; (ph) 208-388-4852.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 24-40158-NGH    Doc 202    Filed 04/18/24    Entered 04/18/24 15:29:14    Desc Main
Document      Page 7 of 19

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

     I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                            _____
                                                                     *Server's signature*

                                                                 _____
                                                                *Printed name and title*

                                                                _____
                                                                *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

### DEFINITIONS

1. "You" and "Your" shall mean Debtors Millenkamp Cattle, Inc.; Idaho Jersey Girls LLC; East Valley Cattle, LLC; Millenkamp Properties, L.L.C.; Millenkamp Properties II LLC; Millenkamp Family LLC; Goose Ranch LLC; Idaho Jersey Girls Jerome Dairy LLC; Black Pine Cattle LLC; and Millenkamp Enterprises LLC, individually and collectively, as well as their agents, which agents specifically include William (Bill) Millenkamp and Davide Heida, employees, accountants, consultants, independent contractors, and any other individual or entities associated or affiliated with them or purporting to act on their behalf.

2. "All" means any and all.

3. "Document" or "Documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type (whether paper or electronic) or description, including but not limited to, the original and any copy of any e-mail, text message, instant message, photograph, video tape, audio tape, book, pamphlet, or periodical, letter, memorandum, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape disk, data sheet or data processing chart, computer file, computer printout, computer disk or digital storage medium, printed screens, data bases or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced.

4. "Communication" or "Communications" means and includes all spoken, written, visual or electronic transmission of information, including but not limited to documents, social media, conversations, meetings, discussions and telephone calls and any other process by which

59797.0007.17050225.8

information is transmitted. The words "Communicate," Communicated," and "Communicating" mean to make, have made, or be making Communication.

5. "Relate To" or "Related" as used with respect to any category of Documents and/or Communication, refer to, mean and include all Documents that: (a) constitute or are encompassed within that category; (b) memorialize, concern, mention, summarize, or refer to matters within that category; or (c) may provide evidence concerning the subject matter of that category.

6. "Exhibit 1008" means the "Real Property Appraisal Summary," admitted by You at the hearing on various first-day motions in this matter, held on April 9 and 10, 2024, a copy of which is attached hereto as **Exhibit 1**.

7. "Exhibit 1009" means the "Dairy Inventory Report Millenkamp Cattle et al April 2, 2024," admitted by You at the hearing on various first-day motions in this matter, held on April 9 and 10, 2024, a copy of which is attached hereto as **Exhibit 2**.

## INSTRUCTIONS

1. You are requested to produce All Documents and things designated below which are in your possession, custody or control, or in the possession, custody or control of your agents, attorneys, employees or representatives, wherever located, on or before **May 1, 2024, at 5:00 p.m. (MT)** to Hawley Troxell Ennis & Hawley LLP, 877 W. Main Street, Suite 200, Boise, Idaho 83702, or via email to bwilson@hawleytroxell.com.

2. You are requested to produce the original and all non-identical copies, including all drafts, of each Document requested. If you are not able to produce the original of any Document, produce the best available copy.

59797.0007.17050225.8

3. Each Document request shall be construed independently and not with reference to any other Document request for the purpose of limitation.

4. A request for a Document shall be deemed to include a request for All transmittal sheets, certified mail/return receipt requested cards, cover letters, exhibits, enclosures, or attachments of any kind to the Document, in addition to the Document itself.

5. All Documents in electronic form which are responsive to the requests shall be produced in the native format (e.g., Microsoft Word, etc.). Documents which are produced in an electronic format may, in addition to native format, also be produced in .jpeg, .tif, or .pdf images (to provide for separate numbering and appropriate page designation).

6. You are requested to produce All Documents as they are kept in the usual course of business with any identifying labels, file markings or similar identifying features, and the Documents shall be organized and labeled to correspond to the appropriate request herein. If a portion of a Document is responsive, produce the entire Document. If there are no Documents responsive to any particular request or category, so state in writing.

