Jason R. Naess, ISBN 8407
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
Andrew S. Jorgensen, ISBN 8695
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒  ALL DEBTORS<br><br>☐  Millenkamp Cattle, Inc.<br><br>☐  Idaho Jersey Girls<br><br>☐  East Valley Cattle<br><br>☐  Millenkamp Properties<br><br>☐  Millenkamp Properties II<br><br>☐  Millenkamp Family<br><br>☐  Goose Ranch<br><br>☐  Black Pine Cattle<br><br>☐  Millenkamp Enterprises<br><br>☐  Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

**UNITED STATES TRUSTEE'S PARTIAL OBJECTION TO DEBTORS' MOTION FOR**

- 1

**ALLOWANCE AND PAYMENT OF SECTION 503(b)(9) CLAIMS, DKT. NO. 15**

The Acting United States Trustee ("UST") hereby objects, in part, to Debtor's Motion for Allowance and Payment of Section 503(b)(9) Claims, Dkt. No. 15 (the "§ 503(b)(9) Motion" or "Motion"). The Motion requests an order (1) allowing certain, identified suppliers § 503(b)(9) administrative claims and (2) authorizing the payment of such claims in the ordinary course of Debtor's post-petition business operations. Dkt. No. 15 at 3. The UST does not object to the designation of the services identified in the Motion as § 503(b)(9) administrative claims. He objects to the payment of those claims prior to the confirmation of a plan.

## ARGUMENT

In support of its request to pay the § 503(b)(9) administrative claims prior to confirmation, Debtor asserts:

> These claims must be paid in full for the Debtors to confirm a chapter 11 plan. *See* 11 U.S.C. § 1129(a)(9)(A).
>
> 8. In fact, the Bankruptcy Code does not prohibit a debtor from paying such claims prior to confirmation. As administrative claims incurred in the ordinary course of business, the Debtors submit that they may pay such claims in accordance with their business judgment pursuant to section 363(c)(1). Courts have regularly authorized the payment of claims arising under section 503(b)(9) in the ordinary course of business. *See e.g. I re Chassix Holdings, Inc.,* No. 15-10578 (Bankr. S.D.N.Y. Apr. 14, 2015) (No. 275).

Dkt. No. 15 at 3-4.

The UST contends the Debtor's argument misstates the law.

First, the Code does not require payment of § 503(b)(9) claims in full as a prerequisite to plan confirmation as implied by Debtor. Rather, § 1129(a)(9)(A) conditions confirmation on either (a) a claim holder agreeing to different treatment of its claim or (b) the proposed plan providing the claim holder will receive full payment of its claim on the plan's effective date.

Though a plan's effective date often quickly follows the date of confirmation, the implication that such claims must be paid in full prior to a debtors' confirmation of a Chapter 11 plan is not accurate.

Second, Debtor is correct that the Code does not prohibit a debtor from paying a § 503(b)(9) administrative claim prior to confirmation. On the flip side, though, the Code does not explicitly authorize a debtor to pay a § 503(b)(9) administrative claim prior to confirmation either. Rather, in a Chapter 11 case,

> the Bankruptcy Code only affords an administrative claimant the right to receive payment at the concluding stage of the case, after plan confirmation. It is set forth in § 1129(a)(9) that, unless the holder of the claim has agreed otherwise, a debtor's plan must provide that the holder of an administrative expense receive payment on their claim "on the effective date of the plan." A plan can only become effective once it is confirmed by the court.

*In re Arts Dairy, LLC*, 414 B.R. 219, 221 (Bankr. N.D. Ohio 2009). The Code should not be read to allow every practice it does not explicitly prohibit and the lack of a prohibition on payment of § 503(b)(9) claims prior to confirmation does not equate to authority to make such payments.

Third, the timing of the payment of allowed § 503(b)(9) administrative expense claims is according to the Court's discretion – not pursuant to the Debtor's business judgment. *See In re Modern Metal Products Co.*, 2009 WL 1362632 at *2 (Bankr. N.D. Ill. May 13, 2009) (citing *In re Bookbinders' Restaurant*, 2006 WL 3858020 at *1 (Bankr. E.D. Pa. 2006); *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002). In exercising discretion regarding the timing of § 503(b)(9) claim payments, courts considering the issue typically resort to a three-factor analysis identified in *In re Garden Ridge Corp.*, 323 B.R. 136 (Bankr. D. Del. 2005). *See, e.g., In re NE Opco, Inc.*, 501 B.R. 233, 259 n.92 (Bankr. D. Del. 2013); *In re Global Home Prods., LLC*, 2006 WL 3791955 at *3-4 (Bankr. D. Del. Dec. 21, 2006); *In re Modern Metal*

*Products Co.*, 2009 WL 1362632 at *2; *In re Arts Dairy, LLC*, 414 B.R. at 221; *In re Bookbinders' Restaurant*, 2006 WL 3858020 at *1; *In re TI Acquisition, LLC*, 410 B.R. 742, 746 (Bankr. N.D. Ga. 2009); *see also In re MTE Holdings LLC*, 2021 WL 2258270 at *8 n.22 (Bankr. D. Del. June 2, 2021) (applying the same three-factor analysis to the timing of a § 503(b)(1) claim payment). Under that analysis, "courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." *In re Garden Ridge Corp.*, 323 B.R. at 143. Underlying those considerations is the recognition of the bankruptcy system's goal of an orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets. *In re HQ Global Holdings, Inc.*, 282 B.R. at 173. Pre-confirmation distributions are usually disallowed if an estate may not be able to pay all administrative expenses in full. *Id.*

**The Three Factors in Debtor's Case**

Hardship to the Debtor. There is no indication of any hardship to the Debtor in this case if pre-confirmation payment is authorized. The typical requests for early payment of administrative expense claims are usually made by the claimant. Here, Debtor has made the request. The first factor does not appear to weigh against early payment.

Hardship to the Claimant. There is no information indicating the proposed § 503(b)(9) administrative claimants will suffer any sort of hardship if the administrative claims are not paid prior to confirmation. Most of the requested claims are less than $3,000, with at least one as small as $32.65. It is unlikely, then, that there will be any hardship to the claimants if payment is delayed until the effective date. Even for the largest of the proposed claimants, there has been no showing or allegation of hardship to that claimant if it must wait until confirmation to be paid. This factor weighs against early payment.

Detriment to Other Creditors. The other creditors in this case are being asked to finance

the pre-confirmation payment of the requested administrative claims. Budgets in this case have been a moving target. Debtor has posited it needs DIP financing to operate through the confirmation date. *See* Dkt. No. 24. If Debtor is not able to pay all administrative expenses in full without additional financing, and will be incurring interest and financing fees so that it can pay the requested § 503(b)(9) claims prior to confirmation, such weighs against granting the request for pre-confirmation payment. The additional burden of interest and fees should not be incurred just so Debtor can make an earlier payment to its § 503(b)(9) administrative claimants than is authorized by the Code.

### Conclusion

The UST requests the Court deny the Motion insofar as it requests authorization to pay the § 503(b)(9) administrative claims prior to confirmation.

Date: April 24, 2024

        GREGORY M. GARVIN
        Acting United States Trustee for Region 18

        /s/ Jason R. Naess
        JASON R. NAESS
        Attorney for the Acting United States Trustee
        [Non CM/ECF e-mail jason.r.naess@usdoj.gov]

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ___April 24, 2024___ I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

Date: __April 24, 2024__

        _____/s/_____
        JASON R. NAESS