Jason R. Naess, ISBN 8407
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
Andrew S. Jorgensen, ISBN 8695
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br><br>☐ Idaho Jersey Girls<br><br>☐ East Valley Cattle<br><br>☐ Millenkamp Properties<br><br>☐ Millenkamp Properties II<br><br>☐ Millenkamp Family<br><br>☐ Goose Ranch<br><br>☐ Black Pine Cattle<br><br>☐ Millenkamp Enterprises<br><br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

**UNITED STATES TRUSTEE'S SUPPLEMENTAL OBJECTION TO DEBTORS'**

- 1

### MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO HONOR PREPETITION OBLIGATIONS TO CRITICAL VENDORS, DKT. NO. 23, AND THE SUPPLEMENT THERETO, DKT. NO. 145

The Acting United States Trustee ("UST") hereby objects to the Debtor's Motion for Entry of an Order Authorizing Debtors to Honor Prepetition Obligations to Critical Vendors, Dkt. No. 23 (the "Initial Motion"), and the Supplement that was filed thereto on April 8, 2023, Dkt. No. 145 (the "Supplement," collectively the Initial Motion and Supplement are referred to herein as the "Motion"). With the filing of Debtor's Schedules on April 23, 2024, issues regarding the reliability of the Motion and the appropriateness of granting the relief requested therein have arisen.

### Background

1.  Debtors filed the Initial Motion on the Petition date. Dkt. No. 23. It referred to the cash collateral budget, attached to a separate motion, for identification of proposed critical vendors. *Id.* at 5. The cash collateral budget identified 24 critical vendors[1] with 15 of those vendors proposed to receive payments during the period of April 1 to August 11, 2024. Dkt. No. 22 at 42.

2.  The night prior to an April 9, 2024, hearing on the Initial Motion's request for interim payments to critical vendors, Debtor filed the Supplement. *See* Dkt. 145. The Supplement expanded the list of critical vendors to 47,[2] with 41 of the vendors proposed to receive payments during the April 1 to August 11 period. *Id.*

---

[1] Among the 24 named critical vendors identified is a vendor called "[Silage Group]." Dkt. No. 22 at 42. Though it is generally understood the Silage Group is comprised of several different feed providers, there has not been any definitive explanation of how many feed providers are included within that group or who they are. Though the UST recognizes a total of more than 24 (or 47) vendors might potentially be paid under the Motion, the Silage Group is considered a single creditor for the purpose of calculating the numbers referenced herein.

[2] Both the initial list of critical vendors and the list attached to the Supplement include four different entries for MWI Veterinary, based on services provided to various of the jointly administered debtors. For purposes of the numbers referenced herein, all MWI Veterinary entries are being counted as one creditor.

3. At the April 9 and 10, 2024, hearings on the Motion, Debtor's representative, William Millenkamp, testified all of the vendors on the critical vendor list had communicated to him that, without receipt of a critical vendor payment on their prepetition debt prior to confirmation of a plan, those vendors would stop providing goods and/or services to the Debtor. Mr. Millenkamp also testified that many, if not most, of the critical vendors were actually secured lien holders and not unsecured creditors.

4. Based on Mr. Millenkamp's representations regarding the status of many of the critical vendors as lien holders, the Court indicated those vendors may be entitled to adequate protection or other similar payments even if critical vendor payments are not authorized in the Ninth Circuit.

5. A brief recess followed during which Debtor represented to the UST that five (5) specified critical vendors were secured creditor lien holders. The UST clarified with Debtor that the five creditors would be listed as secured creditors in Debtor's forthcoming schedules and Debtor affirmed they would. The UST therefor agreed payments to the five identified creditors could be authorized on an interim basis. *See also* Dkt. No. 73, *Interim Order Granting Debtors' Emergency Motion for Entry of an Order Authorizing Debtor to Honor Prepetition Obligations to Critical Vendors.* Among the five authorized creditors are Healthy Earth Enterprises, LLC for up to $60,000.00 in interim payments; MWI for up to $500,000.00 in interim payments; and Coastline for up to $140,000.00 in interim payments. *Id.*

## OBJECTION

Debtor filed its Schedules on April 23, 2024. Dkt. No. 215. Information in the Schedules, when correlated to the Motion, raise at least two major concerns.

**Payments to Non-Creditors**

- 3

First, the Motion identifies six (6) critical vendors, proposing payments to four (4) of them, on supposed prepetition claims even though the vendors are not identified as secured or unsecured creditors in Debtor's Schedules.

The Supplement requests payment to the following:

| Vendor | BK Wk3<br>15-Apr<br>21-Apr | BK Wk4<br>22-Apr<br>28-Apr | BK Wk5<br>29-Apr<br>5-May | BK Wk6<br>6-May<br>12-May | Total<br>2-Apr<br>11-Aug |
|---|---|---|---|---|---|
| American Calf Products | $25,000 | $25,000 | $25,000 | $25,000 | **$100,000** |
| David Clark DVM | $12,500 | -- | -- | -- | **$12,500** |
| Schows Truck Center – Heyburn | -- | -- | -- | -- | **--** |
| Western States Cat – Rent | -- | -- | -- | -- | **--** |
| Llanos Trucking LLC | $51,000 | -- | -- | -- | **$51,000** |
| J & C Hoof Trimming, Inc. | $40,000 | -- | -- | -- | **$40,000** |
| **Totals** | **$128,500** | **$25,000** | **$25,000** | **$25,000** | **$203,500** |

Dkt. No. 145 at 4-5. Notably, all $203,500 of the requested payments were to be made during the interim period, before Schedules were prepared and filed in the case. *Id.*

Debtor's Schedules do not include any of these creditors in either Schedule D or Schedule E/F. *See* Dkt. No. 215.

