Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
        jjm@johnsonmaylaw.com


Krystal Mikkilineni, *PHV*
Robert E. Richards, *PHV*
Tirzah Roussell, *PHV*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
        robert.richards@dentons.com
        tirzah.roussell@dentons.com

Attorneys for the Debtor

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF IDAHO

| | |
|---|---|
| In re: | Case No. 24-40158-NGH |
| MILLENKAMP CATTLE, INC., | |
| Debtor. | |
| Filing relates to: | |
| ☒ ALL DEBTORS | Jointly Administered With Case Nos.: |
| ☐ Millenkamp Cattle, Inc. | 24-40159-NGH (Idaho Jersey Girls) |
| ☐ Idaho Jersey Girls | 24-40160-NGH (East Valley Cattle) |
| ☐ East Valley Cattle | 24-40161-NGH (Millenkamp Properties) |
| | 24-40162-NGH (Millenkamp Properties II) |
| | 24-40163-NGH (Millenkamp Family) |
| | 24-40164-NGH (Goose Ranch) |

☐ Millenkamp Properties

☐ Millenkamp Properties II

☐ Millenkamp Family

☐ Goose Ranch

☐ Black Pine Cattle

☐ Millenkamp Enterprises

☐ Idaho Jersey Girls Jerome Dairy

24-40166-NGH (Black Pine Cattle)
24-40167-NGH (Millenkamp Enterprises)
24-40165-NGH (Idaho Jersey Girls Jerome Dairy)

Chapter 11 Cases

## DEBTORS' APPLICATION TO EMPLOY THE FORBES SECURITIES GROUP LLC, DBA FORBES PARTNERS AS THEIR INVESTMENT BANKER

### Notice of Application to Employ Investment Banker for Debtors and Opportunity to Object and for a Hearing

<u>No Objection.</u> The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within twenty-one (21) days of the date of this notice. If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

<u>Objection.</u> Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

<u>Hearing on Objection.</u> The objecting party shall also contact the Court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

Millenkamp Cattle, Inc. ("Millenkamp Cattle") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, hereby respectfully submit this Application to Employ The Forbes Securities Group LLC, DBA Forbes Partners as Investment Banker (the

"Application"). In support of this Application, the Debtors respectfully represent as follows:

## JURISDICTION

1.    The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    Venue is also proper under 28 U.S.C. §§ 1408 and 1409.

3.    The statutory bases for the relief requested herein are sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016.

## BACKGROUND

4.    On April 2, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for District of Idaho (the "Court") commencing the Chapter 11 Cases.  The Debtors have continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.    No trustee, examiner, or official statutory committee of unsecured creditors (such official committee, the "Committee") has yet been appointed in the Chapter 11 Cases.

6.    The Debtors are ten affiliates that collectively own and operate several businesses, including a calf ranch raising approximately 50,000 calves located in Jerome, Idaho; a dairy heifer feedlot in Declo, Idaho, raising approximately 60,000 head of dairy cattle; a dairy operation at the Declo facility where the dairy cattle are milked several times a day; farming operations in Jerome, Twin Falls and Cassia counties; and custom harvest & trucking throughout the Magic Valley.

DEBTORS' APPLICATION TO EMPLOY THE FORBES SECURITIES GROUP LLC, DBA FORBES PARTNERS AS INVESTMENT BANKER 3

7.     Through ten entities, the Debtors operate as a single enterprise, which includes common usage of debt and banking facilities.

8.     Millenkamp Cattle is the primary entity from which all operations are directed, the revenues received, and the payables disbursed. Millenkamp Cattle is the operational entity which owns all of the cattle, feed, and equipment used to care for the cattle, employs the employees, and receives and disburses the majority of the monies. Millenkamp Cattle does not own any real property.

9.     Debtors wish to employ The Forbes Securities Group LLC, DBA Forbes Partners ("Forbes") as their investment banker ("Investment Banker") in this Chapter 11 Case, pursuant to Bankruptcy Code section 327(a), at the expense of the Debtors' estates.

