**(EXHIBIT A – PROPOSED ORDER)**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re<br><br>MILLENKAMP CATTLE INC.<br><br>              Debtor. | Case No. 24-_____-NGH |

**ORDER (1) AUTHORIZING BUT NOT REQUIRING THE DEBTOR TO PAY UTILITY PROVIDERS, (2) DETERMINING AND APPROVING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (3) PROHIBITING UTILITY PROVIDERS FROM DISCONNECTING SERVICE, AND (4) GRANTING RELATED RELIEF**

The motion (the "**Motion**") filed by the above-captioned debtor-in-possession (the "**Debtor**") under Section 105 and 366 of Title 11 of the United States Code (the "**Bankruptcy Code**") for entry of an order (this "**Order**") (1) authorizing but not requiring the Debtor to continue to pay pre-petition utility providers, (2) determining and approving adequate assurance of payment for future utility service, (3) prohibiting utility providers from disconnecting service, and (4) granting related relief, all as more fully set forth in the Motion; and the Court, having reviewed the Motion and having held a hearing on the relief requested in the Motion; and having heard the statements of counsel in support of the relief requested in the Motion at the hearing, finds that the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, that this is a core matter under 28 U.S.C. § 157(b)(2), that notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given; and the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and any objections

to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing, therefore

IT IS HEREBY ORDERED AS FOLLOWS:

The Motion is GRANTED as provided herein.

1. The Stipulation between Millenkamp Cattle, Inc., Black Pine Cattle LLC, Raft River Rural Electric Cooperative, Inc. and United Electric Co-op, Inc. for Adequate Assurance of Payment for Electric Services, filed herein as Dkt. No. ###, resolving the Objection filed herein as Dkt. No. 221, is hereby approved. The terms of such Stipulation are incorporated herein by reference, and shall supersede any conflicting terms within this Order, with regard to electric services provided to Debtors by Raft River Rural Electrical Cooperative, Inc., and United Electric Co-op, Inc.

2. The Debtor is authorized but not required to continue to pay Utility Providers in the ordinary course of its business including, in its business judgment, on account of amounts due from the pre-petition period.

3. The following procedures (the "**Adequate Assurance Procedures**") are hereby adopted.

   i. The Debtor has mailed a notice of the hearing date and a copy of this Motion to the Utility Providers on the Utility Service List so that notice of this Motion is received within 21 days of the final Hearing.

   ii. If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of deposits, prepayments, or otherwise, it must serve a request (an "**Additional Assurance Request**") upon (i) proposed counsel for the Debtor, Johnson May, 199 N. Capitol Blvd, Ste 200, Boise ID 83702, Attn: Matt Christensen, (ii) the Office of the United States Trustee for the District of Idaho, 550 W. Fort Street, Room 698, Boise, ID 83724.

   iii. Any Additional Assurance Request must (i) be made in writing, (ii) set forth the location(s) for which utility services are provided, (iii) include a summary of the

DEBTORS' MOTION RE UTILITY PROVIDERS – Page 2

        Debtor's payment history relevant to the affected account(s), including any security deposits, (iv) certify the amount that is equal to one month of utility service it provides to the Debtor, calculated as a historical average over the past 12 months, and (v) explain why the Utility Provider believes the Debtor's Adequate Assurance Deposit is not sufficient adequate assurance of future payment.

iv. Upon the Debtor's receipt of any Additional Assurance Request at the addresses set forth in Subsection b. above, the Debtor shall have 14 days from the receipt of such Additional Assurance Request (the "**Resolution Period**") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

v. The Debtor may resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, without limitation, cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtor believes such additional assurance is reasonable.

vi. If the Debtor determines that the Additional Assurance Request is not reasonable and cannot reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "**Determination Hearing**") pursuant to Section 366(c)(3) of the Bankruptcy Code.

vii. Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for pre-petition services or on account of any objections to the Proposed Adequate Assurance.

viii. With respect to any Utility Provider that received notice of the Motion at least 21 days before the Hearing, the Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request within 14 days prior to the Hearing and does not timely objection to the Motion. With respect to any subsequently identified Utility Provider, the Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request within 21 days of receiving a copy of the Order or the Motion.

ix. The Utility Providers are forbidden to alter, refuse, or discontinue service on account of any pre-petition charges, or require additional assurance of payment other than the Proposed Adequate Assurance except through the Adequate Assurance Procedures.

DEBTORS' MOTION RE UTILITY PROVIDERS – Page 3

4. This Order applies to any subsequently identified Utility Provider, regardless of when each Utility Provider was added to the Utility Service List.

5. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the pre-petition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as being approved by this Order.

6. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

7. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to in this Order in accordance with the Motion.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

//end of text//

Order submitted by:

Matthew T. Christensen, attorney for the Debtors

**(EXHIBIT B – Utility Service List)**

| Vendor Name | Address | Service | Average Monthly Bill |
|---|---|---|---|
| Idaho Power | Attn: Corporate Cashier PO Box 6062 Boise ID 83707-6062 | Power | $16,850.00 |
| Raft River Electric | PO Box 617 Malta ID 83342-0617 | Power | **$252,859.60** |
| Intermountain Gas | PO Box 5600 Bismarck ND 58506-5600 | Gas | $290.00 |
| United Electric | 1330 21st St. Heyburn ID 83336 | Power | $2,177.00 |
| Western Waste Service | PO Box 714 Jerome ID 83338 | Sanitation | $4,300.00 |
| Total Waste Management | PO Box 309 Heyburn ID 83336 | Sanitation | $7,737.44 |
| Valley Co-op Propane | 2114 N. 20th St. Nampa ID 83687 | Propane gas | $68,717.29 |
| Anthem Broadband | PO Box 30 Rupert ID 83350 | Internet | $4,000.00 |
| Verizon Wireless | PO Box 660108 Dallas TX 75266-0108 | VOIP and cell phones | $3,000.00 |
| Centurylink | PO Box 2961 Phoenix AZ 85062-2961 | Fax line service | $400.00 |
| Bare Necessities | PO Box 1952 Twin Falls ID 83303 | Portable toilet service | $760.00 |