UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒  ALL DEBTORS<br><br>☐  Millenkamp Cattle, Inc.<br><br>☐  Idaho Jersey Girls<br><br>☐  East Valley Cattle<br><br>☐  Millenkamp Properties<br><br>☐  Millenkamp Properties II<br><br>☐  Millenkamp Family<br><br>☐  Goose Ranch<br><br>☐  Black Pine Cattle<br><br>☐  Millenkamp Enterprises<br><br>☐  Idaho Jersey Girls Jerome Dairy | Jointly Administered With Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

**ORDER ESTABLISHING INTERIM FEE AND EXPENSE**
**REIMBURSEMENT PROCEDURES**

The Court, having reviewed the Debtors' Motion for Order Establishing Interim Fee and Expense Reimbursement Procedures (Docket No. 16 – the "Motion"), no objections to the Motion having been filed or made, a hearing having been held on the Motion on May 8, 2024, and good cause appearing,

IT IS HEREBY ORDERED that the Motion is granted. Any Professional (as defined in the Motion) may use the Cover Sheet Application process described in the Motion for interim payment of fees and approved expenses. Specifically, the following procedures shall apply to interim (monthly) fee and expense requests:

1. Commencing for the month ending April 30, 2024, and continuing each month thereafter, each Professional seeking the payment of interim compensation concerning the previous calendar month shall file with the Court and serve on the U.S. Trustee, the Debtor and any Committee (or, in the event a Committee is not constituted, on the 20 largest unsecured creditors) (collectively, the "Notice Parties") an abbreviated notice of interim compensation and reimbursement of expenses (the "Cover Sheet Application"). The Cover Sheet Application shall be filed and served no later than thirty (30) days after the end of the month for which compensation is sought. The Cover Sheet Application shall be in substantially the same form as was attached to the Motion as Exhibit A.

2. The Cover Sheet Application shall (1) relate to services rendered and expenses incurred during the prior month; (2) seek payment of interim compensation in an amount equal to (or less than) seventy-five percent (75%) of the fees sought and one hundred percent (100%) of the expenses incurred during the prior month and (3) indicate the amount requested, the total time expended, the names of the Professionals who performed the services and the hourly billing rate for each timekeeper. The Cover Sheet Application shall be accompanied by a detailed listing of

the time expended by each timekeeper that performed the services, and the costs incurred by category during the month for the period set forth on the Cover Sheet Application. The Cover Sheet Application shall also comply with the requirements of the Guidelines.

3. Each Professional electing to file a Cover Sheet Application shall serve: (1) a copy of such Cover Sheet Application on the Notice Parties and (2) a notice of said Cover Sheet Application, substantially in the form of notice attached to the Motion as Exhibit B (the "Notice") on the Notice Parties and any party who has requested special notice in the Debtors' Chapter 11 case.

4. Any objection to the payment of fees or reimbursement of expenses in a Cover Sheet Application must be filed with the Court and served on the Debtors, the Professional whose Cover Sheet Application is the subject of the objection, counsel for the Debtors and counsel for the Committee (or the 20 largest unsecured creditors, if no committee is established), within fourteen (14) calendar days of the date that the Notice was mailed. If no objection is timely filed and served, the Cover Sheet Application shall be deemed approved on an interim basis, and the Debtors shall be authorized and directed to make payment as requested therein within fourteen (14) calendar days following the expiration of the objection period without the Court holding a hearing or entering any further order thereon. If an objection is timely filed and served, then the Debtor shall be authorized to make payment only for those amounts that are not in dispute within fourteen (14) calendar days following the expiration of the period in which to file objections. The disputed amounts in the Cover Sheet Application shall be heard and resolved by the Court at the next hearing to be held pursuant to the procedures set forth below, or at such other time as may be noticed by the affected Professional.

5. Notwithstanding the monthly fee request and payment thereof pursuant to Cover Sheet Applications, within thirty (30) days after the end of each four-month period, commencing with the period that ends July 31, 2024, each Professional who has elected to file a Cover Sheet Application, or is otherwise seeking interim compensation, shall file with the Court and serve on the Notice Parties an interim fee application with a summary of the activities of the Professional (the "Interim Application"), in accordance with Bankruptcy Code section 331 and rules 2016 and 2002(a)(6) of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"). The Interim Applications shall seek approval of one hundred percent (100%) (including the twenty-five percent (25%) held back from monthly payments) of the requested interim compensation (or less, as determined by the professional) and reimbursement of expenses, including any compensation and reimbursement made pursuant to Cover Sheet Applications, during the prior four-month period.

6. Any Interim Application shall be accompanied by a notice of hearing on the Interim Application (or notice and opportunity for a hearing using applicable negative notice procedures), which shall be served on the Notice Parties and those parties who have requested special notice in the Debtors' case.  Any party in interest who has timely filed a written objection to a Professional's Interim Application or Cover Sheet Application shall be entitled to be heard upon such objection at the hearing to consider approval of the Interim Applications, as shall the Professional whose fees or expenses are the subject of any objection. If an objection is sustained, or the Court otherwise so orders, such Professional shall disgorge to the Debtor any payments it may have received for fees or costs with respect to which such objection is sustained (if necessary, considering the additional 25% requested in the Interim Application), pending final allowance at the conclusion of such Professional's final fee application. If an objection is not sustained and the fees or expenses approved, any unpaid amount shall be paid promptly by the Debtors to the Professional.

7.   Nothing in this Order shall relieve any Professional from the obligation to file a final application for allowance of Fees pursuant to section 330 of the Bankruptcy Code.

//end of text//

DATED:  May 16, 2024



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

Order submitted by: Matthew T. Christensen, attorney for the Debtors

Approved as to form:

___/s/ (email approval)_____

Brett R. Cahoon, attorney for the United States Trustee