Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
       jjm@johnsonmaylaw.com


Krystal Mikkilineni, *PHV*
Robert E. Richards, *PHV*
Tirzah Roussell, *PHV*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
       robert.richards@dentons.com
       tirzah.roussell@dentons.com

Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>　　　Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒　ALL DEBTORS<br><br>☐　Millenkamp Cattle, Inc.<br><br>☐　Idaho Jersey Girls<br><br>☐　East Valley Cattle<br><br>☐　Millenkamp Properties | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle) |

#3912416

| | |
|---|---|
| ☐ Millenkamp Properties II | 24-40167-NGH (Millenkamp Enterprises) |
| | 24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |
| ☐ Millenkamp Family | |
| ☐ Goose Ranch | Chapter 11 Cases |
| ☐ Black Pine Cattle | |
| ☐ Millenkamp Enterprises | |
| ☐ Idaho Jersey Girls Jerome Dairy | |
| _____ | |

**DEBTORS' APPLICATION TO EMPLOY SUMMIT AG APPRAISAL, INC. AS REAL ESTATE APPRAISER**

> **Notice of Application to Employ Real Estate Appraiser for Debtors and Opportunity to Object and for a Hearing**
>
> No Objection. The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within twenty-one (21) days of the date of this notice. If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.
>
> Objection. Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.
>
> Hearing on Objection. The objecting party shall also contact the Court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

Millenkamp Cattle, Inc. ("Millenkamp Cattle") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, hereby respectfully submit this Application to Employ Summit Ag Appraisal, Inc. as Real Estate Appraiser (the "Application"). In support of this Application, the Debtors respectfully represent as follows:

DEBTORS' APPLICATION TO EMPLOY SUMMIT AG APPRAISAL, INC. AS REAL ESTATE APPRAISER AND AS A WITNESS - 2 -

## JURISDICTION

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is also proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016.

## BACKGROUND

4. On April 2, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for District of Idaho (the "Court") commencing the Chapter 11 Cases. The Debtors have continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. On May 14, 2024, the Office of the United States Trustee (the "UST") appointed an official committee of unsecured creditors pursuant to 11 U.S.C. § 1102(a) (the "Committee") (Docket No. 297).

6. The Debtors are ten affiliates that collectively own and operate several businesses, including a calf ranch raising approximately 50,000 calves located in Jerome, Idaho; a dairy heifer feedlot in Declo, Idaho, raising approximately 60,000 head of dairy cattle; a dairy operation at the Declo facility where the dairy cattle are milked several times a day; farming operations in Jerome, Twin Falls and Cassia counties; and custom harvest & trucking throughout the Magic Valley.

DEBTORS' APPLICATION TO EMPLOY SUMMIT AG APPRAISAL, INC. AS REAL ESTATE APPRAISER AND AS A WITNESS - 3 -

7. Through ten entities, the Debtors operate as a single enterprise, which includes common usage of debt and banking facilities.

8. Millenkamp Cattle is the primary entity from which all operations are directed, the revenues received, and the payables disbursed. Millenkamp Cattle is the operational entity which owns all of the cattle, feed, and equipment used to care for the cattle, employs the employees, and receives and disburses the majority of the monies. Millenkamp Cattle does not own any real property.

9. Debtors wish to employ Summit Ag Appraisal, Inc. ("Summit") as their real estate appraiser in this Chapter 11 Case, pursuant to Bankruptcy Code section 327(a), at the expense of the Debtors' estates.

10. It is anticipated that Dennis R. Bortz ("Bortz") will be the main contact and will primarily provide services for Debtors, including testifying in Court as to the appraisals.

11. Further, Summitt will render services to the Debtors under the terms as set forth in the Engagement Agreement attached hereto as Exhibit "A." Debtors note that the Engagement Agreement was drafted as between Summit and Johnson May (Debtors' Counsel) for privilege purposes, which is common in matters such as this.

12. Summit understands that its compensation is subject to approval of this Court and intends to apply for compensation and reimbursement for fees incurred and costs advanced in conformity with Bankruptcy Code sections 330 and 331.

