Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
  jjm@johnsonmaylaw.com


Krystal Mikkilineni, *pro hac vice*
Robert E. Richards, *pro hac vice*
Tirzah Roussell, *pro hac vice*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
  Robert.richards@dentons.com
  Tirzah.roussell@dentons.com

Attorneys for the Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>  Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br><br>☐ Idaho Jersey Girls<br><br>☐ East Valley Cattle<br><br>☐ Millenkamp Properties<br><br>☐ Millenkamp Properties II | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome<br>     Dairy) |

| | |
|---|---|
| ☐  Millenkamp Family | |
| ☐  Goose Ranch | Chapter 11 Cases |
| ☐  Black Pine Cattle | |
| ☐  Millenkamp Enterprises | |
| ☐  Idaho Jersey Girls Jerome Dairy | |

## RULE 2016(b) STATEMENTS

Attached to this pleading are the Rule 2016(b) statements for Johnson May & Dentons,

attorneys for the Debtors in the above-referenced matters.

DATED this 23rd day of May, 2024.

/s/ Matt Christensen
MATTHEW T. CHRISTENSEN
Attorney for Debtors

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 23rd day of May 2024, I caused to be served a true and correct copy of the foregoing document electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Rousell | Tirzah.rousell@dentons.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Gery W. Edson | gedson@gedson.com |
| J.B. Evans | evans.jb@dorsey.com |
| Zachary Fairlie | zfairlie@spencerfane.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| John O'Brien | jobrien@spencerfane.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine P. Reynard | janine@averylaw.net |
| Sheila R. Schwager | sschwager@hawleytroxell.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Foucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| John D. Munding | john@mundinglaw.com |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| Holly Roark | holly@roarklawboise.com |
| Evan R. Roth | evan@sawtoothlaw.com |

Any others as listed on the Court's ECF Notice.


/s/ Matt Christensen
_____
MATTHEW T. CHRISTENSEN

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of Idaho

In re   Millenkamp Cattle, Inc., and related cases                          Case No.   24-40158-NGH

                                                        Debtor(s)            Chapter    11

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept ................................................ $   Hourly Fees

Prior to the filing of this statement I have received ...................................... $   75,763.96*

Balance Due ................................................................................. $   TBD

*Prior to the bankruptcy filing, my firm received a retainer payment of $200,000.00.  $124,236.04 of that amount was used for pre-petition fees and expenses, leaving $75,763.96 available as a post-petition retainer.

2.   The source of the compensation paid to me was:

☒ Debtor          ☐ Other (specify):

3.   The source of compensation to be paid to me is:

☒ Debtor          ☐ Other (specify):

4.   ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

See attached engagement letter.

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:

See attached engagement letter.

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

May 22, 2024                                     /s/  Krystal Mikkilineni
_Date_                                           Krystal Mikkilineni
                                                 _Signature of Attorney_

                                                 Dentons Davis Brown PC
                                                 215 10th Street
                                                 Suite 1300
                                                 Des Moines, IA 50309
                                                 (515) 246-7983
                                                 krystal.mikkilineni@dentons.com
                                                 _Name of law firm_

---

**DENTONS**

**Krystal Mikkilineni**
Attorney

krystal.mikkilineni@dentons.com
M (515) 246-7943

Dentons Davis Brown PC
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, IA 50309
United States
dentons.com

Bill Millenkamp
Millenkamp Cattle, Inc. and related entities
471 N 300 Rd W.
Jerome, ID 83338

March 6, 2024

RE: Millenkamp Cattle, Inc. – Chapter 11 Engagement Letter

Dear Bill,

Thank you for choosing Dentons Davis Brown PC ("Dentons") to represent you in the matters described below.   We may obtain assistance from lawyers from other Dentons-related firms including without limitation Dentons US on this matter.

**Our Client**.  The purpose of this Engagement Letter, as well as the associated Terms of Business, is to set forth the Engagement Letter by which Dentons will represent Millenkamp Cattle, Inc., Black Pine Cattle LLC, Millenkamp Enterprises LLC, Millenkamp Family LLC, Idaho Jersey Girls, LLC, Idaho Jersey Girls Jerome Dairy, LLC, Millenkamp Properties, LLC, Millenkamp Properties II LLC, Goose Ranch LLC, and East Valley Cattle, LLC (referred to collectively herein as the "Millenkamp Companies").

**Scope of Representation**.  We have agreed to provide legal services in relation to preparing and filing Chapter 11 bankruptcy cases for the Millenkamp Companies.   In connection with this representation, we will prepare and file with the bankruptcy court all necessary and appropriate documents required by applicable law in connection with the operation of the bankruptcy cases for the filing of the bankruptcies, the financing of the bankruptcies, for a Chapter 11 plan or other Chapter 11 exit and other matters that may arise from time to time in connection with the bankruptcies or preparation for the bankruptcies or related matters, including out of court workout Our retention includes representation of the Millenkamp Companies' interests as required under applicable bankruptcy laws and rules.   We and/or our co-counsel Johnson May will appear virtually or in person as required at hearings where the attorney for the debtors is required to appear.

**Uncertain Outcome**.  We have discussed with you various legal and factual considerations involved in our representing the Millenkamp Companies in the bankruptcy cases.  It is our goal to assist you with a Chapter 11 plan.  It is our further goal that such plan be approved by the requisite number of creditors and by the bankruptcy court, and that the plan, so approved, be fully consummated.   However, we cannot provide any guaranty of the results that may eventually

3839524

**DENTONS**

Bill Millenkamp
March 6, 2024
Page 2

dentons.com

occur.  Furthermore, because of the various uncertainties involved in Chapter 11 proceedings, we cannot guaranty any maximum fee that may be incurred by Dentons as a result of our representation as counsel for the Millenkamp Companies.  We have discussed with you the various uncertainties related to Chapter 11 proceedings and you have acknowledged your understanding of the existence of those uncertainties.

