Jason R. Naess, ISBN 8407
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
Andrew S. Jorgensen, ISBN 8695
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br><br>☐ Idaho Jersey Girls<br><br>☐ East Valley Cattle<br><br>☐ Millenkamp Properties<br><br>☐ Millenkamp Properties II<br><br>☐ Millenkamp Family<br><br>☐ Goose Ranch<br><br>☐ Black Pine Cattle<br><br>☐ Millenkamp Enterprises<br><br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(b)(9) CLAIMS, DKT. NO. 308**

The Acting United States Trustee ("UST") hereby objects to Debtor's Amended Motion

- 1

for Allowance and Payment of Section 503(b)(9) Claims, Dkt. No. 308 (the "Amended § 503(b)(9) Motion" or "Amended Motion"). The Amended Motion requests an order (1) allowing certain § 503(b)(9) administrative claims and (2) authorizing the payment of such claims prior to confirmation of a plan, as outlined in the Debtor's budget. Dkt. No. 308 at 11. Though not specified in the Amended Motion, it is presumed the referred-to budget is the budget attached to the Court's final Order on cash collateral. *See* Dkt. No. 313.

## ALLOWANCE OF ADMINISTRATIVE CLAIMS

If the Debtor provides documentary evidence[1] of the value of the goods it received from each of the suppliers identified in the Amended Motion's Exhibit A within the 20-days prior to the petition date, the UST will not object to the allowance of the Exhibit A amounts as § 503(b)(9) administrative expenses. The Amended Motion states the amounts are "estimated amounts," *see* Dkt. No. 308 at ¶ 13, and the UST objects to the allowance of the claims and amounts unless Debtor documents the value of the goods received.

## TIMING OF THE PAYMENT OF ANY ALLOWED § 503(b)(9) CLAIMS

The Amended Motion dresses critical vendor arguments in a § 503(b)(9) motion. In doing so, the Amended Motion turns at least one of the factors used to analyze the timing of § 503(b)(9) administrative expense payments on its head.

As noted by the UST in its partial objection to Debtor's initial § 503(b)(9) Motion, the timing of the payment of allowed § 503(b)(9) administrative expense claims is according to the Court's discretion – not pursuant to the Debtor's business judgment. *See In re Modern Metal Products Co.*, 2009 WL 1362632 at *2 (Bankr. N.D. Ill. May 13, 2009) (citing *In re*

---

[1] The UST anticipates this evidence would be provided via copies of invoices or similar information showing the value of the goods received by the Debtor within 20 days before the commencement of the case – provided by either Debtor or the identified suppliers.

*Bookbinders' Restaurant*, 2006 WL 3858020 at *1 (Bankr. E.D. Pa. 2006); *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002). In exercising discretion regarding the timing of § 503(b)(9) claim payments, courts considering the issue typically resort to a three-factor analysis identified in *In re Garden Ridge Corp.*, 323 B.R. 136 (Bankr. D. Del. 2005). *See, e.g., In re NE Opco, Inc.*, 501 B.R. 233, 259 n.92 (Bankr. D. Del. 2013); *In re Global Home Prods., LLC*, 2006 WL 3791955 at *3-4 (Bankr. D. Del. Dec. 21, 2006); *In re Modern Metal Products Co.*, 2009 WL 1362632 at *2; *In re Arts Dairy, LLC*, 414 B.R. at 221; *In re Bookbinders' Restaurant*, 2006 WL 3858020 at *1; *In re TI Acquisition, LLC*, 410 B.R. 742, 746 (Bankr. N.D. Ga. 2009); *see also In re MTE Holdings LLC*, 2021 WL 2258270 at *8 n.22 (Bankr. D. Del. June 2, 2021) (applying the same three-factor analysis to the timing of a § 503(b)(1) claim payment). Under that analysis, "courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." *In re Garden Ridge Corp.*, 323 B.R. at 143. Underlying those considerations is the recognition of the bankruptcy system's goal of an orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets. *In re HQ Global Holdings, Inc.*, 282 B.R. at 173.

**The Three Factors in Debtor's Case**

Prejudice to the Debtor. Debtor argues early payment of the § 503(b)(9) claims should be allowed. In doing so, Debtor asserts some of the entities it included on the Amended Motion's Exhibit A may refuse to supply new orders without payment of their prepetition claims. *See* Dkt. No. 308 at ¶ 11. At the same time, Debtor seems to recognize any allowed § 503(b)(9) claim is an administrative expense and not a prepetition claim. *See id.* at ¶ 17.

