Sheila R. Schwager, ISB No. 5059
Brent R. Wilson, ISB No. 8936
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 W. Main Street, Suite 200
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5261
Email: sschwager@hawleytroxell.com
       bwilson@hawleytroxell.com

Andrew J. Schoulder (*pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone:  212.318.3030
Email: andrew.schoulder@nortonrosefulbright.com

Attorneys for Rabo AgriFinance LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br><br>☐ Idaho Jersey Girls<br><br>☐ East Valley Cattle<br><br>☐ Millenkamp Properties<br><br>☐ Millenkamp Properties II | Jointly Administered With Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

**LIMITED OBJECTION TO DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS (Dkt. No. 308)** - 1

☐ Millenkamp Family

☐ Goose Ranch

☐ Black Pine Cattle

☐ Millenkamp Enterprises

☐ Idaho Jersey Girls Jerome Dairy

### LIMITED OBJECTION TO DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS (Dkt. No. 308)

Rabo AgriFinance LLC, in its capacity as agent and secured lender ("**RAF**"), by and through its attorneys of record, hereby respectfully files this Limited Objection to *Debtors' Amended Motion for Allowance and Payment of Section 503(b)(9) Claims (Dkt. No. 308)* (the "**Amended Motion**") filed by the Debtors Millenkamp Cattle, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") on May 20, 2024.

RAF has no objection to the allowance of §503(b)(9) administrative claims for those unsecured vendors of which the Debtors provide sufficient evidence that the amounts the Debtors seek to pay for the § 503(b)(9) claims are for goods delivered within the twenty (20) days prior to the filing of the bankruptcy petition, which remain unpaid, in compliance with 11 U.S.C. § 503(b)(9).

RAF does join in the objection filed by the United States Trustee's Office ("**UST**") on May 30, 2024 (Dkt. No. 356) in regard to the timing of the payment of those § 503(b)(9) claims. As set forth by the UST, the elements of early payment have not been established by the Debtors. Early payments prior to plan confirmation will cause the Bankruptcy Estate to incur the increased interest rate and fees of the DIP Financing, creating risk to the Estate as a whole, and there has been no

plan filed by the Debtors, which demonstrates how all of the creditors will be paid one hundred percent (100%) of their claims. *See* UST Objection, pp. 2-6.

## I.
## RELEVANT FACTS TO THE AMENDED MOTION

The Debtors filed these jointly administered bankruptcy cases on April 2, 2024. Dkt. No. 1. As one of the first-day motions, the Debtors filed the *Motion for Allowance and Payment of Section 503(b)(9) Claims (Dkt. No. 15)* (the "**Original Motion**"). The Original Motion sought Court approval to pay $165,485.05 to eight[1] different creditors who the Debtors represented were entitled to administrative expense priority status, due to those creditors providing goods to the Debtors within the twenty days prior to the filing of the bankruptcy petitions.

Along with the Original Motion, as one of the Debtors' first-day motions, the Debtors filed *Debtors' Emergency Motion for Entry of an Order Authorizing Debtors to Honor Prepetition Obligations to Critical Vendors (Dkt. No. 23)* (the "**Critical Vendors Motion**"). Within the Critical Vendors Motion, the Debtors sought up to $31.6 Million in payments to critical vendors, with an interim amount of $5.2 Million requested for those vendors. Dkt. No. 23 at 4-5. This amount requested was "exclusive of any amounts that may be owed to Critical Vendors that may be entitled to administrative expense priority pursuant to section 503(b)(9) . . . ." *Id.* at 5. In the Critical Vendors Motion, the Debtors estimated that those § 503(b)(9) claims totaled $750,000.00, over and above the $31.6 Million requested to other critical vendors. *Id.*

With respect to the Critical Vendors Motion, at the conclusion of an evidentiary hearing, the Court entered the *Interim Order Granting Debtors' Emergency Motion for Entry of an Order*

---

[1] In the Original Motion there are nine listed "Vendor Name[s]," however, Les Schwab Tire Center is listed twice. Dkt. No. 15 at 2.

LIMITED OBJECTION TO DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS (Dkt. No. 308). - 3

59797.0007.17253583.4

*Authorizing Debtor to Honor Prepetition Obligations to Critical Vendors (Dkt. No. 173)* (the "**Interim Critical Vendors Order**") on April 11, 2024. The Interim Critical Vendors Order authorized interim payments to critical vendors in the total amount of $5.2 Million. Dkt. No. 173 at 2. The balance of the request under the Critical Vendors Motion was set for further hearing on May 8, 2024.

On April 24, 2024, the United States Trustee filed an objection to the Original Motion (Dkt. No. 230) arguing that the Court should not authorize the Debtors to pay the § 503(b)(9) claims, as requested in the Original Motion, prior to chapter 11 plan confirmation.

