Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
        jjm@johnsonmaylaw.com

Krystal Mikkilineni, PHV
Robert E. Richards, PHV
Tirzah Roussell, PHV
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
        robert.richards@dentons.com
        tirzah.roussell@dentons.com

*Attorneys for the Debtors*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtors. | Case No. 24-40158-NGH |
| Filing relates to:<br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises) |

EX PARTE MOTION FOR ORDER VACATING ORIGINAL BAR DATE AND ESTABLISH
DEADLINE TO FILE PROOFS OF CLAIM - 1

| ☐ Idaho Jersey Girls Jerome Dairy | 24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |
|---|---|

## DEBTORS' *EX PARTE* MOTION FOR ORDER (I) VACATING ORIGINAL BAR DATE AND (II) ESTABLISHING THE DEADLINE TO FILE PROOFS OF CLAIM

Pursuant to sections 105, 501 and 502(b)(9) of Bankruptcy Code, Rules 2002(a)(7), 2002(l), 3002(c)(1), and 3003(c)(3), and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-2 and 3003-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Idaho (the "Local Rules"), the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seek entry of an order (the "Proposed Order") substantially in the form attached hereto as **Exhibit A**: (i) establishing (a) the general bar date (the "General Bar Date") by which all persons and entities, except as otherwise provided therein, must file proofs of claim in these Chapter 11 Cases asserting a claim against any of the Debtors that arose prior to April 2, 2024 (the "Petition Date"), (b) the date by which persons and entities must file proofs of claim relating to the Debtors' rejection of executory contracts or unexpired leases in these Chapter 11 Cases (the "Rejection Bar Date"), (c) the date by which persons and entities must file proofs of claim in these Chapter 11 Cases as a result of the Debtors' amendment, if any, to their schedules of assets and liabilities (the "Schedules") in these Chapter 11 Cases (the "Amended Schedules Bar Date" and, collectively with the General Bar Date, and the Rejection Bar Date, the "Bar Dates"); (ii) approving the form and manner of notice of the Bar Dates; and (iii) vacating the Original Bar Date (as defined below).

In support of this Motion, the Debtors respectfully represent as follows in support of this motion (the "Motion"):

## JURISDICTION AND VENUE

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

On the Petition Date, each of the Debtors filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On April 8, 2024, the Clerk of the Court filed the *Notice of Chapter 11 Bankruptcy Case* (Dkt. No. 133), establishing June 11, 2024 as the deadline for non-governmental creditors to file proofs of claim against the Debtors (the "Original Bar Date") and September 30, 2024 as the deadline for governmental units to file proofs of claim against the Debtors.

On April 16, 2024, the Court entered an order approving the joint administration of the Chapter 11 Cases, which are now being jointly administered under the lead case of Millenkamp Cattle, Inc., Case No. 24-40158. (Dkt. No. 184).

On May 14, 2024, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee"). (Dkt. No. 297). No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

## RELIEF REQUESTED

The Debtors have been made aware that some creditors are unaware of the Original Bar Date set for June 11, 2024. Out of an abundance of caution and to ensure the expeditious resolution of the Chapter 11 Cases, pursuant to Bankruptcy Code sections 105, 501, 502(b)(9), Bankruptcy Rules 2002(a)(7), 2002(l), 3002(c)(1), and 3003(c)(3), and 9008, and Local Rules 2002-2 and

3003-1, the Debtors request entry of an order (i) establishing the Bar Dates and related claims procedures proposed herein; (ii) approving the form and manner of notice thereof; and (iii) vacating the Original Bar Date.

### A.    Establishment of Bar Dates.

Bankruptcy Rule 3003(c)(3) provides that the Court "shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." *See* Fed. R. Bankr. P. 3003(c)(3). Section 105(a) of the Bankruptcy Code authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, the Court has authority to grant the relief requested. The Bar Dates and notice procedures set forth in this Motion will provide all creditors notice of the claims bar date and ample time to file proofs of claim, and allow the Debtors to efficiently effectuate a plan of reorganization.

### 1.    General Bar Date.

Following the date that an order is entered approving this motion and establishing the Bar Dates (the "Bar Date Order"), the Debtors will serve: (i) a notice of Bar Dates (the "Bar Date Notice") in the form attached to the Proposed Order as **Exhibit 1** upon all known persons and entities holding potential claims subject to the Bar Dates.

