Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
        jjm@johnsonmaylaw.com


Krystal Mikkilineni, *PHV*
Robert E. Richards, *PHV*
Tirzah Roussell, *PHV*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
        robert.richards@dentons.com
        tirzah.roussell@dentons.com

Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br><br>☐ Idaho Jersey Girls<br><br>☐ East Valley Cattle | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch) |

#3997997

☐  Millenkamp Properties

☐  Millenkamp Properties II

☐  Millenkamp Family

☐  Goose Ranch

☐  Black Pine Cattle

☐  Millenkamp Enterprises

☐  Idaho Jersey Girls Jerome Dairy

24-40166-NGH (Black Pine Cattle)
24-40167-NGH (Millenkamp Enterprises)
24-40165-NGH (Idaho Jersey Girls Jerome
Dairy)

Chapter 11 Cases

## DEBTORS' MOTION FOR AUTHORITY TO ADVANCE ON THE DIP FACILITY

Millenkamp Cattle, Inc. ("Millenkamp Cattle") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Case"), by and through their undersigned counsel, hereby respectfully request the Court enter an order authorizing the Debtors to advance on the DIP Facility (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

### JURISDICTION

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is also proper under 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

3.      On April 2, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for District of Idaho (the "Court") commencing the Chapter 11 Cases.  The Debtors have continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

4.      No trustee or examiner has been appointed in the Chapter 11 cases.

5.      On May 14, 2024, the Office of the United States Trustee (the "UST") appointed an official committee of unsecured creditors pursuant to 11 U.S.C. § 1102(a) (the "Committee") (Docket No. 297).

6.      On April 2, 2024, the Debtors filed a motion seeking entry of an order authorizing the Debtors to enter into a senior secured, superpriority debtor-in-possession financing facility with Sandton Capital Solutions Master Fund VI, LP (the "DIP Lender") in an aggregate principal amount of not more than $45 million (the "DIP Motion.") (Docket No. 24).

7.      On April 19, 2024, the Court entered an order authorizing the Debtors, on an interim basis, to enter into the DIP Facility, up to $8.5 million during the interim period (the "Interim DIP Order") (Docket No. 206).

8.      On May 9th and 10th, the Court held a final hearing on Debtors' DIP Motion (the "Hearing"). At the Hearing, the Court issued an oral ruling regarding the DIP Motion.

9.      On May 17, 2024, the Court entered the final DIP Order (the "Final DIP Order") (Docket No. 305), authorizing the Debtors to enter into the DIP Facility[1], which provides that the Debtors' may borrow an aggregate principal amount of $45 million under the DIP Facility, in accordance with the terms of the Final DIP Order and the DIP Facility.

10.     Pursuant to the Final DIP Order, the Debtors were initially authorized to draw an additional $10 million under the DIP Facility.  The Final DIP Order provides that "[t]o access additional funds under the DIP Facility, the Debtors are required to obtain an additional order from the Court authorizing the future advances on the $45 million DIP Facility." The Final DIP Order further held that:

---

[1] Capitalized terms used, but not otherwise defined in this Motion, shall have the meaning ascribed to such terms in the Final DIP Order, DIP Motion, Interim Order, and/or DIP Facility.

DEBTORS' MOTION FOR AUTHORITY TO ADVANCE ON THE DIP FACILITY- 3 -

the Debtors are required to (i) move the Court for entry of an order authorizing such future

advances with notice and opportunity to be heard by other parties in interest, specifically including

the Pre-Petition Secured Lenders, any Committee, and the United States Trustee, and (ii) justify

the need for any such future advances. *See* Final DIP Order ¶ 2(b).

## RELIEF REQUESTED

11.     By this Motion, the Debtors respectfully request this Court authorize the Debtors

to draw an additional $15 million under the DIP Facility, including (i) an immediate draw of $10

million, and (ii) an additional $5 million draw by mid-July. The Debtors are requesting two

separate draws to avoid the incurrence of additional interest and fees on the funds.

12.     Pursuant to the Debtors' budget and operating needs, the Debtors are requesting

such draw in order to pay their expenses and maintain a positive cash flow through August 11,

2024.

13.     In particular, the additional draw is needed for the Debtors to pay the 503(b)(9)

Claimants as requested in the *Amended Motion for Allowance and Payment of Section 503(b)(9)*

*Claims* filed on May 20, 2024 (the "503(b)(9) Motion") (Docket No. 308). As noted in the

503(b)(9) Motion, the payment of the 503(b)(9) Claims as requested in the 503(b)(9) Motion is

vital to the Debtors' business operations as the 503(b)(9) Claimants supply essential goods such

as feed, vet medicine, chemicals, semen and irrigation. Any interruption of the flow of these goods

and supplies would be highly disruptive and detrimental to the operations and could be value-

destructive for the Debtors' business.

14.     The Debtors further need the additional draw in order to make pre-payments to

silage and hay/straw vendors for future deliveries. The Debtors are filing simultaneously with this

Motion, a *Motion for Authority to Pre-Pay Certain Silage and Hay/Straw Vendors for Future*

*Deliveries* (the "Deposit Motion"). In the Deposit Motion, the Debtors note the importance and criticalness of those pre-payments to the Debtors' operations. As summarized in the Deposit Motion, hay and straw are necessary to feed the cattle and to line the various pens and other facilities to assist with cleanup after the cattle.  Additionally, a main ingredient that supports milk production from the dairy cows is corn silage.  Without the corn silage, the milk supply from the dairy cattle will be drastically reduced, as will the quality of the milk that it supplied (thus affecting operations in both ways—decreased production and decreased quality), thereby resulting in decreased revenue.  Without sufficient corn silage, the cattle would also be in danger of dying.

15.     As such, the absence of the availability of the additional advance as requested in this Motion would be detrimental to the Debtors' operations and result in immediate and irreparable harm to the Debtors, their estates, and their creditors.

## NOTICE OF INTENT TO PRESENT EVIDENCE

16.     A hearing has been set on this Motion for June 20, 2024.  Pursuant to Local Bankr. Rule 9014-1, the Debtors provide notice that they intend to produce evidence through witnesses and documents at that hearing.

**WHEREFORE**, based upon the foregoing, the Debtors respectfully request entry of an order authorizing the Debtors to draw an addition $15 million under the DIP Facility as requested in this Motion, and granting such other and further relief as may be just and equitable under the circumstances.

DEBTORS' MOTION FOR AUTHORITY TO ADVANCE ON THE DIP FACILITY- 5 -

Respectfully submitted,


 /s/ Krystal R. Mikkilineni
Krystal R. Mikkilineni

/s/ Matt Christensen
Matthew T. Christensen

Attorneys for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June 2024, I caused to be served a true and correct copy of the foregoing document electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Roussell | Tirzah.rousell@dentons.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Gery W. Edson | gedson@gedson.com |
| J.B. Evans | evans.jb@dorsey.com |
| Zachary Fairlie | zfairlie@spencerfane.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| John O'Brien | jobrien@spencerfane.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine P. Reynard | janine@averylaw.net |
| Sheila R. Schwager | sschwager@hawleytroxell.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Foucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| John D. Munding | john@mundinglaw.com |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| Holly Roark | holly@roarklawboise.com |
| Evan R. Roth | evan@sawtoothlaw.com |
| Julian Gurule | jgurule@omm.com |
| Matthew Kremer | mkremer@omm.com |
| Gabriel L. Olivera | golivera@omm.com |

Any others as listed on the Court's ECF Notice.


/s/ Krystal R. Mikkilineni
KRYSTAL R. MIKKILINENI