Bruce A. Anderson, ISB #3392
ELSAESSER ANDERSON, CHTD.
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID 83815
Telephone: (208) 667-2900
Facsimile: (208) 667-2900
Email: brucea@eaidaho.com

Julian Gurule (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: jgurule@omm.com

-and-

Matthew Kremer (Admitted *Pro Hac Vice*)
Gabriel L. Olivera (Admitted *Pro Hac Vice*)
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: mkremer@omm.com
       golivera@omm.com

*Proposed Attorneys for the Official Committee
of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>       Debtors. | Case No. 24-40158-NGH |
| Filing relates to:<br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties) |

REPLY IN SUPPORT OF DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS - 1

| | |
|---|---|
| ☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | 24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

## REPLY IN SUPPORT OF DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF ALLOWED SECTION 503(B)(9) CLAIMS

The Official Committee of Unsecured Creditors of Millenkamp Cattle, Inc., *et al.* (the "Committee") in the above-caption chapter 11 cases (the "Chapter 11 Cases"), by and through its undersigned counsel, hereby submits this reply (the "Reply") in support of the *Debtors' Amended Motion for Allowance and Payment of Section 503(b)(9) Claims* [Dkt. No. 308] (the "Amended Motion").[1] In support of this Reply, the Committee respectfully states as follows:

### PRELIMINARY STATEMENT

1. The immediate payment of allowed 503(b)(9) Claims (as defined below) is not only permitted by the Bankruptcy Code, but also critical to the Debtors' ongoing operations. The Committee supports the allowance of valid 503(b)(9) Claims as administrative expense claims, and the immediate payment of such Claims as necessary to the Debtors' reorganization.

2. Courts have considerable discretion in authorizing the payment of administrative claims. This discretion is routinely exercised to promote a debtor's successful reorganization and to limit harm to administrative expense claimants where the debtor has shown it is able to pay administrative expenses in full. The Amended Motion requests no deviation from this practice. The Debtors' schedules and statements, the sworn testimony of the Debtors' representatives, the representations of the Debtors' financial capabilities in these Chapter 11 Cases, and this Court's findings in connection with approval of the DIP financing facility, underscores the need for the

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Amended Motion.

REPLY IN SUPPORT OF DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS - 2

503(b)(9) Claims to be immediately paid and the ability of the Debtors to do so without prejudice to themselves or creditors. The Committee believes that payment of the 503(b)(9) Claims is in the best interests of the estates and the Committee supports the entry of an order granting the Amended Motion.

## BACKGROUND

3. On April 2, 2024, Millenkamp Cattle and certain affiliated debtors (collectively, the "Debtors") filed for relief under chapter 11 of the U.S. Bankruptcy Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Idaho.

4. As part of a suite of standard "first day" motions, the Debtors sought permission to pay the prepetition claims totaling $31.6 million of certain critical vendors, which included feed suppliers, chemical vendors, equipment, repair and maintenance vendors, vital supplies, veterinary services and medicine, payroll services, and trucking services (the "Critical Vendor Motion") [Dkt. No. 23]. The Debtors sought only immediate authority to pay an interim amount of $5.2 million with the option to pay up to $27.6 million as needed to avoid immediate and irreparable harm to the estates. Critical Vendor Motion ¶ 13. The U.S. Trustee objected to the Critical Vendor Motion arguing that the record did not show that payments to the vendors were necessary to avoid immediate and irreparable harm [Dkt. No. 117]. The Debtors also sought allowance of certain prepetition claims under section 503(b)(9) of the Bankruptcy Code totaling over $165,000 [Dkt. No. 15] (the "503(b)(9) Motion").

5. On May 8 and 9, 2024, the Court held a hearing on the Critical Vendor Motion and the 503(b)(9) Motion during which the Court denied the Critical Vendor Motion and granted the 503(b)(9) Motion in part. During the hearing, the Court stated that it did not believe it had authority to grant the Critical Vendor Motion and that other relief may be available to the

Debtors for payment of a subset of the critical vendor claims.[2] Hr'g Tr. 152:16-153:9 (Apr. 10, 2024). The Court allowed the section 503(b)(9) claims set forth in the 503(b)(9) Motion, but declined to authorize immediate payment of such claims and set a hearing on June 13, 2024 to consider whether the Debtors are authorized to pay the claims immediately.[3]

6.     On May 20, 2024, the Debtors filed the Amended Motion seeking allowance and payment of $5.8 million in pre-petition claims of feed vendors, veterinarian/medicine vendors, repair and maintenance vendors, chemical suppliers, semen vendors, and an irrigation vendor (the "503(b)(9) Claims"). The Debtors argued that (i) the Debtors would not be prejudiced by paying the allowed 503(b)(9) Claims because the Debtors had sufficient funds through the DIP facility to pay the claims; (ii) the claimants would face hardship if the claims were not paid because they would be unable to afford to do business without the payments; and (iii) creditors would be harmed if the Debtors did not pay the claims, because each of the claimants had threatened to discontinue supplying the Debtors, which would be devastating to the Debtors' operations and detrimental to the Debtors' ability to effectuate a plan of reorganization. Amended Motion ¶¶ 11–12, 22, 24–25.

