Daniel C. Green, ISB: #3213
RACINE OLSON
201 E. Center Street
Pocatello, ID 83201
Phone: (208) 232-6101
Fax: (208) 232-6109
Email: dan@racineolson.com

James J. Niemeier, *pro hac vice*
MCGRATH NORTH MULLIN
& KRATZ, PC, LLO
First National Tower, Ste. 3700
1601 Dodge Street
Omaha, NE 68102
Phone: 402-341-3070
Fax: 341-0216
Email: jniemeier@mcgrathnorth.com

Attorneys for the Creditors, Viterra USA Grain LLC
and Viterra USA Ingredients, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>    Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒   ALL DEBTORS<br><br>☐   Millenkamp Cattle, Inc.<br><br>☐   Idaho Jersey Girls<br><br>☐   East Valley Cattle<br><br>☐   Millenkamp Properties<br><br>☐   Millenkamp Properties II<br><br>☐   Millenkamp Family<br><br>☐   Goose Ranch<br><br>☐   Black Pine Cattle | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

VITERRA GRAIN AND VITERRA INGREDIENTS' RESPONSE IN SUPPORT OF THE DEBTORS'
MOTION TO ALLOW 503(B)(9) CLAIMS AND REQUEST FOR ALLOWANCE OF THEIR CLAIMS –
Page 1

☐  Millenkamp Enterprises

☐  Idaho Jersey Girls Jerome Dairy

### VITERRA USA GRAIN, LLC AND VITERRA USA INGREDIENTS, LLC'S RESPONSE IN SUPPORT OF THE DEBTORS' MOTION TO ALLOW 503(B)(9) CLAIMS AND REQUEST FOR ALLOWANCE OF THEIR 503(B)(9) CLAIMS

COME NOW Viterra USA Grain, LLC ("Viterra Grain") and Viterra USA Ingredients, LLC ("Viterra Ingredients")[1], creditors and parties-in-interest in the above-captioned matter, and for their Response in Support of the Debtors' Motion to Allow 503(b)(9) Claims and Request for Allowance of Their 503(b)(9) Claims ( the "Motion") hereby state that Viterra Grain and Viterra Ingredients have no objection to and support the Debtors' Amended Motion for Allowance and Payment of Section 503(b)(9) Claims, Doc. No. 308, which amended their prior motion for such relief, Doc. 15, that was filed on the Petition Date (the "Debtors' Motions"). In the amended motion the Debtors included in part, a request that Viterra's Section 503(b)(9) claims be allowed. While the Debtor's Motion also sought immediate payment of all the Section 503(b)(9) claims listed therein, including those of Viterra, Viterra is requesting only that its Section 503(b)(9) claims be allowed at this time, with their payment ordered to made on the earlier of the effective date of a confirmed plan or such earlier time as this Court may allow. In support thereof, Viterra states as follows:

#### JURISDICTION

1.  This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this

---

[1] Viterra Grain and Viterra Ingredients are also sometimes collectively referred to herein as Viterra.

VITERRA GRAIN AND VITERRA INGREDIENTS' RESPONSE IN SUPPORT OF THE DEBTORS' MOTION TO ALLOW 503(B)(9) CLAIMS AND REQUEST FOR ALLOWANCE OF THEIR CLAIMS – Page 2

Court under 28 U.S.C. §§ 1408 and 1409. This Court possesses the requisite authority to grant the relief requested herein pursuant to 11 U.S.C. §§105 and 503(b)(9).

## BACKGROUND

2.      On April 2, 2024 ( the "Petition Date") Millenkamp Cattle, Inc. ("Debtor") and its affiliated entities (collectively the 'Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Idaho. The Debtors have continued in possession and management of their estates since the Petition Date as debtors in possession, and no trustee or examiner has been appointed in these cases.

3.      On May 14, 2024, the Office of the United States Trustee (the "UST") appointed an official committee of unsecured creditors pursuant to 11 U.S.C. § 1102(a) (the "Committee") (Docket No. 297), and Viterra is a members of that Committee.

