**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

In re:

MILLENKAMP CATTLE, INC.,

Debtors.

Case No. 24-40158-NGH

Filing relates to:
☒ ALL DEBTORS
☐ Millenkamp Cattle, Inc.
☐ Idaho Jersey Girls
☐ East Valley Cattle
☐ Millenkamp Properties
☐ Millenkamp Properties II
☐ Millenkamp Family
☐ Goose Ranch
☐ Black Pine Cattle
☐ Millenkamp Enterprises
☐ Idaho Jersey Girls Jerome Dairy

Jointly Administered With
Case Nos.:

24-40159-NGH (Idaho Jersey Girls)
24-40160-NGH (East Valley Cattle)
24-40161-NGH (Millenkamp Properties)
24-40162-NGH (Millenkamp Properties II)
24-40163-NGH (Millenkamp Family)
24-40164-NGH (Goose Ranch)
24-40166-NGH (Black Pine Cattle)
24-40167-NGH (Millenkamp Enterprises)
24-40165-NGH (Idaho Jersey Girls Jerome Dairy)

**ORDER (I) VACATING ORIGINAL BAR DATE AND**
**(II) ESTABLISHING THE DEADLINE TO FILE PROOFS OF CLAIM**

Upon the motion (Docket No. 376 - the "Motion")[1] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") for entry of an order (this "Bar Date Order")

pursuant to Bankruptcy Code sections 105, 501, 502(b)(9), Bankruptcy Rules 2002(a)(7), 2002(l),

3002(c)(1), and 3003(c)(3), and 9008, and Local Rules 2002-2 and 3003-1:  (i) establishing (a) the

general bar date (the "General Bar Date") by which all persons and entities, except as otherwise

provided herein, must file proofs of claim in these Chapter 11 Cases asserting a claim against any

of the Debtors that arose prior to April 2, 2024, (b) the date by which persons and entities must file

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

proofs of claim relating to the Debtors' rejection of executory contracts or unexpired leases in these Chapter 11 Cases (the "Rejection Bar Date"), (c) the date by which persons and entities must file proofs of claim in these Chapter 11 Cases as a result of the Debtors' amendment, if any, to their schedules of assets and liabilities  (the "Schedules") in these Chapter 11 Cases (the "Amended Schedules Bar Date" and, collectively with the General Bar Date, and the Rejection Bar Date, the "Bar Dates"); (ii) approving the form and manner of notice of the Bar Dates; and (iii) vacating the Original Bar Date; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The previous non-governmental claims bar date is vacated.

3. The forms of the Bar Date Notice and the Publication Notice, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects.  The form and manner of notice of the Bar Dates approved herein satisfy the notice requirements of the Bankruptcy Code and the Bankruptcy Rules.  As such, the Debtors are authorized to serve the Bar Date Notice in the manner described herein.

a. <u>The General Bar Date</u>.  Pursuant to this Bar Date Order, except as described below, all persons and entities holding claims (whether secured, unsecured, priority or unsecured nonpriority) against the Debtors that arose before April 2, 2024 (the "<u>Petition Date</u>") must file proofs of claim by July 31, 2024 (the "<u>General Bar Date</u>").

b. <u>The Rejection Bar Date</u>.  Any person or entity whose claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan in the applicable Debtor's Chapter 11 Case, must file a proof of claim on or before the later of:  (i) the General Bar Date; and (ii) 30 days after the entry of the order providing for the rejection of such executory contract or unexpired lease. The later of these dates is referred to in this order as the "<u>Rejection Bar Date</u>."

c. <u>The Amended Schedules Bar Date</u>.  If, subsequent to the mailing date of the Bar Date Notice, a Debtor amends or supplements its Schedules of Assets and Liabilities (the "<u>Schedules</u>") to reduce the undisputed, noncontingent, and liquidated amount or to change the nature or classification of a claim against a Debtor reflected therein, any affected persons or entities that dispute such changes are required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of:  (i) the General Bar Date; and (ii) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant.  The later of these dates is referred to in this order as the "<u>Amended Schedule Bar Date</u>."

