Sheila R. Schwager, ISB No. 5059
Brent R. Wilson, ISB No. 8936
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 W. Main Street, Suite 200
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5261
Email: sschwager@hawleytroxell.com
   bwilson@hawleytroxell.com

Andrew J. Schoulder (*pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: 212.318.3030
Email: andrew.schoulder@nortonrosefulbright.com

Attorneys for Rabo AgriFinance LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II | Jointly Administered With Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING (Dkt. No. 380) - 1

☐ Millenkamp Family

☐ Goose Ranch

☐ Black Pine Cattle

☐ Millenkamp Enterprises

☐ Idaho Jersey Girls Jerome Dairy

**OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING (Dkt. No. 380)**

Rabo AgriFinance LLC, in its capacity as agent and secured lender ("RAF"), by and through its attorneys of record, hereby objects to the *Motion to Shorten Time for Notice of Hearing (Dkt. No. 380)* (the "Motion") filed by the Debtors Millenkamp Cattle, Inc., *et al.* (the "Debtors") on June 6, 2024.

## I.
## BACKGROUND AND THE MOTION REQUEST

On June 6, 2024, the Debtors filed the following motions, for which it seeks to shorten time for a hearing on June 20, 2024: (1) *Motion for Authority to Pre-pay Certain Silage and Hay/Straw Vendors for Future Deliveries (Dkt. No. 374)* (the "Silage Motion"); (2) *Debtor's Motion for Order Authorizing the Debtor to Enter Into Post-Petition Equipment Lease with Burks Tractor Company, Inc. (Dkt. No. 375)* (the "Burks Motion"); (3) *Debtors' Motion for Authority to Advance on the DIP Facility (Dkt. No. 378)* (the "DIP Motion"); and (4) *Debtors' Omnibus Motion for Authority to Purchase and Sell Equipment and Machinery (Dkt. No. 379)* (the "Omnibus Sale Motion").

Further, on June 6, 2024, the Debtors filed the *Debtors' Notice of Hearing (Dkt. No. 381)*, listing the motions that the Debtors expect to be heard on June 20, 2024, which includes all the

OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING (Dkt. No. 380) - 2

59797.0007.17293407.1

motions listed above, plus the *Amended Motion for Allowance and Payment of Section 503(b)(9) Claims (Dkt. No. 308)* (the "503(b)(9) Motion").

Contrary to local practice, there was no attempt by the Debtors to discuss the Motions, the urgency of any of the Motions, or the coordination of an evidentiary hearing date with RAF's counsel. Within the hearing Motion, the Debtors state that "many" of the motions filed do not require more than 14 days' notice, but without identifying which of them do (or do not). Rather, the Debtors request that if any of the motions do require additional notice, the Debtors ask this Court to shorten the time for a hearing. *Id.* Additionally, the Debtors state in the hearing Motion that the "June 20 hearing is the only date available on the Court's calendar for an evidentiary hearing on the issues raised[.]" *Id.* Significantly, there is no information submitted by the Debtors as to why any of the Motions, other than the Burks Motion, necessitate such a short period of time for an evidentiary hearing. RAF respectfully submits that there is no such necessity and instead the Debtors should provide all the parties in interest sufficient time to evaluate and determine whether there are objections to the multiple motions, and if there are objections to have sufficient time to articulate those objections and determine what witnesses and evidence are necessary, and then have sufficient time to coordinate the attendance of such witness. The mere seven days allotted to the creditors for the multiple motions is not sufficient, as a practical matter. Of course, filing multiple motions and setting all of the motions for a shortened evidentiary hearing may lead to less filed objections, but that does not take into account the creditors' interests and does not facilitate the purpose or policies under the Bankruptcy Code or this District.

Notably, with only fourteen (14) days' notice, the DIP Motion seeks authority to draw an additional $15,000,000 on the DIP facility, or nearly double the previously draws authorized by

OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING (Dkt. No. 380) - 3

this Court. Dkt. No. 378 at 4. The DIP Motion states that the Debtors will take an "immediate draw" of $10,000,000 and an additional $5,000,000 by "mid-July." Dkt. No. 378 at 4.

