**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>                Debtors. | Case No. 24-40158-NGH |
| Filing relates to:<br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

**TO:**     ALL KNOWN CREDITORS OF THE FOLLOWING ABOVE-CAPTIONED DEBTOR ENTITIES (COLLECTIVELY, THE "DEBTORS")

    On June 7, 2024, the United States Bankruptcy Court for the District of Idaho (the "Court") entered an order (the "Bar Date Order") in the Debtors' above-captioned chapter 11 cases (the "Chapter 11 Cases") establishing certain claims bar dates.

    As used in this notice, the term "claim" means, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**THE BAR DATES**

    The Bar Date Order establishes the following bar dates for filing claims in these cases (the collectively, the "Bar Dates"):

#4002107

<u>The General Bar Date</u>.  Pursuant to the Bar Date Order, except as described below, all persons or entities holding claims (whether secured, unsecured, priority or unsecured nonpriority) against the Debtors that arose before April 2, 2024 (the "<u>Petition Date</u>") must file proofs of claim by July 31, 2024 (the "<u>General Bar Date</u>").

<u>The Rejection Bar Date</u>.  Any person or entity whose claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan in the applicable Debtor's Chapter 11 Case, must file a proof of claim on or before the later of:  (i) the General Bar Date; and (ii) 30 days after the entry of the order providing for the rejection of such executory contract or unexpired lease.  The later of these dates is referred to in this notice as the "<u>Rejection Bar Date</u>."

<u>The Amended Schedules Bar Date</u>.  If, subsequent to the mailing date of this notice, a Debtor amends or supplements its Schedules of Assets and Liabilities (the "<u>Schedules</u>") to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a claim against a Debtor reflected therein, any affected persons or entities that dispute such changes are required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of:  (i) the General Bar Date; and (ii) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant. The later of these dates is referred to in this notice as the "<u>Amended Schedule Bar Date</u>."

## FILING CLAIMS

**1. WHO MUST FILE**

Subject to terms described above for holders of claims subject to the Rejection Bar Date and the Amended Schedules Bar Date, the following entities must file proofs of claim, on or before the General Bar Date:

a.  any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed," if such person or entity desires to share in any distribution or vote on any plan of liquidation in these Chapter 11 Cases;

b.  any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

c.  any person or entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules.

2. **FILING REQUIREMENTS**

Parties asserting claims against the Debtors that arose before the Petition Date, must use Official Form 410–Proof of Claim which may be obtained at https://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0. Parties asserting claims may also file their claim electronically at https://ecf.idb.uscourts.gov/cgi-bin/autoFilingClaims.pl.

Each Proof of Claim shall comply with the below requirements:

a. <u>Contents</u>.  Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; and (iii) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b. <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.

c. <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available.

d. <u>Timely Service</u>.  Each proof of claim must be filed with supporting documentation, either by hand delivery, courier service, first-class mail, overnight mail, or by delivering electronically.

4. **PERSONS AND ENTITIES NOT REQUIRED TO FILE A CLAIM**

The Bar Date Order further provides that the following persons and entities, whose claims otherwise would be subject to the General Bar Date need not file claims in these cases:

a. any person or entity that already has filed a signed proof of claim against the applicable Debtor(s);

b. any person or entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated," (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c. any person or entity whose claim: (a) has previously been allowed by order of the Court, (b) has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court, or (c) is subject to a separate deadline pursuant to an order of the Court;

EX PARTE MOTION FOR ORDER VACATING ORIGINAL BAR DATE AND ESTABLISH
DEADLINE TO FILE PROOFS OF CLAIM - 4

d. any Debtor having a claim (or any transferee for security of any such Debtor that has a claim) against another Debtor; and

e. any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest; <u>provided</u>, <u>however</u>, that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the applicable Bar Date pursuant to procedures set forth herein.

### **CONSEQUENCES FOR FAILURE TO FILE A CLAIM**

Pursuant to Bankruptcy Rule 3003(c)(2), persons or entities that fail to properly file a Proof of Claim Form by the applicable Bar Date (provided they were required to file a Proof of Claim), will be forever barred, estopped and enjoined from: (i) asserting any prepetition claim against the Debtors that such person or entity may possess and that (a) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such person or entity as undisputed, noncontingent and liquidated or (b) is of a different nature, classification or priority than any claim identified in the Schedules on behalf of such person or entity (any such claim under this subparagraph (i) being referred to herein as an "<u>Unscheduled Claim</u>"); and (ii) voting upon, or receiving distributions under, any chapter 11 plan in these cases in respect of an Unscheduled Claim.

The Debtors cannot advise you how to file, or whether you should file, a claim. You may wish to consult an attorney regarding this matter.

Dated: June 10, 2024

JOHNSON MAY

*/s/ Matt Christensen*
_____
MATTHEW T. CHRISTENSEN

DENTONS

*/s/ Krystal Mikkilineni*
_____
KRYSTAL MIKKILINENI

Attorneys for the Debtor

EX PARTE MOTION FOR ORDER VACATING ORIGINAL BAR DATE AND ESTABLISH DEADLINE TO FILE PROOFS OF CLAIM - 5