Jason R. Naess, ISBN 8407
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
Andrew S. Jorgensen, ISBN 8695
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br><br>☐ Idaho Jersey Girls<br><br>☐ East Valley Cattle<br><br>☐ Millenkamp Properties<br><br>☐ Millenkamp Properties II<br><br>☐ Millenkamp Family<br><br>☐ Goose Ranch<br><br>☐ Black Pine Cattle<br><br>☐ Millenkamp Enterprises<br><br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

**UNITED STATES TRUSTEE'S OBJECTION TO ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE MONTH OF APRIL FOR KANDER LLC**

- 1

The Acting United States Trustee ("UST") hereby objects, at this time, to the allowance and payment of any of the compensation and fees requested under Kander's Cover Sheet Application for Allowance and Payment of Interim Compensation and Reimbursement of Expenses for the Month of April (the "April Application for Interim Compensation" or the "Application"). Dkt. No. 364. Kander LLC ("Kander")[1] explains it has filed the Application "in accordance with the *Order Establishing Interim Fee Application and Expense Reimbursement Procedures* entered by the Court on May 16, 2024." Dkt. No. 364 at 1.

The Order Establishing Interim Fee and Expense Reimbursement Procedures outlines certain procedures that may be used for requesting the payment of interim compensation by "[a]ny Professional (as defined in the Motion)." Dkt. No. 303 at 2. The Motion for Order Establishing Interim Fee and Expense Reimbursement Procedures includes two categories of "Professionals" within the defined term: the Debtor's Professionals and the Official Committee of Unsecured Creditor's Professionals. Dkt. No. 16 at 2. As for the category of "Debtor's Professionals," the Motion defines the term as:

> In connection with the administration of the Debtor's Chapter 11 case and pursuant to orders entered or to be entered by this Court, the Debtor has employed and may continue to employ attorneys, accountants and other professionals that will be subject to the Bankruptcy Code's provisions relating to the employment and compensation of professionals.

Dkt. No. 16.

To date, the Court has not yet entered an Order authorizing the Debtors' employment of

---

[1] The April Application for Interim Compensation begins: "Kander LLC ("Kander") hereby submits its Cover Sheet Application . . ." yet the Application is signed by counsel for Debtors. *See* Dkt. No. 364. It is believed Debtors' counsel is not also counsel for Kander. There is no indication the cover sheet is an accommodation filing for Kander by Debtors because Kander does not have CM/ECF filing privileges – though the UST suspects that may be why Debtors have filed the Application. To avoid confusion in future filings, having Kander sign the Application and explaining the filing is done by Debtors' counsel as an accommodation would be helpful – if that is the Debtors' and Kander's intent.

Kander. *See* generally, the Docket.

To provide some insight and context: Upon review of Kander's Application to Employ Financial Advisor for Debtors in Possession, Dkt. No. 13, the UST had concern and sent an inquiry to the Debtors regarding the "earned upon receipt base fee in the amount of $60,000 as an initial fee for services provided" referenced in the Declaration of Ken Nofziger In Support of Application to Employ Financial Advisor for Debtor in Possession. Dkt. No. 13. The UST has since met with representatives of the Debtors and Kander and understands the $60,000 was intended to cover fees for post-petition services provided by Kander that would not be billed for. The UST has requested additional documentation from Kander to allow it to continue to evaluate the $60,000 fee before deeming the employment application is appropriate. The requested information includes:

1. Copies of invoices for prepetition work in the amount of approximately $43,000;

2. The case numbers and Districts for all other bankruptcy cases where Kander has been employed as a professional; and

3. Information regarding any other earned upon receipt, nonrefundable base fees that have been charged to Millenkamp Cattle or the other Debtors in this jointly administered case in connection with prior engagement letters or over the course of the employment.

As yet, Kander has not provided the UST with the requested information.

Because Kander is not yet an employed professional of the Debtors' estates, the compensation and expenses it has requested in the April Application for Interim Compensation should not yet be allowed or paid.

Date: June 13, 2024

                                        GREGORY M. GARVIN
                                        Acting United States Trustee for Region 18

                                        /s/ Jason R. Naess
                                        JASON R. NAESS

                          Attorney for the Acting United States Trustee
                          [Non CM/ECF e-mail jason.r.naess@usdoj.gov]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ___June 13, 2024___ I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

Date: __June 13, 2024_____

                                              _____/s/_____
                                              JASON R. NAESS