Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
       jjm@johnsonmaylaw.com


Krystal Mikkilineni, *pro hac vice*
Robert E. Richards, *pro hac vice*
Tirzah Roussell, *pro hac vice*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
       Robert.richards@dentons.com
       Tirzah.roussell@dentons.com

Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re: | Case No. 24-40158-NGH |
|---|---|
| MILLENKAMP CATTLE, INC., | |
| Debtor. | |
| Filing relates to:<br>☒ ALL DEBTORS | Jointly Administered With<br>Case Nos.: |
| ☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch | 24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

DEBTOR'S MOTION TO ESTABLISH PROCEDURE FOR 11 U.S.C. § 506(b) CLAIMS – Page 1

| |  |
|---|---|
| ☐ Black Pine Cattle <br> ☐ Millenkamp Enterprises <br> ☐ Idaho Jersey Girls Jerome Dairy | |

**DEBTORS' MOTION TO ESTABLISH PROCEDURE FOR 11 U.S.C. § 506(b) CLAIMS**

Millenkamp Cattle, Inc. ("Millenkamp Cattle") debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, respectfully moves the Court for entry of an order in the form attached to this Motion as Exhibit A establishing a procedure for creditors asserting certain 11 U.S.C. § 506(b) claims. In support of this Motion the Debtor states as follows:

**JURISDICTION**

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105 and 506(b) of the Bankruptcy Code and Bankruptcy Rules 3012 and 9014.

**BACKGROUND**

On April 2, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for District of Idaho (the "Court") commencing the Chapter 11 Case. The Debtor has continued in the management and operation of its business and property as debtor-in-possession pursuant to Bankruptcy Code

DEBTOR'S MOTION TO ESTABLISH PROCEDURE FOR 11 U.S.C. § 506(b) CLAIMS – Page 2

sections 1107(a) and 1108. No trustee or examiner, has yet been appointed in the Chapter 11 Case. An official committee of unsecured creditors was constituted by the US Trustee.

The Debtors have several pre-petition secured creditors which were granted liens on the Debtors' post-petition assets to the same priority, validity, and extent that they held pre-petition liens. The Debtors also have one post-petition secured DIP Lender that was granted a lien on the post-petition property of the Debtor. Each of these secured creditors may claim an entitled to interest and reasonable fees, costs or charges pursuant to 11 U.S.C. §506(b).

This Court has previously ruled that there are four requisites for fees, costs or charges under this section: "(1) the creditor's claim is an allowed secured claim; (2) the creditor is oversecured; (3) the fees [and costs or charges] are reasonable; and (4) the fees [and costs or charges] are provided for under the agreement." See Crawforth v. Ajax Enters., LLC (In re Pheasant Cove, LLC), 2008 WL 187529, at *7 (Bankr. D. Idaho, Jan 18, 2008).

This Court also recently reiterated the standards for reasonable of fees and expenses requested as part of a 506(b) claim:

> A secured creditor has the burden of proving the reasonableness of its fee claim under § 506(b). *Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227 (9th Cir. BAP 2003). "The reasonableness requirement in Section 506(b) was intended to prevent creditors from 'fail[ing] to exercise restraint in the attorneys' fees and expenses they incur, perhaps exhibiting excessive caution, overzealous advocacy and hyperactive legal efforts.' " *Staggie*, 255 B.R. at 54 (quoting *In re Gwyn*, 150 B.R. 150, 156 (Bankr. M.D.N.C. 1993)). As noted in *Duncan*, "if a creditor's claim is not in jeopardy, then overworking the case for fees is not reasonable." 2009 WL 1619900, at *7.
>
> Courts have considered the reasonableness of services performed by secured creditor counsel during a bankruptcy case and the necessity of such services to protect the creditor's interest.

*In re Frost*, 2023 WL 6527525, at *4 (Bankr. D. Idaho Oct. 5, 2023)

Because the secured creditor bears the burden of showing the reasonableness of the fees and expenses requested, the Debtors seek to create a process for those creditors to make the claim for post-petition fees and expenses, with interested parties provided a reasonable time period to object to the reasonableness of the fees and expenses requested. To that end, the Debtors request this Court enter the Order attached here as Exhibit A, creating this process.

## CONCLUSION

**WHEREFORE,** the Debtor respectfully requests this Court enter the order attached hereto creating the process for secured creditors to assert a 506(b) claim for post-petition fees and expenses, and order such other and further relief as this Court deems just and appropriate under the circumstances.

DATED this 27th day of June, 2024.

                                          */s/ Matt Christensen*
                                          MATTHEW T. CHRISTENSEN
                                          Attorney for the Debtors

DATED this 27th day of June, 2024.

