Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
      jjm@johnsonmaylaw.com

Krystal Mikkilineni, *pro hac vice*
Robert E. Richards, *pro hac vice*
Tirzah Roussell, *pro hac vice*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
      Robert.richards@dentons.com
      Tirzah.roussell@dentons.com

Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re:<br>MILLENKAMP CATTLE, INC.,<br>    Debtor. | Case No. 24-40158-NGH |
|---|---|
| Filing relates to:<br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II | Jointly Administered With Case Nos.:<br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

NOTICE OF ERRATA (Docket No. 462) – Page 1

| ☐ Millenkamp Family | |
|---|---|
| ☐ Goose Ranch | Chapter 11 Cases |
| ☐ Black Pine Cattle | |
| ☐ Millenkamp Enterprises | |
| ☐ Idaho Jersey Girls Jerome Dairy | |

## NOTICE OF ERRATA

Millenkamp Cattle, Inc. (together with its affiliated entities, the "Debtors" or "Millenkamp Cattle"), by and through its counsel of record, provides notice of an error in the filing of Docket No. 462. The correct Motion to Extend Exclusive Period to file Disclosure Statement and Plan is attached to this Notice.

DATED this 27th day of June, 2024.

JOHNSON MAY

*/s/ Matt Christensen*
MATTHEW T. CHRISTENSEN
Attorney for the Debtors

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of June 2024, I caused to be served a true and correct copy of the foregoing document electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Rousell | Tirzah.rousell@dentons.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Gery W. Edson | gedson@gedson.com |
| J.B. Evans | evans.jb@dorsey.com |
| Zachary Fairlie | zfairlie@spencerfane.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| John O'Brien | jobrien@spencerfane.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine P. Reynard | janine@averylaw.net |
| Sheila R. Schwager | sschwager@hawleytroxell.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Foucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| John D. Munding | john@mundinglaw.com |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| Holly Roark | holly@roarklawboise.com |
| Evan R. Roth | evan@sawtoothlaw.com |
| Bruce A. Anderson | baafiling@eaidaho.com |
| Morton R. Branzburg | mbranzburg@klehr.com |
| Laura E. Burri | lburri@morrowfischer.com |
| William K. Carter | kentcarter@grsm.com |
| Alexandra O. Caval | alex@cavallawoffice.com |
| D. Blair Clark | dbc@dbclarklaw.com |
| Eric R. Clark | Eclark101@hotmail.com |
| Connor B. Edlund | edlund@mwsslawyers.com |
| Julian Gurule | jgurule@omm.com |
| Matthew Kremer | mkremer@omm.com |
| David T. Krueck | dkrueck@perkinscoie.com |
| Adam A. Lewis | alewis@mofo.com |
| Karyn Lloyd | klloyd@grsm.com |
| James Neimeier | jniemeier@mcgrathnorth.com |
| Gabriel L. Olivera | golivera@omm.com |
| Mark B. Perry | mbp@perrylawpc.com |
| Cheryl Rambo | Cheryl.rambo@isp.idaho.gov |
| Miranda K. Russell | mrussell@mofo.com |

| | |
|---|---|
| Andrew J. Schoulder | andrew.schoulder@nortonrosefulbright.com |
| Louis V. Spiker | louis.spiker@millernash.com |
| Matthew A. Sturzen | matt@shermlaw.com |
| Meredith L. Thielbahr | mthielbahr@grsm.com |
| Kim J. Trout | ktrout@trout-law.com |
| Joseph M. Wager | wager@mwsslawyers.com |

Any others as listed on the Court's ECF Notice.

