Eric R. Clark, ISB 4697
CLARK & ASSOCIATES, ATTORNEYS
P.O. Box 2504
Eagle, ID 83616
Office: (208) 941-7030
eclark@EricRClarkAttorney.com

Attorney for Brandy Bartholomew

| | |
|---|---|
| In re: | Case No. 24-40158-NGH |
| MILLENKAMP CATTLE, INC., | |
| Debtor. | |
| Filing relates to: | |
| ☐ ALL DEBTORS | Jointly Administered With Case Nos.: |
| ☐ Millenkamp Cattle, Inc. | 24-40159-NGH (Idaho Jersey Girls) |
| ☐ Idaho Jersey Girls | 24-40160-NGH (East Valley Cattle) |
| ☐ East Valley Cattle | 24-40161-NGH (Millenkamp Properties) |
| | 24-40162-NGH (Millenkamp Properties II) |
| | 24-40163-NGH (Millenkamp Family) |
| | 24-40164-NGH (Goose Ranch) |
| ☒ Millenkamp Properties | 24-40166-NGH (Black Pine Cattle) |
| ☐ Millenkamp Properties II | 24-40167-NGH (Millenkamp Enterprises) |
| ☐ Millenkamp Family | 24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |
| ☐ Goose Ranch | |
| ☐ Black Pine Cattle | Chapter 11 Cases |
| ☐ Millenkamp Enterprises | |
| ☐ Idaho Jersey Girls Jerome Dairy | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY BY BRANDY BBARTHOLOMEW

> **Notice of Motion for Relief from Automatic Stay and Opportunity to Object and for a Hearing**
>
> <u>No Objection.</u> The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 14 days of the date of this notice. If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.
>
> <u>Objection.</u>  Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.
>
> <u>Hearing on Objection.</u> The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Brandy Bartholomew ("Creditor"), through her counsel Eric R. Clark, and pursuant to Fed. R. Bankr. P. 4001 and 11 U.S.C. § 362(d), respectfully moves for relief from the automatic stay for the purpose of pursuing a lawsuit for personal injuries stemming from an automobile collision.  In support of her Motion, Brandy states as follows:

## INTRODUCTION

Brandy requests relief from the automatic stay as to Debtor and such relief should be granted because there is "cause" for such relief under 11 U.S.C. § 362(d)(l).

## FACTUAL BACKGROUND
### *(Local Bankruptcy Rule 4001.2(b)(2))*

On September 1, 2023, Brandy was involved in an automobile collision on I-84 just near Burly, Idaho.   Brandy alleges debtor was negligent in causing the collision.  Debtor owns property located along the south side of I-84 and either the Debtor or its agents caused dust and debris to blow across I-84 during a high-wind event, substantially reducing visibility that resulted in two vehicles colliding with Brandy's Ford F-150 Pickup Truck.  Creditor alleges she was injured because of that collision.  Brandy filed a lawsuit against debtor in Ada

County District Court on February 22, 2024, and served all parties, including Debtor's registered agent on February 27, 2024.  Brandy alleges past and ongoing personal injuries as she has sought medical treatment for her alleged injuries after the September 1, 2023, collision.  A copy of the State Court Pleading is attached as **Exhibit 1**.  Debtor filed its bankruptcy petition on March 2, 2024, before Brandy had served discovery requests.  Thus, Brandy lacks knowledge of any available liability insurance or whether anyone other than the Debtor had generated the dust and debris on the Debtor's property on September 2023.  A lift of stay is necessary so that Brandy may conduct necessary discovery to determine whether the Debtors has liability insurance that may apply to cover this claim, and whether the Debtor had any business relationship with any other person or entity who may have been working on the Debtor's property on September 1, 2024, and thus may share liability with the debtor.

## AMOUNTS CLAIMED BY BRANDY
*(Local Bankruptcy Rule 4001.2(b)(3))*

Brandy claims her medical specials to date in the amount of $26,456.63.  See Brandy's Summary of Medical Damages attached hereto as **Exhibit 2**.  However, Brandy suffered a Traumatic Brain Injury and likely will require additional and ongoing treatment, so this amount is subject to change.   Brandy also claims a reasonable amount of general damages to be determined.  Brandy may also seek punitive damages as the Debtor's conduct by generating and allowing dust and debris under the circumstance was an extreme deviation from reasonable standards of conduct and amounts to at least gross negligence.

