Sheila R. Schwager, ISB No. 5059
Brent R. Wilson, ISB No. 8936
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 W. Main Street, Suite 200
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5261
Email: sschwager@hawleytroxell.com
       bwilson@hawleytroxell.com

Andrew J. Schoulder (pro hac vice)
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: 212.318.3030
Email: andrew.schoulder@nortonrosefulbright.com

Attorneys for Rabo AgriFinance LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒  ALL DEBTORS<br><br>☐  Millenkamp Cattle, Inc.<br><br>☐  Idaho Jersey Girls<br><br>☐  East Valley Cattle<br><br>☐  Millenkamp Properties<br><br>☐  Millenkamp Properties II | Jointly Administered With Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

OBJECTION TO DEBTORS' MOTION TO ESTABLISH PROCEDURE FOR 11 U.S.C. § 506(b) CLAIMS (Dkt. No. 463) - 1

59797.0007.17389224.1

☐ Millenkamp Family

☐ Goose Ranch

☐ Black Pine Cattle

☐ Millenkamp Enterprises

☐ Idaho Jersey Girls Jerome Dairy

**OBJECTION TO DEBTORS' MOTION TO ESTABLISH PROCEDURE FOR 11 U.S.C. § 506(b) CLAIMS (Dkt. No. 463)**

Rabo AgriFinance LLC, in its capacity as agent and secured lender ("RAF"), by and through its attorneys of record, hereby files this objection to *Debtors' Motion to Establish Procedure for 11 U.S.C. § 506(b) Claims* (Dkt. No. 463) (the "Motion") filed by the Debtors Millenkamp Cattle, Inc., *et al.* (the "Debtors") on June 27, 2024.

**I.
RELIEF REQUESTED IN THE MOTION**

In the Motion, the Debtors seek to impose upon secured creditors additional and unnecessary procedures in order to be able to be paid amounts authorized pursuant to 11 U.S.C. § 506(b). Notably, these additional procedures are not required under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, this Court's general orders, or even the cases relied upon by the Debtors in the Motion. Accordingly, for the reasons set forth herein, RAF respectfully requests that the Motion be denied.

In order for secured creditors to be paid the full amount of their claims authorized under § 506(b), the Debtors seek in the Motion to require each secured creditor in the Debtors' cases to file a certain "Notice of 506(b) Claim," with specified itemizations and other requirements, which is then subjected to a certain objection and hearing process. *See* Dkt. No. 463 at 8. This

additional process is unnecessary and inefficient, as there is already a procedurally appropriate mechanism—employed by this Court—to address any issues with a secured creditor's claim amount, namely: an objection to the creditor's proof of claim.

The Motion relies upon two cases for the relief the Debtors seek: *Crawforth v. Ajax Enters., LLC (In re Pheasant Grove, LLC)*, 2008 WL 187529, at *7 (Bankr. D. Idaho Jan. 18, 2008); and *In re Frost*, 2023 WL 6527525, at *4 (Bankr. D. Idaho Oct. 5, 2023). However, neither of those cases require this additional process or even suggest it is required. Instead, those cases involve: (1) an adversary proceeding resolving the issue of whether the secured creditor is entitled to the amounts requested under § 506(b) (*In re Pheasant Grove, LLC*); and (2) an objection to a secured creditor's amended proof of claim (*In re Frost*). Of course, either method is an appropriate way to raise an issue with a secured creditor's § 506(b) claim, rather than imposing on the Court and the secured creditors the additional process requested in the Debtors' Motion. Notably, the additional process could create more fees and costs that the Debtors are responsible for, as the secured creditors (of which there are numerous secured creditors in these cases), would have the right to request that those additional fees and costs incurred for that process be included in their § 506(b) claims. Since the Debtors already have the ability to address the secured creditors' § 506(b) claims through the claim process, RAF respectfully submits this additional process is neither necessary nor warranted.

## II.
## LAW AND ARGUMENT

### A.   Applicable Law.

Section 506(b) provides:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

11 U.S.C. § 506(b).  Section "506(b) allows for postpetition attorney fee claims but establishes no specific procedures to claim them." *Powe v. Chrysler Fin. Corp., L.L.C. (In re Powe)*, 281 B.R. 336, 346 (Bankr. S.D. Ala. 2001), *appeal dism'd sub nom.*, *Chrysler Fin. Corp. v. Powe*, 312 F.3d 1241 (11th Cir. 2002), *cert. denied sub nom.*, *DaimlerChrysler Servs. N. Am. LLC v. Powe*, 538 U.S. 998 (2003).

