Jason R. Naess, ISBN 8407
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
Andrew S. Jorgensen, ISBN 8695
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

**UNITED STATES TRUSTEE'S PARTIAL OBJECTION TO DEBTORS' OMNIBUS**

- 1

# MOTION FOR AUTHORITY TO PURCHASE AND SELL EQUIPMENT AND MACHINERY

The Acting United States Trustee ("UST") hereby objects, to Debtors' Omnibus Motion for Authority to Purchase and Sell Equipment and Machinery, Dkt. No. 379 (the "Motion") because the UST cannot determine the extent of what Debtors are requesting via the Motion.

The Motion seeks authority to sell certain unidentified equipment and machinery in the ordinary course of Debtor's post-petition business operations. Dkt. No. 379 at 3. The UST does not dispute that some amount of equipment and machinery sales are likely part of Debtors' ordinary course of business under the vertical and horizontal tests adopted by the Ninth Circuit. *See Aalfs v. Wirum (In re Straightline Investments, Inc.)*, 525 F.3d 870 (9th Cir. 2008).

The application of the vertical test for determining whether proposed transactions are of the type hypothetical creditors would expect based on a debtor's prepetition business practices, however, requires a consideration of the scope (*i.e.*, the "size and nature") of the debtor's prepetition transactions. *See In re* Azevedo, 2012 WL 3726752 at *3-4 (Bankr. D. Idaho Aug. 27, 2012). Though Debtors assert they "usually sell and purchase approximately 50-100 pieces of equipment each year," Dkt. No. 379 at 6, Exhibits A and B to the Motion show significantly fewer transactions:

| Year | Pieces of Equipment and Machinery Purchased | Pieces of Equipment and Machinery Sold | Total Transactions |
|---|---|---|---|
| 2021 | 16 | 6 | 22 |
| 2022 | 23 | 5 | 28 |
| 2023 | 34 | 9 | 43 |

*Id.* at 9-12. In terms of value, the Debtor's prepetition business practices included:

| Year | Value of Equipment and Machinery Purchased | Value of Equipment and Machinery Sold (Gross Proceeds) |
|---|---|---|
| 2021 | $1,594,704 | $489,200 |
| 2022 | $2,357,092 | $357,000 |
| 2023 | $2,953,325 | $606,000 |

*Id.*

The Debtor has not provided any figures regarding the purchase and sale of equipment by other operators in the dairy business as would be needed to analyze the Motion under the horizontal test. Nonetheless, the UST is comfortable, for the purposes of this motion, assuming other businesses in the industry purchase and sell amounts similar to those identified in Debtors' historic figures for its own operations.

The UST recognizes the need to purchase and sell equipment is likely to fluctuate to a degree year-to-year and is not seeking to confine Debtors' ordinary course of business to the outer limits of three years' worth of historic data. At the same time, Debtors are seeking to avoid certain notice and due process requirements imposed by Rule 6004 and LBR 2002-1. As such, some delineation of what is being sought and/or ordered under the Motion is appropriate.

Without an additional evidentiary record and findings by the Court that the Debtors' ordinary course of business is broader, the UST objects to the sale[1] of (1) more than 12 pieces of equipment and machinery, or (2) equipment and machinery that will produce more than $750,000 in gross proceeds, in any given year. If sales beyond those thresholds are desired, the UST contends Debtors should follow the sale procedures of § 363(b), Rule 6004, and LBR 2002-1 because such sales would be beyond the ordinary course of business.

## Conclusion

The UST objects to any truncated sales procedures for the sale of more than 12 pieces of equipment and machinery, or equipment and machinery that will produce more than $750,000 in

---

[1] The UST recognizes § 363(c) likely only applies to the sale of equipment and machinery and that, so long as it is authorized under the cash collateral budget, the purchase of equipment is likely subject only to the Debtors' business judgment and/or the bounds of competence and gross mismanagement. *See* §§ 1104(a) and 1112(b).

gross proceeds, in any given year.

Date: July 10, 2024

                            GREGORY M. GARVIN
                            Acting United States Trustee for Region 18

                            /s/ Jason R. Naess
                            JASON R. NAESS
                            Attorney for the Acting United States Trustee
                            [Non CM/ECF e-mail jason.r.naess@usdoj.gov]

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on ___July 10, 2024___ I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

Date:  __July 10, 2024_____

                                       /s/_____
                               JASON R. NAESS