Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
        jjm@johnsonmaylaw.com


Krystal Mikkilineni, *pro hac vice*
Robert E. Richards, *pro hac vice*
Tirzah Roussell, *pro hac vice*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
        Robert.richards@dentons.com
        Tirzah.roussell@dentons.com

Attorneys for the Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒   ALL DEBTORS<br><br>☐   Millenkamp Cattle, Inc.<br><br>☐   Idaho Jersey Girls<br><br>☐   East Valley Cattle<br><br>☐   Millenkamp Properties<br><br>☐   Millenkamp Properties II | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

NOTICE OF INTENT TO SERVE SUBPOENAS – Page 1

| | |
|---|---|
| ☐ Millenkamp Family | Chapter 11 Cases |
| ☐ Goose Ranch | |
| ☐ Black Pine Cattle | |
| ☐ Millenkamp Enterprises | |
| ☐ Idaho Jersey Girls Jerome Dairy | |

## NOTICE OF INTENT TO SERVE SUBPOENAS

The Debtors, by and through their attorneys of record, and pursuant to Fed. R. Civ. Proc. 45(a)(4) (made applicable by Fed. R. Bankr. Proc. 9016), provide notice of their intent to serve the attached Subpoenas on the parties noted below.

1. Cargill Meat Solutions

2. JBS USA

3. Producers Livestock

4. Rabo AgriFinance

5. True West Beef

6. Valley Beef

DATED this 11th day of July, 2024.          JOHNSON MAY

*/s/ Matt Christensen*

MATTHEW T. CHRISTENSEN

Attorney for the Debtors

NOTICE OF INTENT TO SERVE SUBPOENAS – Page 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July 2024, I caused to be served a true and correct copy of the foregoing document electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Rousell | Tirzah.rousell@dentons.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Gery W. Edson | gedson@gedson.com |
| J.B. Evans | evans.jb@dorsey.com |
| Zachary Fairlie | zfairlie@spencerfane.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| John O'Brien | jobrien@spencerfane.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine P. Reynard | janine@averylaw.net |
| Sheila R. Schwager | sschwager@hawleytroxell.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Foucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| John D. Munding | john@mundinglaw.com |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| Holly Roark | holly@roarklawboise.com |
| Evan R. Roth | evan@sawtoothlaw.com |
| Bruce A. Anderson | baafiling@eaidaho.com |
| Morton R. Branzburg | mbranzburg@klehr.com |
| Laura E. Burri | lburri@morrowfischer.com |
| William K. Carter | kentcarter@grsm.com |
| Alexandra O. Caval | alex@cavallawoffice.com |
| D. Blair Clark | dbc@dbclarklaw.com |
| Eric R. Clark | Eclark101@hotmail.com |
| Connor B. Edlund | edlund@mwsslawyers.com |
| Julian Gurule | jgurule@omm.com |
| Matthew Kremer | mkremer@omm.com |
| David T. Krueck | dkrueck@perkinscoie.com |
| Adam A. Lewis | alewis@mofo.com |
| Karyn Lloyd | klloyd@grsm.com |
| James Neimeier | jniemeier@mcgrathnorth.com |
| Gabriel L. Olivera | golivera@omm.com |
| Mark B. Perry | mbp@perrylawpc.com |

Cheryl Rambo                    Cheryl.rambo@isp.idaho.gov
Miranda K. Russell              mrussell@mofo.com
Andrew J. Schoulder             andrew.schoulder@nortonrosefulbright.com
Louis V. Spiker                 louis.spiker@millernash.com
Matthew A. Sturzen              matt@shermlaw.com
Meredith L. Thielbahr           mthielbahr@grsm.com
Kim J. Trout                    ktrout@trout-law.com
Joseph M. Wager                 wager@mwsslawyers.com


Any others as listed on the Court's ECF Notice.


   /s/ Matt Christensen
MATTHEW T. CHRISTENSEN

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of ___Idaho___

In re  ___Millenkamp Cattle, Inc. (and related cases)___

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. ___24-40158-NGH___

Chapter ___11___

_____

Plaintiff

v.

