**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtors. | Case No. 24-40158-NGH |
| Filing relates to:<br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

**ORDER GRANTING DEBTORS' OMNIBUS MOTION FOR AUTHORITY TO PURCHASE AND SELL EQUIPMENT AND MACHINERY**

Upon the motion (Docket No. 379 - the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Purchase & Sale Order") pursuant to Bankruptcy Code sections 105 and 363, Bankruptcy Rule 6004, and Local Rules 2002-1 and 2002-2, granting Debtors the authority to purchase and sell equipment and machinery; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

#4049455

venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtors shall have authority to purchase and sell equipment and machinery as set forth in the Motion, subject to the limitations set forth herein, and pursuant to the following reporting requirements:

   a. Debtors shall provide the Official Committee of Unsecured Creditors (the "Committee"), Rabo AgriFinance LLC ("Rabo"), Metropolitan Life Insurance Company and MetLife Real Estate Lending LLC ("MetLife"), Conterra Holdings, LLC d/b/a Conterra Ag Capital as loan servicer and power of attorney for Ag Funding SC II LLC and Rooster Capital IV LLC ("Conterra"), and Sandton Capital Solutions Master Fund VI, LP ("Sandton") (collectively, the "Notice Parties") with five-business-days' notice of any proposed sale or purchase of equipment/machinery for more than $25,000. Such notice shall include: (a) a description of the equipment; (b) purchase/sale price; (c) identification of any purchase money security interest ("PMSI") lien holder, if any, and the amount to be paid to the PMSI lien holder; and (d) the proposed counterparty. The Debtors shall not sell any such equipment or machinery that aggregates a total of more than $750,000.00 in gross sale proceeds.

   b. Debtors shall further provide at least 5 days' notice to any creditor with a PMSI in the equipment (or the lessor of a capital lease) to obtain a payoff for the equipment to be sold and to remit the proceeds of such sale (which shall be in an amount equal to or greater than the payoff amount) to the lien creditor within 5 days of sale.

   c. Debtors shall file with the Court a monthly report, within 15 days of each month's end, describing which pieces of equipment and machinery were purchased and sold (if any), the corresponding amounts for each, and, in

the case of a sale of equipment and machinery, an accounting of the proceeds of such sale.

3. Any sale proceeds from the sale of equipment or machinery that are (a) not paid to a holder of a PMSI lien on that specific equipment (i.e., not based on a cross-collateral provision) and (b) not used to purchase new equipment or machinery without a PMSI lien in accordance with the Interim Order Granting Debtors' Second Motion for Continued Use of Cash Collateral [Docket No. 524], shall be paid to Sandton to pay down the amount owed on the DIP Facility. With respect to any such repayment to Sandton, the Debtors shall provide the Notice Parties with notice of the amount of repayment. The Debtors shall not be authorized to re-borrow the repaid amount under the DIP Facility except as authorized by this Court upon the Debtors filing of a motion, with reasonable notice.

4. The reporting and limitation on purchases and sales outlined above (including the limitation on sales proceeds) shall apply for the next 12 months or until the effective date of a plan of reorganization, whichever is earlier.

5. Nothing in this order prevents or restrains the Debtors from seeking other authority to sell equipment and machinery should the need arise.

6. The Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Purchase and Sale Order.

//end of text//

DATED: July 30, 2024

_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

Order submitted by: Krystal R. Mikkilineni, attorney for the Debtors

Approved as to Form:

/s/ *Jason R. Naess*

Jason R. Naess, Office of the United States Trustee

Approved as to Form and Content:

/s/ *Julian Gurule*

Julian Gurule, attorney for Committee

/s/ *Ron Bingham*

Ron Bingham, attorney for MetLife

/s/ *Andrew Schoulder*

Andrew Schoulder, attorney for Rabo Agrifinance LLC

/s/ *John O'Brien*

John O'Brien, attorney for Conterra

/s/ *Richard Bernard*

Richard Bernard, attorney for Sandton

/s/ *Kent Carter*

Kent Carter, attorney for CNH Industrial Capital America LLC