Bruce A. Anderson, ISB #3392
ELSAESSER ANDERSON, CHTD.
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID  83815
Telephone: (208) 667-2900
Facsimile: (208) 667-2900
Email: brucea@eaidaho.com

Julian Gurule (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: jgurule@omm.com

-and-

Matthew Kremer (Admitted *Pro Hac Vice*)
Gabriel L. Olivera (Admitted *Pro Hac Vice*)
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: mkremer@omm.com
         golivera@omm.com

*Attorneys for the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>　　　　　　Debtors. | Case No. 24-40158-NGH |
| Filing relates to:<br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties) |

SUPPLEMENT IN SUPPORT OF APPLICATION
TO EMPLOY ARMORY SECURITIES, LLC - 1

| | |
|---|---|
| ☐ Millenkamp Properties | 24-40162-NGH (Millenkamp Properties II) |
| ☐ Millenkamp Properties II | 24-40163-NGH (Millenkamp Family) |
| ☐ Millenkamp Family | 24-40164-NGH (Goose Ranch) |
| ☐ Goose Ranch | 24-40166-NGH (Black Pine Cattle) |
| ☐ Black Pine Cattle | 24-40167-NGH (Millenkamp Enterprises) |
| ☐ Millenkamp Enterprises | 24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |
| ☐ Idaho Jersey Girls Jerome Dairy | |

**SUPPLEMENT IN SUPPORT OF APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY ARMORY SECURITIES, LLC AS FINANCIAL ADVISORS OT THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO MAY 23, 2024**

The Official Committee of Unsecured Creditors (the "Committee"), pursuant to sections 328(a) and 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Idaho (the "Local Bankruptcy Rules" or "LBR") submits this supplement in support of its application for authority to retain Armory Securities, LLC ("Armory") as financial advisors for the Committee *nunc pro tunc* to May 23, 2024 [ECF No. 354] (the "Application"). In support of this Application, the Committee respectfully represents as follows:

**BACKGROUND**

1. On May 29, 2024, the Committee filed the Application to employ Armory as its advisors. The deadline to object to the Application as June 24, 2024.

2. On July 2, 2024, no objections to the Application having been filed, the Committee filed a Statement of No Objection [ECF No. 472].

3. The Court thereafter directed the Committee to set the Application for hearing. On July 19, 2024, the Committee filed a Notice of Hearing setting the Application for hearing on August 15, 2024 [ECF No. 506].

SUPPLEMENT IN SUPPORT OF APPLICATION
TO EMPLOY ARMORY SECURITIES, LLC - 2

4. On August 15, 2024, the Court held a hearing on the Application during which the Court directed the Committee to file a supplement to the Application addressing the Court's authority to authorize employment of Armory *nunc pro tunc* and providing the grounds for the *nunc pro tunc* relief requested in the Application.

### AUTHORITY TO GRANT NUNC PRO TUNC RELIEF

5. In the Ninth Circuit, bankruptcy courts have the discretion to exercise their "equitable power to approve retroactively a professional's valuable but unauthorized services" upon a showing of "exceptional circumstances." *In re Taylor Quality Concrete, Inc.*, 359 B.R. 273, 275–76 (Bankr. D. Idaho 2007) (Pappas, J.) (quoting *Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 973 (9th Cir. 1995); *In re Kroeger Prop. & Dev., Inc.*, 57 B.R. 821, 822 (9th Cir. BAP 1986)). Exceptional circumstances warranting approval of a professional's services "exists when the professional (1) satisfactorily explains his failure to receive prior judicial approval; and (2) demonstrates that his services benefitted the bankrupt estate in a significant manner." *Id*. at 276 (quoting *In re Ball*, 04.3 I.B.C.R. 87, 87, 2004 WL 4960388 (Bankr. D. Idaho 2004)). Exceptional circumstances exist to approve Armory's retention application *nunc pro tunc* to May 23, 2024.

6. The Committee engaged Armory on May 23, 2024. Armory immediately commenced a thorough analysis of its potential conflicts with the parties in this case and prepared a retention application. After Armory concluded its conflict check and retention application, the Committee filed the application on May 29, 2024—just six days after Armory was engaged by the Committee.

7. Unlike in *Taylor Quality Concrete* in which the debtors sought to employ their counsel *nunc pro tunc* to a date *seven months* prior to the filing of the retention application, *see Taylor Quality Concrete, Inc.*, 359 B.R. at 274–75, or in *Kroeger Properties* in which the debtors'

counsel waited *two years* before requesting approval of his employment, *Kroeger Props.*, 57 B.R. at 821, the passage of time between Armory's retention application and the engagement by the Committee is less than a week. This delay is attributable to Armory's diligence in ensuring its disinterestedness.

8. From the moment Armory was retained by the Committee, it has provided valuable services to the Committee and the Debtors' estate by engaging in meaningful discussions with the Committee and the Debtors' counsel (and other professionals) on important issues, including:

   a. analyzing the business, operations, liquidity, assets and liabilities, financial condition and prospects of the Debtors;

   b. advising the Committee in evaluating the financial aspects of any potential DIP loans, draws or other financing by the Debtors;

   c. evaluating any court motions, applications, or other forms of relief, filed or to be filed by the Debtors, or any other parties-in-interest;

   d. helping with strategies for formulation of a plan; and

   e. ensuring transparency from the Debtors to creditors.

9. Armory's collaboration with Committee counsel has allowed issues to be resolved quickly and out of court which reduces the expenses incurred by the estate. In addition, Armory's analysis of the Debtors' financials and knowledge of the agribusiness and dairy industry provided the Committee with a better understanding of the Debtors' situation and prospects for reorganization during the *nunc pro tunc* period. These services enabled the Committee to make fully informed decisions during the *nunc pro tunc* period and beyond. Armory has continued to provide the same important services, including by collaborating with the Debtors to locate helpful leads with respect to refinancing.

## CONCLUSION

10. Given the short time period between Armory's retention and the filing of the Application and the valuable services Armory provided in the *nunc pro tunc* period (and continues to provide), the Court should exercise its discretion to approve Armory's retention application *nunc pro tunc* to May 23, 2024.

Date: August 16, 2024

O'MELVENY & MYERS LLP

*/s/ Julian Gurule*
JULIAN GURULE

-and-

ELSAESSER ANDERSON, CHTD.

*/s/ Bruce A. Anderson*
BRUCE A. ANDERSON

*Attorneys for the Official Committee of Unsecured Creditors*

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on August 16, 2024, I electronically filed with the Clerk of the Court a copy of the foregoing Notice of Appearance, in the above-captioned matter, using the CM/ECF system, which included a Notice of Electronic Filing to the following person(s):

Brett R Cahoon on behalf of U.S. Trustee US Trustee
ustp.region18.bs.ecf@usdoj.gov

krystal.mikkilineni@dentons.com , attorneys for Debtor

mtc@johnsonmaylaw.com,  attorneys for Debtor

  I further certify that on August 16, 2024, I sent the foregoing to the 20 largest unsecured creditors, except for those already receiving ECF and duplicates, via U.S. Mail, postage prepaid.

  Dated this 16th day of August 2024.

                */s/ Bruce A. Anderson*
                Bruce A. Anderson