Sheila R. Schwager, ISB No. 5059
Brent R. Wilson, ISB No. 8936
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 W. Main Street, Suite 200
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5261
Email: sschwager@hawleytroxell.com
           bwilson@hawleytroxell.com

Andrew J. Schoulder (pro hac vice)
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone:  212.318.3030
Email: andrew.schoulder@nortonrosefulbright.com

Attorneys for Rabo AgriFinance LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

|  |  |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>      Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br><br>☐ Idaho Jersey Girls<br><br>☐ East Valley Cattle<br><br>☐ Millenkamp Properties<br><br>☐ Millenkamp Properties II | Jointly Administered With Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome<br>               Dairy)<br><br>Chapter 11 Cases |

LIMITED OBJECTION TO DEBTORS' APPLICATION TO EMPLOY SPECIAL COUNSEL
FOR DEBTORS IN POSSESSION (Dkt. No. 570) - 1

☐ Millenkamp Family

☐ Goose Ranch

☐ Black Pine Cattle

☐ Millenkamp Enterprises

☐ Idaho Jersey Girls Jerome Dairy

## LIMITED OBJECTION TO DEBTORS' APPLICATION TO EMPLOY SPECIAL COUNSEL FOR DEBTORS IN POSSESSION (Dkt. No. 570)

Rabo AgriFinance LLC, in its capacity as agent and secured lender ("RAF"), by and through its attorneys of record, hereby files this limited objection to the *Application to Employ Special Counsel for Debtors in Possession* and *Declaration of David Heida in Support of Application to Employ Special Counsel for Debtors in Possession* (Dkt. Nos. 570 and 570-1) (collectively, the "Application") filed by the Debtors Millenkamp Cattle, Inc., *et al.* (the "Debtors") on August 20, 2024.

## I.
## RELIEF REQUESTED IN THE APPLICATION

In the Application, the Debtors seek Court approval to employ David Heida of Heida Law Office ("Heida") pursuant to 11 U.S.C. §§ 327(e) and 1107.  As stated in the Application, Heida is an employee of the Debtors, acting as the Debtors' general manager.  While the Application and the engagement letter attached to it state that that the hourly rate to be charged is $0.00, the engagement letter further states:  "The amount of Heida Law Office, PLLC's billing statement will be the fair value of the services as determined by this office, taking into account the time records for the matter, the type of services attorneys are required to perform, any special level of expertise required, the size and scope of the mater, results obtained, and other relevant

LIMITED OBJECTION TO DEBTORS' APPLICATION TO EMPLOY SPECIAL COUNSEL FOR DEBTORS IN POSSESSION (Dkt. No. 570) - 2

circumstances." Dkt. No. 570 at 6. As such, there is ambiguity whether the true intent is for the Debtors to pay nothing, other than costs, for the work done by Heida. Finally, the engagement letter states that the Debtors are hiring Heida to do collection work on a particular open balance account, but also for "other collection matters on an ongoing basis as needed by [the Debtors] and upon agreement of Heida Law Office, PLLC." *Id.*

## II.
## LAW AND ARGUMENT

### A. Applicable Law.

Section 327(e) provides: "The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). This provision is different from § 327(a) and the requirements thereunder that the party to be employed be a "disinterested person," as defined in § 101(14), among other things. Heida is not a "disinterested person" because he is an employee of the Debtors. *See* 11 U.S.C. § 101(14) (defining "disinterested person" to exclude from that definition any "director, officer or employee of the debtor"). Counsel employed under § 327(e) are limited in their roles and any services outside the limited role, such as general counsel services under § 327(a), are not authorized to be performed by special counsel. *See, e.g.*, *In re Imperial Corp. of Am.*, 181 B.R. 501, 506-07 (Bankr. S.D. Cal. 1995) (discussing the distinctions between special and general counsel under § 327); *see also In re Neuman*, 138 B.R. 683, 686 (S.D.N.Y. 1992) (holding that generally representing the trustee (or debtor in possession) is "ruled out for § 327(e)"). When an attorney sought to be employed is

LIMITED OBJECTION TO DEBTORS' APPLICATION TO EMPLOY SPECIAL COUNSEL
FOR DEBTORS IN POSSESSION (Dkt. No. 570) - 3

not a "disinterested person," but purported to be employed under § 327(e), "approval of the court must be explicit."  *In re Running Horse, LLC*, 371 B.R. 446, 452 (Bankr. E.D. Cal. 2007) (citation omitted).  "The court may look at the totality of the circumstances to determine whether the scope of work will, or has been, properly limited to a "special purpose" within the meaning of § 327(e)."  *Id.*  "The 'special purpose' must be unrelated to the reorganization of the debtor and <u>must be explicitly defined or described in the application seeking approval of the attorney's employment</u>."  3 COLLIER ON BANKRUPTCY ¶ 327.04[9][d] (Richard Levin & Henry J. Sommer eds., 16th ed.) (emphasis added; citation omitted).

