Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
       jjm@johnsonmaylaw.com


Krystal Mikkilineni, *pro hac vice*
Robert E. Richards, *pro hac vice*
Tirzah Roussell, *pro hac vice*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
       Robert.richards@dentons.com
       Tirzah.roussell@dentons.com

Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>    Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br><br>☐ Idaho Jersey Girls<br><br>☐ East Valley Cattle<br><br>☐ Millenkamp Properties<br><br>☐ Millenkamp Properties II | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

#4093919 v.2

| | |
|---|---|
| ☐ Millenkamp Family | |
| ☐ Goose Ranch | Chapter 11 Cases |
| ☐ Black Pine Cattle | |
| ☐ Millenkamp Enterprises | |
| ☐ Idaho Jersey Girls Jerome Dairy | |

# RESISTANCE TO EAST VALLEY DEVELOPMENT'S MOTION TO COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS, OR, IN THE ALTERNATIVE, FOR EQUITABLE RELIEF

The Debtor, Millenkamp Cattle, Inc. ("Millenkamp Cattle") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, respectfully file this Resistance to East Valley Development's Motion to Compel Assumption or Rejection of Executory Contracts, or in the Alternative, for Equitable Relief (the "Resistance") and in support of this Resistance, the Debtors represent as follows:

## FACTUAL BACKGROUND

1. On April 2, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for District of Idaho (the "Court") commencing the Chapter 11 Cases.

2. The Debtors have continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3. On August 12, 2024, East Valley Development, LLC ("EVD") filed a *Motion to Compel Assumption or Rejection of Executory Contracts, or in the Alternative, for Equitable Relief* (Docket No. 549) (the "Motion").

4. Attached to the Motion is a *Declaration of William J. Flanagan*, the Vice President of Strategic Development for EVD (the "Flanagan Declaration").

5. As EVD stated in their Motion, in 2021, the Debtors and EVD entered into several agreements with EVD, specifically, (a) that certain Manure Supply Agreement, dated effective as of October 8, 2021, by and between Millenkamp Cattle, Inc., and EVD, and acknowledged and agreed to by East Valley Cattle, LLC as amended by that certain First Amendment to Manure Supply Agreement dated as of June 22, 2023 (as amended, the "MSA"); and (b) that certain Ground Lease Agreement dated effective as of October 8, 2021, between Millenkamp Cattle, Inc. and EVD, as amended by (i) that certain First Amendment to Ground Lease Agreement dated effective as of February 17, 2022, (ii) that certain Second Amendment to Ground Lease Agreement dated as of April 25, 2023, and (iii) that certain Third Amendment to Ground Lease Agreement dated as of June 22, 2023, (as amended, the "Ground Lease" and, together with the MSA, collectively, the "Facility Agreements").

6. In its Motion, EVD seeks to compel the Debtors' assumption or rejection of the Facility Agreements with EVD by no later than September 19, 2024. Alternatively, EVD seeks equitable relief through adequate protection if assumption or rejection does not occur by that date.

7. In the exercise of the Debtors' business judgment, the Debtors have been consulting with their financial and legal advisors to identify which executory contracts should be assumed, assigned, or rejected.

8. While the Debtors continue working on refinancing efforts, Debtors cannot yet determine whether to assume or reject the Facility Agreements at this time.

RESISTANCE TO EAST VALLEY DEVELOPMENT'S MOTION TO COMPEL
ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS, OR, IN THE
ALTERNATIVE, FOR EQUITABLE RELIEF – Page 3

9. The Debtors resist being compelled to assume or reject the Facility Agreements at this time as the Debtors are preparing a plan of reorganization that will address the Debtors' executory contracts and leases, including the Facility Agreements.

10. The exclusive period for the Debtors to file a Plan ends September 30, 2024. The Debtors intend to file a plan of reorganization by such date that will address the assumption or rejection of the Facility Agreements.  EVD's filing of a motion to compel the assumption or rejection of the Facility Agreements is premature.

## RESISTANCE TO MOTION TO COMPEL

11. Pursuant to section 365 of the Bankruptcy Code, debtors ordinarily have until plan confirmation to decide whether to assume or reject executory contracts. 11 U.S.C. § 365(d)(2); *In re Adelphia Comms. Corp.*, 291 B.R. 283 (Bankr. S.D.N.Y. 2003).

