Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
   jjm@johnsonmaylaw.com

Krystal Mikkilineni, *pro hac vice*
Robert E. Richards, *pro hac vice*
Tirzah Roussell, *pro hac vice*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
   Robert.richards@dentons.com
   Tirzah.roussell@dentons.com

Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re: | Case No. 24-40158-NGH |
|---|---|
| MILLENKAMP CATTLE, INC., | |
| Debtor. | |
| Filing relates to: | Jointly Administered With Case Nos.: |
| ☒ ALL DEBTORS | 24-40159-NGH (Idaho Jersey Girls) |
| ☐ Millenkamp Cattle, Inc. | 24-40160-NGH (East Valley Cattle) |
| ☐ Idaho Jersey Girls | 24-40161-NGH (Millenkamp Properties) |
| ☐ East Valley Cattle | 24-40162-NGH (Millenkamp Properties II) |
| ☐ Millenkamp Properties | 24-40163-NGH (Millenkamp Family) |
| ☐ Millenkamp Properties II | 24-40164-NGH (Goose Ranch) |
|  | 24-40166-NGH (Black Pine Cattle) |
|  | 24-40167-NGH (Millenkamp Enterprises) |
|  | 24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

MOTION TO COMPEL PRODUCTION OF INFORMATION – Page 1

☐ Millenkamp Family

☐ Goose Ranch

☐ Black Pine Cattle

☐ Millenkamp Enterprises

☐ Idaho Jersey Girls Jerome Dairy

Chapter 11 Cases

# MOTION TO COMPEL PRODUCTION OF INFORMATION

The Debtors, Millenkamp Cattle, Inc., et al., by and through their counsel of record, seek an order from the Court pursuant to Fed R. Bankr. Proc. 7037 and 7016 compelling Rabo Agrifinance, LLC to produce information requested via subpoena and/or holding Rabo Agrifinance, LLC, in contempt for failure to comply with the subpoena.

## FACTUAL AND PROCEDURAL BACKGROUND

The Debtors filed their bankruptcy cases on April 2, 2024. That same day, Rabo Agrifinance, LLC ("RAF") appeared in this matter through counsel, Sheila R. Schwager. *See Doc. 17* ("Notice of Appearance and Request for Service"). In that Notice, RAF requested that all "papers served, or required to be served" on RAF in this proceeding be serviced electronically to Ms. Schwager. *Id.*

On June 7, 2024, RAF filed a Proof of Claim in the case, asserting a pre-petition claim of $96,143,211.38. This amount consisted of an alleged accrued (as of April 2, 2024) $93,098,575.54 in principal, $1,818,831.21 in interest, $1,219,524,43 in professional fees and $6,280.20 in "unused commitment fee". *See Proof of Claim No. 97*.

These asserted amounts do not match the Debtors internal records, or the electronic records maintained by RAF (which the Debtors had access to and were using to calculate amounts owed and borrowing base certificates provided to all parties). Because the amounts on the Proof of

MOTION TO COMPEL PRODUCTION OF INFORMATION – Page 2

Claim do not match RAF's own electronic records or the Debtors' calculations, the Debtors have begun evaluating whether an objection to RAF's Proof of Claim is warranted. Further, the Debtors have sought continued use of cash collateral throughout this case and the actual amount of RAF's secured claim is an issue when calculating the amount of excess collateral securing amounts owed to RAF. For both of these reasons, the Debtors prepared a subpoena for production of documents to RAF. *See Declaration of Matthew T. Christensen* (filed contemporaneously herewith – the "Christensen Dec", ¶ 4 and Exhibit A). The subpoena, along with copies of other subpoenas prepared and sent at the same time, was filed on the Court's docket with a Notice on July 11, 2024 (*Doc. No. 490*). Ms. Schwager was served an electronic copy of the subpoena through the Court's CM/ECF filing and notice system.

The next day, counsel for the Debtors and counsel for RAF conferred via telephone regarding the scope of the subpoena. Based on that conversation, RAF's counsel emailed Debtors' counsel and indicated that RAF would not object to the scope of the subpoena provided it was narrowed somewhat. Additionally, RAF indicated it could provide the requested documents in approximately 3 weeks. *See Christensen Dec*, ¶ 5 and Exhibit B.

Some time then passed while the parties negotiated continued use of cash collateral and Debtors counsel began working on the plan and disclosure statement. Several weeks later, on September 17, 2024, still needing the information for purposes of evaluating RAF's claim, Debtors' counsel provided the specific list of agreed-upon documents and requested they be produced ASAP. *See Christensen Dec.,* ¶ 6 and Exhibit C. RAF's counsel responded that they were meeting with RAF and would be producing "reconciliation information" shortly. Debtors counsel agreed that it would receive that information and could evaluate whether it met the requirements of the subpoena. *See Christensen Dec.,* ¶ 7 and Exhibit D. Again, several weeks

MOTION TO COMPEL PRODUCTION OF INFORMATION – Page 3

went by. On October 4, Debtors' counsel inquired again about the document production and was told the reconciliation was still being worked on. *See Christensen Dec.*, ¶ 8 and Exhibit E. As of the date of this motion, no "reconciliation information" has been provided, and none of the documents requested in the subpoena have been produced[1]. *See Christensen Dec.*, ¶ 10. The requested documentation is still highly relevant as the Debtors continue to seek use of cash collateral and seek confirmation of its proposed plan of reorganization. Reconciliation of RAF's claim is necessary to determine whether an objection to RAF's claim must be filed and the amount of its claim for purposes of the Debtors' plan.

## ARGUMENT

Rule 37 allows a Motion to Compel production of documents when they have been requested and refused.

