Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
      jjm@johnsonmaylaw.com

Krystal Mikkilineni, *pro hac vice*
Robert E. Richards, *pro hac vice*
Tirzah Roussell, *pro hac vice*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
      robert.richards@dentons.com
      tirzah.roussell@dentons.com

Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>    Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒   ALL DEBTORS<br><br>☐   Millenkamp Cattle, Inc.<br><br>☐   Idaho Jersey Girls<br><br>☐   East Valley Cattle<br><br>☐   Millenkamp Properties<br><br>☐   Millenkamp Properties II | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

| | |
|---|---|
| ☐ Millenkamp Family <br> ☐ Goose Ranch <br> ☐ Black Pine Cattle <br> ☐ Millenkamp Enterprises <br> ☐ Idaho Jersey Girls Jerome Dairy | Chapter 11 Cases |

## DEBTORS' MOTION TO EXTEND EXCLUSIVE SOLICITATION PERIOD OF 11 U.S.C. § 1121(c)

Millenkamp Cattle, Inc. ("Millenkamp Cattle") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, hereby respectfully request the Court enter an order extending the exclusive period to solicit a chapter 11 plan under 11 U.S.C. § 1121(c). In support of this Motion, the Debtors respectfully represent as follows:

### JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venus is also proper under 28 U.S.C. 1408 and 1409.

3. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 1121(c) and (d) of the Bankruptcy Code.

### BACKGROUND

4. On April 2, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Idaho (the "Court") commencing the Chapter 11 Cases. The Debtors have continued in the

management and operation of their businesses and properties as debtors-in-possession pursuant to Bankruptcy Code section 1107(a) and 1108.

5. No trustee or examiner has been appointed in the Chapter 11 Cases.

6. On May 14, 2024, the Office of the United States Trustee (the "UST") appointed an official committee of unsecured creditors pursuant to 11 U.S.C. § 1102(a) (the "Committee") (Docket No. 297).

7. Background facts on the Debtors, including an overview of the Debtors' business, information on the Debtors' capital structure and additional events leading up to these Chapter 11 Cases are contained in the Declaration of William John Millenkamp in Support of First Day Motions (the "Millenkamp Declaration") (Docket No. 26).

8. Pursuant to section 1121 of the Bankruptcy Code, the exclusive periods within which the Debtors can file and solicit votes on a plan of reorganization were initially set to expire on July 31, 2024 (the "Initial Exclusivity Deadline"). 11 U.S.C. § 1121.

9. Bankruptcy Code section 1121(d) provides that the Debtors may request that the Initial Exclusivity Deadline be extended, for cause, after notice and opportunity for hearing, provided such request is made within the Exclusive Period. 11 U.S.C. § 1129.

10. On June 27, 2024, the Court entered an order vacating the original proof of claim bar date and established July 31, 2024, as the deadline for creditors to file their proofs of claim (Docket No. 393). This deadline was the same day as the initial expiration date of the Initial Exclusivity Deadline.

11. The Debtor timely filed a Motion to Extend the Exclusive Period to File the Disclosure Statement and Plan (Docket No. 462/467) to allow additional time to analyze all the filed proofs of claim and review financial reports before filing their plan.

12. The Court granted the Motion (Docket No. 507) and the period in which only the Debtors may file a chapter 11 plan under 11 U.S.C. § 1121(b) (the "Exclusivity Period") was extended to and including September 30, 2024, and the Debtors' exclusive period to solicit a chapter 11 plan under 11 U.S.C. § 1121(c)(3) (the "Solicitation Period") was extended to and including November 29, 2024.

13. The extensions to the Exclusivity Period and Solicitation Period were granted without prejudice to such further requests that may be made pursuant to section 1121(d) of the Bankruptcy Code by the Debtors, or any party-in-interest, for cause shown, upon notice and a hearing.

14. Bankruptcy Code section 1121(d) provides that the Debtors may request that the Debtors' 180-day Solicitation Period may be extended, for cause, after notice and opportunity for hearing, provided such request is made within the period, and the period does not extend beyond a date that is twenty (20) months after the date of the order for relief.

15. The Solicitation Period was extended through November 29, 2024. The instant motion to extend the Solicitation Period is therefore timely. 11 U.S.C. § 1129.

16. This motion seeks to extend the Solicitation Period to and including March 31, 2025, which does not extend beyond twenty (20) months after the order for relief.

## ARGUMENT

17. Section 1121(d) of the Bankruptcy Code grants this Court authority to extend the exclusivity periods "for cause" after notice and a hearing". Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95 95th Cong., 1st Sess. 22 (1997); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (quoting

H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6190); *In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent. . . [is] to promote maximum flexibility.")).

18.  To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors. *See, e.g. McLean Indus.*, 87 B.R. at 833-34; *In re Texaco Inc.*, 76 B.R. 322,327 (Bankr. S.D.N.Y. 1987).

19.  "A decision whether to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court and is fact-specific." *In re New Meatco Provisions, LLC*, No. 2:13-BK-22155-PC, 2014 WL 917335, at *3 (Bankr. C.D. Cal. Mar. 10, 2014) (quoting *In re Adelphia Communications Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006)). Courts examine a number of factors to determine whether "cause" exists to extend an exclusivity period. These factors include the following:

a) the size and complexity of the case;

b) the existence of good faith progress;

c) the necessity of sufficient time to negotiate and prepare adequate information;

d) whether the debtor is paying debts as they become due;

e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

f) whether the debtor has made progress negotiating with creditors;

g) the length of time the case has been pending;

h) whether the debtor is seeking an extension to pressure creditors; and

i) whether or not unresolved contingencies exist.

