Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
       jjm@johnsonmaylaw.com


Krystal Mikkilineni, *pro hac vice*
Robert E. Richards, *pro hac vice*
Tirzah Roussell, *pro hac vice*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
       Robert.richards@dentons.com
       Tirzah.roussell@dentons.com

Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br><br>☐ Idaho Jersey Girls<br><br>☐ East Valley Cattle<br><br>☐ Millenkamp Properties<br><br>☐ Millenkamp Properties II | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

DEBTORS' MOTION FOR ORDER APPROVING THE AMENDMENT TO A POST-PETITION EQUIPMENT LEASE WITH BURKS TRACTOR COMPANY, INC. – Page 1

| | |
|---|---|
| ☐ Millenkamp Family <br> ☐ Goose Ranch <br> ☐ Black Pine Cattle <br> ☐ Millenkamp Enterprises <br> ☐ Idaho Jersey Girls Jerome Dairy | Chapter 11 Cases |

# DEBTOR'S MOTION FOR ORDER APPROVING THE AMENDMENT TO A POST-PETITION EQUIPMENT LEASE WITH BURKS TRACTOR COMPANY, INC.

Millenkamp Cattle, Inc. ("Millenkamp Cattle") debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned counsel, respectfully moves the Court (the "Motion") pursuant to sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order approving an amendment to a previously-approved tractor lease agreement with Burks Tractor Company, Inc. ("Burks"), in the form attached to this Motion as Exhibit A.  In support of this Motion the Debtor states as follows:

## JURISDICTION

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105, 363 and/or 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9014.

## BACKGROUND

2. On April 2, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for District of Idaho (the "Court") commencing the Chapter 11 Case. The Debtor has continued in the management and operation of its business and property as debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee, examiner, or official statutory committee of unsecured creditors (such official committee, the "Committee") has yet been appointed in the Chapter 11 Case.

3. Previously, the Debtor and Burks entered into a post-petition Equipment Rental Agreement wherein Burks agrees to rent certain equipment to the Debtor (the "Lease"). A copy of the Lease is attached to Docket 375 as Exhibit A. The Debtor previously sought authorization to enter into this post petition lease (*see* Doc. 375), which this court granted (*see* Doc. 450).

4. The approved Lease includes a provision that it may be amended in writing. *See* Doc. 375, p. 17, paragraph i). The Debtor and Burks have agreed to an amendment to the original lease. A copy of the amendment is attached to this Motion as **Exhibit A** (the "Amendment"). While the Debtor and Burks assert that the amendment is an "ordinary course" transaction on a previously-approved lease (i.e., otherwise already authorized by the Bankruptcy Code and this Court), in an abundance of caution they are seeking approval of the amendment to the Lease.

### RELIEF REQUESTED

**5.** By this Motion and for the reasons set forth herein, the Debtor seeks an order approving the lease amendment pursuant to Bankruptcy Code sections 105 and 363.

### BASIS FOR RELIEF REQUESTED

6. Bankruptcy Code section 365(a) provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." U.S.C. § 365(a). While the Amendment is technically not a pre-petition lease subject to assumption or rejection, and the Amendment is arguably something done in the ordinary course of operating the Debtor's business (leased equipment is frequently replaced), the principles behind assumption or rejection of a pre-petition lease guide the Court's approval of this Amendment.

7. The Court may approve a debtor's assumption of an unexpired lease or executory contract if such assumption is made in the exercise of such debtor's sound business judgment, and if such assumption benefits its estate. *See, e.g., Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39 (3d Cir. 1989); *NLRB v. Bildisco & Bildisco* (In re Bildisco), 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513 (1984); *In re Network Access Solutions, Corp.*, 330 B.R. 67 (Bankr. D. Del. 2005) ("The standard for approving the assumption of an executory contract is the business judgment rule"); *Westbury Real Estate Ventures, Inc. v. Bradlees, Inc.* (In re Bradlees, Inc.), 194 B.R. 555, 558 n. l (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume . . . an executory contract, the court must examine the contract and circumstances and apply its best 'business judgment' to determine if the assumption . . . would be beneficial . . . to the estate").

8. It is enough if a debtor determines in its business judgment that a benefit will be realized. *Sharon Steel Corp.*, 872 F.2d at 39. The business judgment standard requires that the Court approve the debtor's business decision unless it is the product of bad faith, whim, or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Lubrizol Enter., Inc. v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985).

DEBTORS' MOTION FOR ORDER APPROVING THE AMENDMENT TO A POST-PETITION
EQUIPMENT LEASE WITH BURKS TRACTOR COMPANY, INC. – Page 4

9. The purpose behind allowing the assumption or rejection of executory contracts is to permit the debtor in possession to maximize the value of its estate by exercising business judgment to assume contracts that are beneficial to the estate and to reject such contracts and leases that are not. *See, e.g., In re Rickel Home Centers*, 209 F.3d 291, 298 (3d Cir. 2001). In assuming a contract or a lease, the debtor must assume the entire contract. *See, e.g., In re Fifth Taste Concepts Las Olas*, LLC, 325 B.R. 42 (Bankr. S.D. Fla. 2005).

