# NORTON ROSE FULBRIGHT

November 15, 2024

**VIA ELECTRONIC MAIL**

Matthew T. Christensen
Johnson May, PLLC
199 N. Capitol Blvd.; Ste. 200
Boise, ID 83702
MTC@johnsonmaylaw.com
JJM@johnsonmaylaw.com

Krystal Mikkilineni
Dentons Davis Brown
215 10th St.; Ste. 1300
Des Moines, IA 50309
krystal.mikkilineni@dentons.com

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States of America

**Andrew Schoulder**
**Partner**

Direct line +1 212 318 3030
andrew.schoulder@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400

nortonrosefulbright.com

Re:    In re Millenkamp Cattle, Inc. Case No. 24-40158 (Bankr. D. Idaho)

Dear Matt and Krystal,

Norton Rose Fulbright US LLP ("NRF"), as counsel to Rabo AgriFinance LLC ("RAF"), appreciates the continuing updates regarding Millenkamp Cattle, Inc. and its affiliated debtors (collectively, "Debtors") efforts to obtain a financing commitment capable to fund a confirmable chapter 11 plan of reorganization. Like you, RAF is disappointed to learn that Cargill, Inc. has withdrawn its interest in serving as the Debtors' exit financier.

Without the Cargill exit financing, RAF understands the Debtors intend to move forward with Sandton Capital Solutions Master Fund VI, LP ("Sandton") as the Debtors' exit lender. Specifically, per our prior conversations, we understand that the Debtors intend to pursue a plan premised on "Term Sheet 4" provided by the Debtors on September 24, 2024, subject to further modifications (the "Sandton Proposal").  By its current terms, the Sandton Proposal cannot lead to a confirmable plan.  Based on our conversation, we understand that the Debtors are expecting an updated version of the Sandton Proposal, but they do not anticipate a material increase to the commitment amount.  As it stands, the Sandton Proposal currently dictates a chapter 11 plan of reorganization (the "Sandton Plan") that would pay RAF, which is oversecured, between $5 to $15 million on the effective date while materially impairing the remaining amount of RAF's claim by, among other things, subordinating RAF's pre-petition first priority lien on personal property to a second priority and RAF's pre-petition second priority lien on real estate to a third priority.

For that and a myriad of other issues, the Sandton Plan is unconfirmable on its face.  As we have previously advised you, including in our letter on August 19, 2024, the Bankruptcy Code requires that RAF be paid in full, in cash, on the effective date of any plan.

Respectfully, the Debtors' use of estate resources to pursue the Sandton Plan is entirely inconsistent with their fiduciary duties, the Bankruptcy Code, and the Liquidation Analysis attached to the Debtors' Disclosure Statement [Dkt. 640-2]. For 2 years and 5 months, including 8 months in chapter 11, the Debtors' two separate marketing processes have failed to obtain a single viable financing commitment capable of refinancing RAF's oversecured loan and providing

**EXHIBIT**
**3135**

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Matthew T. Christensen
Krystal Mikkilineni

**NORTON ROSE FULBRIGHT**

November 15, 2024
Page 2

the Debtors with sufficient liquidity. Throughout these cases, RAF has continually been the sole stakeholder to initiate dialogue that has led to more and more time for the Debtors to obtain exit financing. However, the time has come for the Debtors to comply with their fiduciary duties and immediately pursue a sale process led by an independent investment banker that will maximize the value of the Debtors' estates for the benefit of *all* stakeholders. At this stage, such a sale process would be in the best interest of the Debtors and all their stakeholders, including Mr. Millenkamp. In contrast, the continued pursuit of the Sandton Plan at the behest of Mr. Millenkamp, who is currently facing significant personal legal hurdles, is in no one's interest, except maybe Mr. Millenkamp.

RAF is willing to continue to work in good faith with the Debtors on establishing reasonably acceptable milestones in connection with such a sale process to avoid unnecessary litigation and estate costs. Please confirm, in writing, by Monday, November 18, 2024, whether the Debtors are willing engage in such a process.

RAF is hopeful the Debtors will engage constructively, and that a consensual plan of reorganization may be achieved in the near future.

This letter is being sent without prejudice to RAF's rights, all of which rights are expressly preserved.

Sincerely,

*[signature]*

Andrew Schoulder

Cc:

| | |
|---|---|
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| | jason.r.naess@usdoj.gov |
| Conterra Holdings, LLC | spowers@spencerfane.com |
| | jobrien@spencerfane.com |
| | zfairlie@spencerfane.com |
| | spowers@spencerfane.com |
| Official Committee of Unsecured Creditors | jgurule@omm.com |
| | mkremer@omm.com |
| | golivera@omm.com |
| MetLife Real Estate Lending, LLC | kgourley@idalaw.com |
| | shudson@idalaw.com |
| | nick.schandlbauer@arlaw.com |
| | ron.Bingham@arlaw.com |