Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
       jjm@johnsonmaylaw.com


Krystal Mikkilineni, *PHV*
Robert E. Richards, *PHV*
Tirzah Roussell, *PHV*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
       robert.richards@dentons.com
       tirzah.roussell@dentons.com

Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br><br>☐ Idaho Jersey Girls<br><br>☐ East Valley Cattle | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch) |

#4268481

| | |
|---|---|
| ☐ Millenkamp Properties | 24-40166-NGH (Black Pine Cattle) |
| ☐ Millenkamp Properties II | 24-40167-NGH (Millenkamp Enterprises) |
| ☐ Millenkamp Family | 24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |
| ☐ Goose Ranch | Chapter 11 Cases |
| ☐ Black Pine Cattle | |
| ☐ Millenkamp Enterprises | |
| ☐ Idaho Jersey Girls Jerome Dairy | |

**DEBTORS' MOTION IN LIMINE**

Millenkamp Cattle, Inc. ("Millenkamp Cattle") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, hereby respectfully file this Motion in Limine to prohibit admission of the Criminal Complaint (as defined below) and testimony regarding the Criminal Complaint (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is also proper under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3. On April 2, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for District of Idaho (the "Court") commencing the Chapter 11 Cases. The Debtors have continued in the management

DEBTORS' MOTION IN LIMINE  - 2 -

and operation of their businesses and properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

4. No trustee or examiner has been appointed in the Chapter 11 Cases.

5. On May 14, 2024, the Office of the United States Trustee (the "UST") appointed an official committee of unsecured creditors pursuant to 11 U.S.C. § 1102(a) (the "Committee") (Docket No. 297).

6. On November 29, 2024, Rabo AgriFinance, LLC ("Rabo") filed a *Motion to Appoint a Chapter 11 Trustee* (the "Trustee Motion").

7. In the Trustee Motion, Rabo stated that "Mr. Millenkamp has recently been charged with aggravated battery based on allegations that he pushed a person out of a moving vehicle going 45 miles down the road—a felony charge which can lead to fifteen (15) years in prison." Trustee Motion ¶ 3.

8. In the Trustee Motion, Rabo further requests that the Court take judicial notice of that certain Criminal Complaint, filed on October 15, 2024, in Case No. CR16-24-05423 (the "Criminal Complaint") and the Affidavit in Support of Complaint (the "Affidavit"), filed contemporaneously therewith pursuant to Federal Rule of Evidence 201(b).

9. Rabo also included the Criminal Complaint and Affidavit in its Amended Exhibit List filed on December 3, 2024 (Docket No. 772).

10. The Debtors file this Motion to move the Court to enter an order (a) to exclude admission of the Criminal Complaint and Affidavit into evidence; (b) to exclude any questioning or testimony related to any of the facts surrounding the Criminal Complaint and Affidavit; and (c) to exclude any argument related to the facts contained in the Criminal Complaint and Affidavit.

11. The Debtors further move that the order contain a direction to parties to limit the

DEBTORS' MOTION IN LIMINE  - 3 -

testimony of William John Millenkamp aka Bill Millenkamp ("Mr. Millenkamp") to exclude any testimony regarding the Criminal Complaint and Affidavit.

## ARGUMENT

12. A motion in limine is a procedural mechanism to limit testimony or evidence in a particular area in advance of trial. *See U.S. v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009). A motion in limine allows the court and the parties to resolve evidentiary issues before trial and avoids potentially prejudicial evidence being presented to a factfinder, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir.2003). It is a preliminary motion whose outcome lies entirely within the discretion of the Court. *See Luce v. U.S.*, 469 U.S. 38, 41-42 (1984). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States*, 469 U.S. at 40 n. 2.

I.  **The Criminal Complaint and Affidavit are Prejudicial and Should Not Be Admitted**

13. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Only relevant evidence is admissible. *See* Fed. R. Evid. 402. Relevant evidence may still be inadmissible "if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfairly prejudicial" evidence is that which has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *U.S. v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (quoting Old Chief v. U.S., 519 U.S. 172, 180 (1997)).

