Sheila R. Schwager, ISB No. 5059
Brent R. Wilson, ISB No. 8936
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 W. Main Street, Suite 200
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5261
Email: sschwager@hawleytroxell.com
       bwilson@hawleytroxell.com

Andrew J. Schoulder (*pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: 212.318.3030
Email: andrew.schoulder@nortonrosefulbright.com

Attorneys for Rabo AgriFinance LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br><br>☐ Idaho Jersey Girls<br><br>☐ East Valley Cattle<br><br>☐ Millenkamp Properties<br><br>☐ Millenkamp Properties II<br><br>☐ Millenkamp Family | Jointly Administered With Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

59797.0007.17911925.4

- ☐ Goose Ranch
- ☐ Black Pine Cattle
- ☐ Millenkamp Enterprises
- ☐ Idaho Jersey Girls Jerome Dairy

## RABO AGRIFINANCE LLC'S OPPOSITION TO DEBTORS' MOTION IN LIMINE

Rabo Agrifinance, LLC, in its capacity as agent and lender ("**RAF**"), hereby files this *Opposition to Debtor's Motion in Limine* (the "**Motion**"),[1] and in support thereof, states as follows:

**I.    PRELIMINARY STATEMENT**

1. The Debtors Millenkamp Cattle, Inc. et al. (the "**Debtors**") have an obligation to act in the best interest of <u>all</u> creditors and their Estates. This includes the disclosure of critical information pertinent to the Debtors' operations and their plan.

2. In the *Motion to Appoint a Chapter 11 Trustee* filed on November 29, 2024, as Dkt No. 748 (the "**Trustee Motion**"), RAF disclosed, among other things, that Mr. Millenkamp is the target of Criminal Charges (as defined below).

3. Thereafter, the Debtors filed a *Disclosure Statement for Chapter 11 Plan of Reorganization of Millenkamp Cattle, Inc. and its Related Affiliates,* as Dkt No. 777 (the "**Disclosure Statement**"), which must contain "adequate information" that would allow a hypothetical investor to make an

---

[1] The Debtors further seek to shorten time to hear the Motion (*see* Dkt. No. 781). That is, despite knowing RAF's intent to address the criminal charges against Mr. Millenkamp from at the latest, November 29, 2024, when the Trustee Motion (defined below) was filed addressing these serious issues, the Debtors here again seek to shorten time and file the Motion just four (4) days, two (2) days of which were weekend days, before the hearing on December 10, 2024. Procedurally, it should be noted that the Debtors have approached this case by shortening notice for many issues at nearly every hearing. *See* Dkt. Nos. 28, 115, 380, 465, and 709. Shortening notice may be appropriate in some circumstances, but not all circumstances as the Debtors have approached these cases. "Cause" to shorten time under Federal Rule of Bankruptcy Procedure 9006(c)(1) may be legitimately questioned, therefore. Despite this, RAF worked diligently to prepare a substantive response to the Motion herein.

RABO AGRIFINANCE LLC'S OPPOSITION TO DEBTORS' MOTION IN LIMINE
- 2 -

informed judgement about their plan. *See* 11 U.S.C. §1125. However, nowhere in the Disclosure Statement or in any of the other filings by the Debtors (other than the Motion) is there even a passing reference to the Criminal Charges.

4. The Debtors have not been candid with this Court or their creditors in failing to disclose this material information, which became public no later than October 2024. And now in the face of the Trustee Motion, the Debtors ask this Court to exclude this critical information when they should have amended the Disclosure Statement to include a comprehensive discussion of the Criminal Charges. Again, the Debtors (seemingly at the behest of Mr. Millenkamp) have chosen to expend estate resources for Mr. Millenkamp's benefit. This attempt to exclude certain critical information about the Debtors' principal, the one person entrusted with the Debtors' operations and their restructuring efforts as well as the person that would oversee the Debtors' operations post-confirmation of their plan further supports the appointment of a trustee in these cases.

5. In the Trustee Motion, RAF brought to the Court's attention certain criminal charges Mr. Millenkamp, the individual with sole control over the Debtors and their business and assets, is facing in Idaho State Court: (a) felony Aggravated Battery under Idaho Code §18-903, 18-907 and (b) misdemeanor False Imprisonment under Idaho Code §18-2901 (collectively, the "**Criminal Charges**"). In the Trustee Motion, RAF asks the Court to take judicial notice of the Criminal Complaint, filed on October 15, 2024, in Case No. CR16-24-05423 (the "**Criminal Complaint**") and the Affidavit in Support of Complaint (the "**Affidavit**") related to these Criminal Charges.

