Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
      jjm@johnsonmaylaw.com

Krystal R. Mikkilineni, *PHV*
Robert E. Richards, *PHV*
Tirzah R. Roussell, *PHV*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
      robert.richards@dentons.com
      tirzah.roussell@dentons.com

Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re: | Case No. 24-40158-NGH |
|---|---|
| MILLENKAMP CATTLE, INC., Debtor. | |
| Filing relates to:<br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II | Jointly Administered With Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome |

#4270392

| | |
|---|---|
| ☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Dairy)<br><br>Chapter 11 Cases |

### DEBTORS' APPLICATION TO EMPLOY ROBERT MARCUS AS CHIEF RESTRUCTURING OFFICER

Millenkamp Cattle, Inc., and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Millenkamp Cattle"), in the above-caption chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, hereby submit this application to the Court to approve the employment of Robert Marcus of Kander, LLC (the "Application"), as their bankruptcy chief restructuring officer (the "CRO"), and in support of the Application respectfully state as follows:

### JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The consideration of this Application is a core proceeding pursuant to 28 U.S.C. §157(b).

2. The statutory predicates for the relief requested herein are sections 327(a), 328(a) and 1107(b) of title 11, United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

### BACKGROUND

3. On April 2, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for District of Idaho

DEBTORS' APPLICATION TO EMPLOY CHIEF RESTRUCTURING OFFICER– Page 2

(the "Court") commencing the Chapter 11 Cases. The Debtors have continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

4. No trustee or examiner has been appointed in the Chapter 11 Cases.

5. On May 14, 2024, the Office of the United States Trustee (the "UST") appointed an official committee of unsecured creditors pursuant to 11 U.S.C. § 1102(a) (the "Committee") (Docket No. 297).

**RELIEF REQUESTED**

6. By this Application, the Debtors respectfully request that the Court enter an order authorizing the Debtors to employ and retain Robert Marcus ("Marcus") as their chief restructuring officer pursuant to section 327(a) of the Bankruptcy Code. The services to be provided by Marcus are detailed in **Exhibit "A"** (the "Engagement Letter"), attached hereto.

7. The Debtors seek to retain Marcus as their bankruptcy chief restructuring officer because (a) Marcus is knowledgeable as to the facts of this case, the interested parties and all relevant information regarding the Debtors; and (b) Marcus has extensive experience and knowledge in agribusiness and the field of debtor's and creditors' rights and business restructuring and reorganizations under chapter 11 of the Bankruptcy Code.

8. Marcus has served as CRO in many agribusiness cases.

9. The retention of Marcus as CRO is a sound exercise of the Debtors' business judgment. As set forth above, Marcus has extensive experience working as a CRO for agribusiness companies and leading and supporting their broad-based restructuring efforts. The Debtors believe that he will provide services that benefit the Debtors' estates and creditors. The Debtors believe

that retention of Marcus is appropriate and in the best interests of the Debtors' and their estates and creditors.

10. Accordingly, the Debtors believe that Marcus is well-qualified to provide the Debtors with restructuring and reorganization advice in these Chapter 11 Cases as their CRO.

## SCOPE OF EMPLOYMENT

11. The Debtors request the services of Marcus to represent and assist the Debtors in carrying out their duties as debtors in possession. The Debtors expect that Marcus will be called upon to render various professional services, including, but not limited to, the following:

   a. Marcus will act as CRO of Millenkamp Cattle, Inc. and its affiliated entities. As CRO, he will be authorized and empowered to:

      i. perform typical CRO duties which include and are not limited to oversight of the day-to-day operations of the Debtors and management of the restructuring process;

      ii. advise and assist the Debtors' management team in the operation of their business;

      iii. execute and file on behalf of the Debtors all motions, applications, pleadings and other papers or documents as necessary in connection with the Chapter 11 Cases, with a view to the successful administration of such cases;

      iv. in the name of, and on behalf of, the Debtors, to negotiate, make, execute and deliver, either jointly or severally, all debtors-in-possession documents related to the restructuring, reorganization, or sale of the Debtors and/or their assets, and any and all amendments, supplements, modifications, extensions, replacements, agreements, documents, and instruments relating to the foregoing, subject to the requisite Bankruptcy Court approval;

      v. in the name of, and on behalf of, the Debtors to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, and other documents and to pay all expenses in each case as in the CRO's business judgment, which shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the foregoing services, subject to any requisite Bankruptcy Court approval.

