UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

**ORDER GRANTING DEBTORS' THIRD MOTION FOR CONTINUED USE OF CASH COLLATERAL**

THIS MATTER came before the court for a hearing on Debtors' *Third Motion for Continued Use of Cash Collateral* (Docket No. 716) (the "Third Cash Collateral Motion") held on December 10 and 11, 2024; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157;

and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors; and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby:

**ORDERED** that:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized use of cash collateral effective through April 30, 2025, as follows:

    a. The Debtors are granted use of cash collateral through April 30, 2025, for payment of the expenses outlined on the attached *Exhibit A* (the "Budget"). By approving the Budget, the Court is not approving specific Debtor-in-Possession financings or borrowings. Notwithstanding anything in the budget to the contrary, any financings or borrowings (including the extent of draws on the Debtor-in-Possession financing) is subject to the Court's orders Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Granting Adequate Protection to Pre-Petition Secured Lenders, or other further order of the Court.

    b. Rabo AgriFinance, LLC ("RAF"); Metropolitan Life Insurance Company ("MLIC") and MetLife Real Estate Lending LLC (collectively, "MetLife"); and Conterra Holdings, LLC, d/b/a Conterra Ag Capital ("Conterra") (collectively, the "Pre-Petition Secured Lenders") shall be granted and shall maintain (without further action by any of RAF, MetLife or Conterra) adequate protection liens on all

post-petition cash collateral to the same validity, extent and priority as existed pre-petition, to the extent of any cash collateral the secured creditor has an interest in and is actually used by the Debtors; provided, however, that such replacement liens shall not attach to any proceeds of any avoidance actions. To be clear, the use of cash collateral is also subject to a replacement lien on all Prepetition RLOC Collateral and Prepetition MetLife Collateral (as defined in the First Cash Collateral Motion), including milk proceeds, to the extent the secured creditor has a pre-petition security interest, and it is actually used by the Debtors.

c. Sandton Capital Solutions Master Fund VI, LP (the "DIP Lender") is granted and shall maintain (without further action by the DIP Lender) adequate protection liens on all post-petition cash collateral to the same validity, extent and priority as was granted in this Court's Final Order Authorizing Debtors to (A) Obtain Post-Petition Financing; and (B) Granting Adequate Protection to Pre-Petition Secured Lenders (Docket No. 305).

3. The Debtors use of cash collateral is further conditioned upon the following:

a. The Debtors shall provide weekly variance reports to the Pre-Petition Secured Lenders and DIP Lender (i.e., reports reflecting the difference between the budgeted amount of revenue and expenses and the actual amounts) in the same format as the Budget (the "Variance Reports"). The Pre-Petition Secured Lenders may make reasonable requests for additional terms or details regarding the Variance Reports provided by the Debtors. Said Variance Reports shall be due and continuing on Wednesdays of each week, until termination of this Order.

b. The Debtors shall also provide a weekly borrowing base certificate to RAF beginning on April 17, 2024, and computed as of the preceding Sunday of each such week. Each borrowing base certificate shall be in the form used for borrowing base certificates pre-petition (or such other form as the Debtors and RAF may establish by mutual agreement), and shall quantify the Debtors' then-current herd count and value, accounts receivable and milk accounts, utilizing the valuation principles and advance rates applicable to such assets in a manner consistent with the preparation of borrowing base certificates pursuant to the Pre-Petition RLOC Credit Agreement. Debtors may add new cattle (whether raised or purchased by Debtors in accordance with past and normal business practices) to the borrowing base. A copy of this borrowing base certificate shall also be provided to Conterra, MetLife and the DIP Lender.

c. The Debtors shall provide on a weekly basis beginning April 17, 2024, to the Pre-Petition Secured Lenders any production or sales reports prepared by or on behalf of the Debtors' product off-takers.

d. The Debtors shall provide to each of the Pre-Petition Secured Lenders, within forty-five (45) days of each month end, monthly accrual financials prepared on a basis consistent with the company's annual audited financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP Financials").

e. To the extent information is provided by the Debtors to any of the Pre-Petition Secured Creditors that is not otherwise covered by paragraphs 3(a) through (d) above, that information shall be provided to all of the Pre-Petition Secured Creditors or their financial advisors. (This provision is not meant to otherwise limit

meetings or conversations between attorneys or financial advisors for the parties, or the parties themselves.)

f. Upon notice to this Court and this Court's entry of a suitable order, RAF or Conterra may withdraw its consent to the Debtor's use of the Prepetition RLOC Secured Parties' cash collateral in the event Debtors fail to pay, within forty-five (45) days after the applicable invoice date, one or more accounts payable in an amount not less than $100,000 in each instance or $500,000 in the aggregate during the Chapter 11 Cases, to any one or more trade creditors in respect of any of Debtors' obligations arising on or after the Petition Date. To facilitate monitoring of this issue, the Debtors shall provide, as part of its weekly reporting to the Pre-Petition Secured Lenders, a weekly Accounts Payable aging report as of the Sunday prior to each report.

4. The Debtors will operate in compliance with the U.S. Trustee's Guidelines unless otherwise approved or directed by this court.

5. Nothing in this Order will be deemed or construed as an admission or waiver by the Pre-Petition Secured Lenders as to adequate protection, or any other issue in the case, and this Order will not constitute consent by Pre-Petition Secured Lenders to the use of each of their Cash Collateral other than for the limited purpose expressly provided herein.

6. Nothing herein alters or affects the valid liens and lien priority of the Pre-Petition Secured Lenders.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

//end of text//

DATED: December 19, 2024



_____

NOAH G. HILLEN

Chief U.S. Bankruptcy Judge

Order submitted by: Matthew T. Christensen, counsel for the Debtors

Approved as to form:

\_\_\_/s/ Ron Bingham (via email)\_\_

Counsel for MetLife

Approved as to form:

\_\_\_/s/ Sheila Schwager (via email)\_\_

Counsel for Rabo AgriFinance

Approved as to form:

\_\_\_/s/ John O'Brien (via email)\_\_

Counsel for Conterra

Approved as to form:

\_\_\_/s/ Richard Bernard (via email)\_\_

Counsel for Sandton

Approved as to form:

   /s/ Matthew Kremer (via email)

Counsel for Unsecured Creditor's Committee

Approved as to form:

   /s/ Brett Cahoon (via email)

Counsel for Acting United States Trustee