Bruce A. Anderson, ISB #3392
ELSAESSER ANDERSON, CHTD.
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID  83815
Tel/Fax: (208) 667-2900
Email: brucea@eaidaho.com

Julian Gurule, CA Bar #252160 (Admitted *Pro Hac Vice*)
O'MELVENY & MYERS LLP
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: jgurule@omm.com

-and-

Matthew Kremer, NY Bar #5101860 (Admitted *Pro Hac Vice*)
Gabriel L. Olivera, NY Bar #5605027 (Admitted *Pro Hac Vice*)
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: mkremer@omm.com
        golivera@omm.com

*Attorneys for the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>　　　　　　　Debtors. | Case No. 24-40158-NGH |
| Filing relates to:<br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II) |

OBJECTION TO FORBES SECURITIES GROUP LLC'S APPLICATION FOR ALLOWANCE AND PAYMENT OF 503(B)(1) ADMINISTRATIVE EXPENSE CLAIM - 1

| | |
|---|---|
| ☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | 24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

## OBJECTION TO FORBES SECURITIES GROUP LLC'S APPLICATION FOR ALLOWANCE AND PAYMENT OF 503(B)(1) ADMINISTRATIVE EXPENSE CLAIM

The Official Committee of Unsecured Creditors of Millenkamp Cattle, Inc., *et al*. (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its undersigned counsel, hereby objects (the "Objection") to Forbes Securities Group LLC's ("Forbes") *Application for Allowance and Payment of 503(b)(1) Administrative Expense Claim* [ECF No. 818] (the "Fee Motion"). In support of this Objection, the Committee respectfully objects as follows:

### BACKGROUND

1. On April 2, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for District of Idaho (the "Court") commencing the Chapter 11 cases. The Debtors have continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. On May 6, 2024, the Debtors filed an application to employ Forbes as investment banker to the Debtors [ECF No. 272] (the "Employment Application") pursuant to section 327(a) of the Bankruptcy Code. The Debtors represented in the Employment Application that Forbes understood "that its compensation is subject to approval of this Court and intends to apply for compensation and reimbursement for fees incurred and costs advanced in conformity with Bankruptcy Code section 330 and 331." Employment Application at ¶ 12.

3. On June 5, 2024, the Court granted the Employment Application pursuant to section 327(a) of the Bankruptcy Code [ECF No. 372].

4. On May 16, 2024, the Court entered the *Order Establishing Interim Fee and Expense Reimbursement Procedures* [ECF No. 303] (the "Interim Fee Procedures"), which set forth the form and procedures for estate professional to request payment of fees and expenses.

5. On May 17, 2024, the Court entered an order authorizing the Debtors to enter into a $45 million senior secured, superpriority debtor-in-possession financing facility with Sandton Capital Solutions Master Fund VI, LP [ECF No. 305]. To date, the Debtors have drawn only $18.5 million of the $45 million facility.

6. On December 20, 2024, Forbes filed the Fee Motion seeking allowance and payment of a "Transaction Fee" (as that term is defined in the engagement letter dated March 21, 2024 between the Debtors and Forbes attached as Exhibit A to the Employment Application) of $1,125,000 (or 2.5% of the total DIP Facility amount of $45,000,000) as an administrative expense under section 503(b)(1) of the Bankruptcy Code.

## ARGUMENT

7. The Fee Motion is procedurally improper.

8. Forbes seeks payment of the Transaction Fee as an administrative expense under Bankruptcy Code section 503(b)(1), but estate professionals can only be compensated pursuant to Bankruptcy Code sections 330 and 331 when employed under Bankruptcy Code section 327. *In re Knudsen Corp.*, 84 B.R. 668, 671 (9th Cir. BAP 1988) ("[A]llowance and disbursement of [professional] fees is permitted only in accordance with sections 330 and 331."); *In re Garden Ridge Corp.*, 326 B.R. 278, 280-81 (Bankr. D. Del. 2005) ("[P]rofessionals cannot be reimbursed under section 503(b)(1)(A).").

