Janine P. Reynard (ISB #6030)
AVERY LAW
3090 E. Gentry Way, Ste 250
Meridian, ID 83642
Telephone: (208) 639-9400
Facsimile: (208) 994-3182

-and-

Lorenzo Marinuzzi (admitted *pro hac vice*)
Raff Ferraioli (admitted *pro hac vice*)
Miranda Russell (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email:  LMarinuzzi@mofo.com
        RFerraioli@mofo.com
        MRussell@mofo.com

*Attorneys for East Valley Development, LLC*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br><br>☐ Idaho Jersey Girls<br><br>☐ East Valley Cattle<br><br>☐ Millenkamp Properties<br><br>☐ Millenkamp Family<br><br>☐ Goose Ranch | Jointly Administered With Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

ny-2881408

☐ Black Pine Cattle

☐ Millenkamp Enterprises

☐ Idaho Jersey Girls Jerome Dairy

**EAST VALLEY DEVELOPMENT'S MOTION FOR RELIEF
FROM THE AUTOMATIC STAY TO PROCEED WITH ARBITRATION**

East Valley Development, LLC ("EVD"), by and through its undersigned attorneys, hereby files this *Motion for Relief from the Automatic Stay to Proceed with Arbitration* (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-2 of the Idaho Local Bankruptcy Rules (the "Local Rules"), granting limited relief from the automatic stay of section 362 of the Bankruptcy Code (the "Automatic Stay") so that, among other things, EVD may assert and prosecute counterclaims and/or defenses in the pending arbitration commenced by the Debtors (*East Valley Cattle, LLC and Millenkamp Cattle, Inc. v. East Valley Development, LLC*, No. 01-25-0000-2696, American Arbitration Association) (the "Arbitration"). In support of the Motion, EVD respectfully represents as follows:

### I. PRELIMINARY STATEMENT[1]

1.  The Debtors filed a Demand for Arbitration (the "Demand") against EVD on January 17, alleging meritless claims for breach of contract and declaratory judgment arising from EVD's obligations and conduct under the Facility Agreements, which govern the construction of a commercial-scale renewable methane gas production facility (the "Facility") on the Debtors'

---

[1] Capitalized terms used but not otherwise defined in the Preliminary Statement shall have the definitions ascribed to such terms in the remainder of the Motion.

2

ny-2881408

property.[2] EVD was surprised and disappointed that, in the face of a protracted, contested plan process (including a competing chapter 11 plan proposed by the Debtors' secured lender Rabo AgriFinance) and no clear path forward for the Debtors' business after over 10 months in bankruptcy, the Debtors decided to expend the estates' time and limited financial resources to pick a fight with their long-term strategic counterparty by commencing mandatory Arbitration. This Arbitration is an unfortunate distraction from the real work that needs to be done to ensure that the Debtors are adequately capitalized to continue as a successful go-forward contract counterparty with EVD, which will maximize value for all stakeholders as the Facility is projected to provide millions of dollars of revenue to the Debtors. Nonetheless, EVD intends to vigorously stand on its rights in the forthcoming Arbitration.

2. Within days of receipt of the Demand, counsel for EVD reached out to counsel for the Debtors to discuss entering a stipulation for entry of a comfort order lifting the Automatic Stay so that EVD could fully participate in the Arbitration, including asserting counterclaims against the Debtors. Unfortunately, the Debtors have refused to engage further on a consensual form of order, so EVD was forced to file this Motion.[3]

3. EVD now respectfully requests an order from the Court permitting EVD to fully participate in the Arbitration initiated by the Debtors. The Debtors' proposal that EVD be prevented from asserting its own claims against the Debtors regarding the Facility Agreements would be unfair and prejudicial to EVD. Because any counterclaims from EVD would be inextricably intertwined with those made by the Debtors, the Debtors' claims cannot proceed in

---

[2] The Facility Agreements provide for mandatory arbitration of "[a]ny controversy or claim arising out of or relating to" the respective Facility Agreement. *See* Ground Lease at § 30.2; MSA at § 18.2.2.

[3] The Debtors have also made the perplexing assertion that any counterclaims made by EVD should be asserted in this Court, rather than in the Arbitration, despite the Debtor claimants' own forum choice of an arbitration proceeding before the American Arbitration Association with respect to disputes arising under the Facility Agreements. EVD will not waive its contractual right to arbitration and fully reserves all of its rights should this issue come before this Court.

3

ny-2881408

the Arbitration without lifting the stay to permit EVD to assert counterclaims. Lifting the stay for these limited purposes is necessary to vindicate the federal policy favoring arbitration and to uphold the mandatory arbitration provisions in the Facility Agreements. As discussed below, cause exists to grant the relief requested herein and no parties will be prejudiced if such relief is granted.

