# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| **IN RE:**<br><br>**MILLENKAMP CATTLE, INC,**<br><br>Debtor. | Case No. 24-40158-NGH |
| **Filing relates to:**<br><br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | **Jointly Administered With Case Nos.**<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>**Chapter 11 Cases** |

## ORDER REGARDING JUDICIAL SETTLEMENT CONFERENCE

On February 10, 2025, the undersigned was appointed as a settlement judge in these chapter 11 cases. *See* ECF No. 903. On February 18, 2025, the settlement judge held a telephonic status conference at which counsel for each of the Debtors; the Official

ORDER - 1

Committee of Unsecured Creditors; Rabo AgriFinance LLC; MetLife Real Estate Lending LLC; Conterra Holdings, LLC d/b/a Conterra Ag Capital as loan servicer and power of attorney for Ag Funding SC II LLC and Conterra Holdings, LLC d/b/a Conterra Ag Capital as loan servicer and power of attorney for Rooster Capital IV LLC; and Sandton Capital Partners LP (collectively, the "Parties") appeared.

In furtherance of the settlement process, IT IS HEREBY ORDERED that:

1. Each of the Parties and their respective advisors must appear for an in-person settlement conference in Seattle, Washington, commencing at **9:30 a.m. Pacific time on March 6, 2025**, and continuing through March 7, 2025, as appropriate.

2. Each of the Parties will begin the settlement conference in a separate conference or break-out room.

3. Each of the Parties must bring business principals possessing the authority to agree to binding settlement terms to the settlement conference.

4. The Parties are directed to email any written submissions to be reviewed in advance of the settlement conference to Chantelle Sliman, at Chantelle_Sliman@waeb.uscourts.gov, on or before **March 3, 2025**.

5. The settlement conference—including all communications during the conference and all materials created in connection with the conference—will be a confidential compromise negotiation protected by Federal Rule of Evidence 408 and must be kept confidential to the maximum extent contemplated by any other applicable law regarding settlement discussions or mediations.  *See also* ECF No. 903 ¶¶ 6-7.

6. During and between settlement sessions and before completing a settlement agreement, the Parties are encouraged to consult with their attorneys regarding their legal rights and obligations.  While the settlement judge discusses legal concepts and options with the Parties, the settlement judge is not giving legal advice or counsel to any person or entity in the settlement process.  The Parties and their counsel understand and agree they have not sought, received, or relied on such advice and further understand and agree the settlement judge has no duty to assert, analyze, or protect any legal right or obligation of any party or participant.

ORDER - 2

7. The Parties understand, agree, and acknowledge that the settlement judge will be so appointed because of a judicial position as, and to act in the specific capacity as, a United States Bankruptcy Judge. By serving as a settlement judge, such judge performs judicial duties. Accordingly, such judge and all persons assisting a settlement judge will have full, unqualified judicial immunity, as well as all other privileges, immunities, and protections of a United States Bankruptcy Judge and judiciary employees, regarding any matters arising from or related to such judge's role as settlement judge. *See also* ECF No. 903 ¶¶ 4-5.

8. From and after the date that is 30 calendar days after the conclusion of the settlement process, the settlement judge may, in the settlement judge's sole and absolute discretion, return, destroy, or otherwise dispose of any or all records, reports, summaries, notes, communications, or other documents received or made by the settlement judge or any court employees while serving in such capacity.

DATED: February 18, 2025.

_____
WHITMAN L. HOLT
U.S. BANKRUPTCY JUDGE

ORDER - 3