UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

## ORDER ESTABLISHING 506(b) CLAIM PROCEDURES

The Court, having reviewed the Debtors' Motion to Establish Procedure for 11 U.S.C. § 506(b) Claim (Docket No. 463 – the "Motion") filed by the Debtors Millenkamp Cattle, Inc., et al. (the "Debtors"), a hearing having been held on the Motion on July 18, 2024, and good cause appearing,

IT IS HEREBY ORDERED that the Motion is granted in part, as provided herein. The following procedures shall apply to any request by a secured party for allowance or payment of any amount by the Debtors allowed by 11 U.S.C. § 506(b):

1.  Each Party seeking allowance or payment of an 11 U.S.C. § 506(b) claim shall file either (a) a Proof of Claim (or Amended Proof of Claim – in either case, a "Claim") detailing the fees, costs, or charges sought to be approved; or (b) a Notice of 506(b) Claim (the "Notice") with the Court.

2.  In the event a party chooses to file a Notice with the Court, any such Notice shall include, at a minimum, a specific itemization of the fees, costs or charges sought to be approved, and shall explain how each of the following conditions are satisfied:

    a.  The claim is an allowed secured claim;

    b.  The creditor is over-secured;

    c.  The fees are reasonable; and

    d.  The fees are provided for under the relevant agreement.

3.  Any party filing a Notice shall serve a copy of such Notice on the Debtors, the United States Trustee, any other party secured by the same asset(s) securing the party filing the Notice, the Official Committee of Unsecured Creditors, any party who has requested special notice in the Debtors' Chapter 11 case, and any counsel for any of the foregoing. The Notice shall be accompanied by a Certificate of Service showing which parties were served in which manner.

4.  In the event a party files a Notice, any objection to the allowance or payment of fees, costs, or charges itemized in the Notice must be filed with the Court and served on the Debtors, the party whose Notice is the subject of the objection, counsel for the Debtors and counsel for the Official Committee of Unsecured Creditors, within twenty-one (21) calendar days of the

date that the Notice was served. If no objection is timely filed and served, the party filing the Notice may submit a proposed order allowing the fees, costs or charges itemized in the Notice. If an objection is timely filed and served, then the objecting party must obtain a hearing date on the Objection and provide sufficient notice of the hearing to all parties served with the original Notice.

5. In the event a party files a Claim, then the standard procedures for objecting to a proof of claim outlined in Local Bankruptcy Rule 3007-1 shall apply. //end of text//

DATED: March 3, 2025



_____

NOAH G. HILLEN

Chief U.S. Bankruptcy Judge

Order submitted by: Matthew T. Christensen, attorney for the Debtors

Approved as to form and content:

\_\_/s/ Brent Wilson (email approval)_____

Brent R. Wilson, attorney for Rabo AgriFinance LLC

\_\_\_/s/ John O'Brien (email approval)\_\_\_\_\_

John O'Brien, attorney for Conterra