7. If you claim any privilege as a basis for not answering any Document request or any portion thereof or for withholding any otherwise responsive Document, set forth in your response with respect to each such Document, in sufficient detail to identify the particular Document, and to allow the Court to adjudicate the validity of your claim of privilege, without disclosing the information which is claimed to be privileged, state the following:

    a. The type of Document (e.g., letter, memorandum, report, etc.);

    b. Its title and file reference, if any;

    c. The subject matter of the information or Document; and

    d. The basis of your claim of privilege, and each fact upon which you rely in

59797.0007.17050225.8

claiming the privilege.

8. If any Document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify each such Document, including its date, author and subject matter.

9. When referring to an entity, these Requests include all divisions, subsidiaries, affiliates, parent companies, predecessors and successors, and their respective present and former employees, agents, representatives, officers, directors, partners and attorneys of the entity.

10. When referring to an individual, these Requests include any person acting on behalf or at the direction (e.g., assistants, secretaries, other employees, etc.) of the individual.

11. Whenever appropriate in these requests, the singular shall be interpreted as plural and vice versa, and the present tense includes the past tense and vice versa, and the masculine include the feminine and the neuter.

## **DOCUMENTS**

1. All Documents that Relate To or form the basis for, the valuations identified in Exhibit 1008.

2. All Documents that Relate To or form the basis for, the valuations identified in Exhibit 1009.

3. All Communications including, but not limited to, emails and text messages, with and from All third parties, All appraisers or other valuation professionals, and/or their agents, Related To valuation of All of the personal property valued in Exhibit 1008.

4. All Communications including, but not limited to, emails and text messages, with and from All appraisers or other valuation professionals, and/or their agents, Related To valuation of All of the real property valued in Exhibit 1009.

59797.0007.17050225.8

5. All prior drafts of All appraisals or other valuations responsive to this Subpoena.

6. All prior drafts of Exhibit 1008.

7. All prior drafts of Exhibit 1009.

8. All notes and memos, handwritten or electronic, Related To the valuations of Your personal property and real property identified in Exhibit 1008 and Exhibit 1009.

9. All Communications, including, but not limited to, emails and text messages, with and from All lenders You have contacted or who have contacted You Related To refinancing of Your debt, from January 1, 2022, to present day.

10. All Documents received from and sent to All lenders You have contacted or who have contacted You Related To refinancing of Your debt, from January 1, 2022, to present day.

11. All Communications, including, but not limited to, emails and text messages, with and from All entities or individuals You have contacted or who have contacted You Related To acquiring Your business or businesses, from January 1, 2022, to present day.

12. All Documents received from and sent to All entities or individuals You have contacted or who have contacted You Related To acquiring Your business or businesses, from January 1, 2022, to present day.

13. All Communications, including, but not limited to, emails and text messages, with and from Sandton Capital Solutions Master Fund VI, LP, and/or any related entity, Related To All exit financing proposals under the Debtor-in-Possession Loan Agreement, and All Communications specifically referencing Section 2.13 of the DIP Agreement at Docket Number 170, filed April 11, 2024.

14. All Documents received from and sent to Sandton Capital Solutions Master Fund VI, LP, and/or any related entity, Related To All exit financing proposals under the Debtor-in-

59797.0007.17050225.8

Possession Loan Agreement, and All Documents specifically referencing Section 2.13 of the DIP Agreement at Docket Number 170, filed April 11, 2024.

15. All Communications, including, but not limited to, emails and text messages, with and from Sandton Capital Solutions Master Fund VI, LP, and/or any related entity, Related To treatment under any chapter 11 plan of the Sandton Capital Solutions Master Fund VI, LP Debtor-in-Possession Loan Agreement.

16. All Documents received from and sent to Sandton Capital Solutions Master Fund VI, LP, and/or any related entity, Related To the Debtor-in-Possession Loan Agreement. treatment under any chapter 11 plan.

17. All financial models prepared by You or Your financial advisors, including but not limited to, Kander LLC and Eide Bailly LLP from January 1, 2022, to present.

18. All Documents that support, or form the basis for, the financial models produced in response to Request 17 above.

19. All Communications, including, but not limited to, emails and text messages, with and from Your financial advisors Related to All Your budgets and forecasts from January 1, 2022, to present.

20. All Your audited GAAP financial statements, including income statements, balance statements, and monthly cash flow from January 1, 2019, to present. If audited financial statements are not available then provide all unaudited financial statements.