It is unclear how these parties could have communicated to Mr. Millenkamp or Debtor that they were going to stop providing goods and services if not paid on their prepetition claims when they are, per Debtor's Schedules, not owed any prepetition claims. Debtor must explain this discrepancy and why the Court should rely upon Debtor's representation that other creditors provided similar communication to Debtor.

**Excessive Payments to Some Creditors**

In addition to proposing payments to non-creditors, the Motion proposes to pay six (6) other critical vendors in amounts beyond their Scheduled claims.

The Supplement requests payment to the following:

- 4

| Vendor | Payments During the Interim Period | | | | Payments outside the Interim Period | Total 2-Apr 11-Aug |
|---|---|---|---|---|---|---|
| | BK Wk3 15-Apr 21-Apr | BK Wk4 22-Apr 28-Apr | BK Wk5 29-Apr 5-May | BK Wk6 6-May 12-May | | |
| Aden Brook Trading Corp. | $600,000 | $25,000 | $25,000 | $25,000 | $125,000 | **$800,000** |
| Coastline | $140,000 | -- | -- | -- | -- | **$140,000** |
| Floyd Lilly Company, Inc. | $7,500 | -- | -- | -- | -- | **$7,500** |
| Schow's Auto Parts – Rupert | $25,000 | -- | -- | -- | -- | **$25,000** |
| Western States Cat | $198,690 | -- | -- | -- | $397,380 | **$596,070[3]** |
| Tacqueria Tamazula Trucking | $50,000 | -- | -- | -- | -- | **$50,000** |
| **Totals** | **$1,021,190** | **$25,000** | **$25,000** | **$25,000** | **$522,380** | **$1,618570** |

Dkt. No. 145 at 4-5. When compared to the Schedules, those amounts are high; in some cases excessively high:

| Vendor | From Dkt. No. 145, **Supplement** Total 2-Apr 11-Aug | From Dkt. No. 215, **Schedules** | | **Difference** (proposed overpayment) |
|---|---|---|---|---|
| Aden Brook Trading Corp. | $800,000 | $83,418.24 | Sch. D., Line 3.5 | **$716,581.76** |
| Coastline | $140,000 | $139,968.56 | Sch. D., Line 3.30 | **$31.44** |
| Floyd Lilly Company, Inc. | $7,500 | $151.94 | Sch. D., Line 3.42 | **$7,348.06** |
| Schow's Auto Parts – Rupert | $25,000 | $22,193.82 | Sch. D., Line 3.89 | **$2,806.18** |
| Western States Cat | $596,070 | $83,881.88 | Sch. D., Line 3.115 | **$512,188.12** |
| Tacqueria Tamazula Trucking | $50,000 | $22,357.50 | Sch. D., Line 3.99 | **$27,642.50** |

---

[3] The total included in the Supplement is $596,071.00. Dkt. No. 145 at 5. It is unclear how that amount was arrived at when the payments to Western States Cat sum to $596,070.00.

| Totals | $1,618,570 | $351,971.94 | $1,266,598.06 |

The UST recognizes the Motion seeks authority to pay amounts "up to" the figures identified in the Supplement. *See* Dkt. No. 23 at 21. At the same time, Debtor must provide an explanation for why or how the identified amounts exceed the claim amounts by over $1.25 million, must update the budget to reflect the actual claim and potential critical vendor payment amounts, and must provide additional assurance regarding the methodology used to arrive at the other critical vendor amounts given these identified discrepancies.

## Conclusion

The Court should require Debtor sufficiently explain and support its Motion for critical vendor payments. The Motion appears to seek relief beyond what is permissible under such a motion, seeking payment to certain non-creditors and payment to other creditors far beyond the amount of their claims. Those proposals call into suspicion the appropriateness of all requests contained in the Motion. If these identifiable discrepancies exist, how are parties in interest to know other discrepancies are not also present?

The Court should also view the request with a critical eye given that Debtor has already been authorized to make certain now non-avoidable post-petition payments[4] even though those payments may not have been appropriate – especially if the Court ultimately determines it does not have the ability to authorize critical vendor payments under Ninth Circuit precedent.

Lastly, if the Court authorizes the payment of any payments to critical vendors under the Motion, the UST requests that any further relief be interim until an unsecured creditors

---

[4] *See* § 549(a)(2)(B). Even if the Court determines it does not have the ability to authorize critical vendor payments, unless and until the Court also finds the Interim Order on the Motion is void due to fraud on the Court or for some other reason, the payments to MWI Veterinary, Healthy Enterprises, LLC, and Coastline Equipment were authorized by the Court for § 549 purposes – even if the authorization was not proper. *See In re M.T.G., Inc.,* 646 B.R. 1, 165 (Bankr. E.D. Mich. 2022).

committee can be appointed. The US Trustee Program's Office of General Counsel is currently evaluating the appropriateness of appointing critical vendors to an unsecured creditors committee in this case. That analysis, however, has been hampered by multiple shifting budgets, changing Lists of the 20 Largest Unsecured Creditors, and a lack of filed Schedules. Previous versions of the List of 20 Largest Unsecured Creditors included entities that are, apparently, not even creditors of Debtor. *Compare* Dkt. No. 75 *with* Dkt. No. 215. Though the UST intends to continue considering the formation of a committee in this case, there is no firm timeline on when such a committee might be in place due to these delays and discrepancies regarding creditor information.

Date: April 24, 2024

                                    GREGORY M. GARVIN
                                    Acting United States Trustee for Region 18

                                  /s/ Jason R. Naess
                                  JASON R. NAESS
                                  Attorney for the Acting United States Trustee
                                  [Non CM/ECF e-mail jason.r.naess@usdoj.gov]


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ___April 24, 2024___ I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

Date: __April 24, 2024_____

                                    _____/s/_____
                                    JASON R. NAESS