10.    It is anticipated that James Morgan ("Morgan") will be the main contact and will primarily provide services for Debtors.

11.    Further, Forbes will render services to the Debtors under the terms as set forth in the Engagement Agreement attached hereto as Exhibit "A."

12.    Forbes understands that its compensation is subject to approval of this Court and intends to apply for compensation and reimbursement for fees incurred and costs advanced in conformity with Bankruptcy Code sections 330 and 331.

## QUALIFICATIONS OF PROFESSIONALS

13.    The Debtors have selected Forbes because Forbes has considerable knowledge and expertise in these matters and is aware of and familiar with the Debtors' business activities. Forbes is an award-winning middle market investment banking firm with expertise in mergers and acquisitions, raising capital, and financial restructuring within the middle market. Forbes has

been regularly recognized as the M&A Firm of the Year. With nearly 300 years of combined experience and over $85B in transactions, Forbes' investment bankers are trusted advisors, having obtained deep industry-specific knowledge and expertise across a wide range of transaction types, sizes, structures, motivations, and challenges. Further, Morgan is a Managing Director at Forbes and has focused on M&A and capital markets execution since 2000. Prior to joining Forbes in 2019, Morgan worked at a number of leading investment banks that include Scotia Capital, Citi and HSBC Securities in New York. His work in mergers & acquisitions has been focused on sell-side advisory, capital raising and cross-border advisory between North American and global markets. Morgan's long-standing transaction experience, knowledge across capital markets and sectors bring a breadth of capabilities to ownership and management teams seeking strategic, transformational solutions.

## **SERVICES TO BE RENDERED**

14.    The employment of Forbes is necessary to assist the Debtors in raising capital and for the restructuring plan and process of the Debtors and will testify as a witness as to the marketing process.

15.    Forbes is willing to assist the Debtors as investment banker in marketing the Debtors and assisting them with finding new capital for restructuring. Forbes may also testify as to the marketing process and its discussions with potential lenders and investors. The Debtors do not intend, nor do the Debtors believe, the services proposed to be rendered by Forbes will be duplicative of the services to be rendered by the Debtors' general reorganization counsel or other professionals in this Chapter 11 Case.

## PROFESSIONAL COMPENSATION

16.     Forbes has received a retainer in the amount of $15,000.

17.     Pursuant to the Engagement Agreement, Forbes will also receive $15,000 upon execution of a term sheet, letter of intent, or other form of agreement with an Approved Contract, subject to Court approval.

18.     In the event of a Transaction[1], an additional fee will be payable equal to 2.5% of the gross proceeds provided up to $60,000,000 and 1.5% of any gross proceeds provided in excess of $60,000,000 (the "Transaction Fee"), which is also subject to the Court's approval. Further, a minimum fee of $1,000,000 will be due upon the closing for any Transaction, or if a Transaction is withdrawn or cancelled as a result of the Debtors' willful or intentional misrepresentation.

19.     Neither Forbes, nor to the best of its knowledge and information, any other representative thereof, has been promised any compensation for professional services rendered or to be rendered in any capacity in connection with Debtors' Chapter 11 Case, other than as permitted by the Bankruptcy Code.

20.     Forbes has not agreed to share compensation received in connection with Debtors' Chapter 11 Case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among members of Forbes.

## DISINTERESTEDNESS OF PROFESSIONALS

21.     Forbes has undertaken a detailed search to determine, and to disclose, whether it

---

[1]  Capitalized terms not defined herein will have the same meaning as described in the Engagement Agreement.

DEBTORS' APPLICATION TO EMPLOY THE FORBES SECURITIES GROUP LLC, DBA FORBES PARTNERS AS INVESTMENT BANKER 6

represents or has represented any significant creditors or insiders of Debtors. In connection with its proposed retention by the Debtors in this case, Forbes conducted a search of its client database to determine whether it has any current or past relationships with any of Debtors' significant creditors or insiders. Except as set forth in the Declaration of James Morgan attached hereto as Exhibit "B" (the "Declaration"), Forbes does not have any connection with Debtors, their affiliates, their creditors or insiders, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed by the United States Trustee.