## QUALIFICATIONS OF PROFESSIONALS

13. The Debtors have selected Summit because Summit has considerable knowledge and expertise in these matters and is aware of the Debtors' business activities and is familiar with

the Debtors' property. Summit has over 25 years of experience in the agricultural and rural appraisal business. Summit provided professional appraisal services specializing in dairies, ranches, farms, recreational and other rural properties in the intermountain west. Past projects have been located in Idaho, Washington, Oregon, Montana, Wyoming, Utah, and Nevada. Bortz is a Certified General Appraiser. He grew up on a farm and ranch operation in Southern Idaho and graduated from the University of Idaho with a Bachelor of Science degree in Agricultural Economics. His appraisal career began in 2000 and he obtained his Accredited Rural Appraiser designation with the American Society of Farm Managers and Rural Appraisers in 2008.

### SERVICES TO BE RENDERED

14. The employment of Summit is necessary to assist the Debtors in preparing an appraisal of their real estate.

15. Subject to the Court's approval of this Application, Summit is willing to assist the Debtors with an appraisal of their real estate as well as testify as to the appraisal and Debtors' property. The Debtors do not intend, nor do the Debtors believe, the services proposed to be rendered by Summit will be duplicative of the services to be rendered by the Debtors' general reorganization counsel or other professionals in this Chapter 11 Case.

### PROFESSIONAL COMPENSATION

16. Summitt will charge a flat fee of $85,000.00 for the appraisal (the "Appraisal Fee"). Fifty percent of the Appraisal Fee will be paid upon the approval of this Application by the Bankruptcy Court and the remaining fifty percent will be paid upon completion of the appraisals, both subject to applications for compensation being filed and Court approval of same.

DEBTORS' APPLICATION TO EMPLOY SUMMIT AG APPRAISAL, INC. AS REAL ESTATE APPRAISER AND AS A WITNESS - 5 -

17. Bortz will charge his regular hourly rate of $300 per hour for his services as a witness in the Chapter 11 Case.

18. These fees will be paid by Debtors as Debtors are the beneficiary of this appraisal.

19. Neither Summit, nor to the best of its knowledge and information, any other representative thereof, has been promised any compensation for professional services rendered or to be rendered in any capacity in connection with Debtors' Chapter 11 Case, other than as permitted by the Bankruptcy Code.

20. Summit has not received any prepetition retainer to guarantee payment of its services and costs in connection with Debtors' Chapter 11 case.

21. Summit has not agreed to share compensation received in connection with Debtors' Chapter 11 Case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among members of Summit.

**DISINTERESTEDNESS OF PROFESSIONALS**

22. Summit has undertaken a detailed search to determine, and to disclose, whether it represents or has represented any significant creditors or insiders of Debtors. In connection with its proposed retention by the Debtors in this case, Summit conducted a search of its client database to determine whether it has any current or past relationships with any of Debtors' significant creditors or insiders. Except as set forth in the Declaration of Dennis Bortz attached hereto as Exhibit "B" (the "Declaration"), Summit does not have any connection with Debtors, their affiliates, their creditors or insiders, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed by the United States Trustee.

23. Except as otherwise set forth in the Declaration, and based on the database search described above, Summit is not aware of any past or current representation of any other individual or entity which is a creditor or insider of the Debtors.

24. To the best of its knowledge and information, Summit does not have any interest "adverse" to Debtors or their estates as that term is used in Bankruptcy Code section 327.

25. To the best of its knowledge and information, Summit is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14).

26. Summit will conduct a continuing inquiry to ascertain whether there exists any situation that would affect its status as a person having no interest adverse to Debtors or their estates or that would affect Summit's status as a disinterested person. Summit will file supplemental disclosures or affidavits with this Court at such time as any such additional disclosures are appropriate or required.

**WHEREFORE,** the Debtors respectfully request that they be authorized, pursuant to Bankruptcy Code section 327 and Bankruptcy Rule 2014 to employ Summit Ag Appraisal, Inc. as Real Estate Appraiser; and for such other and further relief as may be just and equitable under the circumstances.