**Terms of Business**.  Attached is a copy of our Terms of Business.

**Our Team and Charges**.  Although I will be principally responsible for this engagement, it is anticipated that other lawyers and professionals will be involved.  Our fees will be based on the time devoted to the representation, and the billing rates charged by each timekeeper.  Currently, my time is billed at $415 per hour and Tirzah Roussell's time is billed at $285 per hour.  Our representation of the Millenkamp Companies also will involve costs, which are reviewed in the Terms.  All attorneys' fees and expenses incurred after the bankruptcy is filed must be approved by the bankruptcy court based upon fee applications which we will file periodically.   Those applications contain a complete description of all the services performed and the time spent performing same.  All items will be itemized in the fee application.

**Retainer**.  You have agreed to pay us a retainer of $200,000.00.  You consent to the deposit of the retainer in our general funds in any jurisdiction in which we maintain an office, as opposed to a separate account.   The retainer will be held in trust and billed against prior to filing the bankruptcy cases for any pre-bankruptcy time billed.  Any remaining retainer after the pre-bankruptcy bill has been deducted will be retained in trust until our fee applications are approved by the bankruptcy court.

**Conflicts.**  Dentons may represent certain creditors or investors in matters unrelated to the Millenkamp Companies.  If entities or persons related to the Millenkamp Companies become directly adverse or otherwise have a conflict of interest with any such parties in the future, Dentons will consult with you at that time and either (i) seek any appropriate waivers or (ii) have the matter handled by Johnson May as our Idaho co-counsel.  Dentons currently represents Metropolitan Life Insurance Company or certain related entities.  Such representation is not currently a direct adversity or a conflict of interest.  However, if such conflict or direct adversity arises, you agree that such matter will be handled by Johnson May.

**Multiple Representations.**  By this Letter, we seek your informed consent that we may simultaneously represent multiple entities and persons related to the Millenkamp Companies.

We have discussed with you the potential for a conflict of interest to arise in the future by virtue of such multiple representations.  You have indicated that your interests presently coincide, and that you have agreed between yourselves that we should represent all of you.  In the event that your interests continue to coincide, this joint representation should be more efficient and economical than would be the case if separate counsel were retained for each of you.  However, such joint representation does have potential disadvantages.  For example, one of the potential conflicts associated with such joint representation of a group of clients is that the lawyer may tend to emphasize the interests of the group as a whole more than any particular

**DENTONS**

Bill Millenkamp
March 6, 2024
Page 3

dentons.com

individual.  While we will represent each of the Millenkamp Companies to the best of our ability, our emphasis will be on all of you as a group.

An additional disadvantage relates to confidentiality of the information you provide to us.  Where we represent one client alone, communications between client and lawyer for the purpose of seeking legal advice are considered privileged and confidential.  Where we represent several clients in the same matter, nothing we learn in such representation is confidential as to any of them, though it may remain privileged and confidential as to third parties outside the group.  If we learn something from one of you that we think the other needs to know, we will disclose the information to the other.  If we learn something in confidence from one of you that we do not believe is relevant to the other and that the other does not need to know, we will not share the information with the other.  You also should be aware that if any dispute among you ever results in litigation, you will be precluded from claiming, against one another, the lawyer client privilege with respect to the joint representation.

It is possible that a conflict among the related entities may arise in the future.  Should such a conflict arise, we have agreed that we may terminate our representation of the applicable entity to which the conflict relates or have that conflict addressed by co-counsel or special counsel.  By signing this Letter in the space provided below, the entity or person with the conflict agrees that if such a conflict arises, it will not seek to disqualify us from our continued representation of the other Millenkamp Companies and will not object to our use of confidential or privileged information obtained during the course of the joint representation.  Your execution of this Letter will reflect the consent of the Millenkamp Companies and all such entities and parties to, and your understanding of the potential disadvantages of, joint representation.

***

**DENTONS**

Bill Millenkamp
March 6, 2024
Page 4

dentons.com

Please indicate your agreement to the Letter and Terms by executing a copy of this Letter in the space provided below and returning it.  A scanned copy delivered via email are as acceptable as an original.  We appreciate prompt receipt of an executed copy, but will commence work based on the understandings contained in this letter prior to our receipt of your signature.  Of course, please contact me if you have any questions about anything in this Letter or the Terms, or with respect to any aspect of our representation of you.

Very truly yours,

Krystal Mikkilineni
Shareholder
Dentons Davis Brown PC

Enclosure      *Terms of Business*

---

### *Agreement and Acceptance*

The undersigned entities hereby acknowledges and agrees that they have reviewed and understands the terms and conditions of this Letter and the Terms.  The undersigned entities further agrees and accepts these provisions, including, but not limited to, all disclosures regarding conflicts of interest, and hereby waives any conflict or potential conflict of interest as set forth therein.