The framework for analyzing the timing of § 503(b)(9) administrative expense payments focuses on whether pre-confirmation payment of such expenses will impair a debtor's ability to

reorganize because it has insufficient funds to pay all administrative expenses in full. *See In re Bookbinders' Restaurant*, 2006 WL 3858020 at *1; *In re HQ Global Holdings, Inc.*, 282 B.R. at 173. The logic of the developed analysis is: IF the debtor is prejudiced (because required pre-confirmation payment impairs the debtor's cash position), THEN pre-confirmation payment of § 503(b)(9) claims ***is not*** appropriate. *See id.*

Debtor wishes the analytical logic to be: IF the debtor is prejudiced (because non-payment to critical vendors will negatively impact the debtor's business), THEN pre-confirmation payment of § 503(b)(9) claims ***is*** appropriate. *See generally,* Dkt. No. 308. Such an argument may support a critical vendor-type motion, but it does not support pre-confirmation payment of § 503(b)(9) administrative expenses.

Debtor appears to contend it is not prejudiced in the manner discussed by case law because it "already ha[s] the funds to pay the 503(b)(9) Claims through the approved DIP Facility." *See* Dkt. No. 308 at ¶ 22. Debtor was authorized to borrow up to $45,000,000 under the DIP Facility. Dkt. No. 305 at 8. At the same time, as of the Date of the Order approving the financing, the Court indicated:

> the Debtors are initially only authorized to draw an additional $10 million under the DIP Facility. To access additional funds under the DIP Facility, the Debtors are required to obtain an additional order from the Court authorizing such future advances on the $45 million DIP Facility. The Debtors are required to (i) move the Court for entry of an order authorizing such future advances with notice and opportunity to be heard by other parties in interest, specifically including the Pre-Petition Secured Lenders, any Committee, and the United States Trustee, and (ii) justify the need for any such future advances.

*Id.*

Per the budget attached to the final cash collateral Order, Debtor intended to take the initial $10,000,000 draw during the week of May 13. Dkt. No. 313 at 8. An additional

- 4

$10,000,000 draw would be needed for the week when Debtor budgeted payments to § 503(b)(9) administrative expense claimants: the week of June 17. *Id.* at 9. Yet, Debtor has not filed a motion or been granted an order for the additional draw to pay those expenses pre-confirmation. At least per the cash collateral budget, Debtor does not have the resources to pay the proposed § 503(b)(9) administrative expense claims prior to confirmation – either standing on its own or under the approved DIP Facility. Authorizing payment prior to confirmation, then, prejudices Debtor's ability to reorganize and weighs against granting the request for pre-confirmation payment.

<u>Hardship to the Claimant</u>. There is no information indicating the proposed § 503(b)(9) administrative claimants will suffer any sort of hardship if the administrative claims are not paid prior to confirmation. There is still an additional week prior to the deadline for parties to present evidentiary support for the Amended Motion. *See* Dkt. No. 349. Perhaps, some evidence indicating a hardship to the proposed claimants will yet be provided. Absent any such evidentiary support of a hardship, this factor weighs against early payment.

<u>Detriment to Other Creditors</u>. The other creditors in this case are being asked to finance the pre-confirmation payment of the requested administrative claims. Debtor needs additional authorization from the Court to draw the necessary funds to pay the § 503(b)(9) administrative expenses and has not moved the Court for that authorization. Even if Debtor receives such authorization, the use of financing will incur interest and financing fees so that Debtor can pay the requested § 503(b)(9) claims early. Such weighs against granting the request for pre-confirmation payment. The additional burden of interest and fees should not be incurred just so Debtor can make an earlier payment to its § 503(b)(9) administrative claimants than is authorized by the Code.

Debtor argues that due to an equity cushion and an expected plan that will pay unsecured creditors 100 percent of their claims, there is no harm to other creditors by early payment. *See* Dkt. No. 308 at 10-11. The UST has not seen a filed plan that proposes to pay unsecured creditors in full in this case. Unsecured creditors have also not seen and voted on such a plan. Payment of any allowed § 503(b)(9) administrative expense should be delayed until after confirmation, when the parameters and particulars of a plan will be known to all.

### Conclusion

The UST requests the Court deny the Motion insofar as it requests authorization to pay the § 503(b)(9) administrative expense claims prior to confirmation. The UST does not object to the allowance of the § 503(b)(9) claims so long as the claims are supported by documentary evidence demonstrating the value of the goods provided by each supplier within the 20-days prior to the commencement of the case. To date, such evidence does not appear to have been filed or provided.

Date: May 30, 2024

                                          GREGORY M. GARVIN
                                          Acting United States Trustee for Region 18

                                          /s/ Jason R. Naess
                                          JASON R. NAESS
                                          Attorney for the Acting United States Trustee
                                          [Non CM/ECF e-mail jason.r.naess@usdoj.gov]

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ___May 30, 2024___ I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

Date: __May 30, 2024_____

                                          _____/s/_____
                                          JASON R. NAESS