On May 8-9, 2024, the Court held an evidentiary hearing on the Critical Vendors Motion, as well as other matters. At the conclusion of the hearing, the Court orally ruled as to the Critical Vendors Motion and denied it for the reasons stated on the record. Dkt. No. 287. The Court entered an order consistent with its oral ruling on the Critical Vendors Motion on May 16, 2024. Dkt. No. 302.

In response to the Court's Order denying the Critical Vendors Motion, the Debtors filed the Amended Motion on May 20, 2024. *See* Dkt. No. 308.

The Amended Motion goes well beyond the $165,485.05 of § 503(b)(9) claims requested in the Original Motion, or the $750,000.00 estimated by the Debtors in the Critical Vendors Motion for § 503(b)(9) claimants. Indeed, in the Amended Motion, the Debtors are now seeking Court approval of $5,815,545.00 for purported § 503(b)(9) claims. *Id.* at 12. The Debtors seek to pay this much larger amount immediately and pre-confirmation. *Id.*

On May 21, 2024, the day after the Amended Motion was filed, the Court entered the *Order Regarding Section 503(b)(9) Claims (Dkt. No. 315)* (the "**503(b)(9) Order**"). The 503(b)(9) Order

stated that the Original Motion is partially granted, and allowed the claims stated in the Original Motion (for a total amount of $165,485.05) as administrative expense claims, but held that the Debtors are not yet allowed to pay these administrative expense claims. Dkt. No. 315 at 2. Instead, the 503(b)(9) Order stated that a telephonic hearing will be held on June 13, 2024, at 1:30 p.m. (MT) as to whether these claims can be paid "immediately." *Id.* The Debtors then noticed the Amended Motion for hearing on May 29, 2024, Dkt. No. 349, to be heard on June 13, 2024, with the Original Motion.

## II.
## LAW AND BASIS FOR LIMITED OBJECTION

**A. Applicable Law.**

As the first step to succeeding on their burden for the Amended Motion, the Debtors must establish that the claims sought to be paid meet the statutory requirements of 11 U.S.C. § 503(b)(9), which the Debtors recognized in the Original Motion is a "claim for ***goods*** received by the Debtors within 20 days prior to the Petition Date." Original Motion, p. 4 (emphasis supplied). Indeed, as noted by *Collier*, § 503(b)(9) claims "*only* applies to vendors of goods not to vendors of services." 4 COLLIER ON BANKRUPTCY ¶ 503.16[1] (Richard Levin & Henery J. Sommer eds., 16th ed.) (emphasis added); *see also Brown & Cole Stores, LLC v. Assoc. Grocers, Inc.,* (*In re Brown & Cole Stores, LLC*) 375 B.R. 873, 878, n.7 (B.A.P. 9th Cir. 2007). Further, finance charges are not permissible amounts to seek under § 503(b)(9) claims. *In re ADI Liquidation, Inc.,* 2015 WL 4638605, at *6 (Bankr. D. Del. 2015).

As to the second step—timing—bankruptcy courts have discretion in determining when an administrative expense claim is to be paid. *Spartan Plastics v. Verco Indus. (In re Verco Indus.),*

LIMITED OBJECTION TO DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS (Dkt. No. 308). - 5

20 B.R. 664, 664-65 (B.A.P. 9th Cir. 1982) (citing *In re Standard Furniture Co.*, 3 B.R. 527 (Bankr. S.D. Cal. 1980)). As explained in *Collier*:

> [The Bankruptcy Code] neither expressly prohibits nor expressly authorizes paying administrative expenses earlier than upon the effective date of a plan . . . . Generally, courts have held that the timing for payment of administrative claims is a matter to be determined within the discretion of the bankruptcy court. Factors influencing the exercise of this discretion may include the status of the case, the ability of the debtor to pay present claims, the particular needs of administrative claimants and the possibility that future administrative claims may not be paid in full.

4 COLLIER ON BANKRUPTCY ¶ 503.03[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). As further noted by Collier, "[c]ourts have . . . denied requests for immediate payment of section 503(b)(9) claims, which are claims for goods received by the debtor within 20 days of the petition date." *Id.* (citing *In re Bookbinders' Rest., Inc.*, 2006 WL 3858020 (Bankr. E.D. Penn. Dec. 28, 2006); *In re Global Home Prods., LLC*, 2006 WL 3791955 (Bankr. D. Del. Dec. 21, 2006); and treatise).

Additional factors to consider have been stated as follows:

> In determining whether an administrative expense should be paid immediately, courts often consider the following factors: (1) the likelihood that ***all*** administrative claimants will be paid in full; (2) whether the administrative claimant could repay any payment that later proves to be excessive; (3) if the case is a Chapter 13 or 11 case, how close the case is to confirmation; and (4) whether the expense was incurred in the ordinary course of the debtor's business.