The Debtors propose that the Court establish the General Bar Date as July 31, 2024. Except as otherwise provided herein, the General Bar Date will apply to all claims of any kind that arose prior to the Petition Date.

### 2.    Rejection Bar Date.

The Debtors anticipate that certain persons and entities may assert claims in connection with the Debtors' rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code.  The Debtors propose that, for any such claim (a "Rejection Damages

Claim") relating to a Debtor's rejection of an executory contract or unexpired lease pursuant to a Court order authorizing such rejection (a "Rejection Order"), prior to confirmation of the applicable Debtor's plan of reorganization, the Rejection Bar Date for such a claim will be the later of: (i) the General Bar Date; and (ii) 30 days after the entry of the applicable Rejection Order.

### 3. Amended Schedules Bar Date.

The Debtors may subsequently amend or supplement the Schedules, including to designate any scheduled claim as disputed, contingent, or unliquidated. If the Debtors subsequently amend or supplement the Schedules, the Debtors propose that they will give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules. In particular, if a Debtor amends or supplements its Schedules to reduce the undisputed, noncontingent, and liquidated amount, to change the nature or classification of a claim against such Debtor or to add a new claim in the Schedules, the Debtors propose that any affected persons or entities that dispute such changes should be required, by the Amended Schedules Bar Date, to file a proof of claim or amend any previously filed proof of claim in accordance with the procedures described herein. The Debtors propose that the Amended Schedules Bar Date be established as the later of: (a) the General Bar Date; and (b) 30 days after the date that the notice of the applicable amendment or supplement to the Schedules is served on the person or entity. Notwithstanding the foregoing, the Debtors reserve the right to object to any claim, whether scheduled or filed, on any grounds.

B.    **Proposed Proof of Claim Procedures.**

1.    **Claims that Must be Filed by the General Bar Date.**

Subject to the terms described above for holders of claims subject to the Rejection Bar Date and the Amended Schedules Bar Date, the Debtors propose that the following persons and entities be required to file proofs of claim on or before the General Bar Date:

a.    any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed," if such person or entity desires to share in any distribution or vote on any plan of liquidation in these Chapter 11 Cases;

b.    any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

c.    any person or entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules.

2.    **Proofs of Claim Not Required to Be Filed By the General Bar Date.**

The Debtors propose that the following persons and entities, whose claims otherwise would be subject to the General Bar Date need not file proofs of claim:

a.    any person or entity that already has filed a signed proof of claim against the applicable Debtor(s);

b.    any person or entity whose claim is listed on the Schedules if:  (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated," (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any person or entity whose claim: (a) has previously been allowed by order of the Court, (b) has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court, or (c) is subject to a separate deadline pursuant to an order of the Court;

d.    any Debtor having a claim (or any transferee for security of any such Debtor that has a claim) against another Debtor; and

EX PARTE MOTION FOR ORDER VACATING ORIGINAL BAR DATE AND ESTABLISH
DEADLINE TO FILE PROOFS OF CLAIM - 6

e.    any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest.

**C.    Requirements for Preparing and Filing Proofs of Claim.**

With respect to preparing and filing of a proof of claim, the Debtors propose that the Court require each proof of claim be consistent with the following:

a.    Contents.  Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; and (iii) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.    Identification of the Debtor Entity.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.

c.    Supporting Documentation.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available.

d.    Timely Service.  Each proof of claim must be filed with supporting documentation with the Bankruptcy Court.

**D.    Consequences of Failure to File a Proof of Claim Form.**

Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that persons or entities required to file a Proof of Claim that fail to properly file a Proof of Claim Form by the applicable Bar Date, be forever barred, estopped and enjoined from:  (i) asserting any prepetition claim against the Debtors that such person or entity may possess and that (a) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such person or entity as undisputed, noncontingent, and liquidated or (b) is of a different nature, classification, or priority than any claim identified in the Schedules on behalf of such person or entity (any such claim under this subparagraph (i) being referred to herein as an "Unscheduled Claim"); and (ii) voting upon,

or receiving distributions under, any chapter 11 plan in these cases in respect of an Unscheduled Claim.