7.     On May 30, 2024, the U.S. Trustee filed the *United States Trustee's Objection to Debtors' Amended Motion for Allowance and Payment of Section 503(b)(9) Claims, Dkt. No. 308* (the "UST Objection") [ECF No. 356]. On June 6, 2024, Rabo AgriFinance LLC ("RAF") filed the *Limited Objection to Debtors' Amended Motion for Allowance and Payment of Section 503(b)(9) Claims (Dkt. No. 308)* ("Rabo AgriFinance Objection") [Dkt. No. 373]. The Committee disagrees with both.

---

[2] The Court entered an order on the docket denying the Critical Vendor Motion on May 16, 2024 [Dkt. No. 302].
[3] The Court entered an order on the docket granting in part the 503(b)(9) Motion on May 21, 2024 [Dkt. No. 315].

REPLY IN SUPPORT OF DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS - 4

## ARGUMENT

8.  The Committee supports the allowance and immediate payment of the valid 503(b)(9) Claims.[4] As detailed below, the Committee believes that (i) the Debtors are in a position where they can comfortably cover all administrative expenses in their entirety, thereby enabling the Court to authorize the immediate payment of the validated 503(b)(9) Claims; and (ii) the immediate disbursement of approved 503(b)(9) Claims is crucial to ensure the Debtors' continuous operations and successful reorganization.

**A. The Debtors have the ability to pay administrative expenses in full and thus the Court can authorize the immediate payment of the allowed section 503(b)(9) claims.**

9.  Bankruptcy courts have broad discretion to determine when an allowed administrative claim may be paid. *Spartan Plastics v. Verco Indus. (In re Verco Indus.)*, 20 B.R. 664, 664-65 (9th Cir. BAP 1982); *In re Garden Ridge Corp.*, 323 B.R. 136 (Bankr. D. Del. 2005). Courts routinely use this discretion to authorize payment of administrative expense claims prior to confirmation. *See, e.g.*, *In re Lear Corp.*, No. 09-14326 (ALG) (Bankr. S.D.N.Y. July 31, 2009) (authorizing payment of claims entitled to administrative priority pursuant to section 503(b)(9) up to $46.3 million); *In re Chrysler LLC*, No. 09-50002 (AJG) (Bankr. S.D.N.Y. May 20, 2009) (authorizing debtors to pay uncapped "claims of any creditors or claimants entitled to administrative priority pursuant to section 503(b)(9) . . . in the ordinary course of the Debtors' businesses and on such terms and conditions as the Debtors deem appropriate," subject to the terms of debtors' DIP facility); *In re Lyondell Chem. Co.*, No. 09-10023 (REG) (Bankr. S.D.N.Y. Jan. 23, 2009) (authorizing debtors to "pay claims of any creditors or claimants entitled to administrative priority pursuant to section 503(b)(9) . . . in the ordinary course of business and

---

[4] The Rabo AgriFinance Objection asserts that based on information reviewed by RAF, RAF believes that certain of the 503(b)(9) Claims are not entitled to treatment under that provision of the Bankruptcy Code because such claims represent payments for services rather than goods, or were incurred outside of the 503(b)(9) period. For the avoidance of doubt, the Committee only supports the immediate payment of valid 503(b)(9) Claims.

REPLY IN SUPPORT OF DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS - 5

on such terms as the Debtors deem appropriate, subject to the terms of the Debtors' DIP facility"); *In re Visteon Corp.*, Case No. 09-11786 (Bankr. D. Del. June 19, 2009) (authorizing debtor to pay $33.9 million in critical vendor claims, including $12.1 million in claims entitled to priority treatment under section 503(b)(9) of the Bankruptcy Code).[5]

10. In exercising this discretion, courts describe their considerations in different ways. *In re Bookbinders Res., Inc.*, No. 06-12302ELF, 2006 WL 3858020, at *3 (Bankr. E.D. Pa. Dec. 28, 2006). Courts generally consider the (i) the particular needs of each administrative claimant; (ii) the length and expense of the case's administration; (iii) the amount of available assets; (iv) the ability of the debtors to pay administrative expenses in full; and (v) the orderly and equal distribution among creditors and prevention of a race to the debtor's assets. *In re Modern Metal Prods. Co.*, 2009 WL 1362632, at *2 (Bankr. N.D. Ill. May 13, 2009); *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002); *In re United West, Inc.*, 87 B.R. 138, 141 (Bankr. D. Nev. 1988); *In re Barron*, 73 B.R. 812, 814 (Bankr. S.D. Cal. 1987). Several considerations weigh strongly in favor of authorizing payment of the allowed 503(b)(9) Claims.

11. Courts allow payment of administrative expenses prior to confirmation where it appears the estate will be positioned to pay administrative expenses in full. *In re Standard Furniture Co.*, 3 B.R. 527, 532 (Bankr. S.D. Cal. 1980) (ordering payment in full of administrative expense claim where "it appears that all costs of administration will be paid in full"); *cf. HQ Global*, 282 B.R. at 173 ("[D]istributions prior to confirmation of a plan are