4.      Viterra Grain and Viterra Ingredients supplied goods in the form of feed and other commodities to the Debtor on credit within the 20-days prior to the Petition Date in the ordinary course of business (the "20-day Shipments")[2]. A true and correct copy of the summary of these 20-Day Shipments received by the Debtors are attached as Exhibit "A" and "B" to the Declaration of Alicia Burns, filed June 6, 2024 at Doc. No. 383 (the "Burns Declaration"). In addition, true and correct copies of the invoices for those 20-day Shipments are attached to the Burns Declaration as Exhibits "C' and "D" respectively. Those invoices each included 30-day terms, and the dates the feed referred therein was received by the Debtor and establish that all of these goods were in fact received by the Debtor within the 20-day period prior to the Petition Date.

5.      As set forth in the Burns Declaration, the amount owing to Viterra Grain for those 20-day Shipments is $1,039,406.61, and the amount owing to Viterra Ingredients for those 20-day

---

[2] While we use the term 20-Day Shipments, the majority of the feed purchased from Viterra was actually picked up by the Debtor.

Shipments is $915,354.51 (collectively, the "Viterra 503(b)(9) Claims"). In addition, Viterra Grain and Viterra Ingredients filed a proof of claim herein reflecting their total claims which were $2,042,848.90 for Viterra Grain and $2,532,555.38 for Viterra Ingredients of which the amount of $1,003,442.29 is the unsecured claim of Viterra Grain and the amount of $1,617,201.03 is the unsecured claim of Viterra Ingredients. As such, Viterra Grain and Viterra Ingredients remain owed significant amounts by the Debtor for the feed that they supplied in good faith pre-petition. Feed that was clearly essential in preserving the Debtors' dairy cattle and calf heard in the weeks leading to their bankruptcy filing.

## BASIS FOR RELIEF REQUESTED

6.  Section 503(b)(9) provides for the allowance of an administrative claim for "the value of any goods received by the debtor within twenty days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). "Such claims are allowed if: '(1) the vendor sold goods to the debtor; (2) the goods were received by the debtor within twenty days [before the bankruptcy] filing; and (3) the goods were sold…in the ordinary course of business.'" *In re World Imports, Ltd.*, 862 F.3d 338, 341 (3rd Cir. 2017) (*quoting In re Goody's Family Clothing, Inc.,*, 401 B.R. 131, 133 (Bankr.D.Del. 2009).

7.  It is true that "[s]ection 503 does not specify a time for payment of these expenses, other than to require that administrative expenses must be paid in full on the effective date of the plan, as provided in § 1129(a)(9)." *In re Global Home Products, LLC,* 2006 WL 3791955, *3 (Bankr.D.Del. Dec. 21, 2006). However, Bankruptcy Courts have broad discretion to determine whether and when a request for payment of an administrative expense claim should be allowed.

See, *In re Allen Care Centers, Inc.*, 163 B.R. 180 (Bankr. D. Or. 1994), aff'd, 175 B.R. 397 (D. Or. 1994), aff'd 96 F.3d 1328 (9th Cir. 1996). *In re Verco Industries*, 20 B.R. 665 (9th Cir 1982).

8.  As such this Court has the discretion to allow distributions to administrative claimants prior to confirmation if the debtor has the ability to pay and there is a need to do so. See *In re Glob. Home Prods., LLC*, Case No. 06-10340 (KG), 2006 WL 3791955, at *3 (Bankr. D. Del. Dec. 21, 2006) ("[T]he timing of the payment of that administrative expense claim is left to the discretion of the Court."); *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (it is well settled that determinations concerning the payment of administrative expenses outside of a plan of reorganization are matters within the sound discretion of the Bankruptcy Court).