4.     Subject to terms described in this Bar Date Order for holders of claims subject to Rejection Bar Date and the Amended Schedules Bar Date, the following persons and entities must file proofs of claim on or before the General Bar Date:

a. any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed," if such person or entity desires to share in any distribution or vote on any plan of liquidation in these Chapter 11 Cases;

b. any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

c. any person or entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules.

5.      The following persons and entities whose claims otherwise would be subject to the

General Bar Date need not file proofs of claim:

      a.      any person or entity that already has filed a signed proof of claim against the applicable Debtor(s);

      b.      any person or entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated," (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

      c.      any person or entity whose claim: (a) has previously been allowed by order of the Court, (b) has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court, or (c) is subject to a separate deadline pursuant to an order of the Court;

      d.      any Debtor having a claim (or any transferee for security of any such Debtor that has a claim) against another Debtor; and

      e.      any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest.

6.      The following procedures for the filing of a Proof of Claim Form shall apply:

      a.      <u>Contents</u>.  Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; and (iii) be signed by the claimant or by an authorized agent or legal representative of the claimant.

      b.      <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.

      c.      <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available.

      d.      <u>Timely Service</u>.  Each proof of claim must be filed with supporting documentation, either by hand delivery, courier service, first-class mail, overnight mail, or by delivering electronically.

7.    The Debtors shall retain the right to: (a) dispute, or assert offsets or defenses against, any filed proofs of claim, or any claim listed or reflected in the Schedules, as to nature, amount, liability, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules.  If the Debtors subsequently amend or supplement the Schedules, the Debtors shall give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.

8.    In particular, if a Debtor amends or supplements its Schedules to reduce the undisputed, noncontingent, and liquidated amount, to change the nature or classification of a claim against the Debtor or to add a new claim in the Schedules, any affected entities that dispute such changes must file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein by the Amended Schedules Bar Date.  Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

9.    Entities that are required to file a Proof of Claim and fail to properly file a Proof of Claim Form by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (i) asserting any prepetition claim against the Debtors that such person or entity may possess and that (a) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such person or entity as undisputed, noncontingent and liquidated or (b) is of a different nature, classification or priority than any claim identified in the Schedules on behalf of such person or entity (any such claim under this subparagraph (i) being referred to herein as an "Unscheduled

Claim"); and (ii) voting upon, or receiving distributions under, any chapter 11 plan in these cases in respect of an Unscheduled Claim.

10.     No later than five business days after the entry of this Bar Date Order, the Debtors shall serve the Bar Date Notice substantially in the form attached hereto as **Exhibit 1** by first-class mail, postage prepaid (or equivalent service), on:

      a.     all holders of claims or potential claims listed in the Schedules;

      b.     all individuals or entities that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of this Bar Date Order;

      c.     all counterparties to executory contracts and unexpired leases of the Debtors listed in the Schedules;

      d.     parties to litigation with the Debtors

      e.     all holders of record of any interests in any of the Debtors as of the date of the Bar Date Order (although copies of the Proof of Claim Form will not be provided to them);

      f.     all other entities listed on the Debtors' respective matrices of creditors; and

      g.     counsel to any of the foregoing, if known and not receiving this order via CM/ECF electronic notice.

11.     Pursuant to Bankruptcy Rule 2002(l) and 9008, the Debtors shall publish notice of the Bar Dates substantially in the form attached hereto as **Exhibit 2** (the "Publication Notice") on one occasion in the national edition of *USA Today* and in the *Idaho Statesman* as a means to provide notice of the Bar Dates to such unknown potential claimants.  The Debtors will cause such publication to occur no later than seven days after serving the Bar Date Notice Package.

12.     For the avoidance of doubt, nothing in this order affects the governmental bar date which was previously established as September 30, 2024.

13.     The Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order.

14.     The entry of this Bar Date Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file proofs of claim or interest.

//end of text//


DATED:  June 7, 2024

_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge




Order submitted by: Matthew T. Christensen, attorney for the Debtors

## Exhibit 1 to Order

**Form of Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtors. | Case No. 24-40158-NGH |
| Filing relates to:<br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

**TO:    ALL KNOWN CREDITORS OF THE FOLLOWING ABOVE-CAPTIONED DEBTOR ENTITIES (COLLECTIVELY, THE "DEBTORS")**

On [___], 2024, the United States Bankruptcy Court for the District of Idaho (the "Court") entered an order (the "Bar Date Order") in the Debtors' above-captioned chapter 11 cases (the "Chapter 11 Cases") establishing certain claims bar dates.