The DIP Motion states that within this additional draw request is the nearly $6,000,000 it seeks to pay § 503(b)(9) claimants *early,* prior to plan confirmation. *Id.* at 4. The DIP Motion makes this full request even though the documentation submitted by the Debtors to RAF, upon the request of RAF, demonstrate that many of the claims that the Debtors seek payment are not even valid § 503(b)(9) claims, despite the representations to the contrary in the 503(b)(9) Motion. *See* Dkt. No. 373, RAF's Limited Objection to Debtor's Amended Motion for Allowance and Payment of Section 503(b)(9) Claims, pp.; 7-10. Further, despite the objection being filed by RAF, the Debtors have still failed to file any support for the 503(b)(9) claims to demonstrate that the claims are indeed valid § 503(b)(9) claims as represented, so that parties can fully evaluate prior to the scheduled evidentiary hearing.

The DIP Motion further states that within the draw amount requested, the Debtors intend to pay $6,500,000 to the silage and hay/straw vendors as a deposit, as requested in the Silage Motion—filed on June 6, 2024. *Id.* 4-5. Notably the DIP Motion seeks a full $6,500,000 despite the Silage Motion only representing and identifying a specific need of $4 Million ($2.5 Million deposit for Silage farmers and $1.5 Million to the Debtors' insider H&M).

Significantly, the DIP Motion fails to state the urgency of the request for $10,000,000 immediately and $5,000,000 in mid-July. The Debtors reference the "Debtors' budget and operating needs," but neither the budget nor further explanation is provided in the DIP Motion. *Id.* at 4.

OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING (Dkt. No. 380) - 4

Finally, the only motion that the Debtors seek to have heard on June 20th for which the Debtors identify a June deadline is the Burkes Motion[1] due to the termination of the leases on June 30th. None of the other Motions reference the necessity of a payment date prior to a date in July when an evidentiary hearing could be coordinated and timely held.

## II.
## ARGUMENT

Except for the Burks Motion, RAF respectfully objects to setting the various motions on June 20, 2024, for an evidentiary hearing, as additional time is needed to be able to fully evaluate and determine if objections are necessary, if necessary to what extent, and then what evidence is necessary to present to the Court. Particularly problematic is the request in the DIP Motion for approval of an advance on the DIP facility that nearly doubles the prior draws. The Debtors have not articulated any urgency in hearing this matter at an evidentiary hearing on 14 days' notice. Instead, the majority of the amount requested is based on the Debtors obtaining favorable rulings by this Court on the 503(b)(9) Motion as well as the Silage Motion. To the extent that the Debtors are experiencing cash flow issues, that appears to be based upon the Debtors' inability to accurately project their cash needs. Moreover, if the Debtors are once again having cash flow issues, this underscores the concerns articulated by RAF early in this case. RAF understands that milk prices have improved, and the Debtors have access to cattle sale proceeds. If the Debtors have not been able to operate profitably despite these facts and must attempt to seek emergency financing from the DIP facility with its attendant and significant costs, it raises questions as to the Debtors' ability to propose a feasible chapter 11 plan, which the Debtors have represented would be filed in the

---

[1] Based on the representations and information set forth in the Burks Motion, RAF has no objection to the Burks Motion or for the hearing setting on an expedited basis.

OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING (Dkt. No. 380) - 5

59797.0007.17293407.1

next month. All relevant information that may be necessary to be addressed in an evidentiary hearing.

RAF, respectfully submits that RAF and other parties in interest, have not been provided sufficient information or had sufficient time to evaluate the requests, particularly as to the DIP Motion, the 503(b)(9) Motion and the Omnibus Sale Motion. The Court's final order approving the original DIP facility draw requires the parties in interest to be provided notice and an opportunity to object to these additional requests. Dkt. No. 305. At this point, RAF has not had sufficient time to evaluate the Debtors' requests to evaluate such objections, which objections would be due on June 14, along with witness and exhibits lists (and preparing the witnesses and exhibits for that hearing) for the evidentiary hearing just seven days later. In filing the Motions on such an expedited basis, creditors are being required to fully evaluate the multiple motions filed, determine if there are any objections, and identify all exhibits and witnesses in just a week's time frame.