                                          */s/ Tirzah Roussell*
                                          TIRZAH ROUSSELL
                                          Attorney for the Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June 2024, I caused to be served a true and correct copy of the foregoing document electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Rousell | Tirzah.rousell@dentons.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Gery W. Edson | gedson@gedson.com |
| J.B. Evans | evans.jb@dorsey.com |
| Zachary Fairlie | zfairlie@spencerfane.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| John O'Brien | jobrien@spencerfane.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine P. Reynard | janine@averylaw.net |
| Sheila R. Schwager | sschwager@hawleytroxell.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Foucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| John D. Munding | john@mundinglaw.com |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| Holly Roark | holly@roarklawboise.com |
| Evan R. Roth | evan@sawtoothlaw.com |
| Bruce A. Anderson | baafiling@eaidaho.com |
| Morton R. Branzburg | mbranzburg@klehr.com |
| Laura E. Burri | lburri@morrowfischer.com |
| William K. Carter | kentcarter@grsm.com |
| Alexandra O. Caval | alex@cavallawoffice.com |
| D. Blair Clark | dbc@dbclarklaw.com |
| Eric R. Clark | Eclark101@hotmail.com |
| Connor B. Edlund | edlund@mwsslawyers.com |
| Julian Gurule | jgurule@omm.com |
| Matthew Kremer | mkremer@omm.com |
| David T. Krueck | dkrueck@perkinscoie.com |
| Adam A. Lewis | alewis@mofo.com |
| Karyn Lloyd | klloyd@grsm.com |
| James Neimeier | jniemeier@mcgrathnorth.com |
| Gabriel L. Olivera | golivera@omm.com |
| Mark B. Perry | mbp@perrylawpc.com |
| Cheryl Rambo | Cheryl.rambo@isp.idaho.gov |
| Miranda K. Russell | mrussell@mofo.com |

DEBTOR'S MOTION TO ESTABLISH PROCEDURE FOR 11 U.S.C. § 506(b) CLAIMS – Page 5

| | |
|---|---|
| Andrew J. Schoulder | andrew.schoulder@nortonrosefulbright.com |
| Louis V. Spiker | louis.spiker@millernash.com |
| Matthew A. Sturzen | matt@shermlaw.com |
| Meredith L. Thielbahr | mthielbahr@grsm.com |
| Kim J. Trout | ktrout@trout-law.com |
| Joseph M. Wager | wager@mwsslawyers.com |

Any others as listed on the Court's ECF Notice.

   /s/ Matt Christensen
MATTHEW T. CHRISTENSEN

# EXHIBIT A

# PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒   ALL DEBTORS<br>☐   Millenkamp Cattle, Inc.<br>☐   Idaho Jersey Girls<br>☐   East Valley Cattle<br>☐   Millenkamp Properties<br>☐   Millenkamp Properties II<br>☐   Millenkamp Family<br>☐   Goose Ranch<br>☐   Black Pine Cattle<br>☐   Millenkamp Enterprises<br>☐   Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

## ORDER ESTABLISHING 506(b) CLAIM PROCEDURES

The Court, having reviewed the Debtors' Motion to Establish Procedure for 11 U.S.C. § 506(b) Claim (Docket No. ___ – the "Motion"), a hearing having been held on the Motion on July 18, 2024, and good cause appearing,

IT IS HEREBY ORDERED that the Motion is granted.  The following procedures shall apply to any request by a secured party for allowance or payment of any amount by the Debtors allowed by 11 U.S.C. § 506(b):

1. Each Party seeking allowance or payment of an 11 U.S.C. § 506(b) claim shall file a Notice of 506(b) Claim (the "Notice") with the Court.  Any such Notice shall include, at a minimum, a specific itemization of the fees, costs or charges sought to be approved, and shall explain how each of the following conditions are satisfied:

   a. The claim is an allowed secured claim;

   b. The creditor is over-secured;

   c. The fees are reasonable; and

   d. The fees are provided for under the relevant agreement.

2. Any party filing a Notice shall serve a copy of such Notice on the Debtors, the United States Trustee, any other party secured by the same asset securing the Notice party, the Official Committee of Unsecured Creditors, any party who has requested special notice in the Debtors' Chapter 11 case, and any counsel for any of the foregoing.  The Notice shall be accompanied by a Certificate of Service showing which parties were served in which manner.

3. Any objection to the allowance or payment of fees, costs or charges itemized in the Notice must be filed with the Court and served on the Debtors, the party whose Notice is the subject of the objection, counsel for the Debtors and counsel for the Official Committee of Unsecured Creditors, within twenty-one (21) calendar days of the date that the Notice was served.  If no objection is timely filed and served, the party filing the Notice may submit a proposed order allowing the fees, costs or charges itemized in the Notice.  If an objection is timely filed and served,

then the objecting party must obtain a hearing date on the Objection and provide sufficient notice of the hearing to all parties served with the original Notice.

//end of text//

Order submitted by: Matthew T. Christensen, attorney for the Debtors