   /s/ Matt Christensen
MATTHEW T. CHRISTENSEN

Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
        jjm@johnsonmaylaw.com

Krystal Mikkilineni, *PHV*
Robert E. Richards, *PHV*
Tirzah Roussell, *PHV*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
        robert.richards@dentons.com
        tirzah.roussell@dentons.com

Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br><br>☐ Idaho Jersey Girls<br><br>☐ East Valley Cattle | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch) |

#3997997

| | |
|---|---|
| ☐ Millenkamp Properties | 24-40166-NGH (Black Pine Cattle) |
| ☐ Millenkamp Properties II | 24-40167-NGH (Millenkamp Enterprises) |
| | 24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |
| ☐ Millenkamp Family | |
| ☐ Goose Ranch | Chapter 11 Cases |
| ☐ Black Pine Cattle | |
| ☐ Millenkamp Enterprises | |
| ☐ Idaho Jersey Girls Jerome Dairy | |

## DEBTORS' MOTION TO EXTEND EXCLUSIVE PERIOD TO FILE DISCLOSURE STATEMENT AND PLAN

Millenkamp Cattle, Inc. ("Millenkamp Cattle") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Case"), by and through their undersigned counsel, hereby respectfully request the Court enter an order extending the exclusive period for the Debtors' to file a Disclosure Statement and Plan (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

### JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is also proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is 11 U.S.C. § 1121(d) of the Bankruptcy Code.

### BACKGROUND

4. On April 2, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for District of Idaho

(the "Court") commencing the Chapter 11 Cases. The Debtors have continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. No trustee or examiner has been appointed in the Chapter 11 cases.

6. On May 14, 2024, the Office of the United States Trustee (the "UST") appointed an official committee of unsecured creditors pursuant to 11 U.S.C. § 1102(a) (the "Committee") (Docket No. 297).

7. The Debtors are ten affiliates that collectively own and operate several businesses, including a calf ranch raising approximately 50,000 calves located in Jerome, Idaho; a dairy heifer feedlot in Declo, Idaho, raising approximately 60,000 head of dairy cattle; a dairy operation at the Declo facility where the dairy cattle are milked several times a day; farming operations in Jerome, Twin Falls and Cassia counties; and custom harvest & trucking throughout the Magic Valley.

8. Additional background facts on the Debtors, including an overview of the Debtors' business, information on the Debtors' capital structure and additional events leading up to these Chapter 11 Cases are contained in the *Declaration of William John Millenkamp in Support of First Day Motions* (the "Millenkamp Declaration") (Docket No. 26).

9. Pursuant to section 1121 of the Bankruptcy Code, the exclusive period within which the Debtors can file and solicit votes on a plan of reorganization expires on July 31, 2024 (the "Exclusive Period"). 11 U.S.C. § 1121.

10. Bankruptcy Code section 1121(d) provides that the Debtors may request that the Exclusive Period be extended, for cause, after notice and opportunity for hearing, provided such request is made within the Exclusive Period. The instant motion to extend the Exclusive Period is therefore timely. 11 U.S.C. § 1129.

DEBTORS' MOTION TO EXTEND EXCLUSIVE PERIOD TO FILE DISCLOSURE STATEMENT AND PLAN  Page - 3 -

## ARGUMENT

11. Section 1121(d) of the Bankruptcy Code grants this Court authority to extend the exclusivity periods "for cause" after notice and hearing. Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95 95th Cong., 1st Sess. 232 (1997); *see also In re McLean Indus., Inc.,* 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6190); *In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent. . . [is] to promote maximum flexibility.")).

12. To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors. *See, e.g., McLean Indus.*, 87 B.R. at 833-34; *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

13. "A decision whether to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court and is fact-specific." *In re New Meatco Provisions, LLC*, No. 2:13-BK-22155-PC, 2014 WL 917335, at *3 (Bankr. C.D. Cal. Mar. 10, 2014) (quoting *In re Adelphia Communications Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006)). Courts examine a number of factors to determine whether "cause" exists to extend an exclusivity period. These factors include the following:

   a) the size and complexity of the case;

   b) the existence of good faith progress;

   c) the necessity of sufficient time to negotiate and prepare adequate information;

    d) whether the debtor is paying debts as they become due;

    e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    f) whether the debtor has made progress negotiating with creditors;

    g) the length of time the case has been pending;

    h) whether the debtor is seeking an extension to pressure creditors; and

    i) whether or not unresolved contingencies exist.