## COLLATERAL SECURING THE OBLIGATIONS
*(Local Bankruptcy Rule 4001.2(b)(4))*

Brandy does not believe there is any collateral securing Debtor's obligation stemming from the automobile collision unless debtor's liability insurance policy (Assuming one exists)

is deemed collateral.  Brandy does not have access to debtor's insurance policy at this time to

determine exact coverage if any.

## DOCUMENTATION EVIDENCING THE OBLIGATION
*(Local Bankruptcy Rule 4001.2(b)(5))*

Brandy has common law claims in tort against debtor for Debtor's alleged negligence.

Attached hereto as **Exhibit A** is the State Law Complaint and Demand for Jury Trial, and

**Exhibit B** Brandy's Summary of Medical Damages.

## RECORDED DOCUMENTS
*(Local Bankruptcy Rule 4001.2(b)(6))*

At this time, there are no recorded documents relevant to this matter.

## NOTICE AND PROOF OF SERVICE
*(Local Bankruptcy Rule 4001.2(b)(7))*

The Notice required by LBR 4001.2(b)(7) is below, and the proof of service

required by Local Bankruptcy Rule 4001.2(h) is attached to this Motion.

## ARGUMENT AND GROUNDS FOR LIFTING AUTOMATIC STAY

11 U.S.C. § 362(d)(l) indicates relief from the automatic stay shall be granted for cause.

"Cause" is not defined in the Bankruptcy Code, and accordingly, the Court must make a case-

by- case determination whether good cause exists to grant the requested relief.  *MacDonald v.

MacDonald  (In re MacDonald),* 755 F.2d 715, 717 (9th Cir. 1985); *In re Beguelin,* 220 B.R.

94, 97-8 (9th Cir. B.A.P. 1998); *In re Davids,* 02.1 IBCR 51, 52 (Bankr. Id. 2002).  There is

sufficient cause for the Court to exercise its discretion to grant relief under Section 362(d)(l) as

established below.

1. **The Requested Relief Is Proper To Allow An Action to Recover Insurance
   Proceeds**

In  Creditor's  lawsuit,  if the  Debtor has liability insurance it will appoint an attorney

to defend the action at no cost to the debtor or the bankruptcy estate. Thus, the lift of stay is

necessary to determine the nature and extent of Debtor's liability insurance coverage.

      Courts have generally held that "the scope of a section 524(a) discharge injunction

does not affect the liability of liability insurers and does not prevent establishing their liability

by proceeding against a discharged debtor." Thus, the overriding rule is that any discharge in

the bankruptcy action does not relieve the insurer of its liability under the relevant insurance

policy pursuant to 11 U.S. Code § 524(e). Moreover, Relief from the automatic stay is

regularly granted to allow a creditor to obtain a judgment against a debtor in name only in

order to recover from the debtor's insurer. *See, e.g., In re Jet Florida Systems, Inc.*,883 F.2d

970, 976 (11th Cir.1989) (per curiam) (adopting the district court opinion); *See also*, *First

Fidelity Bank v. McAteer*, 985 F.2d 114 (3d Cir.1993); *Green v. Welsh*, 956 F.2d 30, 35 (2d

Cir.1992); *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 733-34 (7th Cir.1991); *In

re* Beeney,142 B.R. 360, 362 (9th Cir. BAP 1992); *In re Greenway*,126 B.R. 253, 255

(Bankr.E.D.Tex.1991); *In re Peterson*, 118 B.R. 801, 804 (Bankr.D.N.M.1990); *In

re Traylo*r,94 B.R. 292, 293 (Bankr.E.D.N.Y.1989); *In re Lembke*,93 B.R. 701, 702-03

(Bankr.D.N.D.1988); *In re* White,73 B.R. 983 (Bankr.D.D.C.1987); *In re Mann*,58 B.R. 953,

956 (Bankr.W.D.Va.1986).

      Additionally, Courts often modify the automatic stay to allow a debtor to obtain a

judgment and collect from a debtor's insurer, without prejudicing the debtor's estate. *Id; See

matter of Holtkamp*, 699 F.2d 505, 508-09 (7th Cir. 1982) (allowing a personal injury action to

proceed since there was no harm to the debtor because the debtor's insurance company had

"assumed full financial responsibility for defending that litigation"); *Foust v. Munson S. S.