In the Ninth Circuit, as interpreted by the Ninth Circuit Bankruptcy Appellate Panel, filing a proof of claim for the attorney fees allowed under § 506(b), even those fees and costs incurred post-petition, is a "procedurally appropriate" method to seek such fees and other amounts. *Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 232 (9th Cir. BAP 2003); *see also In re Frost*, 2023 WL 6527525, at *1 (addressing a § 506(b) request asserted in an amended proof of claim and objection thereto); *accord Fawcett v. United States (In re Fawcett)*, 758 F.2d 588, 590 (11th Cir. 1985) (holding that postpetition interest was payable as asserted by an over secured creditor in a proof of claim under § 506(b)); *but see In re Jack Kline Co., Inc.*, 440 B.R. 712, 733-34 (Bankr. S.D. Tex. 2010) (rejecting *In re Fawcett* and instead requiring an attorneys fee and interest application for over secured creditors).

OBJECTION TO DEBTORS' MOTION TO ESTABLISH PROCEDURE FOR 11 U.S.C. § 506(b) CLAIMS (Dkt. No. 463) - 4

Although other methods may also be procedurally appropriate, the key is whether the request "gives debtors an opportunity to object and be heard[,]" on the amount of fees and other amounts charged by the over secured creditor. *In re Atwood*, 293 B.R. at 231-32 (citing and discussing *In re Powe*). As set forth in *In re Atwood*, "a proof of claim specifically claiming the fee, is sufficient for due process." *Id.* (citing *In re Powe*).

Finally, and notably, neither the Local Bankruptcy Rules nor the general orders of this Court require an application for attorney fees or other amounts due as required under § 506(b). *See, e.g.*, *In re Atwood*, 293 B.R. at 232 (noting that the local rules or general orders of the underlying bankruptcy court did not require an application for attorney fees under § 506(b) as a basis for concluding that a proof of claim asserting those claims is sufficient).

**B. Application of Law to the Relief Requested in the Motion.**

Applying these principles, the Debtors articulate no legitimate reason in the Motion to deviate from the practice in this Court, as approved by the Ninth Circuit Bankruptcy Appellate Panel, to allow § 506(b) claims to be made via a proof of claim. As noted by *In re Atwood*, nothing would prevent a secured creditor, if it chooses to do so in this case, from submitting an application under § 506(b) for the amounts it claims under that section. But there is no justification asserted in the Motion by the Debtors to take away the efficient proof of claim process to asserting a § 506(b) claim. Requiring an application may impose additional expenses on the parties, which would potentially be borne by the Debtors ultimately, and impose on this Court the requirement to address the applications even when there is no objection to them. *See* Dkt. No. 463 at 8-9 (requiring the Court to enter an order on the § 506(b) request even if there is no objection to the application).

## III.
## CONCLUSION

Accordingly, and based on the foregoing, RAF respectfully requests that the Court deny the Motion.

Dated: July 10, 2024

HAWLEY TROXELL ENNIS & HAWLEY LLP

/s/ Brent R. Wilson
_____

Brent R. Wilson, ISB No. 8936
Attorneys for Rabo AgriFinance LLC

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of July, 2024, I electronically filed the foregoing **OBJECTION TO DEBTORS' MOTION TO ESTABLISH PROCEDURE FOR 11 U.S.C. § 506(b) CLAIMS (Dkt. No. 463)** with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to those identified in the CM/ECF system for this matter, at the time this document was filed, including the following persons:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Roussell | tirzah.roussell@dentons.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Jon B. Evans | evans.jb@dorsey.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine Patrice Reynard | janine@averylaw.net |
| Sheila Rae Schwager | sschwager@hawleytroxell.com |
| Brent Russel Wilson | bwilson@hawleytroxell.com |
| Zachary Fairlie | zfairlie@spencerfance.com |
| John O'Brien | jobrien@spencerfane.com |
| Gery W. Edson | gedson@gedson.com |
| Aaron Bell | abell@evanskeane.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Faucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| Karen Lloyd | klloyd@grsm.com |
| James Justin May | jjm@johnsonmaylaw.com |
| Rhett Michael Miller | rmiller@magicvalley.law |
| Robert E. Richards | robert.richards@dentons.com |

OBJECTION TO DEBTORS' MOTION TO ESTABLISH PROCEDURE FOR 11 U.S.C. § 506(b) CLAIMS (Dkt. No. 463) - 7

59797.0007.17389224.1

| | |
|---|---|
| Holly Roark | holly@roarklawboise.com |
| Evan Thomas Roth | evan@sawtoothlaw.com |
| Meredith Leigh Thielbahr | mthielbahr@grsm.com |
| John F. Kurtz, Jr. | jfk@kurtzlaw.com |
| And any others receiving cm/ecf notices | |

/s/ Brent R. Wilson
Brent R. Wilson