_____

Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  ___Cargill Meat Solutions Corp; c/o United Agent Group, Inc. (Registered Agent); 950 W. Bannock St, #1100, Boise ID 83702___

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  ___See attached Exhibit A___

| PLACE | DATE AND TIME |
|---|---|
| Johnson May; 199 N. Capitol Blvd, Ste 200; Boise ID 83702 | July 26, 2024; 9:00 am (MT) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  ___July 11, 2024___

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Matt Christensen
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* ___Millenkamp Cattle, Inc.___ , who issues or requests this subpoena, are:

___Matthew T. Christensen; 199 N. Capitol Blvd, Ste 200, Boise ID 83702; mtc@johnsonmaylaw.com; (208) 384-8588___

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **Exhibit A to Subpoena for beef buyers**

You are requested to produce documents related to the bankruptcy case captioned on the first page of this subpoena.  In producing documents in response to the requests below, the following definitions apply:

A. "Debtors" means Millenkamp Cattle, Inc.; Idaho Jersey Girls, LLC; East Valley Cattle, LLC; Millenkamp Properties, LLC; Millenkamp Properties II, LLC; Millenkamp Family, LLC; Goose Ranch, LLC; Black Pine Cattle, LLC; Millenkamp Enterprises, LLC; or Idaho Jersey Girls Jerome Dairy, LLC.

B. "Millenkamp" means Bill Millenkamp.

C. "Payments" means loans, distributions, capital contributions, fees, salaries, setoffs, gifts, recoupments, or other payments of any kind or nature, monetary or otherwise.

D. "Financial Records" means financial statements, profit and loss statements, income statements, federal income tax returns, state income tax returns, any source documents utilized to prepare such documents, and any related documents.

E. "Communications" means any and all forms of communication, including emails, text messages, social media direct messages (i.e., Facebook Messenger, etc.), voicemails, or other written communication of any kind.

F. "Records" means any and all form of document (written or electronic), in any tangible medium, no matter the title of the document (i.e., "Contract", "email", "supplement", etc.)

Please produce copies of the following documents:

1. Copies (front and back) of any and all checks or other payments paid by you for purchases of beef or other products from the Debtors during the period of January 1, 2023 to the present.

2. To the extent not included in the previous request, copies (front and back) of any and all checks or other payments paid by you for purchases of beef or other products from the Debtors during the period of January 1, 2023, to the present that have not yet been negotiated or otherwise cleared from your accounts.

3. A detailed transaction history for any and all purchases of beef or other products from the Debtors during the period of January 1, 2023, to the present.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Idaho__

In re __Millenkamp Cattle, Inc. (and related cases)__

_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __24-40158-NGH__

Chapter __11__

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  JBS USA, LLC; c/o  Potter, Anderson & Corroon LLP, Registered Agent; 1313 N. Market St., Fl. 6, Wilmington DE 19801

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:     See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Johnson May; 199 N. Capitol Blvd, Ste 200; Boise ID 83702 | July 26, 2024; 9:00 am (MT) |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  __July 11, 2024__

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

/s/ Matt Christensen
_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Millenkamp Cattle, Inc.__ , who issues or requests this subpoena, are:

Matthew T. Christensen; 199 N. Capitol Blvd, Ste 200, Boise ID 83702; mtc@johnsonmaylaw.com; (208) 384-8588

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

### Exhibit A to Subpoena for beef buyers

You are requested to produce documents related to the bankruptcy case captioned on the first page of this subpoena.  In producing documents in response to the requests below, the following definitions apply:

A.  "Debtors" means Millenkamp Cattle, Inc.; Idaho Jersey Girls, LLC; East Valley Cattle, LLC; Millenkamp Properties, LLC; Millenkamp Properties II, LLC; Millenkamp Family, LLC; Goose Ranch, LLC; Black Pine Cattle, LLC; Millenkamp Enterprises, LLC; or Idaho Jersey Girls Jerome Dairy, LLC.

B.  "Millenkamp" means Bill Millenkamp.

C.  "Payments" means loans, distributions, capital contributions, fees, salaries, setoffs, gifts, recoupments, or other payments of any kind or nature, monetary or otherwise.

D.  "Financial Records" means financial statements, profit and loss statements, income statements, federal income tax returns, state income tax returns, any source documents utilized to prepare such documents, and any related documents.

E.  "Communications" means any and all forms of communication, including emails, text messages, social media direct messages (i.e., Facebook Messenger, etc.), voicemails, or other written communication of any kind.