**B. Application of Law to the Application and Concerns with the Proposed Employment.**

Applying the above principles, RAF has no objection to Heida being employed under § 327(e) with respect to the one collection matter that was identified in the engagement letter with no compensation being paid to Heida.  However, RAF has concerns with the scope of the engagement going beyond that particular engagement because the further engagement is not defined.  The additional "collection matters," as stated in the engagement letter, could encompass any number of litigation cases, vastly expanding the engagement authorized in any order approving the Application.  "Collection matters" could conceivably be cases from routine collection of account receivable actions to litigation of the Debtors' issues related to the Manure Supply Agreement with East Valley Development, LLC or other complex litigation that involves amounts purportedly due to the Debtors.

Vastly expanding the scope of this engagement—or not specifically defining it—could also have an impact with respect to the attorney-client privilege the Debtors may assert.  Specifically, Mr. Millenkamp, the Debtors' principal, in testifying at the multiple hearings in this

LIMITED OBJECTION TO DEBTORS' APPLICATION TO EMPLOY SPECIAL COUNSEL FOR DEBTORS IN POSSESSION (Dkt. No. 570) - 4

case has deflected questions, stating in response to some questions that they should be posed to Heida, the Debtors' general manager.  RAF has concerns that engaging Heida as special counsel for the Debtors without any limit on the engagement may allow the Debtors to attempt to assert attorney-client privilege claims in communications between Heida and the Debtors.  Of course, applying the above legal principles, work by Heida with respect to anything other than the collection matters would be beyond the scope of employment authorized by § 327(e).  Thus, RAF request that any order approving the engagement sought in the Application provide that Heida is engaged for the one collection matter identified in the engagement letter and that attorney-client privilege does not attach to any other communications, except for that specific case, between Heida and his employer, the Debtors.  To the extent that the Debtors need to engage Heida for other "collection matters," the Debtors should be required to seek that further engagement in this Court by specifically identifying the matter.

### III.
### CONCLUSION

Accordingly, and based on the foregoing, RAF respectfully requests that the Court, to the extent that it grants the request to employ Heida, as requested in the Application, order that the engagement is limited under § 327(e) to the one specific collection matter identified in the engagement letter and that no attorney-client privilege attaches to other communications between Heida and the Debtors as to any other topic.  To the extent that the Debtors need to engage Heida for other "collection matters," the Debtors should be required to seek to employ Heida on those matters by specifically identifying them in further applications.  Finally, RAF respectfully requests that any order approving the Application make clear that the intent of the Debtors and

LIMITED OBJECTION TO DEBTORS' APPLICATION TO EMPLOY SPECIAL COUNSEL FOR DEBTORS IN POSSESSION (Dkt. No. 570) - 5

Heida is that the Debtors will pay $0.00 for Heida's collection work regardless of the outcome,

given the ambiguity mentioned above in the engagement letter as to attorney fees.


Dated: August 30, 2024

                                HAWLEY TROXELL ENNIS & HAWLEY LLP


                                  /s/ Brent R. Wilson

                                  _____

                                  Brent R. Wilson, ISB No. 8936
                                  Attorneys for Rabo AgriFinance LLC

LIMITED OBJECTION TO DEBTORS' APPLICATION TO EMPLOY SPECIAL COUNSEL
FOR DEBTORS IN POSSESSION (Dkt. No. 570) - 6

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 30th day of August, 2024, I electronically filed the foregoing **LIMITED OBJECTION TO DEBTORS' APPLICATION TO EMPLOY SPECIAL COUNSEL FOR DEBTORS IN POSSESSION (Dkt. No. 570)** with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to those identified in the CM/ECF system for this matter, at the time this document was filed, including the following persons:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Roussell | tirzah.roussell@dentons.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Jon B. Evans | evans.jb@dorsey.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine Patrice Reynard | janine@averylaw.net |
| Sheila Rae Schwager | sschwager@hawleytroxell.com |
| Brent Russel Wilson | bwilson@hawleytroxell.com |
| Zachary Fairlie | zfairlie@spencerfance.com |
| John O'Brien | jobrien@spencerfane.com |
| Gery W. Edson | gedson@gedson.com |
| Aaron Bell | abell@evanskeane.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Faucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| Karen Lloyd | klloyd@grsm.com |
| James Justin May | jjm@johnsonmaylaw.com |
| Rhett Michael Miller | rmiller@magicvalley.law |

LIMITED OBJECTION TO DEBTORS' APPLICATION TO EMPLOY SPECIAL COUNSEL FOR DEBTORS IN POSSESSION (Dkt. No. 570) - 7

59797.0007.17547683.1

| Robert E. Richards | robert.richards@dentons.com |
| Holly Roark | holly@roarklawboise.com |
| Evan Thomas Roth | evan@sawtoothlaw.com |
| Meredith Leigh Thielbahr | mthielbahr@grsm.com |
| John F. Kurtz, Jr. | jfk@kurtzlaw.com |
| And any others receiving cm/ecf notices | |

/s/ Brent R. Wilson
Brent R. Wilson

LIMITED OBJECTION TO DEBTORS' APPLICATION TO EMPLOY SPECIAL COUNSEL
FOR DEBTORS IN POSSESSION (Dkt. No. 570) - 8

59797.0007.17547683.1