12. Section 365(d)(2) allows the debtor a reasonable time within which to determine whether assumption or rejection of an executory contract would be beneficial to an effective reorganization, "and it is the clear policy of the Bankruptcy Code to provide the debtor with breathing space following the filing of a bankruptcy petition, continuing until the confirmation of a plan, in which to assume or reject an executory contract." *Id.* (citing *In re Enron Corp.*, 279 B.R. 695, 702 (Bankr. S.D.N.Y. 2002)).

13. Between the petition date and the deadline to assume or reject contracts, the bankruptcy estate enjoys significant benefits, most notably, the contract is generally enforceable by, but not against, the debtor. *See, e.g., NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531-32 (1984); *Mason v. Official Comm. of Unsecured Creditors* (In re FBI Distrib. Corp.), 330 F.3d 36, 43-44 (1st Cir. 2003); *In re Computer Commc'ns, Inc.*, 824 F.2d 725, 729-31 (9th Cir. 1987).

14. Courts in this circuit have determined that the right of a debtor in possession to "pick and choose among favorable and unfavorable executory contracts is one of the extraordinary powers provided by the Bankruptcy Code." *In re 47 Hops LLC*, No. 17-02440-WLH11, 2020 WL 2485808, at *2 (Bankr. E.D. Wash. May 13, 2020).

15. In *In re 47 Hops LLC*, the Bankruptcy Court for the Eastern District of Washington noted that "[s]ifting through hundreds or even thousands of prepetition agreements is laborious, however, particularly in the face of the myriad disruptions occasioned by a bankruptcy filing. The statute thus provides a "breathing spell" during which the estate representative can decide whether a given executory contract should be assumed or rejected." *Id.* The court noted that the breathing spell can extend through confirmation of a bankruptcy plan. *Id.*

16. The decision to assume or reject an unexpired lease or executory contract is normally determined under the deferential "business judgment" test. *In re Hertz*, 536 B.R. 434, 442 (Bankr. C.D. Cal. 2015). Allowing the debtor to make its decision regarding whether to assume or reject an executory contract, as late as plan confirmation, enables the debtor to carefully evaluate the possible benefits and burdens of an executory contract. *In re Kmart,* 290 B.R. 614, 619 (Bankr.N.D.Ill.2003); see also *In re Klein Sleep Products, Inc.,* 78 F.3d 18, 29 (2d Cir.1996).

17. "Where a party seeks to shorten the Debtor's statutory period to assume or reject, the burden is on the movant to demonstrate cause." *In re Dana Corp*., 350 B.R. 144, 147 (Bankr. S.D.N.Y. 2006).

18. The Court determines what constitutes reasonable time to assume or reject an executory contract, and the determination is based on the particular facts of each case. *Id.; see also Moody v. Amoco Oil Co.,* 734 F.2d 1200, 1216 (7th Cir.1984) ("To interpret the Code so as to minimize flexibility and rush the debtor into what may be an improvident decision does not further

the purposes of the reorganization provisions."); *In re Wheeling–Pittsburgh Steel Corp.,* 54 B.R. 385, 388 (Bankr.W.D.Pa.1985)("[i]t is vitally important to all interested parties that the debtor make a prudent assumption or rejection decision, particularly a decision to assume.").

19. When determining whether to shorten the period of time in which a debtor must assume or reject an executory contract, courts consider a variety of factors, including

1. the importance of the contracts to the debtor's business and reorganization;
2. the debtor's failure or ability to satisfy postpetition obligations;
3. the nature of the interests at stake;
4. the balance of hurt to the litigants and the good to be achieved;
5. whether the debtor has had sufficient time to appraise its financial situation and the potential value of its assets in formulating a plan;
6. the safeguards afforded the litigants;
7. the damage the nondebtor will suffer beyond the compensation available under the Bankruptcy Code;
8. whether there is a need for judicial determination as to whether an executory contract exists;
9. whether exclusivity has been terminated;
10. whether the action to be taken is so in derogation of Congress's scheme that the court may be said to be arbitrary; and
11. the purpose of chapter 11, which is to permit successful rehabilitation of debtors.

*In re Dana Corp.*, 350 B.R. at 174 (citing *In re Enron Corp.*, 279 B.R. 695, 702 (Bankr. S.D.N.Y. 2002)).