> The party seeking to compel has the burden of establishing that the request satisfies the relevancy requirements of Civil Rule 26(b)(1). Under that rule, relevance is construed broadly to include any matter that bears on, or could reasonably lead to the discovery of, admissible evidence. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351–52 (1978); *see also Hickman v. Taylor,* 329 U.S. 495, 506–07 (1947) (relevance includes information that might reasonably assist a party in evaluating the case, preparing for trial, or facilitating settlement). The Court has broad discretion to determine relevancy for discovery purposes. If the proponent meets that burden, the party who resists discovery has the burden to show the discovery should not be allowed, and of clarifying, explaining, and supporting its objections.

*Ricks v. Wood (In re Ricks)*, 2015 WL 3929574, at *1 (Bankr. D. Idaho, 2015) (some internal citations omitted).

---

[1] RAF has produced a "Loan Information Statement" for each of the 3 RAF loans, which appears to be an accounting of interest and principal paid, which partially addresses one of the items on the revised subpoena. *See Christensen Dec.*, ¶ 9 and Exhibit F. However, no other documents requested in the subpoena have been produced, which would be necessary for the Debtors to verify the information contained in the "Loan Information Statements".

MOTION TO COMPEL PRODUCTION OF INFORMATION – Page 4

Since at least July 12, 2024, RAF has known of the reduced scope of documents requested in the subpoena, but has failed to produce any documents in response to the subpoena. Further, despite repeated requests for updates and production of the information, RAF has failed to produce any "reconciliation information" (which may not even be responsive to the documents requested in the subpoena). By failing to respond to the subpoena for over 3 months, RAF has waived any objections to the documents requested. Further, Rule 45 allows the court to find RAF in contempt of court for failing to respond to the subpoena. *See, e.g., Fed. R. Civ. Proc. 45(g)*.

Because of the large differences between the amounts RAF claims it is owed, and the amounts the Debtors calculate as actually owed (not to mention the discrepancy between RAF's Proof of Claim amount and the electronic information available on its website), the Debtors require the documents and information in order to evaluate the merits of an objection to RAF's Proof of Claim. As this Court is aware, between August 2023 and April 2024, RAF swept all steer and cull cow proceeds. *See Declaration of Bill Millenkamp* (Doc. No. 26), ¶ 57. Additionally, beginning in January 2024, RAF kept all milk proceeds that were not paid to MetLife.[2] RAF has never produced any valid accounting of its use or application of the cow or milk proceeds it received during this time period – which further hinders the Debtors' ability to evaluate the merits of RAF's Proof of Claim or otherwise prepare proper financial reports for interested parties. The documents requested by the Debtors are all relevant to determining the actual amount owed to RAF, and RAF has no good basis for continuing to refuse to produce the requested information.

---

[2] RAF asserts that is then revolved some of the milk proceeds to the Debtor as "protective advances" on the underlying loans. However, that action only further complicated the accounting of what was actually owed to RAF on April 2, 2024.

MOTION TO COMPEL PRODUCTION OF INFORMATION – Page 5

The Debtors request this Court enter an Order requiring RAF to produce the documents in the agreed-upon limited scope (as outlined on Exhibit C attached to the Christensen Dec), no later than seven (7) days after the hearing on this Motion.

DATED this 14th day of October, 2024.

JOHNSON MAY

*/s/ Matt Christensen*

MATTHEW T. CHRISTENSEN

Attorney for the Debtors

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 14th day of October, 2024, I caused to be served a true and correct copy of the foregoing document electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Rousell | Tirzah.rousell@dentons.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Gery W. Edson | gedson@gedson.com |
| J.B. Evans | evans.jb@dorsey.com |
| Zachary Fairlie | zfairlie@spencerfane.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| John O'Brien | jobrien@spencerfane.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine P. Reynard | janine@averylaw.net |
| Sheila R. Schwager | sschwager@hawleytroxell.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Foucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| John D. Munding | john@mundinglaw.com |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| Holly Roark | holly@roarklawboise.com |
| Evan R. Roth | evan@sawtoothlaw.com |
| Bruce A. Anderson | baafiling@eaidaho.com |
| Morton R. Branzburg | mbranzburg@klehr.com |
| Laura E. Burri | lburri@morrowfischer.com |
| William K. Carter | kentcarter@grsm.com |
| Alexandra O. Caval | alex@cavallawoffice.com |
| D. Blair Clark | dbc@dbclarklaw.com |
| Eric R. Clark | Eclark101@hotmail.com |
| Connor B. Edlund | edlund@mwsslawyers.com |
| Julian Gurule | jgurule@omm.com |
| Matthew Kremer | mkremer@omm.com |
| David T. Krueck | dkrueck@perkinscoie.com |
| Adam A. Lewis | alewis@mofo.com |
| Karyn Lloyd | klloyd@grsm.com |
| James Neimeier | jniemeier@mcgrathnorth.com |
| Gabriel L. Olivera | golivera@omm.com |
| Mark B. Perry | mbp@perrylawpc.com |
| Cheryl Rambo | Cheryl.rambo@isp.idaho.gov |
| Miranda K. Russell | mrussell@mofo.com |

MOTION TO COMPEL PRODUCTION OF INFORMATION – Page 7

| | |
|---|---|
| Andrew J. Schoulder | andrew.schoulder@nortonrosefulbright.com |
| Louis V. Spiker | louis.spiker@millernash.com |
| Matthew A. Sturzen | matt@shermlaw.com |
| Meredith L. Thielbahr | mthielbahr@grsm.com |
| Kim J. Trout | ktrout@trout-law.com |
| Joseph M. Wager | wager@mwsslawyers.com |

Any others as listed on the Court's ECF Notice.


   /s/ Matt Christensen
MATTHEW T. CHRISTENSEN