20. *See In re New Meatco Provisions, LLC*, 2014 WL 917335, at *3 (*citing In re Dow Corning Corp.*, 208 B.R. 661, 664-665 (Bankr. E.D. Mich. 1997). A "transcendent consideration" in deciding whether to extend exclusivity is "whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution." *In re Henry Mayo Newhall Mem'l Hosp.*, 282 B.R. 444, 454 (9th Cir. B.A.P. 2002) (*citing In re Dow* Corning Corp., 208 B.R. at 670).

21. Here, the Debtors submit that sufficient "cause" exists pursuant to § 1121(d) to extend the exclusive Solicitation Period by an additional 122 days.

22. The size and complexity of the Debtors' operations and these Chapter 11 Cases, further justify "cause" to extend the Solicitation Period. The Debtors' corporate structure is complex and in addition to the solicitation of acceptances of the Debtors' plan, there are many issues that arise in simply maintaining the Debtors' operations pending resolution of these Chapter 11 Cases.

23. Since filing the original Chapter 11 Plan within the Exclusivity Period, the Debtors have worked diligently with creditors, vendors, and other interested parties to further negotiate the terms of the Plan. Based on those negotiations, the Debtors intend to file an amended plan which will likely provide a 100% return to all creditors. With the number of parties actively involved in these Chapter 11 Cases, extending the exclusive Solicitation Period by one hundred and twenty-two (122) days will ensure that the parties are able to make the most of the progress that has been made in these Chapter 11 Cases thus far, and allow the Debtors to seek approval and solicit votes for the forthcoming amended plan.

24. Creditors will not be significantly prejudiced by the requested extension because the Debtors currently have sufficient funds to continue paying their post-petition obligations,

maintain their assets and operations, and pay their administrative expenses in the ordinary course of business as they become due.

25. The Debtors further assert that they are current in all of their obligations under the Bankruptcy Code and Rules, this Court's orders, and the requirements of the Office of the United States Trustee.

26. There is also no evidence to suggest that the Debtors seek this extension for anything other than good faith purposes, to allow these Chapter 11 Cases to move forward to a successful confirmation and conclusion.

27. The Debtors are requesting a 122-day extension of the exclusive Solicitation Period which is within the time frame permitted by 11 U.S.C. §1121(d)(B) as it does not extend beyond twenty (20) months after the order for relief (i.e. December 2, 2025).

WHEREFORE, Debtors respectfully request the Court enter an order:

A) Granting the Debtors' Motion

B) Extending the exclusive period under 11 U.S.C. § 1121(c) for solicitation of acceptances of the Debtors' plan (as amended) for an additional 122 days, or through March 31, 2025; and

C) For such other and further relief as the Court may find just and equitable under the circumstances.

DATED this 11th day of November, 2024.

/s/Matthew T. Christensen
Matthew T. Christensen
Attorney for Debtors

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of November, 2024, I caused to be served a true and correct copy of the foregoing DEBTORS' MOTION TO EXTEND EXCLUSIVE SOLICITATION PERIOD electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Aaron R. Bell | abell@evanskeane.com |
| Morton R. Branzburg | mbranzburg@klehr.com |
| Heidi B. Morrison | heidi@racineolson.com |
| Laura E. Burri | lburri@morrowfischer.com |
| Brett R. Cahoon | ustp.region18.bs.ecf@usdoj.gov |
| William K. Carter | kentcarter@grsm.com |
| D. Blair Clark | dbc@dbclarklaw.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Connor B. Edlund | edlund@mwsslawyers.com |
| Gery W. Edson | gedson@gedson.com |
| Jon B. Evans | evans.jb@dorsey.com |
| Zachary Fairlie | zfairlie@spencerfane.com |
| Brian Faria | brian@sawtoothlaw.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| Adam A. Lewis | alewis@mofo.com |
| Karyn Lloyd | klloyd@grsm.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| John D. Munding | john@mundinglaw.com |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| James Niemeier | jniemeier@mcgrathnorth.com |
| John O'Brien | jobrien@spencerfane.com |
| Scott C. Powers | spowers@spencerfane.com |
| Cheryl Rambo | cheryl.rambo@isp.idaho.gov |
| Janine P. Reynard | janine@averylaw.net |
| Robert E. Richards | robert.richards@dentons.com |
| Holly Roark | holly@roarklawboise.com |
| Evan T. Roth | evan@sawtoothlaw.com |
| Tirzah R. Roussell | tirzah.roussell@dentons.com |
| Miranda K. Russell | mrussell@mofo.com |
| Andrew J. Schoulder | andrew.schoulder@nortonrosefulbright.com |

| | |
|---|---|
| Sheila R. Schwager | sschwager@hawleytroxell.com |
| Louis V. Spiker | louis.spiker@millernash.com |
| Matthew A. Sturzen | matt@shermlaw.com |
| Meredith L. Thielbahr | mthielbahr@grsm.com |
| Kim J. Trout | ktrout@trout-law.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |

Any others as listed on the Court's ECF Notice.


        /s/ Matt Christensen
Matthew T. Christensen