10. Upon finding that a debtor has exercised its sound business judgment in determining the assumption of an executory contract is in the best interest of the estate, the bankruptcy court should approve the assumption under Bankruptcy Code section 365, provided the debtor also demonstrates it can satisfy the statutory requirements for assumption under Bankruptcy Code section 365, if applicable. *See In re Quantegy, Inc.*, 326 B.R. 467, 470 (Bankr. M.D. Ala. 2005).

11. The Debtor's entry into the Amendment is an exercise of its sound business judgment and is in the best interest of the Debtor's estate.

12. Here, there is more than ample business justification for the Debtor to agree to the Amendment. The Amendment replaces 16 of the Debtor's existing tractors which were subject to a prior lease that expired on November 1, with new tractors – it is not an increase in the overall tractor amount leased or owned by the Debtor. This equipment is vital to Debtors' operations. The Debtors would not be able to feed or maintain the cattle without the equipment.

13. Based on the foregoing, the Debtor has satisfied all requirements for the Court to approve the Amendment (to the extent necessary as an "outside the ordinary course" transaction). As such, the Debtor respectfully requests that the Court enter an Order approving the Amendment with an effective date of November 1, 2024.

**REQUEST FOR WAIVER OF STAY**

14. To immediately implement the relief sought in this Motion and avoid interruption in the Debtors' business operations, the Debtors respectfully request a waiver of the notice requirements under Rule 6004(a) of the Bankruptcy Rules and seek a waiver of the stay imposed by Rule 6004(h) of the Bankruptcy Rules. As explained above, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such stay applies.

15. Further, to the extent necessary, the Debtors requests the Court modify the automatic stay to allow the Debtors and Burks to effectuate the terms and conditions of the Lease, including to allow Burks to enforce any rights and remedies as set forth in the Lease.

**CONCLUSION**

**WHEREFORE,** the Debtor respectfully requests this Court enter an order approving the Amendment effective November 1, 2024, and order such other and further relief as this Court deems just and appropriate under the circumstances.

DATED this 11th day of November, 2024.

JOHNSON MAY

*/s/ Matt Christensen*
MATTHEW T. CHRISTENSEN
Attorney for the Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of November, 2024, I caused to be served a true and correct copy of the foregoing DEBTORS' MOTION FOR ORDER APPROVINGT THE AMENDMENT TO A POST-PETITION EQUIPMENT LEASE WITH BURKS TRACTOR COMPANY, INC. electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Aaron R. Bell | abell@evanskeane.com |
| Morton R. Branzburg | mbranzburg@klehr.com |
| Heidi B. Morrison | heidi@racineolson.com |
| Laura E. Burri | lburri@morrowfischer.com |
| Brett R. Cahoon | ustp.region18.bs.ecf@usdoj.gov |
| William K. Carter | kentcarter@grsm.com |
| D. Blair Clark | dbc@dbclarklaw.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Connor B. Edlund | edlund@mwsslawyers.com |
| Gery W. Edson | gedson@gedson.com |
| Jon B. Evans | evans.jb@dorsey.com |
| Zachary Fairlie | zfairlie@spencerfane.com |
| Brian Faria | brian@sawtoothlaw.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| Adam A. Lewis | alewis@mofo.com |
| Karyn Lloyd | klloyd@grsm.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| John D. Munding | john@mundinglaw.com |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| James Niemeier | jniemeier@mcgrathnorth.com |
| John O'Brien | jobrien@spencerfane.com |
| Scott C. Powers | spowers@spencerfane.com |
| Cheryl Rambo | cheryl.rambo@isp.idaho.gov |
| Janine P. Reynard | janine@averylaw.net |
| Robert E. Richards | robert.richards@dentons.com |
| Holly Roark | holly@roarklawboise.com |
| Evan T. Roth | evan@sawtoothlaw.com |
| Tirzah R. Roussell | tirzah.roussell@dentons.com |
| Miranda K. Russell | mrussell@mofo.com |
| Andrew J. Schoulder | andrew.schoulder@nortonrosefulbright.com |
| Sheila R. Schwager | sschwager@hawleytroxell.com |

DEBTORS' MOTION FOR ORDER APPROVING THE AMENDMENT TO A POST-PETITION EQUIPMENT LEASE WITH BURKS TRACTOR COMPANY, INC. – Page 7

| | |
|---|---|
| Louis V. Spiker | louis.spiker@millernash.com |
| Matthew A. Sturzen | matt@shermlaw.com |
| Meredith L. Thielbahr | mthielbahr@grsm.com |
| Kim J. Trout | ktrout@trout-law.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |

Any others as listed on the Court's ECF Notice.