DEBTORS' MOTION IN LIMINE  - 4 -

14. The Criminal Complaint and Affidavit are not relevant to the Trustee Motion. The allegations contained in the Criminal Complaint and Affidavit are not related to any misconduct or fraud related to the bankruptcy proceedings or dishonest acts related to the Debtors. The allegations relate to Mr. Millenkamp personally and do not relate to the Debtors.

15. Even if the Court finds the Criminal Complaint and Affidavit are somehow relevant, the Criminal Complaint and Affidavit should be excluded as their probative value is not outweighed by the danger of unfair prejudice to the Debtors. The Criminal Complaint and Affidavit are mere allegations and Mr. Millenkamp has not been convicted of any crimes.

16. Rabo has not identified any witnesses or other documents to present the Criminal Complaint, and therefore the Debtors are not able to cross examine the officer or party whose alleged statements are contained in the Affidavit.

17. Moreover, the Affidavit is a mere two-page document of hearsay allegations against Mr. Millenkamp. Mr. Millenkamp has pleaded not guilty to the charges therein. A trial in the criminal case has not yet been set.

18. Further, the only party that has currently raised this issue before the court and is requesting the appointment of a Chapter 11 Trustee is Rabo. This is no surprise given Rabo's and Mr. Millenkamp's past history.

19. As such, the probative value of the Criminal Complaint and Affidavit does not outweigh the unfair prejudice.

> Further, the Criminal Complaint and Affidavit are testimonials. The Affidavit is also hearsay as it is an out-of-court statement offered by a party to prove the truth of the matter asserted in the statement. *See* Fed.R.Evid. 801(d). Allowing the admission of the Affidavit would eliminate the Debtors' right of cross examination. S*ee In re EWI,*

DEBTORS' MOTION IN LIMINE  - 5 -

*Inc.*, No. 96-61065, 1997 WL 811693, at *7 (Bankr. N.D. Ohio Dec. 5, 1997) (Court granted motion in limine and found that affidavits would impede right of cross examination).

**II.    The Court Should Not Take Judicial Notice of The Criminal Complaint and Affidavit**

20.     In the Trustee Motion, Rabo requests that the Court take judicial notice of the Criminal Complaint and Affidavit pursuant to Federal Rule of Evidence 201. Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201.

21.     Courts may only take judicial notice of adjudicative facts that are "not subject to reasonable dispute." *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003) (citing Fed.R.Evid. 201(b)). "Facts are indisputable, and thus subject to judicial notice, only if they are either 'generally known' under Rule 201(b)(1) or capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned under Rule 201(b)(2)." *Id.* at 909 (citations omitted).

22.     Courts are *not* allowed to take judicial notice of facts in a criminal complaint if those facts are subject to reasonable dispute. *Gallagher v. Philipps*, 563 F. Supp. 3d 1048, 1070 (S.D. Cal. 2021) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also United States v. Cerda-Ramirez*, 730 F. App'x 449, 452 (9th Cir. 2018) ("[D]istrict court improperly took judicial notice of the judgment from the Florida case because courts cannot take judicial notice of facts subject to reasonable dispute")

23.     "While a court may take judicial notice of documents filed in another court, 'it

DEBTORS' MOTION IN LIMINE  - 6 -

may do so not for the truth of the facts recited therein, but simply for the fact that the documents exist and were filed, which is not subject to reasonable dispute.'" *Su v. United States Postal Serv.*, No. 3:21-CV-01454-AN, 2024 WL 1603687, at *5 (D. Or. Apr. 12, 2024) (citing *Briseno v. Bonta*, 621 F.Supp.3d 1065, 1069 n. 3 (C.D. Cal. 2022)). Courts have long held that pleadings from other cases may be judicially noticed for the existence of certain pleadings, however, it cannot notice the claim and any disputed facts in such documents. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