6. The Debtors' Motion seeks to suppress these Criminal Charges from the Court's consideration, despite their clear relevance to the Trustee Motion. The Criminal Charges, which expose Mr. Millenkamp to up to 15-years of incarceration, directly affect the Debtors' operations and their restructuring opportunities. Mr. Millenkamp is facing significant Criminal Charges,

which will certainly impair his ability to operate the Debtors' businesses and to negotiate a potential restructuring of the Debtors' liabilities, including any refinance of the "grossly" oversecured debt owed to RAF, and poses significant feasibility concerns to execute the Debtors' proposed chapter 11 plan. The Criminal Charges, Criminal Complaint, and Affidavit are highly relevant to the Court's inquiry as to whether to allow Mr. Millenkamp to continue to use the Debtors to advance his personal interests or to appoint a chapter 11 trustee to oversee the Debtors' operations and restructuring efforts for the benefit of the Debtors' Estates and all of their stakeholders.

7. For a number of reasons, this Court should deny the Motion. *First*, both the Criminal Complaint and Affidavit are highly relevant to the Trustee Motion. *Second*, that the Criminal Complaint and Affidavit have been filed in Idaho State Court, and that there are Criminal Charges pending against Mr. Millenkamp (including a felony charge), are not facts that are reasonably in dispute. Thus, there is no reason preventing this Court from taking judicial notice of both the Criminal Complaint and the Affidavit. *Third*, the Debtors' attempt to limit the testimony at the hearing constitutes an improper blanket assertion of the Fifth Amendment privilege by Mr. Millenkamp and is premature. Therefore, the Court should not limit any testimony related to the Criminal Complaint and the Affidavit at the upcoming hearing on the Trustee Motion. For these reasons, and those enumerated below, RAF respectfully requests that this Court deny the Motion.

**ARGUMENT**

**II.    The Criminal Complaint and Affidavit are Relevant to the Trustee Motion**

8. Evidence is relevant if it has '*any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *U.S. v. Stever*, 603 F.3d 747, 753 (9th Cir. 2010) (quoting FED. R. EVID.

RABO AGRIFINANCE LLC'S OPPOSITION TO DEBTORS' MOTION IN LIMINE
- 4 -

401, emphasis added by the Ninth Circuit). "[R]elevancy is a fluid concept and typically presents a rather *low barrier* to admissibility." *Applied Med. Resources Corp. v. U.S. Surgical Corp.*, 549 F. Supp. 2d 1208, 1211 (C.D. Cal. 2008) (emphasis added), *aff'd*, 312 Fed. Appx. 326 (Fed. Cir. 2009). Relevant evidence may be excluded only "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Exclusion of evidence under Federal Rule of Civil Procedure 403 "has been characterized . . . 'as an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence.'" *U.S. v. Patterson*, 819 F.2d 1495, 1505 (9th Cir. 1987) (quoting *U.S. v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985)). "Evidence is not unfairly prejudicial merely because it damages the defendant's case." *U.S. v. Salman*, 618 Fed. Appx. 886, 890 (9th Cir. 2015).

9. Here, the Criminal Complaint and Affidavit should be considered by this Court because they are *highly* relevant to the Trustee Motion and to RAF's concerns as to (i) the Debtors' current and future operations and cashflow, (ii) the adequate protection purportedly provided by the Debtors, (iii) the ability of the Debtors to consider all viable restructuring alternatives, including a sale process of the Debtors' assets or a sale of the Debtors as a going concern, and (iv) the feasibility of the Debtors' plan.

10. In determining whether to appoint a chapter 11 trustee under § 1104(a)(2), Courts consider the question of whether such an appointment is in the "the interests of creditors, any equity security holders, and other interests of the estate" *In re Pasadena Adult Residential Care, Inc.*, 2015 WL 6443216, at *15 (Bankr. C.D. Cal. Oct. 23, 2015) (citing *In re Hotel Assocs., Inc.*, 3 B.R. 343, 345 (Bankr. E.D.Pa. 1980)). In considering these interests, the Court has the power to "look to the

RABO AGRIFINANCE LLC'S OPPOSITION TO DEBTORS' MOTION IN LIMINE

- 5 -

59797.0007.17911925.4

totality of the circumstances" and in particular, "bankruptcy courts 'look to the *practical realities*[2] and necessities inescapably involved in reconciling competing interests.'" *Id.* (emphasis added); *In re The 1031 Tax Group, LLC*, 374 B.R. 78, 91 (Bankr. S.D.N.Y. 2007) (quoting *In re V. Savino Oil & Heating Co., Inc.*, 99 B.R. 518, 527 n.11 (Bankr. E.D.N.Y. 1989)) ("In essence, § 1104(a)(2) reflects 'the practical reality that a trustee is needed.'").