      vi. advise and assist the Debtors in the operation of their business, evaluate and monitor the values of the Debtors; assets and liabilities outstanding, and help implement a restructuring and asset monetization plan to maximize the financial recovery for creditors and other parties with an economic interest in the Debtors.

b. Advise and assist the Debtors with its Chapter 11 Cases, including but not limited to:

      i. Assist in conducting bankruptcy related claims management and reconciliation processes.

      ii. Participate in formulating, developing, negotiating and implementing a reorganization and/or liquidation plan.

      iii. Assist in communications and negotiations with parties involved in any bankruptcy proceedings.

      iv. Testify in and prepare for hearings.

## COMPENSATION

12. Section 327(a) of the Bankruptcy Code authorizes the employment of a professional person to represent the debtor in possession in carrying out the debtor in possession's duties. *See* 11 U.S.C. § 327(a). Section 328(a) of the Bankruptcy Code authorizes the compensation of a professional employed under § 327(a) "on any reasonable terms and conditions of employment" including on an hourly basis. 11 U.S.C. §328(a).

13. The Debtors will require Marcus to render extensive restructuring advisory services, the cost of which cannot be estimated. Subject to the Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and other procedures that may be fixed by the Court, the Debtors request that Marcus be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses Marcus incurs.

14. Marcus has advised the Debtors that his hourly rate will be $595 per hour. Non-working travel time incurred by Marcus shall be billed at 50% of the stated hourly rate.

15. Those expenses for which Marcus ordinarily and customarily charges clients include, but are not limited to, mail and express mail charges, special or hand delivery charges, document processing, photocopying services, courier services, overnight deliveries, docket and court filing fees, court reporting charges, and any other incidental costs advanced by Marcus specifically for this matter.

**DISINTERESTEDNESS**

16. Marcus has undertaken a detailed search to determine, and to disclose, whether he has any connection or has had any connection to any significant creditors or insiders of Debtors. In connection with his proposed retention by the Debtors in this case, Marcus conducted a search of his client database to determine whether it has any current or past relationships with any of Debtors' significant creditors or insiders. Except as set forth in this Application and the Declaration of Robert Marcus attached hereto as **Exhibit "B"** (the "Declaration"), Marcus does not have any connection with Debtors, their affiliates, their creditors or insiders, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed by the United States Trustee.

17. Except as otherwise set forth in the Declaration, and based on the database search described above, Marcus is not aware of any past or current relationship of any other individual or entity which is a creditor or insider of the Debtors.

18. To the best of his knowledge and information, Marcus does not have any interest "adverse" to Debtors or their estates as that term is used in Bankruptcy Code section 327.

19. To the best of his knowledge and information, Marcus is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14).

20. Marcus will conduct a continuing inquiry to ascertain whether there exists any situation that would affect his status as a person having no interest adverse to Debtors or their estates or that would affect Marcus' status as a disinterested person. Marcus will file supplemental disclosures or affidavits with this Court at such time as any such additional disclosures are appropriate or required.

21. Marcus is employed by Kander, LLC, which is employed by the Debtors as their financial advisor in this case. Marcus' role as CRO will be separate from Kander's role as financial advisor to the Debtors. Marcus will also file separate fee applications with the Court.