9. In contrast, Bankruptcy Code section 503(b)(1) is intended to incentivize a debtor's creditors to continue doing business with a debtor by providing for the allowance of actual, necessary costs and expenses of preserving the debtor's estate as administrative expenses. 11 U.S.C. § 503(b)(1); *In re Hemingway Transport, Inc.*, 954 F.2d 1, 5 (1st Cir. 1992) ("The Bankruptcy Code permits top priority payment of 'actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case' . . . as a means of enabling the debtor estate to acquire the requisite postpetition credit with which to preserve itself after the filing of the petition." (citations omitted)); *In re Jartran*, 732 F.2d 584 (7th Cir. 1984) ("If a reorganization is to succeed, creditors asked to extend credit after the petition is filed must be given priority so they will be moved to furnish the necessary credit to enable the bankrupt to function.").

10. Further, Debtors stated in the Employment Application that Forbes "intend[ed] to apply for compensation and reimbursement for fees incurred and costs advanced in conformity with *Bankruptcy Code section 330 and 331*." Employment Application at ¶12 (emphasis added).

11. Thus, Forbes must submit an application for compensation pursuant to Bankruptcy Code sections 330 and 331—in accordance with the Interim Fee Procedures—for approval by the Court, in order to be paid the Transaction Fee. The Committee reserves all rights with respect to any fee application filed by Forbes pursuant to the Interim Fee Procedures.

**WHEREFORE**, the Committee respectfully requests that the Court deny the Fee Motion for the reasons set forth herein and grant such other and further relief as may be just and equitable.

Date: January 13, 2025                              O'MELVENY & MYERS LLP

                                                                     */s/ Julian Gurule*
                                                                     JULIAN GURULE

                                                                     -and-

                                                                     ELSAESSER ANDERSON, CHTD.

                                                                     */s/ Bruce A. Anderson*
                                                                     BRUCE A. ANDERSON

                                                                     *Attorneys for the Official Committee of*
                                                                     *Unsecured Creditors*

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on January 13, 2025, I electronically filed with the Clerk of the Court a copy of the foregoing in the above-captioned matter, using the CM/ECF system, which sent a Notice of Electronic Filing to the following person(s):

| Name | Email |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Aaron R. Bell | abell@evanskeane.com |
| Morton R. Branzburg | mbranzburg@klehr.com |
| Heidi B. Morrison | heidi@racineolson.com |
| Laura E. Burri | lburri@morrowfischer.com |
| Brett R. Cahoon | ustp.region18.bs.ecf@usdoj.gov |
| William K. Carter | kentcarter@grsm.com |
| D. Blair Clark | dbc@dbclarklaw.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Connor B. Edlund | edlund@mwsslawyers.com |
| Gery W. Edson | gedson@gedson.com |
| Jon B. Evans | evans.jb@dorsey.com |
| Zachary Fairlie | zfairlie@spencerfane.com |
| Brian Faria | brian@sawtoothlaw.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| Adam A. Lewis | alewis@mofo.com |
| Karyn Lloyd | klloyd@grsm.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| John D. Munding | john@mundinglaw.com |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| James Niemeier | jniemeier@mcgrathnorth.com |
| John O'Brien | jobrien@spencerfane.com |
| Scott C. Powers | spowers@spencerfane.com |
| Cheryl Rambo | cheryl.rambo@isp.idaho.gov |
| Janine P. Reynard | janine@averylaw.net |
| Robert E. Richards | robert.richards@dentons.com |
| Holly Roark | holly@roarklawboise.com |
| Evan T. Roth | evan@sawtoothlaw.com |
| Tirzah R. Roussell | tirzah.roussell@dentons.com |
| Miranda K. Russell | mrussell@mofo.com |
| Andrew J. Schoulder | andrew.schoulder@nortonrosefulbright.com |
| Sheila R. Schwager | sschwager@hawleytroxell.com |
| Louis V. Spiker | louis.spiker@millernash.com |
| Matthew A. Sturzen | matt@shermlaw.com |

| | |
|---|---|
| Meredith L. Thielbahr | mthielbahr@grsm.com |
| Kim J. Trout | ktrout@trout-law.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |

Dated this 13th day of January, 2025.

                                                      */s/ Bruce A. Anderson*
                                                      Bruce A. Anderson

OBJECTION TO FORBES SECURITIES GROUP LLC'S APPLICATION FOR ALLOWANCE AND PAYMENT OF 503(B)(1) ADMINISTRATIVE EXPENSE CLAIM - 7