## II. JURISDICTION

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-2.

## III. BACKGROUND

5. On April 2, 2024 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Idaho (the "Court"). Upon the Petition Date, the Automatic Stay came into effect and stayed the commencement of any action against the Debtors that could have been commenced before the Petition Date.

6. Prior to the Petition Date, EVD and the Debtors (collectively, the "Parties" and each, a "Party") entered into (a) that certain Ground Lease Agreement dated effective as of October 8, 2021, between Debtor East Valley Cattle, LLC and EVD (as amended, the "Ground Lease") and (b) that certain Manure Supply Agreement dated effective as of October 8, 2021, between Debtor Millenkamp Cattle, Inc. and EVD (as amended, the "MSA," and together with the Ground Lease, the "Facility Agreements").[4] The Ground Lease and the MSA provide for

---

[4] Additional background information regarding the Facility Agreements is set forth in *East Valley Development's Motion to Compel Assumption or Rejection of Executory Contracts, or, in the Alternative, for Equitable Relief* [Docket No. 549].

4

ny-2881408

arbitration of all disputes arising out of the respective agreement before the American Arbitration Association (the "AAA") in accordance with the AAA's Commercial Arbitration Rules (the "Commercial Rules").

7. On July 11, 2024, EVD filed proofs of claim [Case No. 24-40158, Claim No. 125 and Case No. 24-40160, Claim No. 12] (collectively, the "Proofs of Claim") asserting contingent rejection damages claims relating to the Facility Agreements. On February 5, 2025, the Debtors filed the *Chapter 11 Second Amended Plan of Reorganization of Millenkamp Cattle, Inc. and Its Related Debtor Affiliates, dated February 4, 2025* [Docket No. 888] (the "Second Amended Plan"). The Second Amended Plan provides that the Debtors have made their final decision to assume the Facility Agreements and confirms that the Facility Agreements will not be removed from the Debtors' schedule of assumed contracts. *See* Second Amended Plan, § 6.3.2, fn. 10.

8. On January 17, 2025, in accordance with the mandatory arbitration provisions in the Facility Agreements, the Debtors filed the Demand with the AAA, alleging claims for breach of contract and declaratory judgment arising from the Parties' obligations under the Facility Agreements. The Demand also requests that the arbitrator retain jurisdiction to resolve future disputes that may exist in the Parties' ongoing controversy.

9. On February 3, 2025, the Parties attended an administrative arbitration conference with the AAA for the sole purpose of determining preliminary arbitration logistics. At this administrative conference, the Debtors reiterated that they will not stipulate to modify the Automatic Stay, and the Parties agreed to continue the administrative conference for an additional 30 days pending the resolution of the issues raised herein.

5

ny-2881408

### IV. RELIEF REQUESTED

10. By this Motion, EVD respectfully requests entry of an order substantially in the form of Proposed Order attached hereto as **Exhibit A**: (a) confirming that EVD may fully respond to and defend against the Demand and the claims asserted against EVD therein without violating the Automatic Stay; and (b) lifting the Automatic Stay for the limited purpose of permitting (i) EVD to assert and prosecute any counterclaims and/or defenses against the Debtors in the Arbitration;[5] (ii) the completion of the Arbitration in accordance with the Commercial Rules, including, without limitation, all preliminary matters, motions, exchanges of information, hearings, discovery, and other procedures and determinations that the arbitrator may deem necessary in order to render any award(s) related thereto; (iii) the entry of a final and binding decision by the arbitrator in the Arbitration or a settlement by and between the Parties; and (iv) the issuance by the arbitrator of an award or awards on the merits of either Party's claims or counterclaims.

### V. BASIS FOR RELIEF REQUESTED

**A.  Cause Exists to Modify the Automatic Stay**

11. Section 362 of the Bankruptcy Code provides that the court shall grant relief from the automatic stay for cause. *See* 11 U.S.C. § 362(d)(1). EVD has the initial burden of establishing a prima facie case that cause exists. *In re Hawkeye Entm't*, No. 23-bk-11501, 2024 WL 1528460, at *10 (Bankr. C.D. Cal. Apr. 8, 2024) (citations omitted). Thereafter, pursuant to section 362(g)(2)