21. All Your weekly cash flow forecasts and actual results from January 1, 2023, through present.

22. All Your year End annual audited financials as of December 31, 2023. If audited financial statements are not available then provide all unaudited financial statements.

23. All Your long term three statement GAAP financial projections in the form of a working model, including all available supporting assumptions, with projections through December 31, 2029.  If You do not have projections that extend to that date then You should provide the longest dated projections that they have with the accompanying support.

24. All Documents and Communications Related To non-operating assets or liabilities maintained by You.

25. All Documents and Communications Related To All transactions in the equity securities of You from April 1, 2019, through present.

26. All Documents and Communications Related To All acquisitions done by You, including the purchase price and implied revenue and EBITDA multiples, from April 1, 2019, through present.

# EXHIBIT 1

[Exhibit 1008]

59797.0007.17056238.1

**Real Property Appraisal Summary**

| Property Description | 2022 Appraised Value |
|---|---|
| East Valley Dairy property (Cassia County) | $325,540,000.00 |
| German Dairy property (Jerome County) | $4,250,000.00 |
| Idaho Jersey Girls Jerome Dairy (Jerome Cty) | $2,400,000.00 |
| Canyonlands property (Twin Falls Cty) | $10,000,000.00 |
| Goose Ranch property (Cassia Cty) | $10,265,000.00 |
| McGregor property (Jerome Cty) | $3,869,280.00 |
| Moonshine Ranch (Cassia Cty) | $5,800,000.00 |
| Calf Ranch (Jerome Cty) | $27,000,000.00 |
| TOTAL | $389,124,280.00 |

# EXHIBIT 2

[Exhibit 1009]

**DAIRY INVENTORY REPORT**
**Millenkamp Cattle et al**
*April 2, 2024*

| Description of Cattle | Number | Value Per Head | Total Value |
|---|---|---|---|
| *Milking Cows* | 34,141 | 2,200 | 75,110,200 |
| *Dry Cows* | 5,544 | 2,200 | 12,196,800 |
| *Heifers Springing 18 mos +* | 5,329 | 2,400 | 12,789,600 |
| *Heifers 14-17 mos* | 4,749 | 1,500 | 7,123,500 |
| *Open Heifers 6-13 mos* | 9,821 | 1,100 | 10,803,100 |
| *Heifer Calves 0-5 mos* | 9,786 | 450 | 4,403,700 |
| *Verbal Heifers* | 0 | | 0 |
| *Company Cattle* | 1,818 | 2,184 | 3,970,512 |
| *Pasture Cattle* | 10,041 | 1,000 | 10,041,000 |
| *Fat Steers* | 0 | 0 | 0 |
| *Beef Cows* | 2,500 | 1,500 | 3,750,000 |
| | 83,729 | | |
| | | **Total Herd Collateral** | **140,188,412** |

| Feed Description | Tons | Cost/Ton | Total Value |
|---|---|---|---|
| **Silage** | | | |
| *Haylage/Triticale* | 36,080 | $ 133.00 | 4,798,640.0 |
| *Corn Silage* | 159,553 | $ 104.00 | 16,593,512.0 |
| | | Total | 21,392,152 |
| **Hay & Other Feed** | | | |
| *Dairy Hay* | 180 | $ 203.00 | 36,540 |
| *Feeder Hay* | 831 | $ 142.00 | 118,002 |
| *Straw big bales* | 14,000 | $ 104.00 | 1,456,000 |
| *Straw small bales* | 135 | $ 195.00 | 26,325 |
| *Commodities and other* | | | 1,200,000 |
| | | Total | 2,836,867 |
| | | Total Feed | 24,229,019 |
| Less liens on feed | | | 11,848,316 |
| Total Feed | | | 12,380,703 |
| **Growing Crop Investment** | 3,857,439 | | 3,857,439 |
| **Equipment/Rolling Stock** | | | |
| Tractors & Other Equipment | | | 19,294,200 |
| Less current liens | | | 2,979,658 |
| | | | **16,314,542** |
| **Supplies, Parts, Inventory** | | | **4,000,000** |
| **Calf Hutches** | 21,280 | $100 | **2,128,000** |
| **Total** | | | **178,869,096** |