22.      Except as otherwise set forth in the Declaration, and based on the database search described above, Forbes is not aware of any past or current representation of any other individual or entity which is a creditor or insider of the Debtors.

23.      To the best of its knowledge and information, Forbes does not have any interest "adverse" to Debtors or their estates as that term is used in Bankruptcy Code section 327.

24.      To the best of its knowledge and information, Forbes is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14).

25.      Forbes will conduct a continuing inquiry to ascertain whether there exists any situation that would affect its status as a person having no interest adverse to Debtors or their estates or that would affect Forbes' status as a disinterested person. Forbes will file supplemental disclosures or affidavits with this Court at such time as any such additional disclosures are appropriate or required.

**WHEREFORE,** the Debtors respectfully request that they be authorized, pursuant to Bankruptcy Code section 327 and Bankruptcy Rule 2014 to employ Forbes Securities Group

LLC, DBA Forbes Partners as Investment Banker; and for such other and further relief as may be just and equitable under the circumstances.

Respectfully submitted,

*/s/ Krystal R. Mikkilineni*
Krystal R. Mikkilineni

*/s/  Matt Christensen*

Matt Christiansen

Attorneys for Debtors

I declare under penalty of perjury under the laws of the United States and the laws of the State of Idaho that I have reviewed the attached Debtors' Application to Employ Forbes as Investment Banker, and to the best of my knowledge and information, I believe the statements therein to be true and correct.

Dated:  May 6, 2024

*/s/ James Morgan*
James Morgan
                          The Forbes Securities Group
LLC, DBA Forbes Partners

# EXHIBIT A
## Engagement Agreement

# FORBES
### PARTNERS

March 21, 2024

**PRIVATE & CONFIDENTIAL**

Bill Millenkamp
President
Millenkamp Cattle, Inc.
471 N. 300 W.
Jerome, ID 83338

Bill:

This letter (together with the Standard Terms and Conditions attached as Exhibit A, collectively, the "**Engagement Letter**") confirms the terms of the engagement by and between The Forbes Securities Group LLC, DBA Forbes Partners ("**Forbes**" or "**we**"), and Millenkamp Cattle, Inc., all Affiliates (as defined below), and their owners and/or shareholders, individually, jointly, and severally (collectively, "**you**," "**your**" or the "**Company**"), as the Company's exclusive financial adviser in connection with a potential Transaction (as defined below).

Capitalized terms in this Engagement Letter shall be given the same meaning assigned to those terms in the Standard Terms and Conditions (the "Standard Terms") attached hereto as Exhibit A, unless otherwise defined in this Engagement Letter.

1.  <u>Services to be Rendered</u>

We will provide strategic advisory and consulting services to you in the areas of, but not limited to, investment banking, corporate development, corporate finance and/or capital placement (collectively, the "**Services**"), including:

a.  <u>Phase 1 – Transaction Preparation</u>

    i.    formulate a strategy for completing the Transaction and develop procedures and timetables for implementing the strategy;

    ii.    familiarize ourselves with the operations, properties, business, condition (financial and otherwise) and prospects of the Company;

    iii.    advise and assist you in developing relevant marketing and sales collateral (based on information supplied by you) describing the Company, its operations, its historical performance, and its prospects;

    iv.    assist you to determine available due diligence materials, what and when to share such information, and the appropriate timing for the disclosure / release of information from the data room as the Transaction progresses; and

Initial : _____

DocuSign Envelope ID: C2G9928EC-6995-46B5-A6A7-FA01BA9CEEAC

Millenkamp Cattle, Inc.
March 21, 2024
Page **2** of **8**

      v.    assist you with the preparation and maintenance of the due diligence virtual data room.