Respectfully submitted,

*/s/ Krystal R. Mikkilineni*
Krystal R. Mikkilineni

*/s/ Matt Christensen*
Matt Christiansen

Attorneys for Debtors

DEBTORS' APPLICATION TO EMPLOY SUMMIT AG APPRAISAL, INC. AS REAL ESTATE APPRAISER AND AS A WITNESS - 7 -

I declare under penalty of perjury under the laws of the United States and the laws of the State of Idaho that I have reviewed the attached Debtors' Application to Employ Summit Ag Appraisal, Inc. as Real Estate Appraiser and as a Witness, and to the best of my knowledge and information, I believe the statements therein to be true and correct.

Dated:  May 20, 2024

/s/ Dennis R. Bortz
Dennis R. Bortz
Summit Ag Appraisal, Inc.

# EXHIBIT A
**Engagement Agreement**

# CONTRACT

## For

## Real Estate Appraisal Services

THIS CONTRACT is made and entered into this   23rd day of  April, 2024       , between Summit Ag Appraisal, Inc. (Summit), whose address is 995 S 1150 E Albion, Idaho, and

  Johnson May c/o Mr. Matt Christensen, Atty  (Client), whose address is  199 N Capital Blvd Suite 200,  Bose, ID 83702.  This contract is between Summit and Johnson May for privilege purposes, but is for the purpose of Summit performing appraisal services of real estate owned by Millenkamp Cattle, Inc., or its related entities.

Phone: 208-384- 8588  Email:    mtc@johnsonmaylaw.com               

The parties agree that Summit shall cause certain property to be appraised for the Client subject to the following covenants and conditions, including those contained in the attached and incorporated exhibits.

**Assignment Instructions**:

A.  **Intended User**(s): _Johnson May and/or Millenkamp Cattle_____

B.  **Intended Use**:   Reference to Market Value                      

C.  **Date of Valuation**:   Date of Inspection                           

D.  **Property Rights Appraised**:  Effective Fee Simple                  

E.  **Opinion of Value to be provided**:  Market Value – See Definition       

F.  **Property to be Appraised**:    See Attached                        

G.  **General Property Description**:  East Valley Dairy; German Dairy;       
   Jersey Girls Dairy; Goose Ranch; McGregor Tract;  Canyon Lands;    
   Calf Ranch; Moonshine Ranch

H.  **Proposed Construction**? _____ Yes (As will be) __X_ No (As is)

I.  **Inspection**:  Client, or client's agent, agrees to allow appraiser(s) to enter upon and across the property, as well as to grant permission to take photographs during the inspection.  Unless otherwise specified, property will be inspected to the extent possible and/or necessary.

J.  **Client's Obligations**:  Client authorizes the appraiser to gather data and information from sources normally relied upon by the profession.  The client shall provide the appraiser with all beneficial and/or adverse information concerning the property or otherwise requested by the appraiser.  If the Client fails or declines to provide this information, Summit will consider the Client's denial to provide the information as a special instruction directing the appraiser to appraise the property without consideration of that information.

K.  **Performance by Summit Ag Appraisal, Inc**:  After this contract is fully executed, the appraiser(s) shall complete the assignment with due diligence.  The appraisal report shall be completed on the Uniform Agricultural Appraisal Report software unless otherwise agreed upon by the client and appraiser(s).  Appraiser shall provide to the client the following:

   _X_ Electronic copy of the appraisal
   ___ Original copy of the appraisal
   ___ Additional copies of the appraisal (Additional fees may apply)

   Due Date:  Appraisal shall be delivered on or before  _June 21, 2024_

   Appraisal Fee:  _$85,000_

L.  **Payment**:   _50_ % of the appraisal fee shall be paid upon the written approval/order by the Bankruptcy Court with the remaining _50_ % being due upon delivery/collection of the appraisal(s).  Full payment must be made prior to the delivery of electronic copies.  All payments should be made to Summit Ag Appraisal, Inc.