Dated:   3-28-24

Millenkamp Cattle, Inc.
Bill Millenkamp, Owner

Dated:   3-28-24

Black Pine Cattle LLC
Bill Millenkamp, Authorized Signatory

Dated:   3-28-24

Millenkamp Enterprises LLC
Bill Millenkamp, Authorized Signatory

**DENTONS**

Bill Millenkamp
March 6, 2024
Page 5

dentons.com

Dated: _3-28-24_

_____
Millenkamp Family LLC
Bill Millenkamp, Authorized Signatory

Dated: _3-28-24_

_____
Idaho Jersey Girls, LLC
Bill Millenkamp, Authorized Signatory

Dated: _3-28-24_

_____
Idaho Jersey Girls Jerome Dairy, LLC
Bill Millenkamp, Authorized Signatory

Dated: _3-28-24_

_____
Millenkamp Properties, LLC
Bill Millenkamp, Authorized Signatory

Dated: _3-28-24_

_____
Millenkamp Properties II LLC
Bill Millenkamp, Authorized Signatory

Dated: _3-28-24_

_____
Goose Ranch LLC
Bill Millenkamp, Authorized Signatory

Dated: _3-28-24_

_____
East Valley Cattle, LLC
Bill Millenkamp, Authorized Signatory

**DENTONS**

# Terms of Business

## Dentons Davis Brown PC

January 2024

## Welcome to Dentons.

**Dentons and You**

1. The accompanying Engagement Letter ("Letter") identifies our only client(s) in this matter ("you" and "your"), as well as any specific limitations on those that may instruct us, and the scope of our representation of you. Except as provided in the Letter, we do not represent any other persons or entities, including any of your owners, subsidiaries, or other affiliates. Our advice and work are provided solely for the benefit of our client(s) identified in the Letter which, together with these Terms, form our Engagement Agreement ("Agreement") with you, and applies as soon as we start acting on your instruction, regardless of when and whether you sign the Letter.

2. The partners of Dentons Davis Brown PC also are partners of Dentons United States LLP, which is the US Region member of Dentons Group (a Swiss Verein), whose members and their respective subsidiaries, affiliates and related entities (each, a "Dentons Legal Practice," and, collectively, "Dentons") provide legal and related services around the world. The identity of each Dentons Legal Practice providing legal services in a particular location may be found at dentons.com/legal-notices.

3. The Agreement is between you and the specific Dentons Legal Practice named in the Letter only ("we", "us", or "our") and not with any other Dentons Legal Practice; any individual partner, employee, or agent; or any other Dentons entity.

4. Other Dentons Legal Practices outside the US Region represent clients, including entities and individuals that may enter into transactions or have disputes with you or your related entities. Unless otherwise agreed in writing, you agree that Dentons' representations in other countries do not conflict with our representation of you in this country, and that you will not assert that Dentons Legal Practices in other countries are precluded from representing those entities and individuals.

5. We may involve different Dentons Legal Practices, within or outside the US Region, or others to help with your matter. Unless we state otherwise, we will do so by subcontract and we will remain responsible for reporting to you and invoicing for all the work performed on the matter. In such circumstances, you agree to your data and documents being disclosed and that we may pay or apportion part of our fees and costs for the work in a manner that may be considered a referral fee in some jurisdictions.

**Our Working Relationship**

6. Effective representation requires open and honest communication throughout our relationship.  We need you to give clear and timely instructions, provide relevant information and documents, and make yourself available for consultation.

7. Generally, communications between a lawyer and client regarding legal advice are privileged and confidential.  You may jeopardize these protections by disclosing our communications to others.  You agree we are under no duty to disclose to you or use any information that is confidential to another client or any other person.

8. We may communicate with you through various forms of electronic communications.  While we take great care to protect our communications from unauthorized access, viruses and other associated risks, we cannot guarantee their safety and security. We recommend that you use secure platforms for communication and collaboration with us, and we discourage use of unsecure third-party services.  Where you choose to use such services, you accept the risks of unauthorized access and indemnify and hold us harmless if the security of such communications are breached.

9. You should carefully check for any insurance policies that might relate to the work we do for you, and notify your insurers promptly to protect your rights. Unless you provide copies of these policies to us and we commit to advise on them in the Letter, you agree we are not responsible for advising you about the existence or applicability of any insurance coverage.

**Advance Clearance of Conflicts**

10. We represent a wide variety of entities and individuals, some of whom may be in your sector or industry or, for instance, may be your borrowers, investors, shareholders, creditors, or other parties with interests in a business transaction (*e.g.*, mergers and acquisitions, financings, investments and negotiation of commercial agreements), litigation, bankruptcy, insolvency, administrative or regulatory proceedings, lobbying or other matters, which may conflict with yours. As a condition of our representation of you, you agree that, without further consent or notice, we may represent other clients in such matters, and you will not seek to disqualify us from such matters, even if they are directly adverse to you,

as long as: (1) those matters are not substantially related to our representation of you; (2) we screen our lawyers and professionals who have your confidential information that may be relevant to such matters from any involvement in the adverse representation; and (3) we conclude that such other representation will not conflict with our professional responsibilities to you. Of course, we will not use any confidential information received from you in any way inconsistent with our professional responsibilities. By signing the Letter, you consent that we may be adverse to you on behalf of other clients as described herein, and acknowledge that you had the opportunity to seek the advice of independent counsel. If this waiver is not effective for any reason, you agree that we may withdraw from our representation of you and you will not oppose such withdrawal.  In such event, you would need to retain new counsel at your expense.

### Fees and Costs

11. Our billing rates are set out in the Letter, but may be adjusted from time to time. You will be charged the rates in effect at the time services are performed.

12. We may charge and you agree to pay for costs including travel, delivery services, imaging, printing, court fees, auditing and assurance services, and other expenses. For items we purchase in bulk or through fixed fee arrangements, such as computerized research, technology and support services, we will charge you a rate reasonably apportioned to you. You agree to pay costs to any third parties retained by us on your behalf, including experts, consultants and local counsel. In some circumstances, we may advance costs on your behalf and you agree to reimburse us within 30 days. We may not hold originals of receipts for costs, which may be available only in electronic form.

13. Any estimate creates neither a floor nor a ceiling on your obligation to pay. Actual fees and costs may deviate significantly. We undertake no obligation to update a prior estimate.

14. Our fees and costs, as well as those from any other Dentons Legal Practice or third parties, exclude any sales, services, use, excise, transfer, value-added or similar taxes. Those taxes will be included in our invoices and are payable by you. If you or another payor is required to make any deduction when paying our invoices, you must increase the overall payment so that we receive a net sum equal to our full invoiced amount.