*In re Steiny and Co., Inc.*, 2017 WL 1788414, at *4 (Bankr. C.D. Cal. May 3, 2017) (citing Kathleen P. March et al., Cal. Practice Guide: Bankruptcy § 17:730 (The Rutter Group 2016) (citing *In re Cardinal Indus., Inc.*, 109 B.R. 738, 742–43 (Bankr. S.D. Ohio 1989); *In re W. Farmers Ass'n*, 13 B.R. 132, 135 (Bankr. W.D. Wash. 1981)) (emphasis added).

Immediate payment of administrative expense claims is disfavored if it appears that there are insufficient assets to pay all administrative expense claims in full. *Id.* (citing *Hall v. Perry (In re Conchise College Park, Inc.)*, 703 F.2d 1339, 1356 n.22 (9th Cir. 1983)).

Finally, as referenced in the *In re Steiny and Co.* court's factors, when a chapter 11 plan is to be filed promptly with an anticipated quick exit from bankruptcy, the court may exercise its discretion to deny pre-confirmation payment of administrative expense claims. *See, e.g.*, *In re MTE Holdings, LLC*, 2021 WL 2258270, at *8 (Bankr. D. Del. June 2, 2021) (holding that the "overall circumstances" of that case did not necessitate a payment of administrative expense claims immediately because the debtors "will be filing a plan promptly" and that the debtors "will seek to emerge from bankruptcy" promptly).

### B. Application of Law to Facts of this Case.

Applying these principles to this case, the UST's Objection is well taken. Applying the factors bankruptcy courts have considered, the Debtors have not carried their burden to establish the administrative expense claims are appropriate for each vendor sought, nor that they should be paid early.

1. **The Debtors Appear To Have Mis-Stated that All Of the Proposed Payments Meet the 503(b)(9) Requisites.**

The hearing on the Amended Motion has not been set for an evidentiary hearing. As such, there is no and will be no evidentiary basis for the Court to consider a payment of nearly $6 million prior to chapter 11 plan confirmation[2]. Notably, the Amended Motion was not supported by a

---

[2] To the extent the Debtors are relying upon prior testimony wherein Mr. Millenkamp responded to the Debtor's attorney's questions as to vendors identified on the Debtors' Exhibit 1030, not all elements were testified to and not all vendors in the Amended Motion were included in Exhibit 1030. For instance, the fuel claim of $153,779 is not set forth as a § 503(b)(9) claimant on Exhibit 1030, nor is the claimant MicroProteins, Inc. Further the testimony of Mr. Millenkamp was conclusory and hearsay. Notably, no claimant testified as to the validity of the claim or the necessity for earlier payment prior to other creditors of the Estate.

LIMITED OBJECTION TO DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS (Dkt. No. 308). - 7

59797.0007.17253583.4

declaration or affidavit for the Debtors' principal to attest to the fact that the debts at issue were incurred during the § 503(b)(9) period, for goods rather than services, or whether the debts were incurred in the ordinary course of the Debtors' business. Indeed, when counsel for RAF obtained copies of the documentations that the Debtors relied upon to support their § 503(b)(9) claims, it appears that there are many amounts sought that do not fall within the parameters of a § 503(b)(9) claimant. *See* Declaration of Brent Wilson filed in Support of RAF's Limited Objection to Debtors' Amended Motion for Allowance and Payment of Section 503(b)(9) Claims ("**Wilson Decl.**") at ¶ 7.

For instance, the Debtors identify the following as valid Section 503(b)(9) claims:

| Repairs & Maintenance | |
|---|---|
| Automation Werx, LLC | 23,323 |
| Coastline | 8,421 |
| Elevation Electric | 141,370 |
| G.J. Verti-line Pumps, Inc. | 1,345 |
| Les Schwab Tire Center | 1,494 |
| Progressive Dairy Service and Supplies | 59,255 |
| Schow's Auto Parts | 1,307 |
| Tacoma Screw Products, Inc. | 815 |
| The Dairy Solutions Group | 75,742 |

LIMITED OBJECTION TO DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS (Dkt. No. 308). - 8

59797.0007.17253583.4

Yet, in reviewing the invoices, it appears that the majority of the amounts sought under Repairs & Maintenance are for *services* provided by those vendors, or finance charges, *not* goods. Wilson Decl., ¶ 8. For instance, the documents submitted in support of the claim of Progressive Dairy Service and Supplies indicate that at least $52,235.90 of the $59,255 is for services not goods. *Id.* ¶ 9, Ex. A. Similarly, the invoices for The Dairy Solutions also appear to be for "milking services" rather than goods, with at least one $34,477.50 invoice identifying the charges as labor services. *Id.* ¶ 10, Ex. B. Further, the G.J. Verti-line Pumps, Inc. invoice of $1,345 appears to be for finance charges in its entirety. *Id.* ¶ 11, Ex. C. There were also no invoices submitted to support the Les Schwab Tire claim, the Tacoma Screw Products, Inc. claim, or the Conrad & Bischoff, Inc. claim. *Id.* ¶ 12. As to the Debtors' "Other" category, the documents submitted to support the Butte Irrigation, Inc. claim also appear to be largely for finance charges rather than goods:



LIMITED OBJECTION TO DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS (Dkt. No. 308). - 9

*Id.* ¶ 13, Ex. D. As to the "Feed" category, the documents for Carne I Corp., included invoices for March 11th and March 12th, which are outside the requisite twenty-day time period. *Id.* ¶ 14, Ex. E.