      **E.**      **Proposed Procedures for Providing Notice of and Filing**
                       **Proofs of Claim.**

The Debtors propose the following procedures for providing notice of the Bar Dates and for filing proofs of claim. The Debtors propose to serve on all known persons and entities holding potential prepetition claims the Bar Date Notice.

As soon as practicable but no later than five (5) business days after the entry of the a Bar Date Order, the Debtors intend to mail the Bar Date Notice by first-class United States mail, postage prepaid (or equivalent service), to: (a) all holders of claims or potential claims listed in the Schedules; (b) the U.S. Trustee; (c) counsel to the Committee; (d) all individuals or entities that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Date Order; (e) all counterparties to executory contracts and unexpired leases of the Debtors listed in the Schedules; (f) all parties to litigation with the Debtors; (g) the Internal Revenue Service and all other taxing authorities for the jurisdictions in which the Debtors conduct business; (h) all relevant state attorneys general; (i) all holders of record of any interests in any of the Debtors as of the date of the Bar Date Order; (j) all other persons and entities listed on the Debtors' respective matrices of creditors and (k) counsel to any of the foregoing, if known.

      **F.**      **Publication of Bar Date Notice.**

In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to mailing the Bar Date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication. In accordance with Bankruptcy Rule 2002(l), the Debtors propose to publish the Bar Date Notice, modified for publication in substantially the form attached as **Exhibit 2** to the Proposed Order (the "Publication Notice"), on one occasion in the

EX PARTE MOTION FOR ORDER VACATING ORIGINAL BAR DATE AND ESTABLISH
DEADLINE TO FILE PROOFS OF CLAIM - 8

national edition of *USA Today* and in the *Idaho Statesman* no later than 21 days prior to the General Bar Date.

As a result of all of these procedures and efforts, claimants will have or should have the information necessary to be able to file claims in these cases.

## BASIS FOR RELIEF REQUESTED

**I.     The Court should Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in these Chapter 11 Cases.**

Claims bar dates play an essential role in the two important goals of bankruptcy— preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). A fixed claims bar date also allows debtors and parties in interest to expeditiously determine and evaluate the liabilities of debtors' estates. Although the Court has set a General Claims Bar date of June 11, 2024 pursuant to Local Bankruptcy Rule 3003-1, the additional time and notice procedures requested will provide ample time for all creditors to receive notice of the bar date and submit claims. The proposed notice procedures set forth herein will alleviate any concern that creditors may not have received the notice issued by the Court.

The procedures proposed herein provide creditors with ample notice and a clear process for filing proofs of claim in a manner that achieves administrative and judicial efficiency.  Indeed, the proposed procedures outlined herein will provide comprehensive notice and clear instructions to creditors, and allow these Chapter 11 Cases to move forward quickly with a minimum of administrative expense and delay.[1]

---

[1] Additionally the Committee has informed the Debtors that it supports approval of the relief sought herein.

The Debtors' proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective proofs of claim or multiple proofs of claim that would cause expense and delay in the claims process for all parties. The proposed procedures outlined herein are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for Amended Schedules Bar Dates and for situations in which a creditor's claim status may change during these Chapter 11 Cases (such as in the event of executory contract rejections).

II.     **The Proposed Notice Procedures Are Reasonable, Appropriate,
        and Should be Approved.**

The Debtors respectfully submit that the notice procedures outlined herein regarding the Bar Dates are reasonable and appropriate and should be approved. In conjunction with setting deadlines to file proofs of claim, the Debtors must give appropriate notice to interested parties. Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least 21 days' notice by mail of the Bar Date Order that the Court sets pursuant to Bankruptcy Rule 3003(c). Here, all of the proposed Bar Dates exceed this threshold and provide more than sufficient time for noticing the Debtors' known and unknown creditors. Additionally, the proposed procedures for service of the Bar Date Order are appropriate.

To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *Chemetron Corp. v. Jones*, 72 F.3d 341, 345–46 (3d Cir. 1995). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* at 346 (citing *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983). But this does not require the debtor to engage in "impracticable and extended

searches . . . in the name of due process." *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317–18 (1950). Rather, the required search is limited to a debtor's "books and records." *See Chemetron*, 72 F.3d at 347. An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Id.* at 346 (citing *Mullane*, 339 U.S. at 317).