---

[5] *See also In re KidKraft, Inc.*, No. 24-80045-mvl-11 (Bankr. N.D. Tex. May 14, 2024); *In re Eiger Biopharmaceuticals, Inc.*, No. 24-80040 (SGJ) (Bankr. N.D. Tex. Apr. 5, 2024); *In re Envision Healthcare Corp.*, No. 2390342 (CML) (Bankr. S.D. Tex. June 27, 2023); *In re Genesis Care Pty Ltd.*, No. 23-90614 (DRJ) (Bankr. S.D. Tex. June 1, 2023); *In re Serta Simmons Bedding, LLC*, No. 23-90020 (DRJ) (Bankr. S.D. Tex. Feb. 26, 2023); *In re Talen Energy Supply, LLC*, No. 22-90054 (MI) (Bankr. S.D. Tex. July 8, 2022); *In re The Great Atlantic & Pacific Tea Co.*, No. 10-24549 (Bankr. S.D.N.Y. Dec. 14, 2010); *In re SemCrude, L.P.*, Case No. 08-11525 (BLS) (Bankr. D. Del. Jul. 23, 2008); *In re Tropicana Entm't, LLC*, Case No. 08-10856 (KJC) (Bankr. D. Del. May 30, 2008); *In re Enviva Inc.*, No. 24-10453 (BFK) (Bankr. E.D. Va. Mar. 14, 2024); *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. Jan. 24, 2024); *In re PARTS iD, Inc.*, No. 23-12098 (LSS) (Bankr. D. Del. Dec. 28, 2023); *In re Mercon Coffee Corp.*, No. 23-11945 (MEW) (Bankr. S.D.N.Y. Dec. 13, 2023).

REPLY IN SUPPORT OF DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS - 6

usually disallowed when the estate may not be able to pay all administrative expenses in full."); *In re Global Home Prods., LLC*, No. 06-10340 (KG), 2006 WL 3791955, at *3 (Bankr. D. Del. Dec. 21, 2006) ("Distributions to administrative claimants are generally disallowed prior to confirmation if there is a showing that the bankruptcy estate may not be able to pay all of the administrative expenses in full."); *In re Steiny & Co., Inc.*, Case No. 2:16–bk–25619–WB, 2017 WL 1788414, at *4 (Bankr. C.D. Cal. May 3, 2017).

12. The U.S. Trustee argues that payment of allowed 503(b)(9) Claims should be deferred until confirmation after unsecured creditors have seen and voted on a plan that pays unsecured creditors in full. However, the Debtors are not required to show that they can pay unsecured creditors in full to pay 503(b)(9) Claims prior to confirmation. But rather, as the U.S. Trustee notes, they need to show that they can fully cover all administrative expenses. *See* UST Objection at 3–4. The Debtors' representation that there is a 47% equity cushion in the Debtors' assets is more than sufficient to show that the estate is not at risk of being administratively insolvent. *See* Amended Motion ¶ 25; *see also In re Plastech Engineered Prods., Inc.*, 394 B.R. 147, 153 (Bankr. E.D. Mich. 2008) ("Since the liability is an administrative expense and not a prepetition claim, a chapter 11 debtor with adequate resources can pay the allowed administrative expense prior to confirmation."). The Debtors' schedules further show that the Debtors are positioned to pay administrative claims in full. For example, Debtor Millenkamp Cattle, Inc. asserts on its Schedule A/B that it has assets in excess of $208 million, Dkt. No. 360, while its amended Schedule E/F shows liabilities of over $31 million, Dkt. No. 236. Thus, the Debtors have the resources to pay administrative claims in full and the Court can safely authorize immediate payment of the 503(b)(9) Claims.

13. The U.S. Trustee also argues that the Debtors do not have the ability to pay administrative expense claims prior to confirmation under the cash collateral budget. The Committee disagrees. The Debtors are authorized to use the DIP loan to fund its expenses in accordance with the cash collateral budget. *Final Order Authorizing Debtors to (A) Obtain Post-Petition Financing; and (B) Granting Adequate Protection to Pre-Petition Secured Lenders* ¶ 2(f) [Dkt. No. 305] ("DIP Order"). The cash collateral budget specifically includes payments to the claimants listed in the Amended Motion and is sufficient to pay administrative expenses. *Emergency Motion of Debtors for Interim and Final Orders (A) Authorizing the Debtors to Obtain Post-Petition Financing; (B) Granting Adequate Protection to Pre-Petition Secured Creditors; and (C) Setting a Final Hearing*, Ex. B (Sandton Term Sheet) [Dkt. No. 24] ("DIP Motion"). The Debtors are further authorized to request draws from the DIP facility and can request draws in an amount sufficient to pay the 503(b)(9) claims to fund the administrative expense payments. Thus, between the Debtors' surplus assets and their ability to draw from the DIP facility, the Debtors appear able to pay administrative expenses in full and the Court can authorize immediate payment of allowed 503(b)(9) Claims.

**B. Payment of the allowed 503(b)(9) Claims is necessary to the Debtors' continued operations.**

14. Courts also authorize the payment of certain prepetition claims prior to confirmation when it is necessary for debtor's rehabilitation. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1490 (9th Cir. 1987); *In re Continental Airlines, Inc.*, 146 B.R. 520, 531 (Bankr. D. Del. 1992); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 179 (Bankr. S.D.N.Y. 1989). For example, in *In re Humboldt Creamery, LLC*, the bankruptcy court concluded that a prepetition debt to a non-profit agricultural cooperative composed of 40 dairy farmers with a herd of 300 milking cows was an allowed administrative expense under section 503(b)(9) and may be paid before

REPLY IN SUPPORT OF DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS - 8

confirmation because the cooperative could not afford to wait for payment and any disruption in payment to the cooperative would seriously prejudice the debtor's ability to operate in chapter 11. No. 09-11078, 2009 WL 2820552, at *1 (Bankr. N.D. Cal. Apr. 23, 2009).