9.  Other Courts have exercised their discretion to allow such payments on numerous occasions. See e.g. *In re Glob. Home Prods., LLC*, Case No. 06-10340 (KG), 2006 WL 3791955, at *3 (Bankr. D. Del. Dec. 21, 2006) ("[T]he timing of the payment of that administrative expense claim is left to the discretion of the Court."); *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (it is well settled that determinations concerning the payment of administrative expenses outside of a plan of reorganization are matters within the sound discretion of the bankruptcy court); *In Re Plastech Engineered Prods.*, 394 B.R. 147, 152 (Bankr. E.D. Mich. 2008) (the timing for payment of an administrative expense is left to the sound discretion of the court). Indeed, nothing in the Bankruptcy Code prohibits the Debtors from paying such claims sooner if they chose to do so and this Court exercises its discretion to authorize the payment of such obligations prior to confirmation of a chapter 11 plan. See *In re Dura Auto. Sys. Inc.*, Case No. 06-11202 (KJC) (Bankr. D. Del. Oct. 31, 2006) Hr'g Tr. 49:21– 23 ("I think arguably the [D]ebtor could pay its 503(b)(9) claimants without court approval.") *In re The Great Atlantic &*

*Pacific Tea Co., et al.*, No. 10-24549 (Bankr. S.D.N.Y. Dec. 14, 2010) (Nos. 55, 504) (authorizing payment of 503(b)(9) claims up to $5 million); *In re Lear Corp.*, No. 09-14326 (Bankr. S.D.N.Y. July 8, 2009) [Docket No. 68, 245] (authorizing payment of 503(b)(9) claims up to $23.15 million on an interim basis and $46.3 million on a final basis); *In re Chrysler LLC*, No. 09-50002 (Bankr. S.D.N.Y. May 20, 2009) [Docket No. 1318] (authorizing debtors to pay uncapped "claims of any creditors or claimants entitled to administrative priority pursuant to section 503(b)(9)").

10. However, while there is a great deal of authority allowing payment in advance of confirmation, and Viterra Grain and Viterra Ingredients would certainly like to be paid now if similarly situated claims are allowed to paid, they are by this filing only requesting that their administrative claims be allowed without further delay by the Court, and ordered to paid on the earlier of the effective date of a confirmed plan or an order of the Court approving an earlier payment. Allowing this claim now will provide Viterra with certainty as to the amount of its administrative claim so that it may continue to supply the Debtor the feed it needs for its massive livestock herd.

11. The prompt allowance and eventual payment of Viterra Grain's and Viterra Ingredients' Section 503(b)(9) claims as allowed by the Court does not unduly prejudice the Debtors or any other creditors in this case. This is supported by the fact the Debtors have already requested the allowance and ability to pay the Viterra 503(b)(9) Claims by the Debtors' Motions, and to date the U.S. Trustee and Secured Creditors objections have all focused on the timing of the payment of such claims not the timing of their allowance, or alternatively, a lack of documentation to support the claim. Here Viterra is not insisting on immediate payment and has provided clear documentation of the amounts owed for feed the Debtor received within 20-days of the Petition Date.

WHEREFORE, Viterra respectfully requests the entry of an order allowing Viterra Grain's 503(b)(9) administrative claim in the amount of $1,039,406.61 and Viterra Ingredient's 503(b)(9) claim in the amount of $915,354.51; that such order further direct that the Viterra 503(b)(9) Claims be paid, either on the effective date of a confirmed plan in this case or such earlier date as the Court may order, and that it grant such other and further relief as this Court may deem just and proper.

DATED this 7th day of June 2024.

            VITERRA USA GRAIN LLC AND VITERRA
            USA INGREDIENTS, LLC, Creditors,

By:  /s/ Daniel C. Green
     Daniel C. Green, ISB: #3213
     RACINE OLSON
     201 E. Center Street
     Pocatello, ID 83201
     Phone: (208) 232-6101
     Fax: (208) 232-6109
     Email: dan@racineolson.com

     -and-

     James J. Niemeier, Esq. (NE #18838)
     McGrath North Mullin & Kratz, PC LLO
     First National Tower, Suite 3700
     1601 Dodge Street
     Omaha, Nebraska 68102
     (402) 341-3070
     (402) 341-0216 (fax)
     jniemeier@mcgrathnorth.com

     Attorneys for Movant

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on June 7, 2024, I caused the foregoing to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electric Filing.

Dated:  June 7, 2024.

                                                /s/Daniel C. Green
                                                DANIEL C. GREEN