As used in this notice, the term "claim" means, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code:  (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**THE BAR DATES**

The Bar Date Order establishes the following bar dates for filing claims in these cases (the collectively, the "Bar Dates"):

The General Bar Date.  Pursuant to the Bar Date Order, except as described below, all persons or entities holding claims (whether secured, unsecured, priority or unsecured nonpriority) against the Debtors that arose before April 2, 2024 (the "Petition Date") must file proofs of claim by July 31, 2024 (the "General Bar Date").

The Rejection Bar Date.  Any person or entity whose claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan in the applicable Debtor's Chapter 11 Case, must file a proof of claim on or before the later of:  (i) the General Bar Date; and (ii) 30 days after the entry of the order providing for the rejection of such executory contract or unexpired lease.  The later of these dates is referred to in this notice as the "Rejection Bar Date."

The Amended Schedules Bar Date.  If, subsequent to the mailing date of this notice, a Debtor amends or supplements its Schedules of Assets and Liabilities (the "Schedules") to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a claim against a Debtor reflected therein, any affected persons or entities that dispute such changes are required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of:  (i) the General Bar Date; and (ii) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant. The later of these dates is referred to in this notice as the "Amended Schedule Bar Date."

## FILING CLAIMS

### 1.    WHO MUST FILE

Subject to terms described above for holders of claims subject to the Rejection Bar Date and the Amended Schedules Bar Date, the following entities must file proofs of claim, on or before the General Bar Date:

a.    any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed," if such person or entity desires to share in any distribution or vote on any plan of liquidation in these Chapter 11 Cases;

b.    any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

c.    any person or entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules.

## 2.    FILING REQUIREMENTS

Parties asserting claims against the Debtors that arose before the Petition Date, must use Official Form 410–Proof of Claim which may be obtained at https://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0. Parties asserting claims may also file their claim electronically at https://ecf.idb.uscourts.gov/cgi-bin/autoFilingClaims.pl.

Each Proof of Claim shall comply with the below requirements:

    a.  <u>Contents</u>. Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; and (iii) be signed by the claimant or by an authorized agent or legal representative of the claimant.

    b.  <u>Identification of the Debtor Entity</u>. Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.

    c.  <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available.

    d.  <u>Timely Service</u>. Each proof of claim must be filed with supporting documentation, either by hand delivery, courier service, first-class mail, overnight mail, or by delivering electronically.

## 4.    PERSONS AND ENTITIES NOT REQUIRED TO FILE A CLAIM

The Bar Date Order further provides that the following persons and entities, whose claims otherwise would be subject to the General Bar Date need not file claims in these cases:

    a.  any person or entity that already has filed a signed proof of claim against the applicable Debtor(s);

    b.  any person or entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated," (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which its claim is listed in the Schedules;

    c.  any person or entity whose claim: (a) has previously been allowed by order of the Court, (b) has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court, or (c) is subject to a separate deadline pursuant to an order of the Court;

EX PARTE MOTION FOR ORDER VACATING ORIGINAL BAR DATE AND ESTABLISH
DEADLINE TO FILE PROOFS OF CLAIM - 11

     d.      any Debtor having a claim (or any transferee for security of any such Debtor that has a claim) against another Debtor; and

     e.      any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest; <u>provided</u>, <u>however</u>, that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the applicable Bar Date pursuant to procedures set forth herein.

## <u>CONSEQUENCES FOR FAILURE TO FILE A CLAIM</u>

Pursuant to Bankruptcy Rule 3003(c)(2), persons or entities that fail to properly file a Proof of Claim Form by the applicable Bar Date (provided they were required to file a Proof of Claim), will be forever barred, estopped and enjoined from: (i) asserting any prepetition claim against the Debtors that such person or entity may possess and that (a) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such person or entity as undisputed, noncontingent and liquidated or (b) is of a different nature, classification or priority than any claim identified in the Schedules on behalf of such person or entity (any such claim under this subparagraph (i) being referred to herein as an "<u>Unscheduled Claim</u>"); and (ii) voting upon, or receiving distributions under, any chapter 11 plan in these cases in respect of an Unscheduled Claim.