Moreover, RAF duly served Mr. William Millenkamp with a subpoena for the production of documents April 22, 2024. The information requested by RAF's subpoena could have a material bearing on whether the Debtors should be allowed to incur an additional $15 million under the DIP facility. Given Mr. Millenkamp failed to even acknowledge RAF's subpoena, on May 29, 2024, RAF issued a request to meet and confer which Mr. Millenkamp has also ignored to date. Mr. Millenkamp is not just the Debtors' owner and chief executive officer – he is the primary witness that the Debtors rely on to support the business judgment for the relief being requested in these cases. Accordingly, RAF would respectfully request that the Court set a hearing date that

OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING (Dkt. No. 380) - 6

provides sufficient time for RAF to review Mr. Millenkamp's document production once he complies with RAF's subpoena.

RAF understands that the June 20, 2024 hearing date may be the next available hearing date on the Court's calendar, with the following week not being available, however, hearing dates in July 2024, would better provide all parties in interest an ability to assess the DIP Motion and other motions and present any evidence and argument they may have against the requests. A July 2024 hearing also may accommodate the "mid-July" request of $5,000,000 as set out by the Debtors in the DIP Motion.

RAF submits that delaying the hearing will not harm the Debtors' operation. Again, the DIP Motion seeks approval to pay the nearly $12,000,000 in the 503(b)(9) Motion and the Silage Motion. As RAF has pointed out in its objection to the 503(b)(9) Motion, a significant amount of the amounts sought by the Debtors in the 503(b)(9) Motion are not appropriate § 503(b)(9) claims because they are clearly amounts due for services or finance charges owed by the Debtors. *See* Dkt. No. 373. Therefore, it is not clear the amount of money that would be authorized by the Court to be paid under the 503(b)(9) Motion, or whether those amounts will be authorized to be paid pre-plan confirmation regardless. As RAF has argued, any prepayment of these claims with the DIP facility funds causes the bankruptcy estate to incur significant fees and interest, all the while a chapter 11 plan has not been filed.

Further the Omnibus Sale Motion appears to have serious issues in its attempt to by-pass the protections afforded to secured creditors under 11 U.S.C. § 363. There is no reason to expedite (and no reasons have been provided) such a motion. Again, all creditors need sufficient time and opportunity to evaluate the Debtors' representations and submissions relied upon to disregard a

OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING (Dkt. No. 380) - 7

secured creditor's contractual and statutory rights. A mere few days for filing objections, evidence, and witnesses, does not provide that time.

In light of the lack of the information provided by the Debtors to actually demonstrate an emergency for each and all of the Motions (except for the Burke Motion), RAF respectfully requests that the evidentiary hearing and deadlines be moved to a date in July.

### III.
### CONCLUSION

Based on the foregoing, RAF respectfully request that the Court deny the Motion, as to all motions except for the Burks Motion, and set these matters for a later evidentiary hearing date with corresponding new deadlines, to allow the creditors and other parties in interest sufficient time to evaluate the requests.

Dated: June 10, 2024    HAWLEY TROXELL ENNIS & HAWLEY LLP

/s/ Brent R. Wilson
_____
Brent R. Wilson, ISB No. 8936
Attorneys for Rabo AgriFinance LLC

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 10th day of June, 2024, I electronically filed the foregoing **OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING (Dkt. No. 380)** with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to those identified in the CM/ECF system for this matter, at the time this document was filed, including the following persons:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Roussell | tirzah.roussell@dentons.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Jon B. Evans | evans.jb@dorsey.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine Patrice Reynard | janine@averylaw.net |
| Sheila Rae Schwager | sschwager@hawleytroxell.com |
| Brent Russel Wilson | bwilson@hawleytroxell.com |
| Zachary Fairlie | zfairlie@spencerfance.com |
| John O'Brien | jobrien@spencerfane.com |
| Gery W. Edson | gedson@gedson.com |
| Aaron Bell | abell@evanskeane.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Faucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| Karen Lloyd | klloyd@grsm.com |
| James Justin May | jjm@johnsonmaylaw.com |
| Rhett Michael Miller | rmiller@magicvalley.law |
| Robert E. Richards | robert.richards@dentons.com |

OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING (Dkt. No. 380) - 9

59797.0007.17293407.1

| | |
|---|---|
| Holly Roark | holly@roarklawboise.com |
| Evan Thomas Roth | evan@sawtoothlaw.com |
| Meredith Leigh Thielbahr | mthielbahr@grsm.com |
| John F. Kurtz, Jr. | jfk@kurtzlaw.com |
| And any others receiving cm/ecf notices | |

/s/ Brent R. Wilson
Brent R. Wilson