*See In re New Meatco Provisions, LLC,* 2014 WL 917335, at *3 (citing *In re Dow Corning Corp.,* 208 B.R. 661, 664-665 (Bankr. E.D. Mich. 1997). A "transcendent consideration" in deciding whether to extend exclusivity is "whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution." *In re Henry Mayo Newhall Mem'l Hosp.*, 282 B.R. 444, 453 (9th Cir. B.A.P. 2002) (*citing In re Dow Corning Corp.*, 208 B.R.at 670).

14.     Here, the Debtors submit that sufficient "cause" exists pursuant to § 1121(d) to extend the exclusivity periods by 61 days.

15.     The size and complexity of the Debtors' operations and these Chapter 11 Cases, further justify "cause" to extend the Exclusive Period. The Debtors' corporate structure is complex and there also are many issues that arise in simply maintaining the Debtors' operations pending resolution of these Bankruptcy Cases. The Debtors entered into bankruptcy with extremely frustrated vendors and have been diligently working to maintain their relationships with these vendors in order to maintain operations and the livelihood of their cattle. Much of the Debtors time and attention and that of their counsel and professionals during the first weeks of these Cases was devoted to maintaining and preserving the existing vendor relationships through several motions filed and contested hearings on cash collateral and DIP financing.

16.     On June 7, 2024, the Court entered an order vacating the original proof of claim bar

DEBTORS' MOTION TO EXTEND EXCLUSIVE PERIOD TO FILE DISCLOSURE STATEMENT AND PLAN  Page - 5 -

date and establishing the deadline of July 31, 2024, for creditors to file their proofs of claim (Docket No. 393). This deadline is the same day as the current expiration date of the Exclusive Period. The Debtors assert that they will need additional time to review and analyze all of the filed proofs of claim before they file their plan.

17.    The Debtors also recently engaged in a new accounting firm, Cooper Norman and have been getting them caught up so they may finalize the 2024 financial reports. The Debtors' prior accounting firm with years of institutional knowledge of the Debtors was owed a significant amount of funds that remained unpaid by the pre-petition Receiver, and thus necessitated a change in accounting firms. The financial reports are vital to the Debtors' ability to formulate a plan as many of the Debtors' prospects for refinancing are anxiously awaiting these reports. These reports will be finalized soon, but additional time will be needed for parties to review the Debtors' financial reports. While these reports remain pending, the Debtors financial advisors (Kander) and marketing firm (Forbes) have been updating projections and other memoranda for re-finance prospects. Both Kander and Forbes, as well as the financial advisors for the unsecured creditors committee, remain confident in the Debtors' refinance prospects.

18.    The Debtors are paying their ordinary course administrative expenses as they come due. Moreover, the Debtors have post-petition borrowing ability, and the Court recently entered an order granting the Debtors to permit another draw of $5 million on the DIP facility to continue to maintain operations with feed vendors. Therefore, the Debtors have sufficient liquidity to continue paying postpetition obligations when and as they become due. Creditors will not be significantly prejudiced by the requested extension because the Debtors have obtained debtor in possession financing and currently have sufficient funds to continue paying their postpetition obligations, maintain their assets and operations, and pay their administrative expenses in the

ordinary course of business as they become due.

19. The Debtors further assert that they are current in all of their obligations under the Bankruptcy Code and Rules, this Court's orders, and the requirements of the Office of the United States Trustee.

20. The Debtors have also been working closely and in concert with the Official Committee of Unsecured Creditors and the representatives of the prepetition secured creditors. While no formal negotiations over a plan have begun with those specific parties, the Debtors intend to start initiating consensual negotiations over a plan. Further, the financial advisors for the Debtors and other parties have consulted with and discussed plan projections generally, and the Debtors have had ongoing discussions with various vendor creditors about proposed plan terms for those creditors. Further, through the 503(b)(9) Motion, the Debtors have reviewed and clarified a large portion of the administrative claims that will be dealt with through the Plan.