Lines*, 299 U.S. 77, 87, 57 S. Ct. 90, 95(1936) (allowing wrongful death action against

bankrupt defendant to proceed despite stay; plaintiff "entitled to maintain an action against the insurer for the amount of his judgment but not exceeding the amount of insurer's liability to the debtor under the policy").   "Because the policy proceeds will be available only to creditors with the type of claims covered by the policy, there is no depletion of assets that would otherwise be available to satisfy general, unsecured claims, and there is therefore no reason to delay the creditor seeking to recover under the policy.  Moreover, the insurer will almost invariably be responsible for the cost of defense, so there should be no added expense for the estate." 3 Collier on Bankruptcy ¶362.07[3][a][I] (Lawrence P. King, ed., 15th Ed. Revised 1999).

**2.   Good cause exists to list the stay.**

In determining whether cause exists to lift the stay, courts apply a three-pronged balancing test which focuses on: (a) the possible prejudice to the estate, (b) the hardship imposed upon the party in interest if the stay remains in place, and (c) whether the Movant has a likelihood of prevailing in the underlying litigation. *In re Continental Airlines, Inc.*, 152 B.R. 420 (D. Del. 1993); *In re Piperi*, 133 B.R. 846, 849 (Bankr. S.D. Tex. 1990); *In re Pro Football Weekly*, 60 B.R. 824, 826 (ND. Ill, 1986); *In re Bock Laundry Machine*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984).  Evaluation of the three factors establishes stay relief is appropriate to allow Brandy to pursue her claim in state court.

a.      There Is No Prejudice To The Estate.  Brandy seeks to modify the stay solely to allow the personal injury and property damage claims to proceed for purposes of allowing Movants to recover from Debtor's insurer the amounts available under the policies.  At a minimum, trial on the matters would result in the claims being liquidated which in and of itself is a benefit to the estate. *See In re Peterson*, 116 B.R. 247, 250 (D. Cob. 1990)  (stay should be lifted if Movant is simply seeking to establish the fact and

amount of Debtors' liability). As a result, lifting the stay will not prejudice the Debtors or their Chapter 11 estate.

b.        Hardship Will Result To Movant If The Stay Remains In Place. If the stay remains in place, Brandy will be forced to delay the prosecution of the claims inappropriately causing further, unnecessary, harm. *In re Curtis*, 40 B.R. 795, 800, 805-806 (Bankr. CD. Utah 1984) (noting that the interest of judicial economy, and the expeditious and economical determination of litigation for the parties are factors to be considered when deciding whether stay should be lifted).

c.        Brandy will likely prevail in her lawsuit.  The final prong of this analysis requires just a minimal showing that the Movant's claims are not "frivolous." *Id.* Even slight probability of success on the merits may be sufficient to support the lifting of the automatic stay for cause in appropriate cases. *In re Continental Airlines, Inc.*, 152 B.R. 420 (D. Del. 1993).  The basis of the claims is the Debtor's negligence by causing dust and debris to be generated on his property during a high wind event thus effectively limiting visibility on a major national highway.   Video from one of the vehicles involved in the collision clearly and unequivocally depicts dust and debris originating from Debtor's property generated by some type of mechanical vehicle or device. There is and can be no dispute that the dust and debris on I-84 on September 1, 2023 originated from Debtor's property adjacent to I-84. Accordingly, good and sufficient cause exists to lift the automatic stay.

## CONCLUSION AND PRAYER FOR RELIEF FROM STAY

Wherefore, in accordance with Local Bankruptcy Rule 4001.2(b)(l) and 11 U.S.C. § 362(d)(l) Creditor requests that her Motion for Relief from Automatic Stay by Brandy Bartholomew be granted and the court issue an order 1) lifting the automatic stay to permit Creditor's state court lawsuit to continue her personal injury claims against debtor to the extent of debtor's liability insurance coverage; and 2) granting such other and further relief as this court

deems just and proper under the circumstances.

FURTHER, Creditor Brandy Bartholomew also requests that the 14-day stay imposed by F.R.B.P. 4001(a)(3) be waived, and she be allowed proceed with her state court action immediately following the order relieving her from the stay.

<u>**RULE 4001.2(g) NOTICE**</u>

YOU ARE HEREBY NOTIFIED, pursuant to Rule 4001.2(g) of the Local Bankruptcy Rules ("LBR") that:

Local Bankruptcy Rule 4001.2(c) requires that any party in interest opposing this motion <u>must file and serve an objection thereto not later than seventeen (17) days after the date of service of the motion.</u>  The objection must specifically identify those matters contained in the motion that are at issue and any other basis for opposition to the motion.  The objection shall also contain the notice of hearing required by subsection (e)(l) and the proof of service required by subsection (h).  Absent the filing of a timely objection, the court may grant the relief sought without hearing.