F.  "Records" means any and all form of document (written or electronic), in any tangible medium, no matter the title of the document (i.e., "Contract", "email", "supplement", etc.)

Please produce copies of the following documents:

1.  Copies (front and back) of any and all checks or other payments paid by you for purchases of beef or other products from the Debtors during the period of January 1, 2023 to the present.

2.  To the extent not included in the previous request, copies (front and back) of any and all checks or other payments paid by you for purchases of beef or other products from the Debtors during the period of January 1, 2023, to the present that have not yet been negotiated or otherwise cleared from your accounts.

3.  A detailed transaction history for any and all purchases of beef or other products from the Debtors during the period of January 1, 2023, to the present.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of ___Idaho___

In re ___Millenkamp Cattle, Inc. (and related cases)___
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. ___24-40158-NGH___

Chapter ___11___

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___Producers Livestock Marketing Assoc; c/o CT Corp System, Registered Agent, 1555 W. Shoreline Drive, Ste 100, Boise ID 83702___

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: ___See attached Exhibit A___

| PLACE | DATE AND TIME |
|---|---|
| Johnson May; 199 N. Capitol Blvd, Ste 200; Boise ID 83702 | July 26, 2024; 9:00 am (MT) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___July 11, 2024___

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

/s/ Matt Christensen
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* ___Millenkamp Cattle, Inc.___ , who issues or requests this subpoena, are:
___Matthew T. Christensen; 199 N. Capitol Blvd, Ste 200, Boise ID 83702; mtc@johnsonmaylaw.com; (208) 384-8588___

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding ) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit A to Subpoena for beef buyers

You are requested to produce documents related to the bankruptcy case captioned on the first page of this subpoena.  In producing documents in response to the requests below, the following definitions apply:

A. "Debtors" means Millenkamp Cattle, Inc.; Idaho Jersey Girls, LLC; East Valley Cattle, LLC; Millenkamp Properties, LLC; Millenkamp Properties II, LLC; Millenkamp Family, LLC; Goose Ranch, LLC; Black Pine Cattle, LLC; Millenkamp Enterprises, LLC; or Idaho Jersey Girls Jerome Dairy, LLC.

B. "Millenkamp" means Bill Millenkamp.

C. "Payments" means loans, distributions, capital contributions, fees, salaries, setoffs, gifts, recoupments, or other payments of any kind or nature, monetary or otherwise.

D. "Financial Records" means financial statements, profit and loss statements, income statements, federal income tax returns, state income tax returns, any source documents utilized to prepare such documents, and any related documents.

E. "Communications" means any and all forms of communication, including emails, text messages, social media direct messages (i.e., Facebook Messenger, etc.), voicemails, or other written communication of any kind.

F. "Records" means any and all form of document (written or electronic), in any tangible medium, no matter the title of the document (i.e., "Contract", "email", "supplement", etc.)

Please produce copies of the following documents:

1. Copies (front and back) of any and all checks or other payments paid by you for purchases of beef or other products from the Debtors during the period of January 1, 2023 to the present.

2. To the extent not included in the previous request, copies (front and back) of any and all checks or other payments paid by you for purchases of beef or other products from the Debtors during the period of January 1, 2023, to the present that have not yet been negotiated or otherwise cleared from your accounts.

3. A detailed transaction history for any and all purchases of beef or other products from the Debtors during the period of January 1, 2023, to the present.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Idaho__

In re  __Millenkamp Cattle, Inc. (and related cases)__
_____
Debtor

Case No. __24-40158-NGH__

_(Complete if issued in an adversary proceeding)_

Chapter __11__

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  __Rabo AgriFinance, LLC; c/o Hawley Troxell, 877 W. Main Street, Ste 200, Boise ID 83702__

_(Name of person to whom the subpoena is directed)_

[X] _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:     See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Johnson May; 199 N. Capitol Blvd, Ste 200; Boise ID 83702 | July 26, 2024; 9:00 am (MT) |

[ ] _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  __July 11, 2024__

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

__/s/ Matt Christensen__
_Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
__Millenkamp Cattle, Inc._____ , who issues or requests this subpoena, are:
Matthew T. Christensen; 199 N. Capitol Blvd, Ste 200, Boise ID 83702; mtc@johnsonmaylaw.com; (208) 384-8588