### A. EVD Has Not Met its Burden to Shorten the Timeframe to Assume or Reject and Factors Heavily Weigh in Support of Denying the Motion to Compel

20. EVD has not met its burden of establishing that the Debtors should be compelled to determine whether the Facility Agreements will be assumed or rejected on the expedited basis proposed. Further, when analyzing the factors for determining whether to shorten the period of time in which the Debtors must assume or reject the Facility Agreements, the factors heavily weigh in favor of the Debtors.

21. The Debtors disagree with EVD's assertion that assumption or rejection of the Facility Agreements will not impact the Debtors' ability to reorganize. The next few weeks are critical to the Debtors' reorganization efforts. The Debtors should be focused on their plan of reorganization and should not be required to prematurely determine whether they are going to assume or reject the Facility Agreements. Prematurely determining whether to assume or reject the Facility Agreements could have a detrimental impact on the Debtors' plan and reorganization efforts. The Debtors should not be compelled to prematurely assume or reject the Facility Agreements until their plan and projections are finalized. Thus, the first factor heavily weighs in Debtors' favor as the Facility Agreements are an important factor in the Debtors' operations and plan of reorganization.

22. The second factor also weighs in the Debtors' favor as the Debtors have not failed to meet their post-petition obligations to EVD.

23. When considering the third factor of the nature of interests at stake, the Debtors do not dispute that both parties have interests at stake in relation to the Facility Agreements. As mentioned above, the Facility Agreements have a significant impact on the Debtors' plan and cash flow projections. EVD should also be supportive of the Debtors in allowing the Debtors to wait to

RESISTANCE TO EAST VALLEY DEVELOPMENT'S MOTION TO COMPEL
ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS, OR, IN THE
ALTERNATIVE, FOR EQUITABLE RELIEF – Page 7

assume or reject the Facility Agreements through their plan as it is beneficial for the Debtors in their plan negotiations. If the Debtors' reorganization efforts fail, the impact of a dark dairy would be devasting to the digester project and Facility Agreements. Therefore, it is in the best interests of both parties to wait until plan confirmation.

24. Additionally, the fourth factor correlates with factors six and seven which are the safeguards afforded to litigants and the damage the nondebtor will suffer beyond the compensation available under the Bankruptcy Code. Here, EVD will not suffer damage beyond the compensation available under the Bankruptcy Code.

25. In the Motion, EVD's main concern is that it will suffer loss of investment tax credit ("ITC") for the property unless the Debtors assume or reject the Facility Agreements prior to September 19, 2024, which is important to note that such date is a completely arbitrary date with no evidence as to why the decision must be made by September 19th rather than by October. EVD considers October 29, 2021 the Beginning of Construction ("BOC") date and argues it's entitlement to the higher rate for the ITCs is at risk if the Facility construction is not completed within four years of the BOC date, or by October 29, 2025. It further argues that the calculation of the BOC is not relevant to the assumption or rejection decision. To the contrary, the BOC date is highly critical to the assumption or rejection deadline if EVD wants to unfairly accelerate the Debtors' deadline to make that decision. EVD's primary argument to shorten the Debtors' deadline to make the assumption or rejection decision stems from its argument that it must complete the construction of the Facility by October 29, 2025 to take advantage of the higher rate for the ITCs. The BOC is critical to that analysis. It is highly probable that EVD may be able to claim the BOC is a different date based on the IRS guidelines, which would mean completion of construction within the four years would be delayed beyond October of 2025. EVD fails to analyze

RESISTANCE TO EAST VALLEY DEVELOPMENT'S MOTION TO COMPEL
ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS, OR, IN THE
ALTERNATIVE, FOR EQUITABLE RELIEF – Page 8

this, let alone mention, that they may still be entitled to the higher rate of the ITCs even if construction goes beyond October of 2025.

26. Further, EVD argues that its delay in construction is due to the Debtors' failure to make a decision on the assumption or rejection of the Facility Contracts. This is inaccurate. EVD's delay in construction began last year and was at no fault of the Debtors. EVD has had many challenges and delays to construction based on non-completion of engineering plans, again, at no fault of the Debtors. EVD cannot now come into the Bankruptcy Court and force the Debtors to quickly make a decision on assumption or rejection, taking away the Debtors' rights to have a reasonable time to make that decision, because EVD is now concerned with its ability to obtain ITCs, when the risk of not receiving the ITCs has been present since their issues with construction began before the Bankruptcy Case was even commenced, and at no fault of the Debtors.