        /s/ Matt Christensen
Matthew T. Christensen

# EXHIBIT A

## AMENDMENT #1 TO EQUIPMENT RENTAL AGREEMENT

### RECITALS

WHEREAS Millenkamp Cattle, Inc., a debtor and debtor-in-possession ("**Debtor**"), jointly-administered with certain affiliated debtors and debtors-in-possession ("**Debtors**") in case # 24-40158 ("**Bankruptcy Cases**"), currently pending in the United States Bankruptcy Court for the District of Idaho ("**Bankruptcy Court**") and Burks Tractor Company, Inc., an Idaho corporation ("**Burks**" and together with Debtor, the "**Parties**," and each, a "**Party**") entered into the Equipment Lease Agreement approved by order of the Bankruptcy Court (Dkt. # 450) that became effective as of June 21, 2024;

WHEREAS the Debtor desires to lease additional equipment set forth on **Exhibit A** hereto (the "**New Rental Equipment**");

WHEREAS Burks is prepared to lease the New Rental Equipment to the Debtor for 2,000 hours per month for $62,000 per month (at $31.00 per hour);

WHEREAS, the Equipment Lease Agreement provides that for any amendment to be effective, it must be in a writing signed by each Party;

WHEREAS, the Debtor believes that entering into this Amendment #1 is a transaction in the ordinary course of the Debtor's business and that using property of the Debtors' estates to lease the New Rental Equipment is in the Debtors' ordinary course of business; and

WHEREAS, to the extent and in the event any party-in-interest objects to Debtor's entry into this Amendment #1 as an ordinary course transaction or its use of estate assets to lease the New Rental Equipment, the Parties have agreed to seek court approval of Amendment #1 to the Equipment Lease Agreement.

### AGREEMENT

Upon entry of an order authorizing Debtors to enter into Amendment #1 to Equipment Lease Agreement, Burks shall exercise "best efforts" to deliver to the Debtor the New Rental Equipment, which is set forth on **Exhibit A**, by November 1, 2024.

The Debtor shall lease the New Rental Equipment for a monthly rent of $62,000, calculated as follows: 2,000 hours per month (i.e., 16 tractors, each at 125 hours) at $31.00 per hour. As set forth in the Equipment Lease Agreement, Estimated Expenses and Actual Expenses shall also constitute Rent.

The Debtor reaffirms validity and enforceability of the Equipment Lease Agreement, and agrees that such agreement applies to the New Rental Equipment.

The parties agree that the effectiveness of this lease amendment is conditioned upon entry of an order authorizing this lease amendment effective November 1, 2024, and in the event the court does not approve the motion, the Debtor agrees to immediately surrender the New Rental

1

Equipment and Burks can accept surrender and take possession of the New Rental Equipment on surrender terms acceptable to Burks.

The Parties agree, to the extent they desire to enter into further amendments to the Equipment Lease Agreement, that subsequent amendments are ordinary course transactions that do not require court approval, provided that the court's order approving Amendment #1 authorizes the Debtor to enter into additional amendments without further court approval.

**PARTIES:**

BURKS TRACTOR COMPANY, INC., an Idaho corporation

_____
By: Jared Burks
Its: President

Millenkamp Cattle, Inc., Debtor and Debtor-in-Possession

_____
By: William Millenkamp

2

Equipment and Burks can accept surrender and take possession of the New Rental Equipment on surrender terms acceptable to Burks.

The Parties agree, to the extent they desire to enter into further amendments to the Equipment Lease Agreement, that subsequent amendments are ordinary course transactions that do not require court approval, provided that the court's order approving Amendment #1 authorizes the Debtor to enter into additional amendments without further court approval.

**PARTIES:**

BURKS TRACTOR COMPANY, INC., an Idaho corporation

_____
By: Jared Burks
Its: President

Millenkamp Cattle, Inc., Debtor and Debtor-in-Possession

_____
By: William Millenkamp

2

# EXHIBIT A TO AMENDMENT #1 TO EQUIPMENT RENTAL AGREEMENT

| | | | |
|---|---|---|---|
| CASEIH | MAG 250 CVT | TRACTOR | ZRRK03252 |
| CASEIH | MAG 250 CVT | TRACTOR | ZRRK03420 |
| CASEIH | MAG 250 CVT | TRACTOR | ZRRK03351 |
| CASEIH | MAG 250 CVT | TRACTOR | ZRRK03380 |
| CASEIH | MAG 250 CVT | TRACTOR | ZRRK03386 |
| CASEIH | MAG 250 CVT | TRACTOR | ZRRK03391 |
| CASEIH | MAG 250 CVT | TRACTOR | ZRRK03398 |
| CASEIH | MAG 250 CVT | TRACTOR | ZRRK03399 |
| CASEIH | MAG 250 CVT | TRACTOR | ZRRK03401 |
| CASEIH | MAG 250 CVT | TRACTOR | ZRRK03405 |
| CASEIH | MAG 250 CVT | TRACTOR | ZRRK03411 |
| CASEIH | MAG 250 CVT | TRACTOR | ZRRK03419 |
| CASEIH | MAG 250 CVT | TRACTOR | ZRRK03427 |
| CASEIH | MAG 250 CVT | TRACTOR | ZRRK03431 |
| CASEIH | MAG 250 CVT | TRACTOR | ZRRK03439 |
| CASEIH | MAG 250 CVT | TRACTOR | ZRRK03523 |