24. For example, in *Masimo Corporation v. Wireless*, 2020 WL 2306587, *4 (S.D. Cal. 2020), the court refused to take judicial notice of prior court filings of a subsidiary's Chapter 11 proceeding and a trade secret litigation to show that the parent corporation controlled the subsidiary to a degree sufficient to hold the parent vicariously liable for the subsidiary's alleged direct infringement since the issue of control was disputed by the parties. The *Masimo* court noted in its analysis that "While some documents, such as court filings from Sotera's Chapter 11 proceeding and the trade secret lawsuit, 'are judicially noticeable for certain purposes, such as to demonstrate the existence of other court proceedings,' the Court cannot take judicial notice of these documents if offered to demonstrate that Foxconn has sufficient control over Masimo to hold it vicariously liable for infringement." *Id.* (quoting *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1054 (N.D. Cal. 2012), aff'd, 520 F. App'x 534 (9th Cir. 2013) (Holding that court documents "are not judicially noticeable for purpose, which is to demonstrate that his arguments and allegations against Defendants are true"); *see also Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006) ("Nor may the court take judicial notice of any matter that is in dispute."), aff'd in part, 393 F. App'x 513 (9th Cir. 2010) (citing *Lee*, 250 F.3d at 689–90))).

DEBTORS' MOTION IN LIMINE  - 7 -

25. Mr. Millenkamp disputes the facts contained in the Criminal Complaint and Affidavit and has pled not guilty to the same. Because the facts contained in the Criminal Complaint and Affidavit are disputed, the only effect of the court taking judicial notice would be to demonstrate that the documents exist.

26. In its Trustee Motion, Rabo is attempting to persuade this Court to take judicial notice to demonstrate disputed facts, bare unproven hearsay allegations, and create speculation and opinions regarding the feasibility of the Debtors' Chapter 11 plan – none of which are issues presently before the Court. Based on the foregoing, the Court should not take judicial notice of the Criminal Complaint and Affidavit.

27. Mr. Millenkamp has not been convicted of any crimes. The Complaint and Affidavit are merely a two-page declaration with hearsay allegations from a party that is not appearing as a witness in this case.

28. Accordingly, even if the Court takes judicial notice of the Criminal Complaint and Affidavit, the Court is not allowed to take judicial notice of allegations and disputed facts contained in the Criminal Complaint and Affidavit. The Court and parties are only allowed to acknowledge that the documents exist but cannot assert any alleged truth or fact in the Criminal Complaint and Affidavit. Accordingly, there is no evidentiary weight to taking judicial notice of the documents, or allowing testimony or argument regarding the same.

### III. The Court Should Prohibit Any Testimony of Mr. Millenkamp Regarding the Facts Contained in the Criminal Complaint and Affidavit

29. The Fifth Amendment to the United States Constitution also limits the admission of evidence even if it is relevant evidence. *In re Adler, Coleman Clearing Corp.*, No. 95-08203 (JLG), 1998 WL 182808, at *3 (Bankr. S.D.N.Y. Apr. 17, 1998). The Fifth Amendment provides that "[n]o person ... shall be compelled in any criminal case to be a

DEBTORS' MOTION IN LIMINE  - 8 -

witness against himself...." *See Lefkowitz v. Turley*, 414 U.S. 70, 77, (1973). Admittedly, in civil proceedings, the court may draw negative inferences from a party's invocation of his or her Fifth Amendment right. *Baxter v. Palmigiano*, 425 U.S. 308, 317–18 (1976); *Doe ex rel. Rudy-Glanzer v. Glanzer,* 232 F.3d 1258, 1264 (9th Cir. 2000). However, negative inferences are usually only drawn "when independent evidence exists of the fact to which the party refuses to answer." *Rudy–Glanzer*, 232 F.3d at 1264. "[W]hen there is no corroborating evidence to support the fact under inquiry, the proponent of the fact must come forward with evidence to support the allegation, otherwise no negative inference will be permitted." *Id.*

30. Rabo has included Mr. Millenkamp on their witness list filed on December 3, 2024 (Docket No. 767). It is anticipated that Rabo intends to ask Mr. Millenkamp questions regarding the facts contained in the Criminal Complaint and Affidavit. Mr. Millenkamp may not be compelled to answer questions related to the Criminal Complaint and Affidavit and likely will invoke his constitutional Fifth Amendment privilege. This is especially true when Mr. Millenkamp has not been convicted of any crimes related to the Criminal Complaint and Affidavit, and the issues outlined in those documents are still pending in the state courts. Rabo has not identified any other witness or evidence that can corroborate the hearsay statements in the Criminal Complaint and Affidavit, so this Court should not even permit a negative inference from Fifth Amendment invocation.