11. The Criminal Charges pending against Mr. Millenkamp are the type of practical realities bankruptcy courts have considered when determining whether to appoint a trustee and are thus, highly relevant to the issue before this Court. For example, in *In re Federowicz*, a debtor's incarceration was "pertinent as to why a trustee was appointed to preside over the debtor's Chapter 11 bankruptcy proceeding from its inception." 1989 WL 200942, at *2 (D.N.J. Aug. 7, 1989), *aff'd*, 897 F.2d 521 (3d Cir. 1990). The bankruptcy court, in an earlier proceeding, "concluded that the appointment of a trustee [was] necessary" because "the debtor's incarceration would render it difficult for the debtor to carry out some of the functions of a debtor-in-possession." *Id.*

12. Here, Mr. Millenkamp is being accused of assaulting a person after touring the Debtors' dairy facility. This sort of conduct (and merely the allegations thereof) may have a significant impact on the Debtors' restructuring efforts. A potential lender, buyer, or investor may be reluctant to engage directly with Mr. Millenkamp under these circumstances.[3] This fact alone may be sufficient cause for appointment of a trustee.

---

[2] Considering the practical realities serves "[t]he twin goals of the standard for appointment of a trustee," which "should be protection of the public interest and the interests of creditors . . . and facilitation of a reorganization that will benefit both the creditors and the debtors." *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990) (quoting House Report, 124 Cong.Rec. H11, 11 (daily ed. Sept. 28, 1978)).

[3] As noted in the Trustee Motion, on September 30, 2024, the Debtors filed a chapter 11 plan of reorganization (Dkt. No. 641) premised on a non-binding exit financing term sheet from Cargill Inc. Thereafter, following the filing of the Criminal Complaint, Cargill declined to proceed with the proposed financing. It is unclear whether Cargill's withdrawal as the Debtors' exit financier was the result of learning of the Criminal Complaint or coincidence. This Court should be allowed to consider the impact the Criminal Charges may have had on the Original Plan.

RABO AGRIFINANCE LLC'S OPPOSITION TO DEBTORS' MOTION IN LIMINE

- 6 -

13. As a practical matter, Mr. Millenkamp will presumably spend significant time over the coming months, and potentially years, defending himself against the Criminal Charges that can lead to an incarceration of 15 years in prison. Defending these Criminal Charges will be, and already is, a major distraction for Mr. Millenkamp, who currently controls every aspect of the Debtors' operations, valued at in excess of $646.344 million. Trustee Motion ¶ 63. This distraction will inhibit Mr. Millenkamp's ability to operate the Debtors and explore all restructuring alternatives, on their behalf, and is a practical reality that should be considered in ruling on the Trustee Motion. *See In re Colorado-Ute Elec. Ass'n, Inc.*, 120 B.R. 164, 177 (Bankr. D. Colo. 1990) (where a debtor is unable to execute its necessary functions as debtor-in-possession, the appointment of a "capable and objective party . . . in whom the parties will have confidence in his or her ability to reorganize the debtor" is necessary from a practical standpoint). Of course, if Mr. Millenkamp is convicted of the Criminal Charges, he will potentially be unable to continue as the operate of the Debtors' business, which is another serious practical consideration of this Court in determining whether to appoint a chapter 11 trustee. *See* Trustee Motion ¶¶ 3, 62-63.

14. Thus, the Criminal Charges against Mr. Millenkamp are highly relevant to the Court's inquiry as to the appointment of a chapter 11 trustee.