WHEREFORE, the Debtors respectfully request that this Court enter an order authorizing the Debtors to retain and employ Robert Marcus as their Chief Restructuring Officer, and granting such other relief as this Court may deem just and equitable under the circumstances.

DATED this 9th day of December 2024.

        **MILLENKAMP CATTLE, INC., AND ITS AFFILIATED DEBTORS**

        /s/ *William Millenkamp*
        William Millenkamp
        President and/or Manager/Member of the Debtors

DEBTORS' APPLICATION TO EMPLOY CHIEF RESTRUCTURING OFFICER– Page 7

**kăn′dər** LLC

Kander LLC
341 N. Lafayette St.
Macomb, IL 61455
www.kanderllc.com | info@kanderllc.com

EXHIBIT A

December 9, 2024

Mr. Bill Millenkamp
President and Managing Member
Millenkamp Cattle, Inc. and related entities
471 N 300 Rd. W.
Jerome, ID 83338

  Re: Engagement of Chief Restructuring Officer

Dear Mr. Millenkamp,

This engagement letter (the "Agreement") confirms the understanding and agreement between Kander LLC ("Kander") on the one hand and Millenkamp Cattle, Inc., Idaho Jersey Girls Jerome Dairy, LLC, Millenkamp Properties, LLC, Millenkamp Properties II LLC, Goose Ranch LLC, and East Valley Cattle, LLC (referred to collectively herein as the "Company")on the other hand, for Robert Marcus ("Marcus") to provide chief restructuring officer services to the Company for the Company's restructuring and its chapter 11 bankruptcy case (the "Bankruptcy").

1. <u>Description of Services</u>:

   a. Marcus will act as Chief Restructuring Officer (the "CRO") of the Company. As CRO, he is authorized and empowered to: (i) perform typical CRO duties which include and are not limited to oversight of the day-to-day operations of the Company and management of the restructuring process; (ii) advise and assist the Company's management team in the operation of its business (iii) execute and file on behalf of the Company all motions, applications, pleadings and other papers or documents as necessary, proper, and desirable in connection with the Bankruptcy, with a view to the successful administration of such case; (iv) in the name of, and on behalf of, the Company, to negotiate, make, execute and deliver, either jointly or severally, all debtor-in-possession documents related to the restructuring, reorganization, or sale of the Company and/or its assets, and any and all amendments, supplements, modifications, extensions, replacements, agreements, documents, and instruments relating to the foregoing, subject to the requisite Bankruptcy Court approval; (v) in the name of, and on behalf of, the Company to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, and other documents and to pay all expenses in each case as in the CRO's business judgment, which shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the foregoing services, subject to any requisite Bankruptcy Court approval.

   b. Advise and assist the Company in the operation of its business, evaluate and monitor the values of the Company's assets and liabilities outstanding, and help

#4270369

      implement a restructuring and asset monetization plan to maximize the financial recovery for creditors and other parties with an economic interest in the Company.

    c. Advise and assist the Company with its Chapter 11 Bankruptcy, including but not limited to:

        i. Assist in conducting Bankruptcy related claims management and reconciliation processes.
        ii. Participate in formulating, developing, negotiating and implementing a reorganization and/or liquidation plan.
        iii. Assist in communications and negotiations with parties involved in any Bankruptcy proceedings.
        iv. Testify in and prepare for hearings, requested by the Court or the Company.

    d. Such other services as the Company requests and Marcus agrees to perform.

2. <u>Fees and Expenses</u>

    a. Marcus' fees in this matter are based on hours spent by the professionals necessary to produce the work product. Marcus' minimum billing increment is .1 hour. At this time, Marcus' professional billing rate is $595.00 an hour. Non-working travel time incurred by Marcus shall be billed at 50% of the stated hourly rate.

    b. Marcus will be reimbursed by the Company for reasonable out-of-pocket expenses, including but not limited to travel, meals, lodging, online data-room services, copying, printing and scanning, messenger and special delivery services, research, and other miscellaneous expenses incurred.