---

[5] To the extent that EVD asserts a claim for recoupment against any claim asserted by the Debtors in the Arbitration, then EVD submits that the Automatic Stay would not be implicated. *See In re TLC Hosps., Inc.*, 224 F.3d 1008, 1011 (9th Cir. 2000) ("As applied in bankruptcy, recoupment is an equitable doctrine that 'exempts a debt from the automatic stay when the debt is inextricably tied up in the post-petition claim.'") (citing *United States v. Consumer Health Servs. of Am., Inc.*, 108 F.3d 390, 395 (D.C. Cir. 1997); *accord In re Williamson*, 795 F. App'x 537, 538 (9th Cir. 2020) ("Binding precedent further makes clear that the equitable recoupment is not subject to the automatic stay."). Additionally, any counterclaims relating solely to post-petition conduct would not be stayed. *See* 3 Collier on Bankruptcy ¶ 362.03 (16th 2024).

of the Bankruptcy Code, the Debtors bear the burden of proof on all other issues, to show that relief from the stay is unwarranted, including the absence of cause for relief under section 362(d)(1). *Id.*

12. The term "cause" is not defined in the Bankruptcy Code and whether cause exists is to be determined on a case-by-case basis after examining the totality of the circumstances. *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. B.A.P. 2009); *In re Hawkeye Entm't*, 2024 WL 1528460, at *9-10; *accord In re Lyon*, No. 19-00129-TLM, 2019 WL 2866558, at *3 (Bankr. D. Idaho July 2, 2019). In determining whether to grant relief from the stay so that an action can proceed in another forum, courts in this circuit generally consider judicial economy, the expertise of the alternative forum, prejudice to the parties, and whether exclusively bankruptcy issues are involved. *In re Kronemyer*, 405 B.R. at 921 (citations omitted); *see also In re Jardine*, 647 B.R. 224, 235 (Bankr. D. Idaho 2022). Courts in this circuit have recognized a non-exhaustive list of factors that articulate the foregoing considerations and are relevant to the court's determination of whether or not to grant relief from the automatic stay, including the following *Curtis* factors:

(1) Whether the relief will result in a partial or complete resolution of the issues;

(2) The lack of any connection with or interference with the bankruptcy case;

(3) Whether the foreign proceeding involves the debtor as a fiduciary;

(4) Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

(5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

(6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

(7) Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee, and other interested parties;

ny-2881408

(8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under section 510(c);

(9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under section 522(f);

(10) The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

(11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

(12) The impact of the stay on the parties and the "balance of hurt."

See *In re Hawkeye Entm't*, 2024 WL 1528460, at *10 (citing *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)); *see also In re Altman*, No. 6:16-BK-15248-MW, 2018 WL 3133164, at *7 (B.A.P. 9th Cir. June 26, 2018) (acknowledging the *Curtis* factors as well as additional factors under *Christensen v. Tucson Estate, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1167 (9th Cir. 1990) that can be considered).

13. Not all of these factors are relevant in each case, and the court does not have to give equal weight to each factor in deciding whether to modify the stay. *In re Hawkeye Entm't*, 2024 WL 1528460, at *10. As such, EVD believes the relevant factors discussed herein weigh in favor of modifying the Automatic Stay to the limited extent as set forth herein.

### *The Relief Requested Will Result in a Complete Resolution of the Issues.*

14. Granting relief from the Automatic Stay so that EVD can assert and prosecute counterclaims and/or defenses arising from the same facts and circumstances upon which the Arbitration is focused will result in a complete resolution of the issues between the Parties. In the alternative, if this Motion is denied, then EVD's counterclaims will remain unresolved so that the Parties will be unable to obtain finality with respect to these issues. Moreover, the final determination of the arbitrator will resolve the issues between the Parties as it relates to their

obligations under the Facility Agreements and be binding on the Parties. Only the enforcement of any monetary or other award(s) against the Debtors as issued by the arbitrator or otherwise agreed upon between the Parties in connection with a settlement agreement will be subject to further order of this Court. As such, EVD respectfully submits that this factor weighs in favor of granting limited relief from the Automatic Stay.

> ***The State Law Contractual Disputes Under the Facility Agreements at Issue in the Arbitration Will Not Interfere with the Debtors' Bankruptcy Cases.***

15. Modification of the Automatic Stay to allow EVD to assert and prosecute counterclaims and/or defenses in the Arbitration will not interfere with the administration of the Debtors' bankruptcy cases. The claims alleged by the Debtors in the Arbitration, and the counterclaims that EVD intends to bring, are state law contractual disputes, not bankruptcy issues. For example, in *In re Snake River Dairyman's Ass'n., Inc.*, No. BANKR. 03-41124, 2004 WL 4960361, at *6 (Bankr. D. Idaho Mar. 31, 2004), this Court considered breach of contract claims asserted by a creditor against a debtor and held that the facts in that case favored resolution by arbitration because, among other reasons, the creditor's claims were "based solely upon state law" and "will be resolved without resort to interpreting the Bankruptcy Code or Rules." In addition, this Court recognized that "Congress has established a strong policy favoring the enforcement of arbitration clauses in private contracts." *Id.* at *7. *See also MCI Telecomms. Corp. v. Gurga (In re Gurga)*, 176 B.R. 196, 199 (9th Cir. BAP 1994) (holding that a bankruptcy court did not have discretion to refuse to enforce an arbitration clause in a prepetition agreement where the underlying action was based on a non-core breach of contract claim).