  b.   <u>Phase 2 – Transaction Process</u>

      i.    advise and assist you in defining evaluation criteria for selecting appropriate potential acquirers of or investors in the Company and considering the desirability of effecting a Transaction;

      ii.    assist you in identifying and contacting potential acquirers or investors, provided that we will not contact any potential acquirer or investor regarding a Transaction, without your prior written approval (which may be by email) of such potential acquirer or investor ("**Approved Contact**");

      iii.    work with Company's legal counsel to prepare a form of non-disclosure agreement (each, an "**NDA**") for execution by Approved Contacts prior to Forbes providing any Confidential Information of the Company to any Approved Contact.  Forbes will negotiate changes to the NDA propose by Approved Contacts based on a parameters sheet that is pre-approved by the Company, and Forbes will defer to the Company's legal counsel each time an Approved Contact does not agree to terms contained on the parameters sheet;

      iv.    coordinate discussions and meetings with, and other aspects of the due diligence investigations of, potential acquirers or investors;

      v.    provide periodic briefings on the status of the Services and related activities including opportunities, limitations, risks, and recommendations to you;

      vi.    advise and assist you in negotiating the financial aspects of any proposed Transaction;

      vii.    assist you in consummating the Transaction.

Notwithstanding the foregoing provisions of this Section, the Company agrees that the performance by Forbes of any service described in this Agreement shall be at the express request of the Company, and the failure of the Company to so request any service (and the resulting nonperformance by Forbes of that service) shall not relieve the Company of any payment obligations under this Agreement and shall not be deemed a breach of this Agreement by Forbes.

Initial: _____

Millenkamp Cattle, Inc.
March 21, 2024
Page **3** of **8**

2. <u>Transaction</u>

For purposes of this Engagement Letter, a "**Transaction**" means any of the following events:

    i.    secured, senior or subordinated debt, revolving lines of credit, equipment lease financing, purchase order financing, accounts receivable financing or any other type of debt financing, none of which have any form of equity participation,

    ii.    senior, subordinated or other debt with warrants or any other form of equity participation, or

    iii.    equity, including any common stock, preferred stock, convertible preferred stock, convertible debt, or any other securities convertible into common stock.

You shall have the sole and absolute right to accept or reject any Transaction offer, and to postpone, modify, abandon or terminate any Transaction prior to closing, and shall not be liable to Forbes for doing so except to the extent provided below in Sections 3.c (Transaction Fee – Minimum), Section 4 (Expenses), Section 5 (Forfeited Funds) and Section 7 (Tail Period).

3. <u>Fees</u>

As compensation for the Services, you agree to pay to Forbes:

    a.    Advisory Fees: Nonrefundable, one-time fees ("**Advisory Fees**") as follows:

        i.    <u>Kick-off.</u>  $15,000, for Forbes preparation of diligence requests, project plan, initial financial model template, kick-off meeting, and other process mobilization activities and deliverables, **payable upon** execution of this Engagement Letter (the "**Engagement Fee**"),

        ii.    <u>Closing.</u> $15,000, for Forbes communications and negotiations with the final target and its advisors, development and management of closing process trackers (open issues, closing deliverables, etc.),  development and management of the due diligence process and data room, and other closing process activities and deliverables, **payable upon** Company execution of a term sheet, letter of intent , or other form of agreement with an Approved Contact.

    b.    <u>Transaction Fee</u>. For any Transaction, an additional fee shall be payable by wire on the date of closing, determined as follows (the "**Transaction Fee**"):

        For any Transaction, the Transaction Fee shall be payable in cash and equal to:

            **2.5%** of the gross proceeds provided up to $60,000,000; and
            **1.5%** of any gross proceeds provided in excess of $60,000,000

        The Transaction Fee will be based on the entire capital commitment regardless of whether it is fully drawn at closing.

    c.    <u>Transaction Fee – Minimum</u>. Notwithstanding the above, a minimum fee of **$1,000,000** (the "**Minimum Fee**"), payable in cash, will be due upon closing for any Transaction, or if a