   Payment options:
   ___Check

       X\_\_\_ACH (Client/Attorney will be emailed an invoice with a link to pay through bank transfer.)  Please list the email to which the invoice shall be sent if different from above, email: mtc@johnsonmaylaw.com

M. **Cancelations**:  In the Event the Client terminates this contract, which must be done in writing, Summit Ag Appraisal, Inc. shall be entitled to receive compensation for the actual time expended by the appraiser(s) plus expenses incurred.

N. **Appraisal Standards:**  The analysis and appraisal report will be completed in a manner consistent with standard appraisal practices of the appraisal profession.  All applicable approaches to value will be considered and completed as deemed appropriate & necessary by the appraiser(s) to develop a credible opinion of value.  The development and reporting of the assignment results will be in compliance with the Uniform Standards of Professional Appraisal Practice (USPAP).

O. **Definitions & Limiting Conditions**: "Market Value" is defined as the most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller each acting prudently and knowledgeably, and assuming the price is not affected by undue stimulus.  Implicit in this definition is the consummation of a sale as of a specified date and the passing to title from seller to buyer under conditions whereby:

   a. Buyer and seller are typically motivated;
   b. Both parties are well informed or well advised, and acting in what they consider their best interests;
   c. A reasonable time is allowed for exposure on the open market;
   d. Payment is made in terms of cash in United States Dollars or in terms of comparable financial arrangements; and
   e. The price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions granted by anyone associated with the sale.

  The appraiser(s) is to render an opinion of the Market Value of the Property as of the effective date.  Unless otherwise stated, it is understood that the value of opinion does not necessarily equal or exceed the amount of replacement of the property in kind if it were destroyed.  The assumptions and liming conditions (attached) may affect the scope of the appraisal work and the opinions and values derived for the property.  The Assumptions & Limiting Conditions form and integral part of the appraisal and opinions of the appraiser and shall be attached to all copies of the appraisal report.  Summit and the appraiser(s) assume no liability for matters excluded from consideration, either in

full or in part by the Assumptions and Limiting Conditions even though analysis of a particular excluded factor may materially change the appraiser's opinions.

P. **Special Instructions for this assignment**: _____
_____
_____

Q. **Use of the Appraisal Report**: Summit Ag Appraisal, Inc and the appraiser(s) make no warranties or representations regarding the appraisal report, or the opinions contained herein as they may affect any actions of the client or utilization of the appraisal report by the client. The assignment results are the opinions of the appraiser(s) as of the specified effective date and for the use & intended users identified herein. Summit Ag Appraisal, Inc and the appraisers(s) do not warrant or guarantee any favorable outcome through use of the appraisal report or the opinions or that the appraisal is fit for any particular use by the client except as specifically stated in this contract. The client is advised that appraisal valuations are not exact, and the statements of the appraiser contained within the appraisal report are statements of opinion only and may differ from the opinions or valuations of the property by other appraisers. The client agrees to defend and hold Summit Ag Appraisal, Inc and the appraiser(s) harmless and to indemnify Summit and the appraiser(s) from any liability due to release or dissemination of the appraisal report.

R. **Testimony regarding Appraisal Report**. In the event testimony (either through deposition or court hearing/trial) is required regarding the Appraisal Report or valuations of the property, that will be billed at $300/hr for all appearances.

**Summit Ag Appraisal, Inc.**

By_____*[signature]*_____      4/ 23 /2024

Dennis R. Bortz, ARA
President/Sr Appraiser


**Client**

By_____*[signature: M. Christensen]*_____      4/ 23 /2024

Mr. Matt Christensen, Attorney at Law

Johnson May
For
Millenkamp Cattle
Millenkamp Properties, LLC
Idaho Jersey Girls Jerome Dairy
Millenkamp Properties II, LLC
Goose Ranch, LLC
East Valley Cattle, LLC

## Assumptions and Limiting Conditions

The certification of the Appraiser(s) appearing in the appraisal report is subject to the following conditions and to such other specific and limiting conditions as are set forth in the report.