15. Our policy is to bill monthly, except that we reserve the right to issue an interim bill and to change the frequency of billing and the time for payment. If you disagree with any invoice, please contact us immediately; otherwise we will understand that the invoice is agreeable to you. Our invoices are payable when delivered on the terms set forth therein, and you remain responsible for paying them even if you have an arrangement with a third party payor for payment. If full payment is not received when due, we reserve the right to suspend services, terminate our representation, withdraw, charge reasonable interest, and hold you responsible for any collection costs, including reasonable attorneys' fees.

16. In adversarial proceedings, you agree that as of 90 days before any scheduled trial or arbitration date (or a later time that we may make such request), all fees and costs incurred up to that point will be paid and you will either provide us with a deposit (or augment any existing deposit) or make another satisfactory arrangement to ensure payment of all fees and costs estimated to be incurred from that point through the end of trial or arbitration.

### Privacy and Data Protection

17. Anti-money laundering, anti-bribery, antiterrorist and similar laws require compliance with client identification, verification, and other rules. We may not be able to represent you until we have all the information we need for these purposes.

18.  Dentons is committed to ensuring the privacy and confidentiality of personal data disclosed to us in the course of our work for you. We will handle personal data you send to us about you, your employees, agents, contractors or other individuals in accordance with data protection and privacy standards equivalent to or higher than those required by law. We may transfer such data between locations in order to provide legal services to you.

19.  Where we process personal data as provided above we do so as a data controller and we ultimately take responsibility for carrying out the data processing in compliance with applicable data protection and privacy laws. An overview of the categories of personal data we collect and how we use it is provided in the Privacy Policy that you may find at www.dentons.com/en/privacy-policy. You confirm to us that, to the extent reasonable, you will communicate this Privacy Policy to any individuals whose personal data you provide to us. Any personal data supplied by us to you about our employees and/or any other individuals may only be used for the expressed purposes for which that information is provided to you.

### Financial Crime and Regulations

20. Under the Corporate Transparency Act (and similar state laws), certain corporations, limited liability companies and other entities may be required to file reports with the government concerning their beneficial owners and other related information regarding the entity. While this reporting obligation may apply either to you (as an existing entity) or to an entity formed or qualified to do business in the United States in connection with our representation of you, you agree that we will have no obligation to prepare or file such reports on your behalf unless we specifically agree to do so in writing. In addition, we shall have no obligation to update any such reports, even if we agreed to file the initial report, unless we specifically agree to do so in writing. If we agree to update the required report, you will remain responsible for promptly informing us of any changes that require updated reporting. If we agree to file reports on your behalf, you represent that all information you provide to us for filing shall be accurate in all respects and you acknowledge that we will have no obligation to verify such information independently.

21. We do not tolerate bribery or corruption.  In some jurisdictions, the law may require reporting of knowledge or suspicion that certain criminal offenses have been committed, regardless of whether a client or third party committed the offence. In these circumstances, we may not be able to discuss these reports with you because of those restrictions and we may have to stop acting for you. You agree that Dentons is not responsible for any adverse impact you may suffer as a result of compliance with these laws and regulations.

22. Our anti-money laundering, anti-bribery, anti-terrorism and sanctions policies may require us to carry out due diligence on our clients and, where applicable, anyone who instructs us on the client's behalf, and review that due

diligence on an ongoing basis. These policies are in compliance with the various laws and rules applicable in the locations in which we operate and also based on our risk assessment. These policies may apply to you and any individuals who instruct us on your behalf and we may not be able to represent you (or continue to represent you) until we have all of the information we need for these purposes. We will process any such information in accordance with any applicable laws.

23. We follow all applicable governmental sanctions requirements. We may not be able to receive payments from certain countries or may be required to make report of such payments. You agree to inform us immediately if you or your directors, officers, shareholders or beneficial owners are, or become, subject to sanctions or are located or resident in a sanctioned location, and agree that in such a case we may terminate our representation of you without liability.

**Files and Documents**

24. We may maintain a client file relating to our representation of you. Absent legal requirements or written agreement with you to the contrary, we may dispose of the client file and other records relating to our representation of you seven years after we last performed work on the matter without further notice to you. Documents containing our work product, mental impressions, notes, drafts, and emails will not be considered part of the client file. Following written request and payment for involved costs, we may provide a copy of the client file to you.

25. If we use or prepare a translation, you should be aware that words and legal concepts used in one language may not have equivalents in another. You should not assume that any translation exactly replicates the original text.

**General**

26. While we will exercise reasonable care and skill in all matters undertaken by us, we do not guarantee any particular outcome. Our professional fees and your obligation to pay for them in full are not dependent or contingent upon the business or commercial outcome of your matter. We shall not be providing, obtaining or reviewing on your behalf any non-legal advice (such as business, commercial, financial, technical, insurance, accounting, broking, actuarial, environmental, or

information technology) or technical matters (such as engineering specifications or financial calculations), except where we expressly agree to do so. Where documents that we draft, or on which we comment, include provisions covering such matters, you should review those provisions, or arrange for other qualified advisers to do so, to satisfy yourself that they meet your commercial objectives.

27. Any advice provided by us is our opinion only, based on the facts known to us and on our professional judgment, and is subject to any changes in the law after the date on which the advice is given. We are not liable for errors in, or omissions from, any information provided by third parties.

28. Our advice relates only to each particular matter on which you engage us. Once that matter has concluded, we will not owe you any duty or liability with respect to any related or other matters unless you specifically instruct us in those related or other matters.

29. If we act for more than one person or entity on your matters, you agree that we can accept instructions from any of you, unless otherwise agreed in writing. We may terminate the Engagement Agreement where, in our sole opinion, there is or may be a conflict of interest between any of you, or if we would otherwise be obliged to act in a manner contrary to the interests of one of you. By entering into the Engagement Agreement, you each agree to immediately notify us if there is any dispute or a conflict of interest which arises between you while we act for you. Your liability to us under our Engagement Agreement is joint and several. You may request us to apportion any bill between you, but this will not affect your joint and several liability to us.