Further, it is questionable as to how the § 503(b)(9) claims could escalate to the amount of $5.8 Million in that twenty (20) day period when it was only the Receiver that had the binding authority to address and make payments, which the Receiver has reported were made on a COD basis. Thus, further investigation may be warranted prior to an entry for relief.

In any event, as with the UST Objection, RAF has no objection to the allowance of the administrative priority of valid § 503(b)(9) claims. Nevertheless, at this stage the Debtors' Amended Motion is woefully inadequate and unsupported to purse such claims.

2.   **As Set forth by the UST, the Debtors do not Meet the Elements For Early Payment of Nearly $6MM in Administrative § 503(b)(9) Claims.**

There is no demonstration in the Amended Motion for the Court to conclude that the administrative claimant could repay the amount paid in the event that the amount approved proves to be excessive. In fact, based on the representations in the Amended Motion that these claimants *may* fail without a payment from the Debtors, the implication is that those claimants would not be able to repay any amounts found to be excessive.

Additionally, as considered a factor in *In re Steiny and Co., Inc.*, *supra.,* and explicitly relied upon in *In re MTE Holdings, LLC*, *supra.,* the Debtors have consistently stated their intent to quickly file a plan and to exit bankruptcy promptly. Indeed, that is consistent with the Budget that is the subject of the DIP Financing. If that is the case, the administrative expense claimants should not have to wait long in order for their claims to be paid in full at confirmation.

Further, other creditors may be harmed by this advanced payment. The multiple budgets submitted in this case have drastically swayed and the profitable operation and cash flow of the Debtors' business has been legitimately questioned. Accordingly, there can be no assurances that the payment of nearly $6 million in § 503(b)(9) claims will be the extent of the final administrative amounts requested to be approved by this Court. As such, whether all administrative expenses will be paid in full is neither clear nor settled.

Finally, as noted by the UST, under the current orders by this Court and the cash collateral budget, the Debtors do not have the authorization or resources to pay the proposed § 503(b)(9) claims prior to confirmation. Thus, authorizing payment prior to confirmation, potentially prejudices the Debtors' ability to reorganize and weighs against granting the request for pre-confirmation payment.

## III.
## CONCLUSION

Based on the foregoing, RAF respectfully submits that the Debtors have failed to meet their burden for the Amended Motion and joins in the UST Objection.

| | |
|---|---|
| Dated: June 6, 2024 | HAWLEY TROXELL ENNIS & HAWLEY LLP |
| | |
| | /s/ Brent R. Wilson |
| | _____ |
| | Brent R. Wilson, ISB No. 8936 |
| | Attorneys for Rabo AgriFinance LLC |

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of June, 2024, I electronically filed the foregoing **<u>LIMITED OBJECTION TO DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS (Dkt. No. 308)</u>** with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to those identified in the CM/ECF system for this matter, at the time this document was filed, including the following persons:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Roussell | tirzah.roussell@dentons.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Jon B. Evans | evans.jb@dorsey.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine Patrice Reynard | janine@averylaw.net |
| Sheila Rae Schwager | sschwager@hawleytroxell.com |
| Brent Russel Wilson | bwilson@hawleytroxell.com |
| Zachary Fairlie | zfairlie@spencerfance.com |
| John O'Brien | jobrien@spencerfane.com |
| Gery W. Edson | gedson@gedson.com |
| Aaron Bell | abell@evanskeane.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Faucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| Karen Lloyd | klloyd@grsm.com |
| James Justin May | jjm@johnsonmaylaw.com |
| Rhett Michael Miller | rmiller@magicvalley.law |
| Robert E. Richards | robert.richards@dentons.com |

LIMITED OBJECTION TO DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS (Dkt. No. 308). - 12

59797.0007.17253583.4

| | |
|---|---|
| Holly Roark | holly@roarklawboise.com |
| Evan Thomas Roth | evan@sawtoothlaw.com |
| Meredith Leigh Thielbahr | mthielbahr@grsm.com |
| John F. Kurtz, Jr. | jfk@kurtzlaw.com |
| And any others receiving cm/ecf notices | |

/s/ Brent R. Wilson
Brent R. Wilson