The Debtors propose to mail the Bar Date Notice to their known creditors, identifiable by the Debtors from their books and records, but must rely on publication to give notice to any unknown creditors. This procedure is consistent with constitutional due process and applicable bankruptcy law. *See* Fed. R. Bankr. P. 2002(1), 9008; *see also Mullane*, 339 U.S. at 317; *Chemetron*, 72 F.3d at 345-46 (3d Cir. 1995). As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar [] date." 72 F.3d at 346. For unknown creditors, however, "notification by publication will generally suffice." *Id.* (citations omitted). Bankruptcy Rule 2002(l) also provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice, and Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

The Debtors submit that the relief requested herein provides for clear and timely notice of the Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. Specifically, to the extent the General Bar Date is established, as proposed (*i.e.*, July 31, 2024), the Debtors intend to: (a) cause the Bar Date Notice to be mailed to all known creditors within five business days after entry of the Bar Date Order; and (b) cause the Publication Notice to be published by a date that is at least 21 days prior to the General Bar Date. Thus, by establishing the General Bar Date in accordance with the provisions

EX PARTE MOTION FOR ORDER VACATING ORIGINAL BAR DATE AND ESTABLISH
DEADLINE TO FILE PROOFS OF CLAIM - 11

hereof, all known claimants will have in excess of 21 days actual notice and unknown or

unreachable claimants will have at least 21 days of constructive notice of the Bar Dates for filing

Proofs of Claim, thereby satisfying Bankruptcy Rule 2002(a)(7).

Moreover, in the event the Debtors file a previously unfiled Schedule, amend or

supplement the Schedules subsequent to the date on which the Debtors serve the Amended

Schedules Bar Date Notice, the Debtors shall give notice of any filing, amendment or supplement

to the holders of affected claims whereby such holders will have no less than 30 days from the

notice date to file Proofs of Claim with respect to their claims.  Finally, to the extent any parties

assert claims resulting from the rejection of an executory contract or unexpired nonresidential

lease, the person or entity shall be entitled to file a proof of claim until the later of:  (i) the General

Bar Date; and (ii) 30 days after the entry of the applicable Rejection Order.

The procedures and notice periods described herein afford creditors ample opportunity to

file proofs of claim while, at the same time, ensuring that the Debtors can achieve certainty with

respect to their liabilities in a timely manner.  Accordingly, the Debtors respectfully submit that

the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the

circumstances, inure to the benefit of all parties in interest, and should be approved.  In fact, the

entry of orders granting relief similar is routinely approved in chapter 11 cases.  *See, e.g.*, *In iCap*

*Enters., Inc.*, No. 23-01243 (Bankr. W.D. Wa. May 24, 2024) (Dkt. No. 929) (granting debtors'

*ex parte* motion to set claims bar date after vacating bar date set by the clerk); *In re JCK Hotels,*

*LLC*, 2011 WL 6823181 (Bankr. S.D. Cal. Dec. 20, 2011) (granting debtor's *ex parte* motion to

set claims bar date); *In re Cocopah Nurseries of Arizona, Inc.*, 2012 WL 4921271 (Bankr. D. Ariz.

Oct. 15, 2012) (granting debtors' *ex parte* motion to set claims bar date); *In re Cal Dive Int'l, Inc.*

(Bankr. D. Del. June 22, 2015) [D.I. 425] (approving bar date motion); *In re Suntech Am., Inc.*,

No. 15-10054 (CSS) (Bankr. D. Del. Feb. 5, 2018) [D.I. 86] (approving bar date motion).

## **NOTICE**

The Debtors intend to mail the Bar Date Notice and Proof of Claim Form by first-class

United States mail, postage prepaid (or equivalent service), to:  (a) all holders of claims or potential

claims listed in the Schedules; (b) the U.S. Trustee; (c) counsel to the Committee; (d) all

individuals or entities that have requested notice in these cases pursuant to Bankruptcy Rule 2002

as of the date of the entry of the Bar Date Order; (e) all counterparties to executory contracts and

unexpired leases of the Debtors listed in the Schedules; (f) all parties to litigation with the Debtors;

(g) the Internal Revenue Service and all other taxing authorities for the jurisdictions in which the

Debtors conduct business; (h) all holders of record of any Interests in any of the Debtors as of the

date of the Bar Date Order; (i) all other persons and entities listed on the Debtors' respective

matrices of creditors and (j) counsel to any of the foregoing, if known and not receiving a copy via

CM/ECF electronic notice.