15. In this matter, the Debtors' representative, Bill Millenkamp, testified at the May 8 hearing that payment of 503(b)(9) claims was necessary to the Debtors' reorganization because each of the claimants had stated that they would stop providing goods if they are not paid at least some of their prepetition amounts owing. Amended Motion ¶ 11. According to Mr. Millenkamp, interruption of the flow of goods and supplies to the Debtors would be detrimental to the Debtors' operations as the costs to replace vendors and the harm to health of the livestock would be significant. Amended Motion ¶¶ 11, 25. There is also a concern that if these amounts are not paid, then the claimants will not be able to afford to continue doing business. Amended Motion ¶ 24. The declarations of the 503(b)(9) claimants submitted in support of the Amended Motion provide compelling evidence in support of this concern. Thus, like in *Humboldt Creamery*, payment of the 503(b)(9) claims is necessary to rehabilitate the Debtors.

**C. The factors relied upon by the U.S. Trustee weigh in favor of authorizing payment of the allowed section 503(b)(9) claims.**

16. The U.S. Trustee points to three factors that some courts, primarily in the Third Circuit, have considered to determine how to exercise their discretion on the timing of payment of section 503(b)(9) administrative expense claims. Specifically, such courts evaluate: (i) the prejudice to the debtors; (ii) hardship to claimants; and (iii) the potential detriment to other creditors. *In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005). As stated in the Amended Motion, each of these factors establishes the necessity to immediately pay allowed 503(b)(9) Claims. *See* Amended Motion ¶¶ 10–13, 21–25.

17.     Here, the Debtors will not be prejudiced by payment of the 503(b)(9) Claims prior to confirmation, because the Debtors have adequate resources to pay the administrative expenses in full and effectuate an effective plan of reorganization. As detailed in Exhibit B to the Amended Motion, the Debtors have a $305.5 million equity cushion. Thus, payment of the 503(b)(9) Claims prior to confirmation will not prevent the Debtors from being able to successfully reorganize. *See In re Arts Dairy, LLC*, 414 B.R. 219, 221 (Bankr. N.D. Ohio 2009) (finding that payment of $3,895.10 in 503(b)(9) claims would not noticeably impact the debtor's ability to reorganize where the debtor had almost $3 million in assets and a gross income for the twelve months prior to the petition date of over $4 million). Similarly, there is no detriment to other creditors because payment of these claims is essential to the Debtors' continued operations and thus benefits the estate as a whole. Moreover, because the valid 503(b)(9) Claims are entitled to priority under the Bankruptcy Code other creditors are not harmed by the immediate payment of such claims because such claims are entitled to priority and will be paid prior to other general unsecured creditors. *See In re South Star Oil Co.*, 2008 WL 4224498, at *2 (Bankr. D. Oregon Sept. 15, 2008) ("In the context of a business, [503(b)(9)] claims are to be paid before all others."); *Standard Furniture Co.*, 3 B.R. at 532.

18.     The U.S. Trustee argues that use of the Debtors' DIP facility to pay the 503(b)(9) Claims would prejudice other creditors because the Debtors will pay fees and interest on the DIP draw. But chapter 11 debtors routinely obtain and use DIP financing to fund their chapter 11 cases through confirmation, including to pay administrative expense claims and other costs of operating the debtor while in bankruptcy. *See, e.g.*, *In re Lyondell Chem. Co.*, No. 09-10023 (REG) (Bankr. S.D.N.Y. Jan. 23, 2009) (authorizing debtors to "pay claims of any creditors or claimants entitled to administrative priority pursuant to section 503(b)(9) . . . in the ordinary

REPLY IN SUPPORT OF DEBTORS' AMENDED MOTION FOR ALLOWANCE AND PAYMENT OF SECTION 503(B)(9) CLAIMS - 10

course of business and on such terms as the Debtors deem appropriate, subject to the terms of the Debtors' DIP facility"). The Debtors are not seeking unusual or extraordinary relief through the Amended Motion or by drawing on their DIP facility to pay valid administrative claims.

19. The declarations of the 503(b)(9) claimants submitted in support of the Amended Motion provide ample evidence of the specific hardship each of the claimants will face if the 503(b)(9) Claims are not paid as soon as possible. It is in the best interest of the estate and the creditors that the 503(b)(9) Claims are paid so that the hardships they identify do not materialize and they can continue to provide the goods necessary to the Debtors' ongoing operations.

## CONCLUSION

The Committee requests the Court grant the Amended Motion and (i) allow the 503(b)(9) Claims to the extent there is sufficient evidence to support treatment of particular claims as administrative expenses under section 503(b)(9); and (ii) authorize the Debtors to pay allowed 503(b)(9) Claims immediately.

*[Remainder of page intentionally left blank.]*

Date: June 6, 2024

**O'MELVENY & MYERS LLP**

*/s/ Julian Gurule*
JULIAN GURULE

-and-

**ELSAESSER ANDERSON, CHTD.**

*/s/ Bruce A. Anderson*
BRUCE A. ANDERSON

*Proposed Attorneys for the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 6, 2024, I electronically filed with the Clerk of the Court a copy of the foregoing in the above-captioned matter, using the CM/ECF system, which included a Notice of Electronic Filing to the following person(s):

Brett R Cahoon, on behalf of U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

Krystal Mikkilineni, attorney for Debtor
krystal.mikkilineni@dentons.com

Matthew T. Christensen, attorney for the Debtor
mtc@johnsonmaylaw.com

AND I FURTHER CERTIFY that on June 6, 2024, I served the same on the attached MML, except for those already receiving ECF and duplicates, by U.S. First Class Mail.