The Debtors cannot advise you how to file, or whether you should file, a claim. You may wish to consult an attorney regarding this matter.

Dated: _____, 2024

**<u>Exhibit 2 to Order</u>**

**Publication Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>　　　　　　Debtors. | Case No. 24-40158-NGH |
| Filing relates to:<br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

**TO:    ANY CREDITORS OF THE FOLLOWING ABOVE-CAPTIONED DEBTOR ENTITIES (COLLECTIVELY, THE "DEBTORS")**

On [___], 2024, the United States Bankruptcy Court for the District of Idaho (the "Court") entered an order (the "Bar Date Order") in the Debtors' above-captioned chapter 11 cases (the "Chapter 11 Cases") establishing certain claims bar dates.

**THE BAR DATES**

**The Bar Date Order establishes the following bar dates for filing claims in these cases (the collectively, the "Bar Dates"):**

a.  The General Bar Date.  Pursuant to the Bar Date Order, except as described below, all persons or entities holding claims (whether secured, unsecured, priority, or unsecured nonpriority) against the Debtors that arose before April 2, 2024 (the "Petition Date") must file proofs of claim by July 31, 2024 (the "General Bar Date").

b.  The Rejection Bar Date.  Any person or entity whose claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan in the

EX PARTE MOTION FOR ORDER VACATING ORIGINAL BAR DATE AND ESTABLISH
DEADLINE TO FILE PROOFS OF CLAIM - 14

applicable Debtor's Chapter 11 Case, must file a proof of claim on or before the later of: (i) the General Bar Date; and (ii) 30 days after the entry of the order providing for the rejection of such executory contract or unexpired lease. The later of these dates is referred to in this notice as the "Rejection Bar Date."

c.  The Amended Schedules Bar Date. If, subsequent to the mailing date of this notice, a Debtor amends or supplements its Schedules of Assets and Liabilities (the "Schedules") to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a claim against a Debtor reflected therein, any affected persons or entities that dispute such changes are required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of: (i) the General Bar Date; and (ii) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant. The later of these dates is referred to in this notice as the "Amended Schedule Bar Date."

## FILING CLAIMS

**Subject to terms described above for holders of claims subject to the Rejection Bar Date and the Amended Schedules Bar Date, the following entities must file proofs of claim, on or before the General Bar Date:**

a.  any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed," if such person or entity desires to share in any distribution or vote on any plan of liquidation in these Chapter 11 Cases;

b.  any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

c.  any person or entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules.

Parties asserting claims against the Debtors that arose before the Petition Date must use Official Form 410–Proof of Claim which may be obtained at https://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0. Parties asserting claims may also file their claim electronically at https://ecf.idb.uscourts.gov/cgi-bin/autoFilingClaims.pl.

## CONSEQUENCES FOR FAILURE TO FILE A CLAIM

Pursuant to Bankruptcy Rule 3003(c)(2), persons or entities that fail to properly file a Proof of Claim Form by the applicable Bar Date (provided they were required to file a Proof of Claim), will be forever barred, estopped and enjoined from: (i) asserting any prepetition claim against the Debtors that such person or entity may possess and that (a) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such person or entity as undisputed, noncontingent and liquidated or (b) is of a different nature, classification or priority than any claim identified in the Schedules on behalf of such person or entity (any such claim under this

EX PARTE MOTION FOR ORDER VACATING ORIGINAL BAR DATE AND ESTABLISH
DEADLINE TO FILE PROOFS OF CLAIM - 15

subparagraph (i) being referred to herein as an "Unscheduled Claim"); and (ii) voting upon, or receiving distributions under, any chapter 11 plan in these cases in respect of an Unscheduled Claim.