21. When considering the length of time these cases have been pending (less than 90 days), Debtors are requesting a relatively-short 61-day extension of the exclusivity period..

22. There is also no evidence to suggest that the Debtors seek this extension for anything other than good faith purposes, to allow these Cases to move forward to a successful confirmation and conclusion.

23. Therefore, based on the foregoing, cause exists for a reasonable extension of the Exclusive Period and by this Motion the Debtors seek to extend the Exclusive period for 61 days, without prejudice to the Debtors' right to request further extensions. The Debtors submit that this extension is reasonable and appropriate under the circumstances and should be granted as being in the best interest of the Debtors' estates and creditors.

DEBTORS' MOTION TO EXTEND EXCLUSIVE PERIOD TO FILE DISCLOSURE STATEMENT AND PLAN  Page - 7 -

**WHEREFORE**, the Debtors respectfully request the Court enter an order:

A) Granting the Debtors' Motion;

B) Extending the Exclusive Period which ends on July 31, 2024, for 61 days, or until September 30, 2024; and

C) For such other and further relief as the Court may find just and equitable under the circumstances.

Respectfully submitted,

**DENTONS**

*/s/ Tirzah R. Roussell*
Tirzah R. Roussell

**JOHNSON MAY**

*/s/ Matthew T. Christensen*
Matthew T. Christensen

Attorneys for Debtors

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June 2024, I caused to be served a true and correct copy of the foregoing document electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Rousell | Tirzah.rousell@dentons.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Gery W. Edson | gedson@gedson.com |
| J.B. Evans | evans.jb@dorsey.com |
| Zachary Fairlie | zfairlie@spencerfane.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| John O'Brien | jobrien@spencerfane.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine P. Reynard | janine@averylaw.net |
| Sheila R. Schwager | sschwager@hawleytroxell.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Foucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| John D. Munding | john@mundinglaw.com |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| Holly Roark | holly@roarklawboise.com |
| Evan R. Roth | evan@sawtoothlaw.com |
| Bruce A. Anderson | baafiling@eaidaho.com |
| Morton R. Branzburg | mbranzburg@klehr.com |
| Laura E. Burri | lburri@morrowfischer.com |
| William K. Carter | kentcarter@grsm.com |
| Alexandra O. Caval | alex@cavallawoffice.com |
| D. Blair Clark | dbc@dbclarklaw.com |
| Eric R. Clark | Eclark101@hotmail.com |
| Connor B. Edlund | edlund@mwsslawyers.com |
| Julian Gurule | jgurule@omm.com |
| Matthew Kremer | mkremer@omm.com |
| David T. Krueck | dkrueck@perkinscoie.com |

DEBTORS' MOTION TO EXTEND EXCLUSIVE PERIOD TO FILE DISCLOSURE STATEMENT AND PLAN  Page - 9 -

| | |
|---|---|
| Adam A. Lewis | alewis@mofo.com |
| Karyn Lloyd | klloyd@grsm.com |
| James Neimeier | jniemeier@mcgrathnorth.com |
| Gabriel L. Olivera | golivera@omm.com |
| Mark B. Perry | mbp@perrylawpc.com |
| Cheryl Rambo | Cheryl.rambo@isp.idaho.gov |
| Miranda K. Russell | mrussell@mofo.com |
| Andrew J. Schoulder | andrew.schoulder@nortonrosefulbright.com |
| Louis V. Spiker | louis.spiker@millernash.com |
| Matthew A. Sturzen | matt@shermlaw.com |
| Meredith L. Thielbahr | mthielbahr@grsm.com |
| Kim J. Trout | ktrout@trout-law.com |
| Joseph M. Wager | wager@mwsslawyers.com |

Any others as listed on the Court's ECF Notice.

   /s/ Matt Christensen
MATTHEW T. CHRISTENSEN