Local Bankruptcy Rule 4001.2(d)(3) provides that if an objection is filed to a motion for stay relief, the objection shall be served upon the movant and upon all parties receiving service of this motion.  Proof of service of any objection shall be made in accordance with Local Bankruptcy Rule 4001.2(h).

Local Bankruptcy Rule 4001.2(e)(l) requires a party opposing this motion to contact the court's calendar clerk to schedule a preliminary hearing.  The objection to a motion shall include the notice of such hearing.  Upon court approval, the movant may schedule a hearing for cause shown in the motion or other submissions.

Notice is hereby further given, pursuant to Local Bankruptcy Rule 4001.2, that 11 U.S.C.

§362(e) reads as follows:

(1)          Thirty days after a request under subsection (d) of this section
for relief from the stay of any act against property of the estate under
subsection (a) of this  section, such stay is terminated with respect to the
party in interest making such request, unless the court, after notice and a
hearing, orders such stay continued in effect pending the conclusion  of, or
as a result of, a final hearing and  determination under subsection (d) of this
section. A hearing under this subsection may be a preliminary hearing, or
may be consolidated with the final hearing under subsection (d) of this
section. The court shall order such stay continued in effect pending the
conclusion of the final hearing under subsection (d) of this section if there
is a reasonable likelihood that the party opposing relief from such stay will
prevail at the conclusion of such final hearing. If the hearing under this
subsection is a preliminary hearing, then such final hearing shall be
concluded not later than thirty days after the conclusion of such preliminary
hearing, unless the 30-day period is extended with the consent of the parties
in interest or for a specific time which the court finds is required by
compelling circumstances.


(2) Notwithstanding paragraph (1), in a case under chapter 7, 11, or 13 in
which the debtor is an individual, the stay under subsection (a) shall
terminate on the date that is 60 days after a request is made by a party in
interest under subsection (d), unless-
(A)          a final decision is rendered by the court during the 60-day period
beginning on the date of the request; or
(B)          such 60-day period is extended-
(i)   by agreement of all parties in interest; or
(ii) by the court for such specific period of time as the court finds  is required
for good cause, as described in findings made by the court.

 DATED June 10, 2024.


                              By  /s/ Eric R. Clark_____
                              Eric R. Clark
                              Attorney for Brandy Bartholomew

## <u>CERTIFICATE OF SERVICE</u>

  I HEREBY CERTIFY that on this 2nd day of July 2024, I caused to be served a true and correct copy of the foregoing document electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Eric R. Clark | eclark@EricRClarkAttorney.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Gery W. Edson | gedson@gedson.com |
| J.B. Evans | evans.jb@dorsey.com |
| Zachary Fairlie | zfairlie@spencerfane.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| John O'Brien | jobrien@spencerfane.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine P. Reynard | janine@averylaw.net |
| Sheila R. Schwager | sschwager@hawleytroxell.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Foucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| John D. Munding | john@mundinglaw.com |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| Holly Roark | holly@roarklawboise.com |
| Evan R. Roth | evan@sawtoothlaw.com |

  Any others as listed on the Court's ECF Notice.

         /s/ Eric R. Clark    
         Eric R. Clark

# EXHIBIT 1

Electronically Filed
2/22/2024 11:11 AM
Fifth Judicial District, Jerome County
Cyrl Lootens, Clerk of the Court
By: Traci Brandebourg, Deputy Clerk

Eric R. Clark, ISB 4697
CLARK & ASSOCIATES, ATTORNEYS
P.O. Box 2504
Eagle, ID 83616
Office: (208) 941-7030
eclark@EricRClarkAttorney.com

Attorneys for Plaintiff

## IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT
## OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF JEROME

| | |
|---|---|
| Brandy A. BARTHOLOMEW,<br><br>          Plaintiff,<br><br>v.<br><br>Parkland USA Corporation, d/b/a<br>Conrad & Bischoff; Robert E. Rogers,<br>Jose L. Ruiz-Artega, Millenkamp<br>Properties, LLC, and John Does 1-5,<br>unknown persons or entities,<br><br>          Defendants. | CV27-24-00186<br><br>Case No. _____<br><br>COMPLAINT AND<br>DEMAND FOR JURY<br>TRIAL<br><br>Filing Fee Cat: A.A.6.<br><br>Emory, Rosemary |

COMES NOW the Plaintiff, and for her cause of action against the above-named

Defendants, complains and alleges as follows:

### INTRODUCTION

1.      This is a claim for a traumatic brain and other injuries resulting from a three-

vehicle collision on Interstate 84 near Jerome, Idaho.