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**<u>Exhibit A to Subpoena to Rabo AgriFinance LLC</u>**

You are requested to produce documents related to the bankruptcy case captioned on the first page of this subpoena.  In producing documents in response to the requests below, the following definitions apply:

A. "Debtors" means Millenkamp Cattle, Inc.; Idaho Jersey Girls, LLC; East Valley Cattle, LLC; Millenkamp Properties, LLC; Millenkamp Properties II, LLC; Millenkamp Family, LLC; Goose Ranch, LLC; Black Pine Cattle, LLC; Millenkamp Enterprises, LLC; or Idaho Jersey Girls Jerome Dairy, LLC.

B. "Millenkamp" means Bill Millenkamp.

C. "Payments" means loans, distributions, capital contributions, fees, salaries, setoffs, gifts, recoupments, or other payments of any kind or nature, monetary or otherwise.

D. "Financial Records" means financial statements, profit and loss statements, income statements, federal income tax returns, state income tax returns, any source documents utilized to prepare such documents, and any related documents.

E. "Communications" means any and all forms of communication, including emails, text messages, social media direct messages (i.e., Facebook Messenger, etc.), voicemails, or other written communication of any kind.

A. "Records" means any and all form of document (written or electronic), in any tangible medium, no matter the title of the document (i.e., "Contract", "email", "supplement", etc.)

Please produce copies of the following documents:

1. Any and all Financial Records related to the Debtors, including, but not limited to, any handwritten bookkeeping notes and emails, for the period of January 1, 2018, to the present.

2. Copies (front and back) of any and all checks received by you for sales of beef by the Debtors during the period of January 1, 2023 to the present.

3. For each check produced in response to No. 2 above, please identify (a) the date you received the check and (b) the date the funds were deposited or otherwise sent to the Debtors.

4. Copies (front and back) of any checks or other transfer confirmations for any milk checks or other funds transfers you received from Glanbia, IFS, or High Desert for milk sold by the Debtors from January 1, 2023, to the present.

5.  For each payment identified by you in response to No. 4 above, please identify (a) the date you received the payment and (b) the date said payment was deposited or otherwise sent to the Debtors.

6.  Copies of check or other Payment records for any other funds you have received on behalf of the Debtors from January 1, 2023, to the present.

7.  Copies of any and all communications between you and any representative of Ampleo or Parsons Behle from January 1, 2023, to the present.

8.  Copy of any and all accountings or other reconciliations you have prepared to calculate any of the loans or other debts owed by the Debtors to you, between January 1, 2023, and the present.

9.  Copies of any and all account or loan statements you have prepared and/or sent to the Debtors between January 1, 2023, and the present.

10. Copies of any and all Communications and agreements (including, but not limited to, any joint defense agreements) between you and Ampleo or any of its employees, contractors or other representatives related to the Debtors from January 1, 2023, to the present.

11. Copies of any and all Communications between you and Riveron Consulting related to the Debtors from January 1, 2021, to the present.

12. Copies of any and all Communications between you and Homestead Capital related to the Debtors from January 1, 2021, to the present.

13. Copies of any and all Communications between you and BMO related to the Debtors from January 1, 2021, to the present.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of ___Idaho___

In re ___Millenkamp Cattle, Inc. (and related cases)___
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____

_____
Plaintiff

v.

_____
Defendant

Case No. ___24-40158-NGH___

Chapter ___11___

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___True West Beef LLC; c/o Kim Stuart, Registered Agent; 1555 W. Shoreline Dr., Ste 320, Boise ID 83702___

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Johnson May; 199 N. Capitol Blvd, Ste 200; Boise ID 83702 | July 26, 2024; 9:00 am (MT) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___July 11, 2024___

CLERK OF COURT

OR

_____        /s/ Matt Christensen
*Signature of Clerk or Deputy Clerk*        _____
                                           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___Millenkamp Cattle, Inc.___ , who issues or requests this subpoena, are:
Matthew T. Christensen; 199 N. Capitol Blvd, Ste 200, Boise ID 83702; mtc@johnsonmaylaw.com; (208) 384-8588

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Exhibit A to Subpoena for beef buyers**

You are requested to produce documents related to the bankruptcy case captioned on the first page of this subpoena.  In producing documents in response to the requests below, the following definitions apply:

A. "Debtors" means Millenkamp Cattle, Inc.; Idaho Jersey Girls, LLC; East Valley Cattle, LLC; Millenkamp Properties, LLC; Millenkamp Properties II, LLC; Millenkamp Family, LLC; Goose Ranch, LLC; Black Pine Cattle, LLC; Millenkamp Enterprises, LLC; or Idaho Jersey Girls Jerome Dairy, LLC.