27. One of the reasons the Debtors have not made a determination as to assumption or rejection of the Facility Agreements that EVD fails to also mention is the fact that EVD and the Debtors are currently in an ongoing dispute regarding damages owed by EVD to the Debtors. The damages are due to EVD's failure to meet certain standards for manure separation pursuant to the Facility Agreements between January and July of 2024. This is a significant factor in the Debtors decision-making on assumption or rejection and one of the major reasons a decision has not yet been made. EVD cannot conveniently ignore this dispute and cast it aside as a factor in this decision and as a factor in whether to force the Debtors to make an accelerated decision.

28. Again, the Debtors will have confirmed whether they are going to assume or reject the Facility Agreements by the end of September through their plan. Therefore, EVD will not suffer

RESISTANCE TO EAST VALLEY DEVELOPMENT'S MOTION TO COMPEL
ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS, OR, IN THE
ALTERNATIVE, FOR EQUITABLE RELIEF – Page 9

any harm. Further, no additional safeguards need to be offered to EVD as it will have its answer by the end of the month. Therefore, factors six and seven also weigh in favor of Debtors.

29. The fifth factor of whether the debtor has had sufficient time to appraise its financial situation and the potential value of its assets in formulating a plan further weighs in favor of Debtors. As noted above, the Debtors have been diligently working on obtaining refinancing and preparing their plan of reorganization. Debtors are still in the exclusive period and are in the final stages of preparing their plan of reorganization to file by the end of September. Courts in this circuit allow the Debtors a breathing spell to determine which contracts they want to assume or reject which can extend through confirmation of a bankruptcy plan. *See In re 47 Hops LLC*, 2020 WL 2485808, at *2.  Here, the Debtors are not asking for extension longer than confirmation of the plan, Debtors are simply requesting they be allowed to assume or reject the Facility Agreements through their plan, which is a routine process for chapter 11 debtors and aligns with the purpose of section 365. *See id.*

30. Moreover, the ninth factor also weighs in favor of the Debtors, as noted several times throughout this Resistance, the exclusivity period has not been terminated and ends at the end of September, which is when the Debtors intend to file their plan and confirm whether they will assume or reject the Facility Agreements.

31. The factors of (1) whether the action to be taken is so in derogation of Congress's scheme that the court may be said to be arbitrary and (2) the purpose of chapter 11, which is to permit successful rehabilitation of debtor, further support Debtors' assertions that EVD's Motion should be denied.

RESISTANCE TO EAST VALLEY DEVELOPMENT'S MOTION TO COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS, OR, IN THE ALTERNATIVE, FOR EQUITABLE RELIEF – Page 10

32. The Debtors agree with EVD that the determination of whether to assume or reject these Facility Agreements is of significant importance. However, the Debtors assert that the importance of these Facility Agreements coincides with the Debtors' plan of reorganization.

33. As stated many times above, the Debtors are still in the exclusive period to file their plan of reorganization, and the Debtors intend to address the assumption or rejection of the Facility Agreements in their plan of reorganization. The Debtors are currently in negotiations with prospective lenders regarding refinancing and are working towards filing their plan of reorganization by the end of September.

34. The purpose of Chapter 11 is to permit a successful rehabilitation of the Debtors, and the Bankruptcy Code allows the Debtors a *breathing spell* to determine whether to assume or reject executory contracts. *See id.* The Debtors are requesting that the Court allow them the breathing spell to include the assumption or rejection of the Facility Agreements in their plan.

35. The Debtors are also not requesting an unreasonable amount of time to determine whether they are assuming or rejecting the Facility Agreements. The Debtors disagree with EVD's statements that the Debtors have already had a reasonable time under the circumstances to consider their intentions for the Facility's Agreements. EVD has not met its burden to show cause as to why the time must be shortened by a few weeks before the Debtors file their plan. Further, bankruptcy courts highly consider the importance of allowing the Debtors to make the assumption or rejection decision through the plan process. Allowing the Debtors to make their decision as late as plan confirmation which is only a few weeks longer than the time requested by EVD, will enable the Debtors to carefully evaluate the possible benefits and burdens of the Facility Agreements and will also allow the Debtors to use the Facility Agreements in plan negotiations. *See In re Dana Corp.*, 350 B.R. at 147; *see also In re Kmart*, 290 B.R. at 619.