31. Due to the lack of corroborating evidence and the lack of any evidentiary value to Rabo's Trustee Motion, the Debtors respectfully move the Court to limit Mr. Millenkamp's testimony to preclude any testimony regarding the Criminal Complaint and Affidavit. Further, in the event any party seeks to procure testimony from any other witness or source related to those issues, the Court should similarly limit that testimony.

DEBTORS' MOTION IN LIMINE  - 9 -

**WHEREFORE**, the Debtors respectfully request the Court enter an order:

A)   Granting the Debtors' Motion;

B)   Precluding the admission of the Criminal Complaint and Affidavit;

C)   Denying Rabo's request to take judicial notice of the Criminal Complaint and Affidavit;

D)   Limiting the testimony of Mr. Millenkamp and any other witness to preclude any testimony regarding the Criminal Complaint and Affidavit;

E)   Precluding any argument related to the statements made in the Criminal Complaint and Affidavit; and

F)   Any further relief the Court deems just and equitable under the circumstances.

DATED this 6th day of December, 2024.

DENTONS

/s/ Krystal Mikkilineni
KRYSTAL MIKKILINENI

JOHNSON MAY

/s/ Matt Christensen
MATTHEW T. CHRISTENSEN
Attorneys for the Debtors

DEBTORS' MOTION IN LIMINE  - 10 -

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on this 6th day of December 2024, I caused to be served a true and correct copy of the foregoing document electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Rousell | Tirzah.rousell@dentons.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Gery W. Edson | gedson@gedson.com |
| J.B. Evans | evans.jb@dorsey.com |
| Zachary Fairlie | zfairlie@spencerfane.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| John O'Brien | jobrien@spencerfane.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine P. Reynard | janine@averylaw.net |
| Sheila R. Schwager | sschwager@hawleytroxell.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Foucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| John D. Munding | john@mundinglaw.com |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| Holly Roark | holly@roarklawboise.com |
| Evan R. Roth | evan@sawtoothlaw.com |
| Bruce A. Anderson | baafiling@eaidaho.com |
| Morton R. Branzburg | mbranzburg@klehr.com |
| Laura E. Burri | lburri@morrowfischer.com |
| William K. Carter | kentcarter@grsm.com |
| Alexandra O. Caval | alex@cavallawoffice.com |
| D. Blair Clark | dbc@dbclarklaw.com |
| Eric R. Clark | Eclark101@hotmail.com |
| Connor B. Edlund | edlund@mwsslawyers.com |
| Julian Gurule | jgurule@omm.com |
| Matthew Kremer | mkremer@omm.com |
| David T. Krueck | dkrueck@perkinscoie.com |
| Adam A. Lewis | alewis@mofo.com |
| Karyn Lloyd | klloyd@grsm.com |
| James Neimeier | jniemeier@mcgrathnorth.com |
| Gabriel L. Olivera | golivera@omm.com |
| Mark B. Perry | mbp@perrylawpc.com |
| Cheryl Rambo | Cheryl.rambo@isp.idaho.gov |

DEBTORS' MOTION IN LIMINE  - 11 -

| | |
|---|---|
| Miranda K. Russell | mrussell@mofo.com |
| Andrew J. Schoulder | andrew.schoulder@nortonrosefulbright.com |
| Louis V. Spiker | louis.spiker@millernash.com |
| Matthew A. Sturzen | matt@shermlaw.com |
| Meredith L. Thielbahr | mthielbahr@grsm.com |
| Kim J. Trout | ktrout@trout-law.com |
| Joseph M. Wager | wager@mwsslawyers.com |

Any others as listed on the Court's ECF Notice.

   /s/ Matt Christensen
MATTHEW T. CHRISTENSEN