15. Despite the Debtors' argument to the contrary, the Criminal Complaint and Affidavit are *not* unduly prejudicial to the Debtors and are highly probative to the Trustee Motion. Further, any fear of prejudice to Mr. Millenkamp personally is curtailed by the fact that the hearing will not be in the presence of a jury. *See e.g., Boden v. U.S.*, 2019 WL 6883813, at *4 (W.D. Va. Dec. 17, 2019) (noting where there is no jury, "evidence should not be excluded under [Rule] 403 on the ground that it is unfairly prejudicial" because the presiding judge can make the necessary assessments upon hearing and seeing the evidence). By any measure, information concerning the

RABO AGRIFINANCE LLC'S OPPOSITION TO DEBTORS' MOTION IN LIMINE

- 7 -

Criminal Charges, Criminal Complaint, and Affidavit are more probative than prejudicial to the Debtors as stated above, and thus should be admitted. And this Court is more than capable of making the necessary assessments after hearing and seeing the evidence.

16. The Debtors incorrectly argue that the Criminal Complaint and Affidavit should not be admitted because they are hearsay and testimonial pursuant to Federal Rule of Evidence 801(d). RAF is not asking this Court to accept the statements in the Criminal Complaint and Affidavit for the truth of the matter asserted in those documents; but instead, it seeks to alert the Court and other parties in interest in these cases that these documents have been filed against Mr. Millenkamp. As such, there is no hearsay problem despite the Debtors' arguments in the Motion.

17. Thus, because the Criminal Complaint and Affidavit are highly relevant to the Trustee Motion and are more probative than prejudicial, the Court should not preclude consideration of the Criminal Complaint or Affidavit.

### III.  The Court Should Take Judicial Notice of the Criminal Complaint and Affidavit

18. Federal Rule of Civil Procedure 201 permits the Court to take judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b). The court should take judicial notice if a party requests it, and if the court is supplied with the necessary information. FED. R. EVID. 201(c)(2). Federal courts may and do take judicial notice of relevant court filings and transcripts from other courts within and outside the federal courts that are relevant to the proceedings before the court. *See e.g., Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (noting judicial notice may be taken at any point of the proceedings and taking judicial notice of state court documents and filings); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating the court "may take notice of proceedings in other

courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Mangiaracina v. Penzone*, 849 F.3d 1191, n.3 (9th Cir. 2017) (taking judicial notice of six criminal indictments in state court, and judicial notice of a docket in a federal criminal case because the cases had a direct relation to the matter at issue); *In re Jayo*, 2006 WL 2433451, n.8 (Bankr. D. Idaho July 28, 2006) (taking judicial notice of criminal case); *see also Smith v. City of New York*, 2013 WL 6158485, at *1 (S.D.N.Y. Nov. 25, 2013) (allowing judicial notice of arrest reports, criminal complaints, indictments, and criminal disposition data); *see also Lehmann v. Calhoun*, 2016 WL 11410015, at *2 (D. Idaho Mar. 1, 2016) (taking judicial notice of a criminal complaint, among other things, pursuant to FRE 201).

19. Despite the Debtors' argument, RAF does not ask that this Court take judicial notice of "disputed" or "unproven" facts.[4] There is no speculation that the Criminal Complaint and Affidavit are documents that have been filed in Idaho State Court. Additionally, there is no speculation that the Criminal Charges are currently pending against Mr. Millenkamp, and that these Criminal Charges expose Mr. Millenkamp to up to 15 years of incarceration. These are facts that cannot be reasonably disputed by the Debtors and thus the Court should take judicial notice of both the Criminal Complaint and the Affidavit. The Court should be allowed to determine the impact the pending charges may have on the Debtors' operations and restructuring efforts.

---

[4] "There exists the mistaken notion that taking judicial notice means taking judicial notice of the truth of facts asserted in every document in a court file, including pleadings and affidavits." *See In re Blele*, 2003 WL 25273798, at *2 (Bankr. D. Idaho Aug. 13, 2003) (citing Russell, Bankruptcy Evidence Manual (2005 ed.) § 201.5 at p. 590). "Federal Rule of Evidence 201 does not allow the court to 'take notice of' (*i.e.*, give evidentiary weight to) what is asserted within such documents." *In re Leatham*, 2017 WL 3704512, at *2 (Bankr. D. Idaho Aug. 24, 2017).