3. <u>Information Acknowledgment</u>

Company acknowledges and agrees that in rendering its services hereunder, Marcus will be using and relying on the information provided by and on behalf of Company without independent verification thereof by Marcus and without independent appraisal by Marcus of the Company. Marcus assumes no responsibility for the accuracy or completeness of any information provided by or on behalf of Company.

4. <u>Indemnification</u>

Company shall indemnify and hold harmless Kander, its affiliates and each director, officer, employee, agent, member, manager, controlling person, utilized personnel or professional, and attorney of Kander (any or all of the foregoing hereinafter referred to as an "Indemnified Person"), from and against all losses, claims, damages, expenses (including, without limitation, fees and disbursements of attorneys and accountants), costs and liabilities (joint or several), (collectively, "Losses"), resulting directly or indirectly from any threatened or pending investigation, action, claim, proceeding or disputes (whether or not Kander or any other Indemnified Person is a potential or actual named party or witness) (collectively, a "Claim"), which are related to or arise out of any untrue statement or alleged untrue statement of a material fact contained in any oral or written information provided to Kander or any

other Indemnified Person by Company or used by Company in connection with the services contemplated by this engagement letter or any omission or alleged omission by Company to state therein a material fact necessary to make the statements therein, in light of the circumstances under which they were made, not misleading.

5. <u>No Third-Party Disclosure</u>

Except as may be required by applicable law and regulations or by a governmental authority or court of competent jurisdiction, any advice provided by Kander pursuant to its engagement hereunder shall not be disclosed publicly or made available to third parties by Company without Kander's written consent having first been obtained; provided, however, that such consent need not be obtained in the event that Kander and the Company are dealing and communicating with any existing creditors or creditors' representatives, as contemplated by the terms hereof.

6. <u>Confidentiality</u>

Except as contemplated by the terms hereof or as otherwise may be necessary for Marcus to carry out its obligations hereunder, and except as required by applicable law and regulations or by a governmental authority or court of competent jurisdiction, Marcus shall keep confidential all material, nonpublic, proprietary information provided to Marcus by Company until the earlier to occur of (i) the date two (2) years from the date of this letter agreement or (ii) the date such information shall have been made publicly available by Company or others without breach of a confidentiality agreement, and Marcus shall further not disclose such information to third parties without the consent of Company.

7. <u>Term</u>

The engagement hereunder shall commence upon the execution of this Agreement. Any party hereto may terminate this Agreement at any time upon written notice to the other party hereto at the address stated herein, without liability or continuing obligation except as set forth in the remainder of this paragraph. The termination of this Agreement shall not affect (i) any compensation earned by Marcus up to the date of termination (ii) the obligation of the Company to reimburse expenses incurred by Marcus up to date of termination or (iii) the other provisions of this Agreement, which shall survive termination. For the avoidance of doubt, upon termination of this Agreement, any authority the CRO had had to act on behalf of the Company prior to termination shall cease.

8. <u>Miscellaneous</u>

This Agreement shall be: (a) governed and construed in accordance with the laws of the State of Idaho, regardless of the laws that might otherwise govern under applicable principles of conflict of laws thereof; (b) incorporates the entire understanding of the parties with respect to the subject matter thereof; and (c) may not by amended or modified except in writing executed by each of the signatories hereto. The Company and Kander agree to waive trial by jury in any action, and proceeding or counterclaim brought by or on behalf of the parties hereto with respect to any matter relating to or arising out of the performance or non-performance of the Company or Kander hereunder.

3

If the foregoing correctly sets forth our understanding, please sign and return to us an executed copy of this letter, whereupon this letter shall constitute a binding agreement as of the date first above written.