16. As discussed above, the Debtors certainly have larger issues at hand in their chapter 11 cases. The outcome of the Arbitration will not impact whether the Debtors are able to reorganize one way or another, particularly given the fact that all stakeholders already know that the Parties

9

ny-2881408

will continue working together on the Facility post-emergence. EVD respectfully submits that the Arbitration, inclusive of EVD's counterclaims, can proceed on a track parallel to the Debtors' bankruptcy cases with little to no disruption to the administration of such cases. Indeed, this was ultimately a decision that the Debtor claimants made themselves when they decided to file the Demand with AAA (and voluntarily submit to the jurisdiction of an alternative forum) rather than bringing these issues before this Court in the first instance. Moreover, the Debtors requested in their Demand that the arbitrator retain jurisdiction of this matter in order to resolve future controversies, which could arise well past the Debtors' emergence from bankruptcy. This clearly aligns with the relief requested herein. EVD respectfully submits that this factor weighs in favor of granting limited relief from the Automatic Stay.

### *The Arbitration Will Not Prejudice the Interests of Other Creditors, the Creditors' Committee, or Other Interested Parties.*

17. Granting the requested relief will not prejudice other creditors or parties of interest because the Arbitration is predominantly a dispute between the parties to the Facility Agreements: certain of the Debtors and EVD. The rights of third parties are not directly implicated by the claims alleged and counterclaims to be asserted. Additionally, as noted above, even if an award is issued in EVD's favor, EVD will be prohibited from enforcing such award against the Debtors' estates without further order of this Court. This will ensure that the Debtors' estates will still be administered in accordance with the Bankruptcy Code and in the best interests of all creditors. Accordingly, EVD respectfully submits that this factor weighs in favor of granting relief from the Automatic Stay.

ny-2881408

***The Interests of Judicial Economy and the Expeditious and Economical Determination for the Parties Supports Granting the Requested Relief.***

18. The consideration of judicial economy likewise favors modifying the Automatic Stay to allow EVD to assert counterclaims in the Arbitration. It is axiomatic that the Parties intended to bind themselves to mandatory arbitration when negotiating and executing the Facility Agreements. *See* Ground Lease at § 30.2; MSA at § 18.2.2. Lifting the Automatic Stay would serve the interests of judicial economy and result in various benefits such as preventing duplicative litigation and avoiding potentially inconsistent results. *See e.g.*, *In re Henderson*, 352 B.R. 439, 443 (Bankr. N.D. Tex. 2006) ("On the issue of judicial economy, it is clear that judicial economy is served if the litigation goes forward in *either* the bankruptcy court or the district court.") (emphasis in original). The Debtors and EVD can rely on the resources provided in the currently pending Arbitration, *e.g.*, the Commercial Rules and the prospective arbitrator. EVD respectfully submits that this factor weighs in favor of granting relief from the Automatic Stay.

***The Balance of "Hurt" Will Weigh More Heavily Towards EVD if EVD Cannot Respond and Assert Counterclaims in the Arbitration.***

19. The Debtors decided to commence the Arbitration. EVD is entitled to protect and assert its rights with respect to the Facility Agreements, and, pursuant to such agreements' mandatory arbitration clauses, the already-pending Arbitration is the place to do so. EVD is simply asking for permission from the Court to assert and prosecute the counterclaims and/or defenses it holds relating to the claims alleged in the Demand. The Automatic Stay is not intended to be used as a "sword" against creditors. *See In re Scarborough-St. James Corp.*, 535 B.R. 60, 67 (Bankr. D. Del. 2015) ("The stay is not meant, however, to be used by a debtor to pursue its creditors, as more litigation is hardly consistent with the concept of a breathing spell for the debtor. Instead,

11

ny-2881408

the stay is a shield, not a sword that should help the debtor deal with his bankruptcy for the benefit of himself and his creditors.").