Initial:

Millenkamp Cattle, Inc.
March 21, 2024
Page **4** of **8**

Transaction is withdrawn or canceled as a result of Company's intentional or willful misrepresentation.

d. <u>Transaction Fee Payment</u>. A Transaction Fee shall be payable by wire transfer on the closing date of such Transaction and shall be included in the Transaction closing funds. If more than one Transaction is consummated, a Transaction Fee with respect to each such Transaction shall be payable by wire on the closing date of each such Transaction. Forbes agrees to execute and deliver a customary acknowledgement and release effective upon receipt of payment of the Transaction Fee.

4. <u>Expenses</u>

In addition to the fees payable pursuant to Section 3, you agree to reimburse Forbes for all reasonable out-of-pocket expenses (including travel) incurred by Forbes pursuant to its engagement hereunder, whether or not a Transaction is consummated.  None of the Advisory Fees nor any other fee or expense payable under this Agreement will reduce the amount or payment of any other fees or expenses payable to Forbes under this Agreement.

All expenses of Forbes which are greater than One Thousand Dollars ($1,000) shall require the prior written approval by the Company (which may be by email).  Any legal, accounting, or other professional services incurred by the Company will be the Company's responsibility.

5. <u>Forfeited Funds</u>

The Company will pay to Forbes fifty percent (50%) of any forfeited option, earnest money or breakup fee paid to the Company or an Affiliate, provided that if Forbes receives any such fee, then any Transaction Fee subsequently earned by Forbes and paid by Company pursuant to a future Transaction shall be net of any fees received by Forbes pursuant to this Section.

6. <u>Data Room</u>

As part of any engagement, Forbes requires its clients to use a secure data room to host information provided to third party advisors (including Forbes) and potential investors. To support that need, we have partnered with multiple data room providers that are widely used across the industry. You agree to review the options (provided in Schedule 1) and select the data room provider you will be using pursuant to the engagement.

7. <u>Term, Termination and Miscellaneous</u>

The term of this Engagement Letter shall begin as of the date first set forth above ("**Effective Date**") and shall continue until the earlier to occur of (the "**Engagement Period**"): (i) the closing of a Transaction; (ii) nine (9) months immediately following the Effective Date; or (iii) thirty (30) days after either party gives written notice of termination to the other party. The parties may extend the Engagement Period upon the written consent of both parties. Notwithstanding anything to the contrary, no such termination will affect:

a. Forbes's rights to receive Fees as set forth in Section 3 accrued prior to such termination or to receive reimbursement of out-of-pocket expenses as set forth in Section 4 payable or incurred prior to such termination; or

Millenkamp Cattle, Inc.
March 21, 2024
Page **5** of **8**

    b.   the rights of Forbes or any other Indemnified Party (as defined in the attached Standard Terms and Conditions) to receive indemnification, contribution and other rights set forth in the Standard Terms and Conditions.

Notwithstanding any termination or expiration this Engagement Letter, you shall be obligated to pay Forbes a Transaction Fee if, within eighteen (18) months after the end of the Engagement Period (the "**Tail Period**"), a Transaction is consummated between the Company and a Contacted Party (or executes a definitive agreement or letter of intent to do so, whether binding or non-binding, during the Tail Period and subsequently consummates a Transaction).

For purposes of this provision, a "**Contacted Party**" shall mean a party who:

    a.   was an Approved Contact; and

    b.   signs an NDA with Company (or Forbes on behalf of Company) to commence discussions and/or review Transaction related materials regarding the Company (unless the requirement for an NDA is waived by the Company), and

    c.   commences discussions and/or receives Transaction related materials.

Following any termination of this Agreement, Forbes shall provide you, within 60 days thereafter, a list of all Contacted Parties.