1. The Appraiser(s) assume no responsibility for matters of a legal nature affecting the property appraised or the title thereto, nor does the Appraiser(s) render any opinion as to title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2. Sketches in the report may show approximate dimensions and are included only to assist the reader in visualizing the property. The Appraiser(s) have made no survey of the property. Drawings and/or plats are not represented as an engineer's work product, nor are they provided for legal reference.

3. The Appraiser(s) are not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made.

4. Any distribution of the valuation in the report applies only under the existing program of utilization. The separate valuations of components must not be used outside of this appraisal and are invalid if so used.

5. The Appraiser(s) have, in the process of exercising due diligence, requested, reviewed, and considered information provided by the ownership of the property and client, and the Appraiser(s) have relied on such information and assumes there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable. The Appraiser(s) assume no responsibility for such conditions, for engineering which might be required to discover such factors, or the cost of discovery or correction.

6. While the Appraiser(s) [X] have [ ] have not inspected the subject property and [X] have [ ] have not considered the information developed in the course of such inspection, together with the information provided by the ownership and client, the Appraiser(s) are not qualified to verify or detect the presence of hazardous substances by visual inspection or otherwise, nor qualified to determine the effect, if any, of known or unknown substances present. Unless otherwise stated, the final value conclusion is based on the subject property being free of hazardous waste contaminations, and it is specifically assumed that present and subsequent ownerships will exercise due diligence to ensure that the property does not become otherwise contaminated.

7. Information, estimates, and opinions furnished to the Appraiser(s), and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished the Appraiser(s) can be assumed by the Appraiser(s).

8. Unless specifically cited, no value has been allocated to mineral rights or deposits.

9. Water requirements and information provided has been relied on and, unless otherwise stated, it is assumed that:

    a. All water rights to the property have been secured or perfected, that there are no adverse easements or encumbrances, and the property complies with Bureau of Reclamation or other state and federal agencies;
    b. Irrigation and domestic water and drainage system components, including distribution equipment and piping, are real estate fixtures;
    c. Any mobile surface piping or equipment essential for water distribution, recovery, or drainage is secured with the title to real estate; and
    d. Title to all such property conveys with the land.

10. Disclosure of the contents of this report is governed by applicable law and/or by the Bylaws and Regulations of the professional appraisal organization(s) with which the Appraiser(s) are affiliated.

11. Neither all nor any part of the report, or copy thereof, shall be used for any purposes by anyone but the client specified in the report without the written consent of the Appraiser.

12. Where the appraisal conclusions are subject to satisfactory completion, repairs, or alterations, the appraisal report and value conclusion are contingent upon completion of the improvements in a workmanlike manner consistent with the plans, specifications and/or scope of work relied upon in the appraisal.

13. Acreage of land types and measurements of improvements are based on physical inspection of the subject property unless otherwise noted in this appraisal report.

14. EXCLUSIONS. The Appraiser(s) considered and used the three independent approaches to value (cost, income, and sales comparison) where applicable in valuing the resources of the subject property for determining a final value conclusion. Explanation for the exclusion of any of the three independent approaches to value in determining a final value conclusion has been disclosed in this report.

15. SCOPE OF WORK RULE. The scope of work was developed based on information from the client. This appraisal and report was prepared for the client, at their sole discretion, within the framework of the intended use. The use of the appraisal and report for any other purpose, or use by any party not identified as an intended user, is beyond the scope of work contemplated in the appraisal, and does not create an obligation for the Appraiser.

16. Acceptance of the report by the client constitutes acceptance of all assumptions and limiting conditions contained in the report.

17. Other Contingent and Limiting Conditions:

A. The appraiser(s) liability is limited to the fee charged for the report and professional services.
B. The acceptance of the report by the client constitutes acceptance of all assumptions and limiting conditions contained in the report.
C. This appraisal has been prepared for the sole and specific needs of the client. To the extent that any third parties rely upon or use this appraisal, Summit Ag Appraisal, Inc. and the persons writing this appraisal hereby disclaim any liability for the contents herein, and for any changes, whether within the property or the surrounding market, that may have occurred since the effective date of the appraisal.

**Legal Descriptions:**

See File.