30. We are often asked for information about our experience. You consent to our disclosure that you are a client, as well as a general description of our work for you.

31. You will not refer to our advice in connection with any financial statement or public document unless otherwise agreed in writing.

32. The Engagement Agreement cannot be modified by any policies, procedures, guidelines, correspondence, or other document from you unless otherwise agreed to in writing by a partner of this Dentons Legal Practice. If there is a conflict between these Terms and the

Letter, the provisions of the Letter control. If any part of the Engagement Agreement is held to be illegal, invalid or unenforceable, it shall not form part of the agreement and the balance shall remain enforceable and shall not be affected.

33. We do not intend any of the Terms to be enforceable by any person who is not a party to the Engagement Agreement. We do not require consent from third parties to rescind, vary, waive, assign, novate or otherwise dispose of all or any of our respective rights or obligations under the Engagement Agreement.

**Conclusion of Representation**

34. You may terminate our representation of you at any time for any reason. We may terminate our representation of you at any time, consistent with our ethical obligations. We expressly reserve the right to stop acting for you, and you expressly consent to our right to terminate, if you fail to pay for amounts invoiced or requested on account for prospective fees and costs. You remain responsible for paying fees and costs related to work performed before the end of the representation, and we will not be liable for any resulting loss.

35. If not terminated otherwise, our representation of you will end when we have completed the services described in the Letter; send our final invoice; or, unless otherwise agreed in writing, after six months of furnishing no billable services to you, whichever occurs sooner without further written confirmation. Any new representation will require a new signed Engagement Letter, notwithstanding any communications or administrative actions after that period.

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### District of Idaho

In re    Millenkamp Cattle, Inc., and related cases        Case No.    24-40158-NGH

                         Debtor(s)        Chapter    11

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept ................................................... | $ | Hourly Fees |
| Prior to the filing of this statement I have received ...................................... | $ | 57,772.78* |
| Balance Due.................................................................................................... | $ | TBD |

     *Prior to the bankruptcy filing, my firm received a retainer payment of $140,000.00. $82,227.20 of that amount was used for pre-petition fees and expenses, leaving $57,772.78 available as a post-petition retainer.

2.    The source of the compensation paid to me was:

     ☒ Debtor      ☐ Other (specify):

3.    The source of compensation to be paid to me is:

     ☒ Debtor      ☐ Other (specify):

4.    ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     See attached engagement letter.

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:

     See attached engagement letter.

---

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

May 22, 2024
*Date*

             /s/  Matt Christensen
             Matthew T. Christensen
             *Signature of Attorney*

             Johnson May
             199 N. Capitol Blvd.
             Suite 200
             Boise, ID 83702
             (208) 384-8588
             mtc@johnsonmaylaw.com

             *Name of law firm*



**MATTHEW T. CHRISTENSEN**
**MTC@JOHNSONMAYLAW.COM**

March 29, 2024

**AMENDED ENGAGEMENT LETTER**

_**Via Email Only (bill@millenkamp.com; david@millenkamp.com)**_

Millenkamp Cattle, Inc.
Millenkamp Properties, LLC
Millenkamp Properties II, LLC
East Valley Cattle, LLC
Goose Ranch, LLC
Idaho Jersey Girls Jerome Dairy, LLC
Idaho Jersey Girls LLC
Millenkamp Family LLC
Black Pine Cattle LLC
Millenkamp Enterprises LLC
c/o William J. Millenkamp
471 N 300 W
Jerome, ID 83338-5076

   RE: In re: Millenkamp Cattle, Inc.; Millenkamp Properties, LLC; Millenkamp
      Properties II, LLC; East Valley Cattle, LLC; Goose Ranch, LLC; Idaho Jersey Girls
      Jerome Dairy, LLC; Idaho Jersey Girls LLC; Millenkamp Family LLC; Black Pine
      Cattle LLC; and Millenkamp Enterprises LLC Amended Ch. 11 Engagement Letter
  JM Matter No. 16641-001

Dear Bill,

  By this letter I am confirming the terms of your retention of my firm for purposes of filing
a Chapter 11 bankruptcy petition on behalf of the above-named entities. I am the responsible
attorney at my firm for this matter. However, I may delegate or share this responsibility with other
attorneys in my firm. I will endeavor to keep you reasonably advised of the participation by other
attorneys in my firm. This letter supersedes and replaces any prior engagement letters regarding
a bankruptcy filing.

  You hereby retain and employ Johnson May to represent the above-named entities in a case
or cases to be initiated under Chapter 11 of the Bankruptcy Code. In the event additional entities
need to be added to this list, we will confirm via email. We will be serving as local Idaho counsel,
with your primary counsel being Dentons Davis Brown PC ("Dentons"). We will coordinate our
involvement with Dentons and endeavor to not duplicate efforts.

  The legal services to be rendered may include the following:

    (1) Preparation and filing of a petition, Schedules, Statement of Financial
      Affairs, and other related forms;

(2)     Attendance at all meetings of creditors, hearings, pretrial conferences, and trials in the case or any litigation arising in connection with the case, whether in state or federal court;

(3)     Preparation, filing, and presentation to the Bankruptcy Court of any pleadings requesting relief;

(4)     Preparation, filing, and presentation to the court of a disclosure statement and plan or arrangement under Chapter 11 of the Bankruptcy Code;

(5)     Review of claims made by creditors or interested parties, preparation, and prosecution of any objections to claims as appropriate;

(6)     Preparation, filing, and presentation to the court of all applications to employ and compensate professionals in the Chapter 11 proceeding;

(7)     Preparation and presentation of a final accounting and motion for final decree closing the bankruptcy case; and

(8)     Other services requested by you, or Dentons.