WHEREFORE, the Debtors respectfully request: that the Court enter an order substantially

in the form of the Proposed Order attached hereto as **Exhibit A**: (i) establishing the Bar Dates; (ii)

approving the form and manner of notice of the Bar Dates; and (iii) vacating the Original Bar Date.

Respectfully submitted,

*/s/ Krystal Mikkilineni*
Krystal R. Mikkilineni

*/s/ Matt Christensen*
Matthew T. Christensen

*Attorneys for Debtors*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtors. | Case No. 24-40158-NGH |
| Filing relates to:<br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

**ORDER (I) VACATING ORIGINAL BAR DATE AND**
**(II) ESTABLISHING THE DEADLINE TO FILE PROOFS OF CLAIM**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Bar Date Order") pursuant to Bankruptcy

Code sections 105, 501, 502(b)(9), Bankruptcy Rules 2002(a)(7), 2002(l), 3002(c)(1), and

3003(c)(3), and 9008, and Local Rules 2002-2 and 3003-1:  (i) establishing (a) the general bar date

(the "General Bar Date") by which all persons and entities, except as otherwise provided herein,

must file proofs of claim in these Chapter 11 Cases asserting a claim against any of the Debtors

that arose prior to April 2, 2024, (b) the date by which persons and entities must file proofs of

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

claim relating to the Debtors' rejection of executory contracts or unexpired leases in these Chapter 11 Cases (the "Rejection Bar Date"), (c) the date by which persons and entities must file proofs of claim in these Chapter 11 Cases as a result of the Debtors' amendment, if any, to their schedules of assets and liabilities (the "Schedules") in these Chapter 11 Cases (the "Amended Schedules Bar Date" and, collectively with the General Bar Date, and the Rejection Bar Date, the "Bar Dates"); (ii) approving the form and manner of notice of the Bar Dates; and (iii) vacating the Original Bar Date; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The previous non-governmental claims bar date is vacated.

3.      The forms of the Bar Date Notice and the Publication Notice, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects.  The form and manner of notice of the Bar Dates approved herein satisfy the notice requirements of the Bankruptcy Code and the Bankruptcy Rules.  As such, the Debtors are authorized to serve the Bar Date Notice in the manner described herein.

EX PARTE MOTION FOR ORDER VACATING ORIGINAL BAR DATE AND ESTABLISH DEADLINE TO FILE PROOFS OF CLAIM - 17

a.    The General Bar Date.  Pursuant to this Bar Date Order, except as described below, all persons and entities holding claims (whether secured, unsecured, priority or unsecured nonpriority) against the Debtors that arose before April 2, 2024 (the "Petition Date") must file proofs of claim by July 31, 2024 (the "General Bar Date").

b.    The Rejection Bar Date.  Any person or entity whose claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan in the applicable Debtor's Chapter 11 Case, must file a proof of claim on or before the later of:  (i) the General Bar Date; and (ii) 30 days after the entry of the order providing for the rejection of such executory contract or unexpired lease. The later of these dates is referred to in this order as the "Rejection Bar Date."

c.    The Amended Schedules Bar Date.  If, subsequent to the mailing date of the Bar Date Notice, a Debtor amends or supplements its Schedules of Assets and Liabilities (the "Schedules") to reduce the undisputed, noncontingent, and liquidated amount or to change the nature or classification of a claim against a Debtor reflected therein, any affected persons or entities that dispute such changes are required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of:  (i) the General Bar Date; and (ii) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant.  The later of these dates is referred to in this order as the "Amended Schedule Bar Date."

4.    Subject to terms described in this Bar Date Order for holders of claims subject to Rejection Bar Date and the Amended Schedules Bar Date, the following persons and entities must file proofs of claim on or before the General Bar Date:

a.    any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed," if such person or entity desires to share in any distribution or vote on any plan of liquidation in these Chapter 11 Cases;

b.    any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

c.    any person or entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules.