DATED this 6th day of June, 2024.

*/s/ Bruce A. Anderson*
Bruce A. Anderson

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0976-8<br>Case 24-40158-NGH<br>District of Idaho<br>Twin Falls<br>Thu Jun  6 11:26:54 MDT 2024 | Ad Hoc Committee of Corn Silage Growers<br>153 East Main Street<br>PO Box 168<br>Jerome, ID 83338-0168 | Automation Werx, LLC<br>Morrow & Fischer, PLLC<br>4 Ogden Avenue<br>Nampa, ID 83651-2371 |
| Blue Cross of Idaho Health Service, Inc<br>c/o Law Office of D. Blair Clark PC<br>967 East Parkcenter Boulevard, #282<br>Boise, ID 83706-6721 | Bunge Canada C/O David D. Farrell<br>David D. Farrell. Esq.<br>One Bank Plaza<br>Suite 2700<br>St. Louis, MO 63101 | Burks Tractor Company, Inc.<br>3140 Kimberly Road<br>Twin Falls, ID 83301-8516 |
| Conterra Holdings, LLC d/b/a Conterra Ag Cap<br>Spencer Fane<br>1700 Lincoln Street<br>Suite 2000<br>Denver, CO 80203-4554 | Davis Livestock, Inc.<br>780 E Cannibal Rd<br>Lewiston, UT 84320-2038 | East Valley Development, LLC<br>c/o Avery Law<br>3090 E Gentry Way, Ste 250<br>Meridian, ID 83642-3596 |
| Elevation Electric, LLC<br>485 S IDAHO ST<br>WENDELL, ID 83355-5241 | Gale W. Harding and Associates<br>329 W 7th S<br>Rexburg, ID 83440-9600 | Glanbia Foods Inc<br>c/o Robert A Faucher<br>POB 2527<br>Boise, ID 83701-2527 |
| Idaho State Brand Department<br>700 S. Stratford Dr.<br>Meridian, ID 83642-6202 | (p)LAND VIEW  INC<br>ATTN DAN NOBLE<br>P O BOX 475<br>RUPERT ID 83350-0475 | MWI Veterinarian Supply, Inc.<br>3041 W PASADENA DRIVE<br>Boise, ID 83705-4776 |
| MetLife Real Estate Lending LLC<br>c/o Kimbell D. Gourley<br>10801 Mastin Blvd<br>Suite 700<br>Overland Park, KS 66210-1673 | Metropolitan Life Insurance Company<br>c/o Kimbell D. Gourley<br>10801 Mastin BLVD<br>Suite 700<br>Overland Park, KS 66210-1673 | Moss Farms Operations, LLC<br>c/o Rhett M. Miller<br>P.O. Box 910<br>Burley, ID 83318-0910 |
| Moss Grain Partnership<br>c/o Rhett M. Miller<br>P.O. Box 910<br>Burley, ID 83318-0910 | PerforMix Nutrition Systems, LLC<br>MUNDING, P.S.<br>309 E. FARWELL RD., STE 310<br>Spokane, WA 99218-8209 | Progressive Dairy Service & Supply Corp.<br>485 S IDAHO ST<br>WENDELL, ID 83355-5241 |
| Rabo AgriFinance LLC<br>c/o Sheila R. Schwager<br>P.O. Box 1617<br>Boise, ID 83701-1617 | Raft River Rural Electric Cooperative, Inc.<br>c/o Rhett M. Miller<br>P.O. Box 910<br>Burley, ID 83318-0910 | Sandton Capital Partners LP<br>16 W 46th Street, 1st Floor<br>New York, NY 10036-4503 |
| Schuil Ag Real Estate Inc<br>5020 W Mineral King Ave<br>Visalia, CA 93291-5364 | Standlee Ag Resources<br>c/o Miller Nash LLP<br>950 W Bannock St, Ste 1100<br>Boise, ID 83702-6140 | The Forbes Securities Group LLC, DBA Forbes<br>6400 S Fiddlers Green Circle<br>Suite 850<br>Greenwood Village, CO 80111-4994 |
| United Electric Co-op, Inc.<br>c/o Rhett M. Miller<br>P.O. Box 910<br>Burley, ID 83318-0910 | Viserion Grain, LLC<br>c/o Sawtooth Law Offices, PLLC<br>213 Canyon Crest Dr., Ste 200<br>Twin Falls, ID 83301-3053 | Viterra USA Grain, LLC and Viterra USA Ingre<br>c/o Racine Olson, PLLP<br>P.O. Box 1391<br>Pocatello, ID 83204-1391 |