The Debtors cannot advise you how to file, or whether you should file, a claim. You may wish to consult an attorney regarding this matter.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE.**

United States Bankruptcy Court
District of Idaho

In re:                                                      Case No. 24-40158-NGH

Millenkamp Cattle, Inc                                      Chapter 11
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0976-8                    User: admin                    Page 1 of 5
Date Rcvd: Jun 07, 2024                 Form ID: pdf117                 Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol        Definition**
+               Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
                regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 09, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Millenkamp Cattle, Inc, 471 North 300 West, Jerome, ID 83338-5078 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 09, 2024              Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 7, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Aaron Robert Bell | |
| | on behalf of Creditor MWI Veterinarian Supply  Inc. bell.aaron@dorsey.com |
| Adam Aiken Lewis | |
| | on behalf of Creditor East Valley Development  LLC alewis@mofo.com |
| Andrew J. Schoulder | |
| | on behalf of Creditor Rabo AgriFinance LLC andrew.schoulder@nortonrosefulbright.com nymcocalendaring@nortonrosefulbright.com,calendaring-nortonrose-9955@ecf.pacerpro.com |
| Brent Russel Wilson | |
| | on behalf of Creditor Rabo AgriFinance LLC bwilson@hawleytroxell.com  amay@hawleytroxell.com |
| Brett R Cahoon | |
| | on behalf of U.S. Trustee US Trustee ustp.region18.bs.ecf@usdoj.gov |
| Brian Faria | |
| | on behalf of Creditor Viserion Grain  LLC brian@sawtoothlaw.com |

District/off: 0976-8 · · · · · · · · · · · · · · · User: admin · · · · · · · · · · · · · · · Page 2 of 5
Date Rcvd: Jun 07, 2024 · · · · · · · · · · · · · Form ID: pdf117 · · · · · · · · · · · · · · · Total Noticed: 1

Bruce A. Anderson
> on behalf of Creditor Committee Bruce A. Anderson baafiling@eaidaho.com

Cheryl Rambo
> on behalf of Creditor Idaho State Brand Department cheryl.rambo@isp.idaho.gov

Connor Bray Edlund
> on behalf of Creditor McAlvain Concrete  Inc. edlund@mwsslawyers.com, lemieux@mwsslawyers.com

D Blair Clark
> on behalf of Creditor Blue Cross of Idaho Health Service  Inc dbc@dbclarklaw.com,
> mbc@dbclarklaw.com;maryann@dbclarklaw.com;jackie@dbclarklaw.com;ecf.dbclaw@gmail.com;G69536@notify.cincompass.c
> om

Daniel C Green
> on behalf of Creditor Viterra USA Grain  LLC and Viterra USA Ingredients, LLC dan@racineolson.com, mcl@racinelaw.net

David A Coleman
> on behalf of Creditor c/o David A. Coleman Youree Land & Livestock  Inc. david@colemanjacobsonlaw.com

David A Coleman
> on behalf of Creditor Eagle Creek Northwest LLC david@colemanjacobsonlaw.com

David A Coleman
> on behalf of Creditor c/o David A. Coleman B & H Farming david@colemanjacobsonlaw.com

Evan Thomas Roth
> on behalf of Creditor Viserion Grain  LLC evan@sawtoothlaw.com

Gabriel Luis Olivera
> on behalf of Creditor Official Committee Of Unsecured Creditors golivera@omm.com  gabriel-olivera-3960@ecf.pacerpro.com

Gery W Edson
> on behalf of Creditor Land View  Inc. gedson@gedson.com, tfurey@gedson.com

Heidi Buck Morrison
> on behalf of Creditor Viterra USA Grain  LLC and Viterra USA Ingredients, LLC heidi@racineolson.com,
> mandy@racineolson.com;cheryl@racineolson.com

Holly Roark
> on behalf of Creditor Elevation Electric  LLC holly@roarklawboise.com,
> courtnotices@roarklawoffices.com;RoarkLawOffices@jubileebk.net

Holly Roark
> on behalf of Creditor Progressive Dairy Service & Supply Corp. holly@roarklawboise.com
> courtnotices@roarklawoffices.com;RoarkLawOffices@jubileebk.net