### PARTIES and JURISDICTION

2.      At all times material hereto, Plaintiff Brandy A. Bartholomew resided in Filer,

Twin Falls County, Idaho.

3.      At all times, the material hereto, Defendant Parkland USA Corporation, was a

corporation registered in Delaware, with its principal place of business in Minot, ND, and was

registered in Idaho as a Foreign Business Corporation, doing business under the assumed name of Conrad & Bischoff.

4.      At all times material hereto, Defendant Robert E. Rogers resided in Paul, Minidoka County, Idaho, and was an employee of Defendant Parkland USA Corporation, d/b/a Conrad & Bischoff.  Rogers has a commercial driver's license.

5.      At all times material hereto, Defendant Robert E. Rogers acted in the course and scope of his employment with Defendant Parkland USA Corporation, d/b/a Conrad & Bischoff.

6.      At all times material hereto, Defendant Jose L. Ruiz-Artega, resided in Gooding, Gooding County, ID.

7.      At all times material hereto, Defendant Millenkamp Properties, LLC was an Idaho Limited Liability Company that owned acreage south of Interstate 84 in Jerome County, Idaho, just south of the collision site.

8.      At all times material hereto, Defendant Millenkamp Properties, LLC was operating heavy or agricultural equipment or machinery on Defendant Millenkamp Properties' land.

9.      Alternatively, at all times material hereto, Defendant John Does 1-5, unknown persons or entities, were operating heavy or agricultural equipment or machinery on Defendant Millenkamp Properties' land, with the authority and approval of Defendant Millenkamp Properties.

10.      Jurisdiction is proper in the District Court as the amounts alleged for damages exceed the minimal jurisdictional limits of $10,000.

11.      Venue in Jerome County, Idaho, is proper as this is where one of the Defendants resides.

## FACTS

12.     On September 1, 2023, defendant Parkland USA Corporation, d/b/a Conrad &

Bischoff, owned and operated a 2020 Peterbilt semi-truck, which was driven by its employee,

Robert E. Rogers.  The semi-truck was carrying hazardous materials.

13.     Defendant Rogers was driving east on I-84 at approximately 7:20 p.m. southeast

of Jerome, Idaho, in Jerome County, west of Mile Post 193, and stated he was in the left lane

when the collision occurred.

14.     Defendant Rogers was following Defendant Ruiz-Arteaga, who was driving his

2005 Ford Mustang.

15.     Defendant Rogers and Defendant Ruiz-Arteaga were following Brandy, who

was driving her 2017 Ford F-150 pickup.

16.     Just south of I-84, someone was operating heavy or agricultural equipment or

machinery on Defendant Millenkamp Properties' land, which caused a severe dust storm to

blow across the highway.

17.     Defendant Rogers and Defendant Ruiz-Arteaga were both following Brandy's

pickup too closely for the conditions and were otherwise inattentive or distracted.

18.     The Jerome County Sheriff's Department investigated this collision and reported

that "Due to lack of visibility, Unit 1 [Rogers] rear-ended Unit 2 [Ruiz-Arteaga]. Unit 2 the rear-

ended Unit 3 [Brandy]."

19.     The Jerome County Sheriff's Department obtained a written report from

Defendant Rogers and no statement from Defendant Ruiz-Arteaga.

20.     On information and belief, Defendant Rogers reported to Jerome County Sheriff's

deputies that he believed he hit Ruiz-Arteaga, which then pushed Ruiz-Arteaga's vehicle into

Brandy's truck.

21.     Defendant Millenkamp Properties, LLC owns approximately 44 acres located adjacent to and just south of I-84.

22.     At the time of the collision, Millenkamp Properties, LLC either was operating or had authorized unknown persons or entities, John Doe's 1-5, to operate heavy or agricultural equipment or machinery on its property.

23.     At the time of the collision, high winds were blowing from the south across Millenkamp Properties land across I-84.

24.     Brandy was severely injured in the collision and was transported to St. Luke's Hospital Emergency Room in Twin Falls via ambulance and continues to incur medical bills and receive medical treatment.

## COUNT ONE – NEGLIGENCE - Drivers

25.     Plaintiff realleges the allegations contained in every paragraph stated above.

26.     By operating a motor vehicle in the State of Idaho, Defendants Rogers and Ruiz-Arteaga owed a duty to all other drivers, including Brandy, to operate their vehicles carefully, safely, and prudently. Such conduct included but was not limited to observing the Rules of the Road.