B. "Millenkamp" means Bill Millenkamp.

C. "Payments" means loans, distributions, capital contributions, fees, salaries, setoffs, gifts, recoupments, or other payments of any kind or nature, monetary or otherwise.

D. "Financial Records" means financial statements, profit and loss statements, income statements, federal income tax returns, state income tax returns, any source documents utilized to prepare such documents, and any related documents.

E. "Communications" means any and all forms of communication, including emails, text messages, social media direct messages (i.e., Facebook Messenger, etc.), voicemails, or other written communication of any kind.

F. "Records" means any and all form of document (written or electronic), in any tangible medium, no matter the title of the document (i.e., "Contract", "email", "supplement", etc.)

Please produce copies of the following documents:

1. Copies (front and back) of any and all checks or other payments paid by you for purchases of beef or other products from the Debtors during the period of January 1, 2023 to the present.

2. To the extent not included in the previous request, copies (front and back) of any and all checks or other payments paid by you for purchases of beef or other products from the Debtors during the period of January 1, 2023, to the present that have not yet been negotiated or otherwise cleared from your accounts.

3. A detailed transaction history for any and all purchases of beef or other products from the Debtors during the period of January 1, 2023, to the present.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of ___Idaho___

In re  ___Millenkamp Cattle, Inc. (and related cases)___
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. ___24-40158-NGH___

Chapter ___11___

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  ___Valley Beef, Inc.; c/o Dean Jaques, Registered Agent; 437 W. Ave B, Wendell ID 83355___
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:     See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Johnson May; 199 N. Capitol Blvd, Ste 200; Boise ID 83702 | July 26, 2024; 9:00 am (MT) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  ___July 11, 2024___

CLERK OF COURT

OR

_____          /s/ Matt Christensen
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* ___Millenkamp Cattle, Inc.___ , who issues or requests this subpoena, are:
Matthew T. Christensen; 199 N. Capitol Blvd, Ste 200, Boise ID 83702; mtc@johnsonmaylaw.com; (208) 384-8588

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

### Exhibit A to Subpoena for beef buyers

You are requested to produce documents related to the bankruptcy case captioned on the first page of this subpoena.  In producing documents in response to the requests below, the following definitions apply:

A.  "Debtors" means Millenkamp Cattle, Inc.; Idaho Jersey Girls, LLC; East Valley Cattle, LLC; Millenkamp Properties, LLC; Millenkamp Properties II, LLC; Millenkamp Family, LLC; Goose Ranch, LLC; Black Pine Cattle, LLC; Millenkamp Enterprises, LLC; or Idaho Jersey Girls Jerome Dairy, LLC.

B.  "Millenkamp" means Bill Millenkamp.

C.  "Payments" means loans, distributions, capital contributions, fees, salaries, setoffs, gifts, recoupments, or other payments of any kind or nature, monetary or otherwise.

D.  "Financial Records" means financial statements, profit and loss statements, income statements, federal income tax returns, state income tax returns, any source documents utilized to prepare such documents, and any related documents.

E.  "Communications" means any and all forms of communication, including emails, text messages, social media direct messages (i.e., Facebook Messenger, etc.), voicemails, or other written communication of any kind.

F.  "Records" means any and all form of document (written or electronic), in any tangible medium, no matter the title of the document (i.e., "Contract", "email", "supplement", etc.)

Please produce copies of the following documents:

1.  Copies (front and back) of any and all checks or other payments paid by you for purchases of beef or other products from the Debtors during the period of January 1, 2023 to the present.

2.  To the extent not included in the previous request, copies (front and back) of any and all checks or other payments paid by you for purchases of beef or other products from the Debtors during the period of January 1, 2023, to the present that have not yet been negotiated or otherwise cleared from your accounts.

3.  A detailed transaction history for any and all purchases of beef or other products from the Debtors during the period of January 1, 2023, to the present.