RESISTANCE TO EAST VALLEY DEVELOPMENT'S MOTION TO COMPEL
ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS, OR, IN THE
ALTERNATIVE, FOR EQUITABLE RELIEF – Page 11

36. Based on all of the above, the factors clearly indicate the Debtors should not be compelled to determine, prior to the filing of their plan, whether the Facility Agreements will be assumed or rejected. The Debtors have also established that EVD will suffer no harm by waiting the 11 days between September 9th and September 30th to determine whether the Facility Agreements are being assumed or rejected. EVD will not run the risk of losing the higher rate for the ITCs if it begins completion of construction in October of 2024, which EVD will have the ability to do even if it does not find out the assumption decision until September 30th. EVD will also not risk spending additional funds on completion of the project if it waits until the end of September for a determination, as construction does not need to re-commence until October of 2024.

**B. EVD is Not Entitled to Equitable Relief as Requested**

37. Further, EVD is not entitled to the equitable relief it is requesting if the Court denies its Motion. EVD has provided no basis for its entitlement to equitable relief and the requested relief is not in the best interests of the Debtors, their estates, or creditors.

38. In its Motion, EVD cites *Alexander v. Compton (In re Bonham)*, 229 F.3d 750, 765 (9th Cir. 2000) noting that "bankruptcy courts' equitable power survived enactment of the Bankruptcy Code." That case had nothing to do with the assumption or rejection of an executory contract or lease, but instead dealt with the bankruptcy court's equitable power to enter a substantive consolidation order. *See id.* at 763-65.

39. EVD also cited *In re Baldwin-United Corp. Litigation*, 765 F.2d 343 (2d Cir. 1985) and *In re Jones*, 966 F.2d 169 (5th Cir. 1992). These cases also do not involve the relief requested in EVD's Motion. *In re Baldwin-United Corp. Litigation*, dealt with the district court's ability to use its equitable power regarding reach of the automatic stay. *In re Jones* involved a chapter 7

RESISTANCE TO EAST VALLEY DEVELOPMENT'S MOTION TO COMPEL
ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS, OR, IN THE
ALTERNATIVE, FOR EQUITABLE RELIEF – Page 12

debtors' ability to discharge debt when the debtors violated a court order. *In re Jones*, 966 F.2d at 173-74. In that case, the court noted the bankruptcy court's power under section 105. However, section 105 may not be used to contravene specific provisions of Title 11. *Law v. Siegel*, 134 S.Ct. 1188, 1194 (2014) (bankruptcy court may not use § 105 to contravene specific statutory provisions).

40. Further, EVD argues the equitable relief requested is analogous to adequate protection payments provided to secured creditors. EVD is not a secured creditor and is not entitled to adequate protection payments. Courts have held that "[t]he concept of 'adequate protection' pertains to the property interest of a secured creditor. Lessors are not entitled to adequate protection prior to assumption or rejection of an unexpired lease by a Chapter 11 debtor." *In re Wheeling-Pittsburgh Steel Corp.,* 54 B.R. at 390 (citing *In re Sweetwater*, 40 B.R. 733, 745 (Bankr.Utah 1984)). As such, EVD is not entitled to adequate protection payments as requested.

41. Accordingly, the court should deny the Motion in its entirety and allow the Debtors to decide whether they will assume or reject the Facility Agreements through their plan of reorganization.

## **CONCLUSION**

WHEREFORE, based on the foregoing, the Debtors respectfully request the Court deny EVD's Motion to Compel and such other and further relief as is just and proper.

DATED this 5th day of September, 2024.

Respectfully submitted,

**DENTONS DAVIS BROWN**

*/s/ Krystal R. Mikkilineni*
Krystal. R. Mikkilineni

**JOHNSON MAY**

*/s/ Matt Christensen*
Matt Christensen

Attorneys for the Debtors

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on this 5th day of September 2024, I caused to be served a true and correct copy of the foregoing document electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Roussell | Tirzah.roussell@dentons.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Gery W. Edson | gedson@gedson.com |
| J.B. Evans | evans.jb@dorsey.com |
| Zachary Fairlie | zfairlie@spencerfane.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| John O'Brien | jobrien@spencerfane.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine P. Reynard | janine@averylaw.net |
| Sheila R. Schwager | sschwager@hawleytroxell.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Foucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| John D. Munding | john@mundinglaw.com |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| Holly Roark | holly@roarklawboise.com |
| Evan R. Roth | evan@sawtoothlaw.com |

Any others as listed on the Court's ECF Notice.

                                          /s/ *Krystal R. Mikkilineni*
                                          KRYSTAL R. MIKKILINENI