RABO AGRIFINANCE LLC'S OPPOSITION TO DEBTORS' MOTION IN LIMINE
- 9 -

59797.0007.17911925.4

### IV. The Court Should Permit the Testimony of Mr. Millenkamp Concerning the Criminal Complaint and Affidavit

20. It is well-settled law that an individual cannot invoke the Fifth Amendment privilege to make a "blanket" assertion of the privilege; instead, the Fifth Amendment only allows a person to refuse to answer a specific question if such question is believed to invade his privilege against self-incrimination. *In re Brown*, 2009 WL 1211373, at *4 (Bankr. D. Idaho, April 24, 2009) (citing *Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1019 (9th Cir. 2006). Here, it is suspicious that the Debtors, who are not the target of the Criminal Charges, are expending estate resources and having their professionals raise the Fifth Amendment for the benefit of Mr. Millenkamp.[5] Regardless, the only way the privilege can be asserted is on a question-by question basis, and thus, as to each question asked, the individual may decide whether or not to invoke his Fifth Amendment privilege. *Glanzer*, 232 F.3d at 1263.

21. The Debtors' argument that the Court should exclude the testimony of Mr. Millenkamp at the amounts to an improper "blanket assertion" of the Fifth Amendment concerning future questions he may be asked at the hearing; he may only *properly* assert his Fifth Amendment privilege on a question-by-question basis. Mr. Millenkamp is free to invoke his Fifth Amendment privilege, but he may only invoke that privilege in response to specific questions posed to him at the hearing. *See Brown*, 2009 WL 11211373, at * 4 ("If a question is posed during that hearing that implicates [defendant's] interests against self-incrimination as a [] criminal defendant, and the privilege is invoked, it can be appropriately dealt with at that time."). Thus, there is no reason for the Court to limit testimony at the hearing concerning the Criminal Charges, Criminal Complaint

---

[5] It is a theme of these cases, however, pointed out in the Trustee Motion, that the Debtors are operating these cases for the benefit of Mr. Millenkamp and his insiders. Evidence of this is evident in the Motion but also in the current insider plan (Dkt. No. 776), which plans to give Mr. Millenkamp and his insiders equity in the reorganized Debtors for no consideration.

RABO AGRIFINANCE LLC'S OPPOSITION TO DEBTORS' MOTION IN LIMINE
- 10 -

- 11 -

and Affidavit. Any argument from the Debtors concerning whether a negative inference should be drawn from any future invocation of the Fifth Amendment by Mr. Millenkamp is plainly premature as Mr. Millenkamp has not yet invoked his Fifth Amendment privilege in response to any specific questions and thus, there is nothing for the Court to consider related to any arguments that may be made concerning adverse inference and future invocations by Mr. Millenkamp of the Fifth Amendment.

22. Accordingly, because the Debtors' request to limit the testimony of Mr. Millenkamp is an improper and blanket assertion of the Fifth Amendment on behalf of Mr. Millenkamp, the Court should not limit the testimony of Mr. Millenkamp, or any other witness, concerning the Criminal Charges, Criminal Complaint, and the Affidavit.

### Conclusion

23. For the foregoing reasons, the Court should deny the Debtors' Motion.

Dated: December 9, 2024            HAWLEY TROXELL ENNIS & HAWLEY LLP

_/s/ Sheila R. Schwager_
Sheila R. Schwager ISB No. 5059
Attorneys for Rabo AgriFinance LLC

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of December, 2024, I electronically filed the foregoing RABO AGRIFINANCE LLC'S OPPOSITION TO DEBTORS' MOTION IN LIMINE with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to those identified in the CM/ECF system for this matter, at the time this document was filed, including the following persons:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Roussell | tirzah.roussell@dentons.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Jon B. Evans | evans.jb@dorsey.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine Patrice Reynard | janine@averylaw.net |
| Sheila Rae Schwager | sschwager@hawleytroxell.com |
| Brent Russel Wilson | bwilson@hawleytroxell.com |
| Zachary Fairlie | zfairlie@spencerfance.com |
| John O'Brien | jobrien@spencerfane.com |
| Gery W. Edson | gedson@gedson.com |
| Aaron Bell | abell@evanskeane.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Faucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| Karen Lloyd | klloyd@grsm.com |
| James Justin May | jjm@johnsonmaylaw.com |
| Rhett Michael Miller | rmiller@magicvalley.law |
| Robert E. Richards | robert.richards@dentons.com |
| Holly Roark | holly@roarklawboise.com |

RABO AGRIFINANCE LLC'S OPPOSITION TO DEBTORS' MOTION IN LIMINE
- 12 -

59797.0007.17911925.4

| | |
|---|---|
| Evan Thomas Roth | evan@sawtoothlaw.com |
| Meredith Leigh Thielbahr | mthielbahr@grsm.com |
| John F. Kurtz, Jr. | jfk@kurtzlaw.com |
| And any others receiving cm/ecf notices | |

_____
Sheila R. Schwager