Sincerely,

**Kander LLC**

By: _____
Robert Marcus, Managing Director

AGREED TO AND ACCEPTED BY:

Dated: 12/10/24       _____
                      Millenkamp Cattle, Inc.
                      Bill Millenkamp, Owner

Dated: 12/10/24       _____
                      Idaho Jersey Girls Jerome Dairy, LLC
                      Bill Millenkamp, Authorized Signatory

Dated: 12/10/24       _____
                      Millenkamp Properties, LLC
                      Bill Millenkamp, Authorized Signatory

Dated: 12/10/24       _____
                      Millenkamp Properties II LLC
                      Bill Millenkamp, Authorized Signatory

Dated: 12/10/24       _____
                      Goose Ranch LLC
                      Bill Millenkamp, Authorized Signatory

Dated: 12/10/24       _____
                      East Valley Cattle, LLC
                      Bill Millenkamp, Authorized Signatory

4

EXHIBIT B

Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
jjm@johnsonmaylaw.com

Krystal Mikkilineni, *PHV*
Robert E. Richards, *PHV*
Tirzah Roussell, *PHV*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
robert.richards@dentons.com
tirzah.roussell@dentons.com

Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br><br>☐ Idaho Jersey Girls<br><br>☐ East Valley Cattle<br><br>☐ Millenkamp Properties<br><br>☐ Millenkamp Properties II | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome |

#4270380

|  |  |
|---|---|
| ☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Dairy)<br><br>Chapter 11 Cases |

# DECLARATION OF ROBERT MARCUS IN SUPPORT OF DEBTORS' APPLICATION TO EMPLOY CHIEF RESTRUCTURING OFFICER

STATE OF NEW JERSEY  )
                     ) ss:
COUNTY OF TETERBORO  )

Robert Marcus, being first duly sworn upon oath, deposes, and says:

1. I am a Managing Director of Kander, LLC ("Kander").

2. I respectfully submit this Declaration in connection with the application (the "Application") of the above captioned debtors and debtors in possession (the "Debtors") to retain and employ Robert Marcus as the Debtors' Chief Restructuring Officer ("CRO").

3. I have personal knowledge of the matters set forth herein. If called upon to testify, I could testify competently to the facts contained herein.

4. To the best of my knowledge, I am not related to any judge of the United States Bankruptcy Court of the District of Idaho.

5. The professional services that I expect to render to the Debtors are set forth in the Application and the Engagement Letter attached as Exhibit A to the Application.

DECLARATION OF ROBERT MARCUS – Page 2

      6.      Kander has previously been employed by the Debtors in the Chapter 11 cases as the Debtors' financial advisor. This is separate from my employment as chief restructuring officer, and if employed, I will file separate fee applications.

      7.      I have no connection with the Debtors other than Kander's employment as financial advisor in this case.

      8.      I have no connection with any personnel employed in the Office of the United States Trustee, the creditors or any party in interest, nor with their respective attorneys or accountants, other than normal professional relationships with attorneys and accountants except as follows:

      a.    Kander frequently serves as financial advisor to companies based on a recommendation and/or requirement for those companies by the lenders for those companies. In the past, we have served as advisor to companies at the request of MetLife. Our clients in those cases are always the referred company – not Metlife.

      b.    Marcus has been employed as CRO, asset manager, receiver, and trustee in multiple cases in which MetLife, Rabo, Sandton and Conterra have been involved as lenders.

      9.      I believe I am a disinterested person as defined in 11 U.S.C. § 101(14) and represent no interest adverse to the debtors in possession or bankruptcy estates in matters upon which I am to be engaged and believe that I can undertake representation of the Debtors in this case without any type of restriction.

      10.     The hourly rate to be charged by myself is outlined in the engagement letter between myself and the Debtors, a copy of which is attached to the Application as Exhibit A.

      11.     I declare under penalty of perjury that the foregoing is true and correct.

DECLARATION OF ROBERT MARCUS – Page 3

DATED this 9th day of December, 2024.

                                                   ROBERT MARCUS

DECLARATION OF ROBERT MARCUS – Page 4