20. It is difficult to envision any prejudice to the Debtors if this Motion is granted. Givens Pursley LLP, the Debtors' special litigation counsel, is representing the Debtors in the Arbitration, not the Debtors' bankruptcy counsel, so the Arbitration is unlikely to impose any burden on the Debtors' bankruptcy advisors. EVD stands to be the only party harmed if the Automatic Stay is not modified as requested. As such, EVD respectfully submits that this factor weighs in favor of granting relief from the Automatic Stay.

## VI. CONCLUSION

WHEREFORE, for the reasons set forth herein, EVD respectfully requests that the Court enter the Proposed Order granting the relief requested in this Motion and such other and further relief as is just and proper.

ny-2881408

Dated:  February 14, 2025  MORRISON & FOERSTER LLP

*/s/ Lorenzo Marinuzzi*
Lorenzo Marinuzzi (admitted *pro hac vice*)
Raff Ferraioli (admitted *pro hac vice*)
Miranda Russell (admitted *pro hac vice*)

-AND-

AVERY LAW

*/s/ Janine P. Reynard*
Janine P. Reynard (ISB #6030)

*Attorneys for East Valley Development, LLC*

ny-2881408

**<u>Exhibit A</u>**

**Proposed Order**

ny-2881408

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br><br>☐ Idaho Jersey Girls<br><br>☐ East Valley Cattle<br><br>☐ Millenkamp Properties<br><br>☐ Millenkamp Family<br><br>☐ Goose Ranch<br><br>☐ Black Pine Cattle<br><br>☐ Millenkamp Enterprises<br><br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

**ORDER GRANTING EAST VALLEY DEVELOPMENT'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH ARBITRATION**

Upon consideration of the record before this Court and *East Valley Development's Motion for Relief from the Automatic Stay to Proceed with Arbitration* [D.I. [  ]] (the "<u>Motion</u>")[1] filed on February 14, 2025, with notice of the Motion having been given in accordance with the applicable Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules, and no objections having been raised (or having been overruled), and good cause existing:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

ny-2881408

**IT IS HEREBY ORDERED THAT:**

1. The Motion is approved and relief from the Automatic Stay is granted to the extent set forth herein.

2. For the avoidance of doubt, EVD may fully respond to and defend against the Demand and the claims asserted against EVD therein and such action does not violate the Automatic Stay.

3. The Automatic Stay is lifted for the limited purpose of permitting:

    a. EVD to assert and prosecute any counterclaims and/or defenses against the Debtors in the Arbitration;

    b. The completion of the Arbitration in accordance with the Commercial Rules, including, without limitation, all preliminary matters, motions, exchanges of information, hearings, discovery, and other procedures and determinations that the arbitrator may deem necessary in order to render any award(s) related thereto;

    c. The entry of a final and binding decision by the arbitrator in the Arbitration or a settlement by and between the Parties; and

    d. The issuance by the arbitrator of an award or awards on the merits of either Party's claims or counterclaims.

4. For the avoidance of doubt, until a final award is rendered in the Arbitration, or a settlement is reached between the Parties, nothing shall prohibit the Parties from taking any action in furtherance of the prosecution of the Arbitration.

5. The limited relief set forth herein shall not be construed to impact the Parties' rights in the Arbitration. Nothing contained herein shall be construed as an admission of liability by the Debtors or EVD regarding any claim or cause of action arising from, or relating to, the Facility Agreements, the Arbitration, or any other matter.

6. Any monetary or other award(s) that may be issued in the Arbitration against the Debtors or agreed upon between the Parties in connection with a settlement agreement may not be

ny-2881408

enforced against the Debtors' estates other than pursuant to a further order of this Court or a confirmed chapter 11 plan for the Debtors, and nothing contained herein shall be construed as modification of the Automatic Stay to permit any such enforcement.

7. Nothing contained herein shall impact (i) the Debtors' right to object to EVD's Proofs of Claim; or (ii) EVD's rights to amend or modify its Proofs of Claim, including, without limitation, to include any awards that may be issued in the Arbitration against the Debtors. This Court shall retain exclusive jurisdiction over (a) the Proofs of Claim and any determination related thereto, and (b) any proceedings relating to the assumption or rejection of the Facility Agreements, including, without limitation, any rejection damages asserted by EVD in connection therewith.

8. Any stay of this Order under Rule 4001 of the Federal Rules of Bankruptcy Procedure or any similar rule is hereby waived for cause, and this Order shall be effective immediately upon entry on the Court's docket.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March [___], 2025
      Boise, Idaho

_____
THE HONORABLE NOAH G. HILLEN
UNITED STATES BANKRUPTCY JUDGE

3

ny-2881408