The attached Exhibit A, *Standard Terms and Conditions,* forms an integral part of this Engagement Letter and is incorporated herein by reference in its entirety as though set forth in full in the body of this Engagement Letter. This Engagement Letter remains subject to Forbes's standard engagement acceptance procedures.

\*\*\*\*\*

Initial: _____

Millenkamp Cattle, Inc.
March 21, 2024
Page **6** of **8**

If the terms of this Engagement Letter as set forth above are acceptable to the you, please indicate your acceptance and authorization for Forbes to proceed with the related work by signing Schedule 2 to this Engagement Letter in the appropriate space, initialing each page, and returning a signed original to me.

We look forward to working with you. If we can provide you with any additional information, please feel free to contact me at 303-848-4580.

Sincerely,

DocuSigned by:

*Robert Forbes*
—3C7EA68BB1514AF...

Robert A. Forbes
Managing Member
The Forbes Securities Group LLC
DBA Forbes Partners
3/22/2024

Millenkamp Cattle, Inc.
March 21, 2024
Page 7 of 8

Schedule 1 – Data Room Provider Selection

By selecting a data room provider below, the Company agrees to pay all fees associated with that data room proposal as detailed below or in the associated data room proposal. In the event a process exceeds the anticipated timeline, the Company will be expected to pay all additional fees as described in each respective proposal.

| Data Room Provider | Fee Description |
|---|---|
| ☐ Datasite LLC ("Datasite") | Fees owed to Datasite LLC detailed further in the associated Datasite proposal to be provided. |
| ☐ Donnelley Financial Solutions ("DFIN") | Fees owed to Donnelley Financial Solutions detailed further in the associated DFIN proposal to be provided. |
| ☒ Citrix Sharefile | A nonrefundable, one-time fee of $2,500, payable to Forbes upon execution of this Engagement Letter (the "Data Room Fee") covering a 9-month process. No additional fees will be required if process exceeds 9 months. |

Millenkamp Cattle, Inc.
March 21, 2024
Page **8** of **8**

Schedule 2 – Signature Page

THE UNDERSIGNED ACKNOWLEDGES READING AND UNDERSTANDING THE TERMS AND CONDITIONS OF THE ABOVE ENGAGEMENT LETTER AND ATTACHED STANDARD TERMS AND CONDITIONS. IF THE COMPANY IS A PARTNERSHIP, CORPORATION, LLC OR OTHER ENTITY, THE INDIVIDUAL SIGNING BELOW ON BEHALF OF SUCH ENTITY REPRESENTS AND WARRANTS THAT HE OR SHE HAS THE FULL AUTHORITY TO ENTER INTO THIS ENGAGEMENT LETTER ON BEHALF OF SAID ENTITY AND ITS OWNERS. THE UNDERSIGNED FURTHER ACKNOWLEDGES HAVING RECEIVED A FULLY COMPLETED COPY OF THIS ENGAGEMENT LETTER AND STANDARD TERMS AND CONDITIONS AND PERSONALLY GUARANTEES ITS PERFORMANCE.

Millenkamp Cattle, Inc.

By: Bill Millenkamp

Title: President

Signature: _____

Date: 3/22/2024 _____

**EXHIBIT B**

**DECLARATION OF JAMES MORGAN IN SUPPORT OF
THE APPLICATION TO EMPLOY THE FORBES SECURITIES GROUP LLC, DBA
FORBES PARTNERS AS INVESTMENT BANKER FOR DEBTOR IN POSSESSION**[2]

STATE OF                    )
                                 ) ss:
COUNTY OF                )

James Morgan, being first duly sworn upon oath, deposes, and says:

1.      I have read the application of the Debtors for authority to employ and retain The

Forbes Securities Group LLC, DBA Forbes Partners ("Forbes").