Case 24-40158-NGH   Doc 309   Filed 05/20/24   Entered 05/20/24 14:09:11   Desc Main
Document   Page 16 of 19

# EXHIBIT B

## DECLARATION OF DENNIS R. BORTZ IN SUPPORT OF APPLICATION TO EMPLOY SUMMIT AG APPRAISAL, INC. AS REAL ESTATE APPRAISER FOR THE DEBTOR IN POSSESSION[1]

STATE OF __IDAHO__ )
) ss:
COUNTY OF __CASSIA__ )

Dennis R. Bortz, being first duly sworn upon oath, deposes, and says:

1. I am a Certified General Appraiser.

2. I have read the application of the Debtors for authority to employ and retain Summit Ag Appraisal, Inc. as Real Estate Appraiser to the Debtors ("Summit").

3. Summit has not received a retainer for its services.

4. I and Summit have no connection with the Debtors.

5. I and Summit have no connection with any personnel employed in the Office of the United States Trustee, the creditors or any party in interest, nor with their respective attorneys or accountants, other than normal professional relationships with attorneys and accountants except as follows:

   a. Summit may have conducted business with certain creditors or investors in matters unrelated to the Debtors. Other than described below, none of that representation involves the Debtors or any claims against the Debtors.

---

[1] The Debtors in the Chapter 11 Cases are: Millenkamp Cattle, Inc.; Idaho Jersey Girls LLC; East Valley Cattle, LLC; Millenkamp Properties, L.L.C.; Millenkamp Properties II LLC; Millenkamp Family LLC; Goose Ranch, LLC; Idaho Jersey Girls Jerome Dairy LLC; Black Pine Cattle LLC; and Millenkamp Enterprises LLC. This Declaration is in support of an Application that seeks employment to represent ALL of the Debtors in the respective bankruptcy cases, which are being sought to be jointly administered.

DEBTORS' APPLICATION TO EMPLOY SUMMIT AG APPRAISAL, INC. AS REAL ESTATE APPRAISER AND AS A WITNESS - 10 -

b. Summit has had a business relationship or conducted appraisals for the following creditors:

   i. Grant 4D Farms: Appraisal client in 2022

   ii. Met Life Ag Finance/Lending: Appraisal client in 2022

   iii. North Side Canal Company: Appraisal client in 2023

   iv. Performance Plus Idaho: Bortz has a business account with them.

   v. Rabo Agrifinance LLC: Employed from December 2011 through March 2022; Appraisal client in 2022 & 2023.

   vi. Robert E. Williams: Attorney for several appraisal clients in 2022-2024.

6. I believe I and Summit are disinterested persons as defined in 11 U.S.C. § 101(14) and represent no interest adverse to the debtors in possession or bankruptcy estate in matters upon which I am to be engaged and believe that I can be employed in this case without any type of restriction.

7. The flat fee and hourly rate to be charged by myself and other professionals at my office are outlined in the engagement agreement between Summit and Johnson May, a copy of which is attached to the Application to Employ as Exhibit A.

8. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 29 day of April, 2024.

_____
DENNIS R. BORTZ
SUMMIT AG APPRAISAL, INC.

**EXHIBIT C**
**Proposed Order**

**ORDER GRANTING THE DEBTORS' APPLICATION TO EMPLOY SUMMIT AG APPRAISAL, INC. AS REAL ESTATE APPRAISER**

The Debtors' *Application to Employ Summit Ag Appraisal, Inc. as Real Estate Appraiser* (the "Application"); and the Court, having reviewed the Motion, finds that the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, that this is a core matter under 28 U.S.C. § 157(b)(2), that notice of the Motion was sufficient under the circumstances and that no further notice need be given; and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing, therefore

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Application is GRANTED and the Debtors are authorized to employ Summit Ag Appraisal, Inc. under the terms as set forth in the Application.

2. The Application was appropriate under the circumstances and in compliance with the Bankruptcy Code and Bankruptcy Rules.

3. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

//end of text//

Order submitted by:

Krystal R. Mikkilineni
Matt T. Christensen
Attorney for the Debtors