In consideration of the legal services to be rendered to the undersigned by Johnson May, you agree to pay to Johnson May the sum of $140,000.00 as a retainer to be applied to pre-petition work on your behalf, with the balance of the retainer amount on the petition date to be applied to post-petition work on your behalf. The retainer should be paid via certified/cashier's check or wire transfer as a retainer. By this letter, I am acknowledging prior receipt of the retainer funds. You understand and agree that services rendered to you will be charged and billed at the current hourly rates depicted on Exhibit B attached hereto. The amount paid as a retainer will be applied to all pre-petition work performed by the firm. Any amount remaining in the retainer will be held in our client trust account to be applied to post-petition work done in the Chapter 11 proceeding, after receiving court approval.

You further agree to fund, on a monthly basis, a "Professional Fees" debtor-in-possession account with funds in that account to remain available for post-petition fees and expenses that may be incurred and are not covered by any retainer funds held in our trust account on the petition date. The amount funded on a monthly basis shall be based on a good faith estimate of the total professional fees incurred each month by the various professionals employed in the case(s).

You further understand that the representation described in this agreement does not in any way guarantee or represent to you that a discharge in bankruptcy will be obtained by the company, or that all debts from which discharge can be sought will be included in any such discharge. While we will endeavor to obtain a discharge of the company debts, we cannot guarantee such a discharge will be obtained.

By signing below, you acknowledge, understand, and agree that Johnson May will utilize its best efforts to obtain approval and confirmation of a plan or arrangement under Chapter 11 of the Bankruptcy Code but that we make no warranty or guaranty of approval or confirmation of such plan.

AMENDED ENGAGEMENT LETTER FOR MILLENKAMP CATTLE, INC., et al. - PAGE 2

This letter and the enclosed exhibits constitute our engagement agreement with you. Together they establish the scope and terms of our engagement and inform you regarding our fees and billing practices.  The Chapter 11 Bankruptcy agreement constitutes our entire agreement regarding the current scope of work and may be amended only by mutual agreement confirmed in writing and approved by the bankruptcy court if necessary.

If you have any questions, or do not agree to the fees or terms of representation, please contact me at once.  If you agree to these terms, please indicate your approval by signing the acceptance form below and returning a copy to me with the retainer funds.  Please also keep a copy of this letter for your own records.

Very Truly Yours,

Matthew T. Christensen
Attorney at Law

MTC |

Enclosures:    Exhibit A: General Terms and Conditions
Exhibit B: Retainer Fund Agreement
Exhibit C: Fee and Cost Schedule
Exhibit D: Conflict Agreement

## ACCEPTANCE OF CHAPTER 11 BANKRUPTCY ENGAGEMENT AGREEMENT

I have read the preceding letter and the enclosures that follow, including the conflict agreement.  I agree to the firm's representation on those terms.

Dated: 4-1-24

William J. Millenkamp, President, and on behalf of Millenkamp Cattle, Inc.; Millenkamp Properties, LLC; Millenkamp Properties II, LLC; East Valley Cattle, LLC; Goose Ranch, LLC; Idaho Jersey Girls Jerome Dairy, LLC; Idaho Jersey Girls LLC; Millenkamp Family LLC; Black Pine Cattle LLC; and Millenkamp Enterprises LLC

# EXHIBIT A

## JOHNSON MAY

### *General Terms and Conditions*

**Client**.  The terms "you" and the "client" are used interchangeably in this Engagement Agreement; refer to the entities listed on the first page of this letter.

**Scope of Work**.  A description of the initial scope of work has been provided to you.  You may alter the scope of work or authorize additional work or new matters orally or in writing.  Unless otherwise provided and confirmed in writing, all matters will be subject to this Engagement Agreement.

**Electronic Files**.  Johnson May maintains client files electronically only.  It is important our clients understand that although we preserve original signatures pages or other items required by certain laws or statutes, we do not maintain a paper file on behalf of our clients.  This means that any and all documents supplied to us by you or your agents or representatives will be electronically scanned into our system and the original will be returned to you.  In the event a Judge or other party requires the production of an original document, you must provide that original to the requesting party if their request falls under certain statutes or rules which your case is governed.

**Document and Data Preservation.**  If this matter is an active dispute or if it is likely to ripen into a dispute, you shall, immediately, preserve all potentially relevant evidence (including documents, electronic data files, photographs or any other subject matter) that pertains to the subject matter of the scope of work.  Furthermore, you must:

(a)     Identify all agents or employees in possession of potentially relevant evidence, and provide contact information so that the firm may provide written instructions to such individuals to preserve such information and cease all ordinary document destruction or computer backup overwriting;

(b)     Meet with the attorney assigned to your matter and confer with that attorney to ensure that they understand all of your data retention practices and policies;

(c)     Instruct all employees and agents to produce copies of any relevant active files and make sure that all backup media is safely stored; and

(d)     Periodically monitor document and data preservation, and coordinate with the attorney assigned to your matter to ensure that all data and evidence is safely preserved.

AMENDED ENGAGEMENT LETTER FOR MILLENKAMP CATTLE, INC., et al. - PAGE 4

**Social Media**. Publishing information pertaining to your case or matter on social media presents multiple risks and complications. Depending on the information and the surrounding circumstances, such postings could waive privileges, make inadvertent or accurate admissions, or violate pending court orders. Unless you have obtained prior approval from our firm, you agree to refrain from any social media postings or communication regarding the matters in which Johnson May is representing you.

**Billing Procedures.**  The firm typically provides monthly billing statements by email. Billing statements are broken out by matter and are sent to the person and address identified for the particular matter.  Please advise us if you would like the matters to be organized differently or if you wish for the statements to be directed to a different person.

**Late Fees**.  The amounts shown on the firm's statements are payable within fifteen (15) days after court approval of the fees requested (unless chargeable to a Retainer Fund).  Statements that are not paid within fifteen (15) days will be assessed a late payment charge at the rate of one and one-half percent per month (18.0% per annum) on the unpaid balance.