5.      The following persons and entities whose claims otherwise would be subject to the

General Bar Date need not file proofs of claim:

     a.      any person or entity that already has filed a signed proof of claim against
the applicable Debtor(s);

     b.      any person or entity whose claim is listed on the Schedules if:  (i) the claim
is not scheduled as any of "disputed," "contingent," or "unliquidated," (ii)
such person or entity agrees with the amount, nature, and priority of the
claim as set forth in the Schedules, and (iii) such person or entity does not
dispute that its claim is an obligation only of the specific Debtor against
which the claim is listed in the Schedules;

     c.      any person or entity whose claim: (a) has previously been allowed by order
of the Court, (b) has been paid in full by the Debtors pursuant to the
Bankruptcy Code or in accordance with an order of the Court, or (c) is
subject to a separate deadline pursuant to an order of the Court;

     d.      any Debtor having a claim (or any transferee for security of any such Debtor
that has a claim) against another Debtor; and

     e.      any holder of an equity interest in the Debtors need not file a proof of
interest with respect to the ownership of such equity interest.

6.      The following procedures for the filing of a Proof of Claim Form shall apply:

     a.      <u>Contents</u>.  Each proof of claim must: (i) be written in English; (ii) include a
claim amount denominated in United States dollars; and (iii) be signed by
the claimant or by an authorized agent or legal representative of the
claimant.

     b.      <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly
identify the Debtor against which a claim is asserted, including the
individual Debtor's case number.

     c.      <u>Supporting Documentation</u>.  Each proof of claim must include supporting
documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).
If, however, such documentation is voluminous, such proof of claim may
include a summary of such documentation or an explanation as to why such
documentation is not available.

     d.      <u>Timely Service</u>.  Each proof of claim must be filed with supporting
documentation, either by hand delivery, courier service, first-class mail,
overnight mail, or by delivering electronically.

7.      The Debtors shall retain the right to: (a) dispute, or assert offsets or defenses against, any filed proofs of claim, or any claim listed or reflected in the Schedules, as to nature, amount, liability, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules.  If the Debtors subsequently amend or supplement the Schedules, the Debtors shall give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.

8.      In particular, if a Debtor amends or supplements its Schedules to reduce the undisputed, noncontingent, and liquidated amount, to change the nature or classification of a claim against the Debtor or to add a new claim in the Schedules, any affected entities that dispute such changes must file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein by the Amended Schedules Bar Date.  Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

9.      Entities that are required to file a Proof of Claim and fail to properly file a Proof of Claim Form by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (i) asserting any prepetition claim against the Debtors that such person or entity may possess and that (a) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such person or entity as undisputed, noncontingent and liquidated or (b) is of a different nature, classification or priority than any claim identified in the Schedules on behalf of such person or entity (any such claim under this subparagraph (i) being referred to herein as an "Unscheduled

Claim"); and (ii) voting upon, or receiving distributions under, any chapter 11 plan in these cases in respect of an Unscheduled Claim.

10.     No later than five business days after the entry of this Bar Date Order, the Debtors shall serve the Bar Date Notice substantially in the form attached hereto as **Exhibit 1** by first-class mail, postage prepaid (or equivalent service), on:

  a.     all holders of claims or potential claims listed in the Schedules;

  b.     all individuals or entities that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of this Bar Date Order;

  c.     all counterparties to executory contracts and unexpired leases of the Debtors listed in the Schedules;

  d.     parties to litigation with the Debtors

  e.     all holders of record of any interests in any of the Debtors as of the date of the Bar Date Order (although copies of the Proof of Claim Form will not be provided to them);

  f.     all other entities listed on the Debtors' respective matrices of creditors; and

  g.     counsel to any of the foregoing, if known and not receiving this order via CM/ECF electronic notice.

11.     Pursuant to Bankruptcy Rule 2002(l) and 9008, the Debtors shall publish notice of the Bar Dates substantially in the form attached hereto as **Exhibit 2** (the "Publication Notice") on one occasion in the national edition of *USA Today* and in the *Idaho Statesman* as a means to provide notice of the Bar Dates to such unknown potential claimants.  The Debtors will cause such publication to occur no later than seven days after serving the Bar Date Notice Package.

12.     For the avoidance of doubt, nothing in this order affects the governmental bar date which was previously established as September 30, 2024.