| | | |
|---|---|---|
| Western States Equipment Co.<br>500 East Overland Road<br>Meridian, ID 83642-6606 | Wilbur-Ellis Company LLC<br>c/o Matthew A. Sturzen<br>P.O. Box 2247<br>Salem, OR 97308-2247 | Twin Falls<br>U.S. Bankruptcy Court<br>801 East Sherman<br>Pocatello, ID 83201-5730 |
| A. Scott Jackson Trucking, Inc.<br>c/o Williams Meservy & Larsen, LLP<br>Post Office Box 168<br>153 East Main Street<br>Jerome, ID 83338-2332 | AAA CowComfort LLC<br>PO Box 301<br>Kimberly, ID 83341-0301 | ABS Global<br>1525 River Rd.<br>DeForest, WI 53532-2430 |
| Addison Biological Laboratory, INC.<br>507 North Cleveland St.<br>Fayette, MO 65248-1083 | Airgas USA LLC<br>PO Box 734445<br>Chicago, IL 60673-4445 | Airgas USA, LLC<br>110 West 7th St. Suite 1400<br>Tulsa, OK 74119-1077 |
| Alexander K. Reed<br>4296 N 2100 E<br>Filer, ID 83328-5046 | Amalgamated Sugar<br>1951 S Saturn Way<br>Ste 100<br>Boise, ID 83709-2924 | American Calf Products (Golden State Mixing,<br>425 D Street<br>Turlock, CA 95380-5452 |
| American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | Automation Werx, LLC<br>PO Box 3066<br>Idaho Falls, ID 83403-3066 | B & H Farming, an Idaho General Partnership<br>PO Box 123<br>Rupert, ID 83350-0123 |
| BS R Design Supplies<br>198 Locust St S<br>Twin Falls, ID 83301-7832 | Blue Cross of Idaho<br>c/o D Blair Clark, Atty<br>967 Parkcenter Blvd #282<br>Boise, ID 83706-6721 | Blue Cross of Idaho<br>c/o D. Blair Clark, Attorney<br>967 E. Parkcenter Blvd., #282<br>Boise, ID 83706-6721 |
| Bo Stevenson dba B&A Farms<br>1001 S 1900 E<br>Hazelton, ID 83335-5451 | Bunge Canada<br>c/o David D. Farrell<br>THOMPSON COBURN LLP<br>One USBank Plaza, Suite 2700<br>Saint Louis, Missouri 63101-1693 | Capitol One<br>PO Box 60599<br>City of Industry, CA 91716-0599 |
| Cellco Partnership d/b/a Verizon Wireless<br>William M Vermette<br>22001 Loudoun County PKWY<br>Ashburn, VA 20147-6122 | CenturyTel Service Group, LLC dba CenturyLin<br>Lumen Technologies Group<br>931 14th Street, 9th Floor (Attn: Legal-<br>Denver, CO 80202-2994 | Christopher Camardello<br>1031 Mendota Heights Road<br>St. Paul, MN 55120-1419 |
| Citi Cards<br>PO Box 78019<br>Phoenix, AZ 85062-8019 | Clint D. Thompson<br>298 N 200 W<br>Jerome, ID 83338-5372 | Coastline Equipment Company<br>2000 E Overland Rd<br>Meridian, ID 83642-6665 |
| Colonial Life<br>Processing Center<br>PO Box 1365<br>Columbia, SC 29202-1365 | Connie Lapaseotes, Ltd.<br>c/o John O'Brien<br>Spencer Fane<br>1700 Lincoln Street, Suite 2000<br>Denver, CO 80203-4554 | Conrad Bishcoff Inc<br>2251 N Holmes<br>PO Box 50106<br>Idaho Falls, ID 83405-0106 |

| | | |
|---|---|---|
| Conterra Holdings, LLC dba Conterra Ag Capit<br>c/o John O'Brien<br>Spencer Fane<br>1700 Lincoln Street, Suite 2000<br>Denver, CO 80203-4554 | Dairy Tech, LLC<br>1031 Mendota Heights Road<br>St. Paul, MN 55120-1419 | Daritech<br>8540 Benson Rd<br>Lynden, WA 98264-9711 |
| David Clark<br>Clark Ambulatory Clinic, Inc.<br>1019 E 1020 S<br>Albion, ID 83311 | Douglas J. Grant<br>2050 E 500 S<br>Hazelton, ID 83335-5006 | Dusty Brow Farms, Inc.<br>2601 E 1100 S<br>Hazelton, ID 83335-5623 |
| Edward Chojnacky<br>298 N 100 W<br>Jerome, ID 83338-5406 | Electrical Werx & Construction, LLC<br>PO Box 3066<br>Idaho Falls, ID 83403-3066 | Eric Clark<br>Clark Associates<br>PO Box 2504<br>Eagle, ID 83616-9118 |
| Evans Plumbing<br>111 Gulf Stream Lane<br>Hailey, ID 83333-7725 | Farmers Bank<br>PO Box 392<br>Buhl, ID 83316-0392 | Fredin Brothers, Inc.<br>c/o John O'Brien<br>Spencer Fane<br>1700 Lincoln Street, Suite 2000<br>Denver, CO 80203-4554 |
| G.J. Verti-Line Pumps, Inc.<br>PO Box 892<br>Twin Falls, ID 83303-0892 | Grant & Hagan, Inc.<br>P.O. Box 326<br>Hazelton, ID 83335-0326 | Grant 4-D Farms LLC<br>707 E 600 N<br>Rupert, ID 83350-9466 |
| Hatfield Manufacturing Inc<br>1823 Shoestring Rd<br>Gooding, ID 83330-5361 | Hollifield Ranches, Inc.<br>22866 Highway 30<br>Hansen, ID 83334-5028 | IRS<br>Centralized Insolvency Oper.<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Idaho Dept of Lands<br>PO Box 83720<br>Boise, ID 83720-0003 | Idaho State Tax Commission<br>PO Box 36<br>Boise, ID 83722-0036 | Innovative Food SolutionsUSA<br>Attn: Jordan Bowen<br>134 E. Highway 81<br>Burley, ID 83318-5427 |
| Interstate Billing Service, Inc<br>PO box 2250<br>Decatur, AL 35609-2250 | J&C Hoof Trimming Inc.<br>3690 N 2570 E<br>Twin Falls, ID 83301-1004 | J.D. Heiskell Holdings, LLC<br>17220 Wright St, Ste 200<br>Omaha, NE 68130-4667 |
| JOHN DEERE FINANCIAL<br>c/o Weltman, Weinberg & Reis Co., L.P.A.<br>965 Keynote Circle<br>Cleveland, OH 44131-1829 | (p)JPMORGAN CHASE BANK N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o National Bankruptcy Services, LLC<br>P.O. Box 9013<br>Addison, Texas 75001-9013 |
| Jake Millenkamp<br>1719 River Road<br>Buhl, ID 83316-5302 | Jean L. Thompson<br>225 N 250 W<br>Jerome, ID 83338 | Jeffrey E. Rolig<br>PO Box 5455<br>Twin Falls, ID 83303-5455 |