James Niemeier
> on behalf of Creditor Viterra USA Grain  LLC and Viterra USA Ingredients, LLC jniemeier@mcgrathnorth.com

James Justin May
> on behalf of Debtor Millenkamp Cattle  Inc jjm@johnsonmaylaw.com,
> cjc@johnsonmaylaw.com;acs@johnsonmaylaw.com;lnh@johnsonmaylaw.com

Janine Patrice Reynard
> on behalf of Creditor East Valley Development  LLC janine@averylaw.net,
> averybklaw@gmail.com;boise@averylaw.net;twinfalls@averylaw.net;lawar78055@notify.bestcase.com

Jason Ronald Naess
> on behalf of U.S. Trustee US Trustee Jason.r.naess@usdoj.gov

Jed W. Manwaring
> on behalf of Creditor MWI Veterinary Supply  Inc. jmanwaring@evanskeane.com,
> duskin@evanskeane.com;abell@evanskeane.com

John O'Brien
> on behalf of Creditor Conterra Holdings  LLC d/b/a Conterra Ag Capital as loan servicer and power of attorney for Ag Funding
> SC II LLC and Conterra Holdings, LLC d/b/a Conterra Ag Capital as loan servicer and power of att jobrien@spencerfane.com,
> anissly@spencerfane.com;dperea@spencerfane.com

John D Munding
> on behalf of Creditor PerforMix Nutrition Systems  LLC john@mundinglaw.com

John F Kurtz, Jr
> on behalf of Interested Party Sandton Capital Partners LP jfk@kurtzlawllc.com  tnd@kurtzlawllc.com

Jon B Evans
> on behalf of Creditor Western States Equipment Co. evans.jb@dorsey.com  sattler.carla@dorsey.com

Julian Gurule
> on behalf of Creditor Official Committee Of Unsecured Creditors jgurule@omm.com  julian-gurule-5732@ecf.pacerpro.com

Karyn Lloyd

on behalf of Creditor CNH Industrial Capital America LLC klloyd@grsm.com

Kim J Trout

on behalf of Creditor Rocky Mountain Agronomics  Inc. ktrout@trout-law.com

Kimbell D Gourley

on behalf of Creditor Metropolitan Life Insurance Company kgourley@idalaw.com  shudson@idalaw.com

Kimbell D Gourley

on behalf of Creditor MetLife Real Estate Lending LLC kgourley@idalaw.com  shudson@idalaw.com

Krystal R. Mikkilineni

on behalf of Attorney Krystal R Mikkilineni krystal.mikkilineni@dentons.com  gabby.mathias@dentons.com

Krystal R. Mikkilineni

on behalf of Debtor Millenkamp Cattle  Inc krystal.mikkilineni@dentons.com, gabby.mathias@dentons.com

Krystal R. Mikkilineni

on behalf of Debtor Millenkamp Enterprises LLC krystal.mikkilineni@dentons.com  gabby.mathias@dentons.com

Krystal R. Mikkilineni

on behalf of Debtor Millenkamp Properties  L.L.C. krystal.mikkilineni@dentons.com  gabby.mathias@dentons.com

Krystal R. Mikkilineni

on behalf of Debtor Idaho Jersey Girls LLC krystal.mikkilineni@dentons.com  gabby.mathias@dentons.com

Krystal R. Mikkilineni

on behalf of Debtor Black Pine Cattle LLC krystal.mikkilineni@dentons.com  gabby.mathias@dentons.com

Krystal R. Mikkilineni

on behalf of Debtor Idaho Jersey Girls Jerome Dairy LLC krystal.mikkilineni@dentons.com  gabby.mathias@dentons.com

Krystal R. Mikkilineni

on behalf of Debtor Millenkamp Family LLC krystal.mikkilineni@dentons.com  gabby.mathias@dentons.com

Krystal R. Mikkilineni

on behalf of Debtor Goose Ranch LLC krystal.mikkilineni@dentons.com  gabby.mathias@dentons.com

Krystal R. Mikkilineni

on behalf of Debtor Millenkamp Properties II LLC krystal.mikkilineni@dentons.com  gabby.mathias@dentons.com