27.     Defendants Rogers and Ruiz-Arteaga breached their duty to Brandy when they failed to operate their vehicles carefully, safely, and prudently, resulting in a severe collision with Brandy's vehicle.

28.     As a direct and proximate result of Defendant Rogers' negligence and recklessness, for which Parkland USA Corporation is vicariously liable, Defendant Rogers

caused or contributed to Brandy's severe and life-altering personal injuries, the amount of which a jury will determine.

29.      As a direct and proximate result of Defendant Ruiz-Arteaga's negligence and recklessness, Defendant Ruiz-Arteaga caused or contributed to Brandy's severe and life-altering personal injuries, the amount of which a jury will determine.

### COUNTY TWO – NEGLIGENCE PER SE – Drivers

30.      Plaintiff realleges the allegations contained in every paragraph stated above.

31.      Idaho Code Section 49-638 clearly defines a standard of conduct for all drivers to follow, including Defendants Rogers and Ruiz-Arteaga.

32.      Idaho Code Section 49-638 was intended to prevent collisions between motor vehicle drivers.

33.      Brandy was a member of the class of persons, including drivers and passengers, that the Idaho Legislature intended Idaho Code Section 49-638 to protect.

34.      As a direct and proximate result of Defendants Rogers and Ruiz-Arteaga's violation of Idaho Code Section 49-638, Brandy suffered severe personal injuries and property damage in an amount to be proven at trial.

### COUNT THREE – NEGLIGENCE – Property Owner

35.      Plaintiff realleges the allegations contained in every paragraph stated above.

36.      Defendant Millenkamp Properties, LLC owed the Plaintiff and all persons traveling on I-84 the duty to exercise reasonable care and act reasonably in light of the apparent risks.  The duty also included maintaining the premises in a reasonably safe condition.

37.    Defendant Millenkamp Properties, LLC breached this duty by operating heavy or agricultural equipment or machinery during a high wind situation, which created a severe dust storm that crossed I-84 and caused or contributed to decreased visibility on this highway, and which caused or contributed to the cause of the collisions between the vehicles driven by Defendants Rogers and Ruiz-Arteaga, and Brandy.

38.    Defendant Millenkamp Properties, LLC knew or should have known that operating heavy or agricultural equipment or machinery during the weather conditions that were occurring on September 1, 2023, including high winds from the south, which created a severe dust cloud that traveled across I-84 was reckless and outrageous, and an extreme deviation from reasonable standards of care.

39.    Under the circumstances, operating heavy or agricultural equipment or machinery during the weather conditions that were occurring on September 1, 2023, including high winds from the south, thus creating a dangerous condition on a major highway, evidences a mindset of at least gross negligence.

40.    As a direct and proximate result of the negligence, reckless, and outrageous conduct of Defendant Millenkamp Properties, LLC, Brandy suffered severe and life-altering personal injuries, the amount of which a jury will determine.

**COUNT FOUR – NEGLIGENCE – John Does**

41.    Plaintiff realleges the allegations contained in every paragraph stated above.

42.    Assuming John Doe Defendants were not employees or agents of Defendant Millenkamp Properties, LLC, these Defendants owed the Plaintiff and all persons traveling on I-84 the duty to exercise reasonable care and act reasonably in light of the apparent risks.

43.     John Doe Defendants breached this duty by operating heavy or agricultural equipment or machinery during a high wind situation, which created a severe dust storm that crossed I-84 and caused or contributed to decreased visibility on this highway.

44.     John Doe Defendants knew or should have known that operating heavy or agricultural equipment or machinery during the weather conditions that were occurring on September 1, 2023, including high winds from the south, that created a severe dust cloud that traveled across I-84 was reckless and outrageous, and an extreme deviation from reasonable standards of care.

45.     Under the circumstances, operating heavy or agricultural equipment or machinery during the weather conditions that were occurring on September 1, 2023, including high winds from the south, thus creating a dangerous condition on a major highway, evidences a mindset of at least gross negligence.

46.     As a direct and proximate result of the negligence, reckless, and outrageous conduct of John Doe Defendants, Brandy suffered severe and life-altering personal injuries, the amount of which a jury will determine.

## COUNT FIVE – FAILURE TO SUPERVISE OR CONTROL – Landowner

47.     Plaintiff realleges the allegations contained in every paragraph stated above.

48.     Defendant Millenkamp Properties, LLC, assuming it had authorized or approved of John Doe Defendant's use of Millenkamp's property, had a duty to use ordinary care to protect from reasonably foreseeable dangerous actions of third parties.