2.      I and Forbes have no connection with the Debtors.

3.      I and Forbes have no connection with any personnel employed in the Office of

the United States Trustee, the creditors or any party in interest, nor with their respective

attorneys or accountants, other than normal professional relationships with attorneys and

accountants except as follows:

      a.   Forbes may have conducted business with certain creditors or investors in matters

          unrelated to the Debtors. Other than as described below, none of that

          representation involves the Debtors or any claims against the Debtors.

      b.   Forbes has had a business relationship with the following creditors:

---

[2] The Debtors in the Chapter 11 Cases are: Millenkamp Cattle, Inc.; Idaho Jersey Girls LLC; East Valley Cattle, LLC; Millenkamp Properties, L.L.C.; Millenkamp Properties II LLC; Millenkamp Family LLC; Goose Ranch, LLC; Idaho Jersey Girls Jerome Dairy LLC; Black Pine Cattle LLC; and Millenkamp Enterprises LLC. This Declaration is in support of an Application that seeks employment to represent ALL of the Debtors in the respective bankruptcy cases, which are being sought to be jointly administered.

DEBTORS' APPLICATION TO EMPLOY THE FORBES SECURITIES GROUP LLC, DBA FORBES
PARTNERS AS INVESTMENT BANKER 10

i.   <u>ADM Animal Nutrition</u>: Parent company was the successful acquiror in a 2021 transaction. Forbes acted for the seller as M&A Advisor.

ii.  <u>BMO Bank NA</u>: Financing counterparty in a closed transaction. Forbes acted on behalf of the borrower.

iii. <u>BUNGE Canada</u>: Parent company participated in past sale process as potential buyer, but not client. They were not active in the ultimate transaction.

iv.  <u>Cargill Meats Solutions Corp</u>.: Parent company participated in past sale process as potential buyer, but not client. They were not active in the ultimate transaction.

v.   <u>Darling Ingredients</u>: Past contact in a transaction process. They were not active in the ultimate transaction.

vi.  <u>Eide Bailly LLP</u>: Legacy auditor and accounting services performed as a part of successfully closed sale transaction in 2021. Engaged directly with client not Forbes.

vii. <u>GreatAmerica Financial Serv</u>.: Financing partner with existing client. Indirect role with Forbes (no contact or transactional relationship).

viii. <u>Rabo Agrifinance LLC</u>: Contacted as part of past financing process. Not ultimately active in the process. Last dialogue with them was in 2020.

ix.  <u>Riveron RTS, LLC</u>: They were involved in quality of earnings mandates in past processes. Riveron engaged directly with client (not Forbes Partners).

4.    I believe I and Forbes are disinterested persons as defined in 11 U.S.C. § 101(14) and represent no interest adverse to the debtors in possession or bankruptcy estate in matters upon which I am to be engaged and believe that I can be employed in this case without any type of restriction.

5.    The fees rate to be charged by Forbes are outlined in the engagement agreement between Forbes and Millenkamp Cattle. Inc., a copy of which is attached to the Application to Employ as Exhibit A.

6.    I declare under penalty of perjury that the foregoing is true and correct.

DATED this 6 day of May, 2024.

James Morgan
The Forbes Securities Group LLC, DBA
Forbes Partners

**EXHIBIT C**
**Proposed Order**

## ORDER GRANTING THE DEBTORS' APPLICATION TO EMPLOY THE FORBES SECURITIES GROUP LLC, DBA FORBES PARTNERS AS INVESTMENT BANKER

The Debtors' *Application to Employ The Forbes Securities Group LLC, DBA Forbes Partners as Investment Banker* (the "Application"); and the Court, having reviewed the Motion, finds that the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, that this is a core matter under 28 U.S.C. § 157(b)(2), that notice of the Motion was sufficient under the circumstances and that no further notice need be given; and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing, therefore

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Application is GRANTED and the Debtors are authorized to employ The Forbes Securities Group LLC, DBA Forbes Partners under the terms as set forth in the Application.

2. The Application was appropriate under the circumstances and in compliance with the Bankruptcy Code and Bankruptcy Rules.

3. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

*//end of text//*

Order submitted by:

Krystal R. Mikkilineni
Matt Christensen
Attorneys for the Debtors