**Billing Questions**.  The firm will be pleased to answer any questions you have about billing.  If you have concerns about any portion of a bill, please raise them promptly.  We expect you to pay without delay all but the disputed or questioned portion of the bill.  The firm's acceptance of partial payment does not constitute an accord and satisfaction.  Any concerns or disputes about billing should be addressed promptly by both the client and the firm.  If the dispute cannot be resolved, either client or the firm is free to terminate the representation, while the other party retains all rights and remedies.

**Fees**.  Unless otherwise agreed, the firm calculates fees based upon the hourly rates of the attorneys, paralegals, and other timekeepers who perform professional services for the client.  In special circumstances, the firm may negotiate a fixed fee agreement for specific projects.  This is not the case here, unless a separate written agreement to that effect has been provided.  Billing rates for attorneys and other timekeepers expected to be working with the client are provided in the accompanying *Fee and Cost Schedule* (Exhibit C).  Fees for other attorneys and staff are available upon request.  Billing rates are subject to adjustment.  Any adjustment in the hourly rate or the addition of other timekeepers not listed on the attached *Fee and Cost Schedule* will be reflected in the monthly billing statements presented to the client.

**Billable Time**.  The client will be charged for all time spent by timekeepers performing work reasonable and appropriate for your representation.  This includes attorneys, paralegals and legal analysis and research, review and drafting of documents, telephone calls, correspondence, meetings, responding to client inquiries, site visits, data gathering and preparation, outlining and budget development, strategy development, task coordination, drafting and negotiation of agreements, lobbying, presentations, and travel.

**Billable Costs**.  The client will be billed for all costs appropriately incurred on behalf of the client.  This may include postage, long distance telephone, photocopying, messenger service, electronic research fees (such as Westlaw or Lexis), staff overtime on specific rush projects, filing fees, and travel costs including meals and mileage.  If extraordinary costs are expected to be incurred, the client will be advised in advance and may be asked to make advance payment.

**Nonbillable Time and Costs**.  The firm does not bill the client for routine secretarial costs, word processing or internet connections.

**Estimates**.  For most matters, it is difficult to predict the amount of time that will be required, particularly where legal research, negotiation or litigation are involved.  Therefore any estimates of fees or costs provided to the client are not guarantees or caps on the fees that may be incurred, unless expressly provided in writing.

**Retention of Experts and Other Professionals**.  From time to time, it may be necessary to retain experts, consultants, mediators or other professionals outside of this firm in connection with our representation of you.  Ordinarily, such professionals will submit their bills directly to you, and you will be solely responsible for paying their fees and costs.  In some instances it may be advantageous for the professionals to be retained directly by this firm.  The firm agrees to add no administrative or overhead charge to fees or costs billed by the consultant or other professional.  In the event that this firm pays their fees and costs, you will be responsible to promptly reimburse the firm therefore.  If the fees are expected to be substantial, you may be asked to provide advance funding.  Whatever the arrangement, we will always obtain your approval before retaining any professional outside this firm.

**Confidentiality**.  The firm is obligated to protect the client's secrets and confidences, as provided in the Idaho Rules of Professional Conduct.  This obligation continues after the firm's representation is terminated.  In special cases, confidentiality may be addressed in a separate written agreement.  If you have provided an email address to my firm, you acknowledge that the email that was provided to us is secure, the account belongs to you, and there will not be a waiver of the attorney client privilege and/or breach of the duty of confidentiality if my firm sends documents and/or correspondence to that account.

**Work Product**.  The client is entitled to copies of all work product developed by the firm on the client's behalf.  However, the firm may withhold work product if the client has failed to pay fees and costs properly charged to the client.

**File Retention**.  The firm generally does not keep paper files; however, the firm does maintain an electronic document database for each case.  You are advised that you should keep copies of any and all documents regarding your case in a safe place.

**Termination by Client**.  The client may terminate its relationship with the firm unilaterally at any time upon written notice to the firm.  Termination shall not affect the client's obligation to pay for services rendered.  This includes fixed fees (if any), fees and costs associated with the provision of services prior to termination, and fees and costs necessarily incurred by the firm in order to wind down or hand over the work.

**Suspension of Work**.  The client's failure to timely pay bills may result in immediate suspension of services being provided by the firm.  Suspension will not occur without prior notice to the client and an opportunity to cure.

AMENDED ENGAGEMENT LETTER FOR MILLENKAMP CATTLE, INC., et al. - PAGE 6

**Withdrawal by Firm**.  The firm reserves the right to withdraw from its representation with the client's consent or for good cause.  Good cause may include the client's failure to honor the terms of the Engagement Agreement, the client's failure to pay amounts billed in a timely manner, the client's failure to cooperate or follow the firm's advice on a material matter, or any fact or circumstance that would, in the firm's view, impair an effective attorney-client relationship or would render the firm's continuing representation unlawful or unethical.  If the firm withdraws, the client will take all steps necessary to free the firm of any obligation to perform further, including the execution of any documents (including forms for substitution of counsel) necessary to complete its withdrawal, and the firm will be entitled to be paid for all services rendered as well as disbursements, costs, and other charges made or incurred on behalf of the client prior the date of the withdrawal or necessarily incurred in the course of winding down or handing work over.

## EXHIBIT B

## JOHNSON MAY

### *Retainer Fund Agreement*

All funds paid into the Retainer Fund are held by the firm but belong to the client until such time as fees or costs are properly incurred pursuant to the Engagement Agreement. Upon termination of the firm's representation of the client, the client is entitled to a full refund of any funds paid in excess of fees and costs properly incurred under this Engagement Agreement.

The firm will maintain an accurate accounting of all funds placed into and paid out of the Retainer Fund. The balance of the Retainer Fund will be reflected in each billing statement to the client. Interest earned on funds maintained in the Retainer Fund are contributed to charitable purposes in accordance with the Interest on Lawyer Trust Accounts ("IOLTA") program of the Idaho State Bar.