13.     The Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order.

EX PARTE MOTION FOR ORDER VACATING ORIGINAL BAR DATE AND ESTABLISH
DEADLINE TO FILE PROOFS OF CLAIM - 21

14.     The entry of this Bar Date Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file proofs of claim or interest.

//end of text//

**<u>Exhibit 1 to Proposed Order</u>**

**Form of Bar Date Notice**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>                  Debtors. | Case No. 24-40158-NGH |
| Filing relates to:<br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

**TO:    ALL KNOWN CREDITORS OF THE FOLLOWING ABOVE-CAPTIONED DEBTOR ENTITIES (COLLECTIVELY, THE "<u>DEBTORS</u>")**

On [___], 2024, the United States Bankruptcy Court for the District of Idaho (the "<u>Court</u>") entered an order (the "<u>Bar Date Order</u>") in the Debtors' above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>") establishing certain claims bar dates.

As used in this notice, the term "claim" means, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code:  (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## <u>THE BAR DATES</u>

The Bar Date Order establishes the following bar dates for filing claims in these cases (the collectively, the "<u>Bar Dates</u>"):

EX PARTE MOTION FOR ORDER VACATING ORIGINAL BAR DATE AND ESTABLISH
DEADLINE TO FILE PROOFS OF CLAIM - 24

The General Bar Date.  Pursuant to the Bar Date Order, except as described below, all persons or entities holding claims (whether secured, unsecured, priority or unsecured nonpriority) against the Debtors that arose before April 2, 2024 (the "Petition Date") must file proofs of claim by July 31, 2024 (the "General Bar Date").

The Rejection Bar Date.  Any person or entity whose claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan in the applicable Debtor's Chapter 11 Case, must file a proof of claim on or before the later of:  (i) the General Bar Date; and (ii) 30 days after the entry of the order providing for the rejection of such executory contract or unexpired lease.  The later of these dates is referred to in this notice as the "Rejection Bar Date."

The Amended Schedules Bar Date.  If, subsequent to the mailing date of this notice, a Debtor amends or supplements its Schedules of Assets and Liabilities (the "Schedules") to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a claim against a Debtor reflected therein, any affected persons or entities that dispute such changes are required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of:  (i) the General Bar Date; and (ii) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant. The later of these dates is referred to in this notice as the "Amended Schedule Bar Date."

## FILING CLAIMS

### 1.    WHO MUST FILE

Subject to terms described above for holders of claims subject to the Rejection Bar Date and the Amended Schedules Bar Date, the following entities must file proofs of claim, on or before the General Bar Date:

a.    any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed," if such person or entity desires to share in any distribution or vote on any plan of liquidation in these Chapter 11 Cases;

b.    any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

c.    any person or entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules.

2.    **FILING REQUIREMENTS**

Parties asserting claims against the Debtors that arose before the Petition Date, must use Official Form 410–Proof of Claim which may be obtained at https://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0. Parties asserting claims may also file their claim electronically at https://ecf.idb.uscourts.gov/cgi-bin/autoFilingClaims.pl.

Each Proof of Claim shall comply with the below requirements:

    a.   Contents.  Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; and (iii) be signed by the claimant or by an authorized agent or legal representative of the claimant.

    b.   Identification of the Debtor Entity.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.

    c.   Supporting Documentation.   Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available.

    d.   Timely Service.  Each proof of claim must be filed with supporting documentation, either by hand delivery, courier service, first-class mail, overnight mail, or by delivering electronically.

4.    **PERSONS AND ENTITIES NOT REQUIRED TO FILE A CLAIM**

The Bar Date Order further provides that the following persons and entities, whose claims otherwise would be subject to the General Bar Date need not file claims in these cases:

    a.   any person or entity that already has filed a signed proof of claim against the applicable Debtor(s);

    b.   any person or entity whose claim is listed on the Schedules if:  (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated," (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

    c.   any person or entity whose claim: (a) has previously been allowed by order of the Court, (b) has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court, or (c) is subject to a separate deadline pursuant to an order of the Court;

EX PARTE MOTION FOR ORDER VACATING ORIGINAL BAR DATE AND ESTABLISH
DEADLINE TO FILE PROOFS OF CLAIM - 26

d.      any Debtor having a claim (or any transferee for security of any such Debtor that has a claim) against another Debtor; and

e.      any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest; <u>provided</u>, <u>however</u>, that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the applicable Bar Date pursuant to procedures set forth herein.