| | | |
|---|---|---|
| John Deere Construction and Forestry Company<br>c/o Weltman, Weinberg & Reis Co., L.P.A.<br>965 Keynote Circle<br>Cleveland, OH 44131-1829 | John Deere Financial, f.s.b.<br>c/o Weltman, Weinberg & Reis Co., L.P.A.<br>965 Keynote Circle<br>Cleveland, OH 44131-1829 | K R Rental Inc<br>256 A South 600 W<br>Heyburn, ID 83336-9750 |
| Keith D. and Janet Carlson<br>3866 E 3800 N<br>Hansen, ID 83334-5012 | Kinghorn Medical LLC<br>248 S Cole Rd<br>Boise, ID 83709-0934 | Kraus Farms, LLC<br>165 South 400 West<br>Rupert, ID 83350-9672<br>, |
| Land View, Inc.<br>c/o Gery W. Edson<br>P.O. Box 448<br>Boise, ID 83701-0448 | Michael Chojnacky<br>51 W 600 N<br>Jerome, ID 83338-5016 | NAPA Auto Parts<br>P.O. Box 1425<br>Twin Falls, ID 83303-1425 |
| Overhead Door<br>489 S. Locust<br>Twin Falls, ID 83301-7849 | PTG of Idaho, LLC<br>c/o Holland N. O'Neil, Foley & Lard<br>2021 McKinney Avenue, Ste. 1600<br>Dallas, TX 75201-3340 | Pan American Life Insurance<br>1778 N Plano Rd<br>Ste 310<br>Richardson, TX 75081-1958 |
| PerforMix Nutrition Systems<br>2201 N 20th Street<br>Nampa, ID 83687-6849 | Pivot Man Inc<br>Robin Jones<br>PO Box 355<br>Paul, ID 83347-0355 | Prime Ridge Beef LLC<br>c/o John O'Brien<br>Spencer Fane<br>1700 Lincoln Street, Suite 2000<br>Denver, CO 80203-4554 |
| Pro Tech Service Company<br>1550 Kimberly Rd<br>Twin Falls, ID 83301-7341 | Quill Corporation<br>PO Box 102419<br>Columbia, SC 29224-2419 | Roark Law Offices<br>950 Bannock St., 11th Fl.<br>Boise, ID 83702-5999 |
| Rocky Mountain Agronomics<br>1912 West Main Street<br>Burley, ID 83318-1611 | Rogers Machinery Company, Inc.<br>PO Box 230429<br>Portland, OR 97281-0429 | Schaeffer Manufacturing Company<br>c/o Denis McCarthy<br>2600 S Broadway<br>St. Louis, MO 63118-1828 |
| Schmidt Cattle Hauling<br>848 E 3400 N<br>Castleford, ID 83321-6422 | Schow's Truck Center<br>PO Box 2208<br>Decatur, AL 35609-2208 | Six States Distributors Inc<br>29787 Network Place<br>Chicago, IL 60673-1297 |
| SprinklerShop Inc<br>PO Box 599<br>Paul, ID 83347-0599 | St. Genetics<br>Inguran USA, INC.<br>22575 State Hwy 6 South<br>Navasota, TX 77868-8297 | Standing 16 Ranch Land Company, LLC<br>335 W 300 N<br>Jerome, ID 83338-5217 |
| Standlee Ag Resources<br>c/o Miller Nash, LLP, Attn: Louis Spiker<br>950 W Bannock St, Ste 1100<br>Boise, ID 83702-6140 | Star Falls Farms, LLC<br>1908 E 1300 S<br>Hazelton, ID 83335-5428 | Steel Ranch LLC<br>3597 E 1100 S<br>Hazelton, ID 83335 |