Krystal R. Mikkilineni

on behalf of Debtor East Valley Cattle  LLC krystal.mikkilineni@dentons.com, gabby.mathias@dentons.com

Laura E Burri

on behalf of Creditor Automation Werx  LLC lburri@morrowfischer.com, klee@morrowfischer.com

Louis V. Spiker

on behalf of Creditor Standlee Ag Resources louis.spiker@millernash.com  louis.spiker@millernash.com

Mark Bradford Perry

on behalf of Creditor Burks Tractor Company  Inc. mbp@perrylawpc.com,
info@perrylawpc.com;tlh@perrylawpc.com;plr@perrylawpc.com;jks@perrylawpc.com;tay@perrylawpc.com

Matthew Kremer

on behalf of Creditor Official Committee Of Unsecured Creditors mkremer@omm.com  matthew-kremer-0858@ecf.pacerpro.com

Matthew A Sturzen

on behalf of Creditor Wilbur-Ellis Company LLC matt@shermlaw.com  bjorn@shermlaw.com;gina@shermlaw.com

Matthew T. Christensen

on behalf of Debtor Idaho Jersey Girls LLC mtc@johnsonmaylaw.com
mtcecf@gmail.com;acs@johnsonmaylaw.com;ard@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.
com;christensenmr81164@notify.bestcase.com;crb@johnsonmaylaw.com

Matthew T. Christensen

on behalf of Debtor Millenkamp Enterprises LLC mtc@johnsonmaylaw.com
mtcecf@gmail.com;acs@johnsonmaylaw.com;ard@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.
com;christensenmr81164@notify.bestcase.com;crb@johnsonmaylaw.com

Matthew T. Christensen

on behalf of Debtor Black Pine Cattle LLC mtc@johnsonmaylaw.com
mtcecf@gmail.com;acs@johnsonmaylaw.com;ard@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.
com;christensenmr81164@notify.bestcase.com;crb@johnsonmaylaw.com

Matthew T. Christensen

on behalf of Debtor Millenkamp Family LLC mtc@johnsonmaylaw.com
mtcecf@gmail.com;acs@johnsonmaylaw.com;ard@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.
com;christensenmr81164@notify.bestcase.com;crb@johnsonmaylaw.com

Matthew T. Christensen

on behalf of Debtor East Valley Cattle  LLC mtc@johnsonmaylaw.com,
mtcecf@gmail.com;acs@johnsonmaylaw.com;ard@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.

District/off: 0976-8
Date Rcvd: Jun 07, 2024

User: admin
Form ID: pdf117

Page 4 of 5
Total Noticed: 1

com;christensenmr81164@notify.bestcase.com;crb@johnsonmaylaw.com

Matthew T. Christensen

on behalf of Debtor Goose Ranch LLC mtc@johnsonmaylaw.com
mtcecf@gmail.com;acs@johnsonmaylaw.com;ard@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.
com;christensenmr81164@notify.bestcase.com;crb@johnsonmaylaw.com

Matthew T. Christensen

on behalf of Debtor Idaho Jersey Girls Jerome Dairy LLC mtc@johnsonmaylaw.com
mtcecf@gmail.com;acs@johnsonmaylaw.com;ard@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.
com;christensenmr81164@notify.bestcase.com;crb@johnsonmaylaw.com

Matthew T. Christensen

on behalf of Debtor Millenkamp Cattle  Inc mtc@johnsonmaylaw.com,
mtcecf@gmail.com;acs@johnsonmaylaw.com;ard@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.
com;christensenmr81164@notify.bestcase.com;crb@johnsonmaylaw.com

Matthew T. Christensen

on behalf of Debtor Millenkamp Properties II LLC mtc@johnsonmaylaw.com
mtcecf@gmail.com;acs@johnsonmaylaw.com;ard@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.
com;christensenmr81164@notify.bestcase.com;crb@johnsonmaylaw.com

Matthew T. Christensen

on behalf of Debtor Millenkamp Properties  L.L.C. mtc@johnsonmaylaw.com,
mtcecf@gmail.com;acs@johnsonmaylaw.com;ard@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.
com;christensenmr81164@notify.bestcase.com;crb@johnsonmaylaw.com