49.     Defendant Millenkamp Properties, LLC breached this duty by allowing John Doe Defendants to operate heavy or agricultural equipment or machinery during a high wind

situation, which created a severe dust storm that crossed I-84 and caused or contributed to decreased visibility on this highway, which caused or contributed to the cause of the collisions between the vehicles driven by Defendants Rogers and Ruiz-Arteaga and Brandy.

50.     Defendant Millenkamp Properties, LLC knew or should have known that John Doe Defendants were operating heavy or agricultural equipment or machinery during the weather conditions that were occurring on September 1, 2023, including high winds from the south, which created a severe dust cloud that traveled across I-84, and that doing so under the conditions was reckless and outrageous, and an extreme deviation from reasonable standards of care.

51.     Under the circumstances, operating heavy or agricultural equipment or machinery during the weather conditions that were occurring on September 1, 2023, including high winds from the south, thus creating a dangerous condition on a major highway, evidences a mindset of at least gross negligence.

52.     As a direct and proximate result of the negligence, reckless, and outrageous conduct of Defendant Millenkamp Properties, LLC, Brandy suffered severe and life-altering personal injuries, the amount of which a jury will determine.

**ATTORNEY FEES**

53.     The plaintiff was forced to retain counsel to prosecute this action and, if she prevails, is entitled to reasonable attorney fees pursuant to Idaho Code § 12-121.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants:

A.     As to all Counts: personal injury damages, both special and general, including past and future medical care and pain and suffering, in favor of Plaintiff in a dollar amount of at least Ten Thousand and No/100 Dollars ($10,000.00), the actual amount to be determined at trial; and,

B.      Attorney fees Costs of prosecuting and presenting the evidence of this case of
        not less than $5000.00 in the case of default and default judgment; and,

C.      Accumulating prejudgment interest; and,

D.      Such additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by a jury of at least twelve (12) members on all issues

in the above-entitled matter.

DATED February 22, 2024.


                              By /s/ Eric R. Clark_____
                              Eric R. Clark, for the Plaintiff

# EXHIBIT 2

**Name:** BARTHOLOMEW, BRAN

**Date of Loss:** 9/1/2023

**MPI#:** 05641G2800

**Total Lien:** $3,627.42

ICG013061-1001 SLFN

000079020000

ST. LUKE'S EMPLOYEE HEALTH CARE PLAN

selecthealth
5381 Green Street,
Murray, UT 84123
(801) 442-7143
Attn   Sala Tua

| Date of Service | Claim ID | Claim Total Billed Amount | Provider | Line Billed Amount | Member Resp Amount | SHealth Paid Amount | Diagnosis 1 or Drug Name Diagnosis 2 |
|---|---|---|---|---|---|---|---|
| | | | | | | — Claim Lines Included in Lien — | |
| /1/2023 | 23913582000 | $373.00 | RHEAD, CHRISTOPHER R. | $373.00 | $56.25 | $224.98 | S060X1A-CONCUSSION WITH LOSS OF CONSCIOUSNESS OF S161XXA-STRAIN OF MUSCLE, FASCIA AND TENDON AT NE |
| 2023 | 23913713200 | $3,043.82 | MAGIC VALLEY PARAMEDICS | $3,043.82 | $280.40 | $1,121.60 | S060X1A-CONCUSSION WITH LOSS OF CONSCIOUSNESS OF S161XXA-STRAIN OF MUSCLE, FASCIA AND TENDON AT NE |
| /1/2023 | 23914196700 | $405.00 | CAYWOOD, WESTON J. | $405.00 | $57.84 | $231.35 | R1032-LEFT LOWER QUADRANT PAIN |
| 2023 | 23914260600 | $196.00 | CAYWOOD, WESTON J. | $196.00 | $27.94 | $111.74 | M542-CERVICALGIA M50322-OTHER CERVICAL DISC DEGENERATION AT C5-C6 L |
| /1/2023 | 23914661200 | $253.00 | CAYWOOD, WESTON J. | $112.00 | $15.88 | $63.54 | S0003XA-CONTUSION OF SCALP, INITIAL ENCOUNTER M438X2-OTHER SPECIFIED DEFORMING DORSOPATHIES, C |
| | | | | $141.00 | $18.79 | $75.16 | M438X2-CONTUSION OF SCALP, INITIAL ENCOUNTER S0003XA-OTHER SPECIFIED DEFORMING DORSOPATHIES, C |
| /1/2023 | 23914723890 | $17,459.80 | ST LUKES MAGIC VALLEY MEDICAL CTR | $17,459.80 | $6,726.34 | $0.00 | S060X1A-CONCUSSION WITH LOSS OF CONSCIOUSNESS OF S161XXA-STRAIN OF MUSCLE, FASCIA AND TENDON AT NE |
| /8/2023 | 23916054950 | $238.00 | JOHNSON, CHAD J. | | | | |