The establishment of a Retainer Fund does not constitute either an estimate of or cap on total fees and costs.

Fees and costs properly incurred under the Engagement Agreement will be charged against funds remaining in the Retainer Fund. If fees and costs incurred exceed the balance of the Retainer Fund, the client is responsible to promptly pay the balance. As new matters are opened, either the client or the firm may request that a separate Retainer Fund be opened for each new matter. If that is not done, the Retainer Fund will be available to pay charges associated with all open matters.

The fact that funds in the Retainer Fund are available or have been used to pay fees and costs incurred does not impair the client's right to dispute any fee or cost. The firm will reimburse the Retainer Fund (or the client) for any amount determined not to have been properly charged.

# EXHIBIT C

## JOHNSON MAY

### *Fee and Cost Schedule*
### *Professional Fees*

Billing rates for attorneys at Johnson May range between $195 and $425 per hour. Paralegal billing rates range between $95 and $175 per hour. A complete fee schedule for all firm timekeepers is available upon request.

The hourly fees of timekeepers currently expected to be associated with this representation are listed below.

| | |
|---|---|
| Matthew T. Christensen | $425 per hour |
| J. Justin May | $425 per hour |
| Katie Sliman | $225 per hour |
| Caroline Cortens | $175 per hour |
| Laura Verga | $150 per hour |
| Allison Daniels | $150 per hour |
| Sheri Mitchell | $150 per hour |
| Abbie Stephens | $130 per hour |

The rates quoted above are for the year **2024**. Billing rates are subject to adjustment annually. Any adjustment in the hourly rate or additional personnel will be reflected in your monthly billing statements.

### *Costs*

Costs are subject to adjustment annually. Any adjustment will be reflected in the monthly billing statements presented to the client. The firm does not charge an overhead or administrative fee for services contracted on a client's behalf.

| | |
|---|---|
| Photocopying | $0.20/page – all copies over 500 |
| Messenger Service | On a case to case matter |
| Westlaw/Lexis | Prevailing rate |
| Overtime Staff Charges | $50.00/hour |
| Facsimile | No Charge |

AMENDED ENGAGEMENT LETTER FOR MILLENKAMP CATTLE, INC., et al. - PAGE 9

# EXHIBIT D

## JOHNSON MAY

### *Conflict Agreement*

Our representation of you is governed by the Rule 1.7 of the Idaho Rules of Professional Conduct.[1] This rule prohibits the firm from representing two clients where our representation of one client would be directly adverse to another client unless three conditions are met: (1) the circumstances are fully explained, (2) each client expressly waives the conflict with written confirmation, and (3) it is reasonable for us to ask them to do so. The purpose of this Conflict Agreement is to advise you of actual and potential conflicts and obtain your informed consent before we undertake your representation. By agreeing to this representation, you hereby waive the conflicts of interest described here.

#### No Direct Conflicts of Interest Are Anticipated

The firm is not aware of any direct conflicts of interest with respect to our representation of you. By direct conflicts, we mean situations in which you and another client have directly conflicting positions or objectives, and our representation of at least one party involves advocating that position or pursuing that objective.

---

[1] Rule 1.7 of the Idaho Rules of Professional Responsibility (effective July 1, 2004) provides:

RULE 1.7: CONFLICT OF INTEREST: CURRENT CLIENTS

    (a)    Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

        (1) the representation of one client will be directly adverse to another client; or

        (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by the personal interests of the lawyer, including family and domestic relationships.

    (b)    Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

        (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

        (2) the representation is not prohibited by law;

        (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

        (4) each affected client gives informed consent, confirmed in writing.

## Indirect Conflicts of Interest

In addition to the direct conflicts discussed above, it is possible that the interests of yourself and those of our other clients could be at odds on matters not directly related to our representation of you. You should be aware that the firm's lawyers are engaged in matters on behalf of a wide variety of clients. This includes, among others, businesses and industries of all types, banks and other financial institutions, business owners, venture capitalists, trusts, doctors and hospitals, trade organizations, real estate investors and developers, professional groups, industry associations, homeowner groups, citizen groups, user groups, policy advocacy organizations, nonprofits, and governmental entities at all levels, as well as other public and quasi-public entities. We represent these persons and entities in private transactions as well as matters before courts, agencies, regulatory and governmental bodies, and state and federal legislatures. Consequently, the firm's lawyers are frequently engaged in a variety of public policy, regulatory, and legislative matters with broad implications.

It is not unlikely that we may now or in the future represent other persons or entities in your industry or business. In some cases, this may include direct competitors of yours. It might also include those with whom you have commercial, financial, regulatory or other relationships.

It is possible that something that we do on behalf of one client might have implications or repercussions for your business. For instance, any time we help another client buy a piece of property, that investment opportunity is not available to you. Likewise, there could be instances in which we pursue a policy issue or legal precedent on behalf of one client that you might not consider favorable or desirable.

In some cases, our clients may be your business competitors or those with whom you have commercial, financial, regulatory or other relationships. Likewise, we represent clients that may hold viewpoints or advocate public policy positions contrary to yours. We may also represent governmental bodies with which you deal on other issues.

We also represent clients that may hold viewpoints or advocate public policy positions contrary to those of you. By agreeing to this representation, you have agreed on behalf of yourself not to disqualify me or my firm from representing any other client on the basis that the work we are doing for the other client is contrary to the policies, goals or business objectives of yours so long as the work for the other client is unrelated to the matters on which you have engaged this firm.

## Future Conflicts and Termination of Representation

As stated in the Engagement Agreement, you may end our legal representation of you at any time. However, by entering into this Engagement Agreement, you agree not to object to our representation of other existing or future clients as disclosed and described in this Conflict Agreement.