## <u>CONSEQUENCES FOR FAILURE TO FILE A CLAIM</u>

Pursuant to Bankruptcy Rule 3003(c)(2), persons or entities that fail to properly file a Proof of Claim Form by the applicable Bar Date (provided they were required to file a Proof of Claim), will be forever barred, estopped and enjoined from:  (i) asserting any prepetition claim against the Debtors that such person or entity may possess and that (a) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such person or entity as undisputed, noncontingent and liquidated or (b) is of a different nature, classification or priority than any claim identified in the Schedules on behalf of such person or entity (any such claim under this subparagraph (i) being referred to herein as an "<u>Unscheduled Claim</u>"); and (ii) voting upon, or receiving distributions under, any chapter 11 plan in these cases in respect of an Unscheduled Claim.

The Debtors cannot advise you how to file, or whether you should file, a claim.  You may wish to consult an attorney regarding this matter.

Dated: _____, 2024

**Exhibit 2 to Proposed Order**

**Publication Notice**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtors. | Case No. 24-40158-NGH |
| Filing relates to:<br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

**TO:     ANY CREDITORS OF THE FOLLOWING ABOVE-CAPTIONED DEBTOR
ENTITIES (COLLECTIVELY, THE "DEBTORS")**

On [___], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bar Date Order") in the Debtors' above-captioned chapter 11 cases (the "Chapter 11 Cases") establishing certain claims bar dates.

**THE BAR DATES**

**The Bar Date Order establishes the following bar dates for filing claims in these cases (the collectively, the "Bar Dates"):**

a.  The General Bar Date.  Pursuant to the Bar Date Order, except as described below, all persons or entities holding claims (whether secured, unsecured, priority, or unsecured nonpriority) against the Debtors that arose before April 2, 2024 (the "Petition Date") must file proofs of claim by July 31, 2024 (the "General Bar Date").

b.  The Rejection Bar Date.  Any person or entity whose claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan in the

applicable Debtor's Chapter 11 Case, must file a proof of claim on or before the later of: (i) the General Bar Date; and (ii) 30 days after the entry of the order providing for the rejection of such executory contract or unexpired lease. The later of these dates is referred to in this notice as the "Rejection Bar Date."

c. The Amended Schedules Bar Date. If, subsequent to the mailing date of this notice, a Debtor amends or supplements its Schedules of Assets and Liabilities (the "Schedules") to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a claim against a Debtor reflected therein, any affected persons or entities that dispute such changes are required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of: (i) the General Bar Date; and (ii) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant. The later of these dates is referred to in this notice as the "Amended Schedule Bar Date."

## FILING CLAIMS

**Subject to terms described above for holders of claims subject to the Rejection Bar Date and the Amended Schedules Bar Date, the following entities must file proofs of claim, on or before the General Bar Date:**

a. any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed," if such person or entity desires to share in any distribution or vote on any plan of liquidation in these Chapter 11 Cases;

b. any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

c. any person or entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules.

Parties asserting claims against the Debtors that arose before the Petition Date must use Official Form 410–Proof of Claim which may be obtained at https://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0. Parties asserting claims may also file their claim electronically at https://ecf.idb.uscourts.gov/cgi-bin/autoFilingClaims.pl.

## CONSEQUENCES FOR FAILURE TO FILE A CLAIM

Pursuant to Bankruptcy Rule 3003(c)(2), persons or entities that fail to properly file a Proof of Claim Form by the applicable Bar Date (provided they were required to file a Proof of Claim), will be forever barred, estopped and enjoined from: (i) asserting any prepetition claim against the Debtors that such person or entity may possess and that (a) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such person or entity as undisputed, noncontingent and liquidated or (b) is of a different nature, classification or priority than any claim identified in the Schedules on behalf of such person or entity (any such claim under this

subparagraph (i) being referred to herein as an "<u>Unscheduled Claim</u>"); and (ii) voting upon, or receiving distributions under, any chapter 11 plan in these cases in respect of an Unscheduled Claim.

 The Debtors cannot advise you how to file, or whether you should file, a claim.  You may wish to consult an attorney regarding this matter.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE.**