| | | |
|---|---|---|
| Stotz Equipment<br>2670 Kimberly Rd E<br>Twin Falls, ID 83301-7984 | The Sprinkler Shop<br>P.O. Box 599<br>Paul, ID 83347-0599 | Triple C Farms, LLC<br>474 S 500 W<br>Jerome, ID 83338-6027 |
| US Commodities, LLC<br>730 Second Avenue S. Suite 700<br>Minneapolis, MN 55402-2480 | US Trustee<br>550 West Fort St, Ste 698<br>Boise, ID 83724-0101 | Uline<br>12575 Uline Drive<br>Pleasant Prairie, WI 53158-3686 |
| Viterra USA Grain, LLC<br>1331 Capitol Ave.<br>Omaha, NE 68102-1197 | Viterra USA Ingredients, LLC<br>1331 Capitol Ave.<br>Omaha, NE 68102-1197 | Wag Services, Inc.<br>8121 W HARRISON ST<br>Tolleson, AZ 85353-3328 |
| Wendell Truck and Auto<br>PO Box 213<br>356 S Idaho St<br>Wendell, ID 83355-5209 | Western Construction Inc<br>PO Box 15569<br>Boise, ID 83715-5569 | Westway Feed<br>BARR Credit Services<br>3444 N Country Club Rd<br>Ste 200<br>Tucson, AZ 85716-0815 |
| Wilbur-Ellis Nutrition, LLC<br>c/o Matthew A. Sturzen<br>PO Box 2247<br>Salem, OR 97308-2247 | Williams, Meservy & Larsen<br>Post Office Box 168<br>153 East Main Street<br>Jerome, ID 83338-2332 | Young CDJR of Burley, LLC<br>PO Box 1530<br>Layton, UT 84041-6553 |
| Youree Land & Livestock Inc.<br>3953 North 3300 East<br>Twin Falls, ID 83301-0348 | Bruce A. Anderson<br>320 East Neider Avenue<br>Suite 102<br>Coeur d'Alene, ID 83815-6007 | James Justin May<br>Johnson May<br>199 N. Capitol Blvd.<br>Ste. 200<br>Boise, ID 83702-6197 |
| Krystal R Mikkilineni<br>Dentons Davis Brown<br>215 10th St<br>Ste 1300<br>Des Moines, IA 50309-3616 | Matthew T. Christensen<br>199 N. Capitol Blvd.<br>Ste 200<br>Boise, ID 83702-6197 | Matthew T. Christensen<br>Johnson May, PLLC<br>199 N. Capitol Blvd<br>Suite 200<br>Boise, ID 83702-6197 |
| Robert E Richards<br>Dentons US LLP<br>233 South Wacker Drive<br>Ste 7800<br>Chicago, IL 60606-6459 | Robert E. Richards<br>233 South Wacker Drive<br>Suite 5900<br>Chicago, IL 60606-6361 | Tirzah R. Roussell<br>215 10th Street<br>Suite 1300<br>Des Moines, IA 50309-3616 |
| Tirzah R. Roussell<br>Dentons Davis Brown PC<br>The Davis Brown Tower<br>215 10th Street<br>Suite 1300<br>Des Moines, IA 50309-3621 | c/o David A. Coleman B & H Farming<br>Coleman, Ritchie & Jacobson<br>PO BOX 525<br>TWIN FALLS, ID 83303-0525 | c/o David A. Coleman Youree Land & Livestock<br>Coleman, Ritchie & Jacobson<br>PO BOX 525<br>TWIN FALLS, ID 83303-0525 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Land View, Inc.<br>P.O. Box 475<br>Rupert, ID 83350 | JP Morgan Chase<br>PO Box 6294<br>Carol Stream, IL 60197 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)CNH Industrial Capital America LLC | (u)JOHN DEERE FINANCIAL | (u)MWI Veterinary Supply Inc. |
| (u)McAlvain Concrete, Inc. | (u)Official Committee Of Unsecured Creditors | (u)Rocky Mountain Agronomics, Inc. |
| (u)#3924637 | (u)A K Trucking1897 E 990 S Hazelton, ID 8333<br>A. Scott Jackson TruckingPO Box 56 Jerom<br>A. Scott JacksonTrucking Inc PO Box 56 J<br>ABS Global Inc Box 22144 Network Place C<br>Addison Biological Lab 507 N Cleveland S<br>Aden Brook Trading CorpPO Box 217 Montgo | (u)Badger Bearing PTP, Inc |
| (d)Conterra Holdings, LLC dba Conterra Ag Cap<br>c/o John O'Brien<br>Spencer Fane<br>1700 Lincoln Street, Suite 2000<br>Denver, CO 80203-4554 | (d)Elevation Electric, LLC<br>485 S. Idaho St.<br>Wendell, ID 83355-5241 | (u)NameAddress1Address2Address3CityStateZip<br>116 & West805 W Idaho StSte 300Boise<br>2020 Window ServicePO Box 6056Twin F<br>A & K Trucking1897 E 990 SHazeltonI<br>A. Scott Jackson TruckingPO Box 56Je<br>A. Scott JacksonTrucking IncPO Box 56 |
| (d)Progressive Dairy Service & Supply Corp.<br>485 S. Idaho St.<br>Wendell, ID 83355-5241 | (d)Krystal R Mikkilineni<br>Dentons Davis Brown<br>215 10th St<br>Ste 1300<br>Des Moines, IA 50309-3616 | (d)Krystal R. Mikkilineni<br>Dentons Davis Brown<br>215 10th Street<br>Suite 1300<br>Des Moines, IA 50309-3616 |

End of Label Matrix
Mailable recipients    146
Bypassed recipients     15
Total                  161