Matthew T. Christensen

on behalf of Attorney Matthew T. Christensen mtc@johnsonmaylaw.com
mtcecf@gmail.com;acs@johnsonmaylaw.com;ard@johnsonmaylaw.com;ecf@johnsonmaylaw.com;atty_christensen@bluestylus.
com;christensenmr81164@notify.bestcase.com;crb@johnsonmaylaw.com

Matthew W Grimshaw

on behalf of Creditor Ad Hoc Committee of Corn Silage Growers matt@grimshawlawgroup.com

Meredith Leigh Thielbahr

on behalf of Creditor CNH Industrial Capital America LLC mthielbahr@grsm.com  ckaiser@grsm.com

Miranda K. Russell

on behalf of Creditor East Valley Development  LLC mrussell@mofo.com

Morton R. Branzburg

on behalf of Creditor MWI Veterinary Supply Inc. mbranzburg@klehr.com

Rhett Michael Miller

on behalf of Creditor Moss Farms Operations  LLC rmiller@magicvalley.law

Rhett Michael Miller

on behalf of Creditor United Electric Co-op  Inc. rmiller@magicvalley.law

Rhett Michael Miller

on behalf of Creditor Raft River Rural Electric Cooperative  Inc. rmiller@magicvalley.law

Rhett Michael Miller

on behalf of Creditor Moss Grain Partnership rmiller@magicvalley.law

Robert A Faucher

on behalf of Interested Party Glanbia Foods Inc rfaucher@hollandhart.com
boiseintaketeam@hollandhart.com;spturner@hollandhart.com

Robert E Richards

on behalf of Debtor Millenkamp Cattle  Inc robert.richards@dentons.com, docket.general.lit.chi@dentons.com

Scott C Powers

on behalf of Creditor Conterra Holdings  LLC d/b/a Conterra Ag Capital as loan servicer and power of attorney for Ag Funding
SC II LLC and Conterra Holdings, LLC d/b/a Conterra Ag Capital as loan servicer and power of att spowers@spencerfane.com,
mwatson@spencerfane.com

Sheila Rae Schwager

on behalf of Creditor Rabo AgriFinance LLC sschwager@hawleytroxell.com
jbrocious@hawleytroxell.com;mreinhart@hawleytroxell.com

Tirzah R. Roussell

on behalf of Debtor Millenkamp Cattle  Inc tirzah.roussell@dentons.com

Tirzah R. Roussell

on behalf of Debtor Millenkamp Enterprises LLC tirzah.roussell@dentons.com

Tirzah R. Roussell

on behalf of Debtor Idaho Jersey Girls LLC tirzah.roussell@dentons.com

Tirzah R. Roussell

on behalf of Debtor Millenkamp Properties II LLC tirzah.roussell@dentons.com

Tirzah R. Roussell

      on behalf of Debtor Black Pine Cattle LLC tirzah.roussell@dentons.com

Tirzah R. Roussell

      on behalf of Debtor Millenkamp Family LLC tirzah.roussell@dentons.com

Tirzah R. Roussell

      on behalf of Debtor Millenkamp Properties  L.L.C. tirzah.roussell@dentons.com

Tirzah R. Roussell

      on behalf of Debtor East Valley Cattle  LLC tirzah.roussell@dentons.com

Tirzah R. Roussell

      on behalf of Debtor Idaho Jersey Girls Jerome Dairy LLC tirzah.roussell@dentons.com

Tirzah R. Roussell

      on behalf of Debtor Goose Ranch LLC tirzah.roussell@dentons.com

US Trustee

      ustp.region18.bs.ecf@usdoj.gov

William K Carter

      on behalf of Creditor CNH Industrial Capital America LLC kentcarter@grsm.com

Zachary Fairlie

      on behalf of Creditor Conterra Holdings  LLC d/b/a Conterra Ag Capital as loan servicer and power of attorney for Ag Funding
      SC II LLC and Conterra Holdings, LLC d/b/a Conterra Ag Capital as loan servicer and power of att zfairlie@spencerfane.com

TOTAL: 86