| Date | Code | Charge | Name | | | | Diagnosis |
|---|---|---|---|---|---|---|---|
| 1/20/2023 | 239J1139100 | $354.00 | WRIGHT, CLIFTON R. | | $29.93 | $119.77 | M542-CERVICALGIA G44221-CHRONIC TENSION-TYPE HEADACHE, INTRACTABL |
| | | $238.00 | | | $34.96 | $139.84 | S060X9A-CONCUSSION WITH LOSS OF CONSCIOUSNESS OF |
| 9/20/2023 | 239J1139100 | $354.00 | WRIGHT, CLIFTON R. | $354.00 | $29.93 | $119.77 | M542-CERVICALGIA G44221-CHRONIC TENSION-TYPE HEADACHE, INTRACTABL |
| 9/21/2023 | 239J0865800 | $192.00 | JOHNSON, CHAD J. | $192.00 | $28.48 | $113.90 | S060X9A-CONCUSSION WITH LOSS OF CONSCIOUSNESS OF |
| 9/26/2023 | 239J21594300 | $182.00 | HINCKLEY, PETER J. | $182.00 | $29.28 | $117.10 | S060X9A-CONCUSSION WITH LOSS OF CONSCIOUSNESS OF |
| 9/26/2023 | 239J21970600 | $1,348.01 | ST LUKES MAGIC VALLEY MEDICAL CTR | $1,348.01 | $115.20 | $460.80 | S060X9A-CONCUSSION WITH LOSS OF CONSCIOUSNESS OF |
| 9/.../2023 | 239J37925100 | $288.00 | WRIGHT, CLIFTON R. | $288.00 | $22.14 | $88.59 | M542-CERVICALGIA G44221-CHRONIC TENSION-TYPE HEADACHE, INTRACTABL |
| .../2023 | 239J37943800 | $288.00 | WRIGHT, CLIFTON R. | $288.00 | $22.14 | $88.59 | G44221-CHRONIC TENSION-TYPE HEADACHE, INTRACTABL |
| 10/2/2023 | 239J62274800 | $288.00 | WRIGHT, CLIFTON R. | $288.00 | $22.14 | $88.59 | G44221-CHRONIC TENSION-TYPE HEADACHE, INTRACTABL |
| 10/6/2023 | 239J62275900 | $288.00 | WRIGHT, CLIFTON R. | $288.00 | $22.14 | $88.59 | G44221-CHRONIC TENSION-TYPE HEADACHE, INTRACTABL |
| 10/12/2023 | 239J87161200 | $288.00 | WRIGHT, CLIFTON R. | $288.00 | $22.14 | $88.59 | M542-CERVICALGIA G44221-CHRONIC TENSION-TYPE HEADACHE, INTRACTABL |
| 10/24/2023 | 239K37159300 | $288.00 | WRIGHT, CLIFTON R. | $288.00 | $22.14 | $88.59 | M542-CERVICALGIA G44221-CHRONIC TENSION-TYPE HEADACHE, INTRACTABL |

| Date/Claim | Name | Amount | Amount | | | Diagnosis |
|---|---|---|---|---|---|---|
| 10/26/2023 239K37166300 | WRIGHT, CLIFTON R. | $288.00 | $288.00 | $22.14 | $88.59 | M542-CERVICALGIA / G44221-CHRONIC TENSION-TYPE HEADACHE, INTRACTABL |
| | | | | $22.14 | $88.59 | M542-CERVICALGIA / G44221-CHRONIC TENSION-TYPE HEADACHE, INTRACTABL |
| 11/29/2023 239L63447700 | HAMMOND, RICHARD J. | $396.00 | $396.00 | $56.88 | $227.51 | V940XA-POSTCONCUSSIONAL SYNDROME / F0781-DRIVER INJURED IN COLLISION WITH UNSPECIFIED |
| 80097902000 | Total | | $26,456.63 | $7,633.15 | $3,627.42 | |
| | Grand Total | | $26,456.63 | $7,633.15 | $3,627.42 | |