# GIVENS PURSLEY LLP
## Attorneys and Counselors at Law

601 W. Bannock Street
PO Box 2720
Boise, ID 83701
Telephone: 208-388-1200
Facsimile: 208-388-1300

www.givenspursley.com

Thomas E. Dvorak
(208) 388-1245
ted@givenspursley.com

Taylor J. Barton
Charlie S. Baser
Jeff S. Beelaert
Christopher J. Beeson
Jason J. Blakley
Clint R. Bolinder
Jeff W. Bower
Preston N. Carter
Chynna K. Castoro
Jeremy C. Chou
Charlotte V. Cunnington
Joshua C. Dickinson

Amber N. Dina
Bradley J. Dixon
Thomas E. Dvorak
Morgan D. Goodin
Don Z. Gray
Brian J. Holleran
Kersti H. Kennedy
Elizabeth A. Koeckeritz
Neal A. Koskella
Michael P. Lawrence
Franklin G. Lee
Matthew E. Liebertz

Kimberly D. Maloney
Kenneth R. McClure
Alex P. McLaughlin
Melodie A. McQuade
Megann E. Meier
Christopher H. Meyer
L. Edward Miller
Judson B. Montgomery
Deborah E. Nelson
Randall A. Peterman
Blake W. Ringer
Michael O. Roe

James B. Smith
Danielle M. Strollo
Marcus H. Waterman
Robert B. White
Michael V. Woodhouse

Kenneth L. Pursley (1940-2015)
James A. McClure (1924-2011)
Raymond D. Givens (1917-2008)

March 6, 2025

*Via Certified Mail,*
*Return Receipt Requested,*
*and Email*
William J. Flanagan
VP, Strategic Development
East Valley Development, LLC
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660
Will.Flanagan@cleanenergyfuels.com

*Via Certified Mail,*
*Return Receipt Requested,*
*and Email*
East Valley Development, LLC
Attention: General Counsel
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660
jim.sytsma@cleanenergyfuels.com

*Via Email*
Gregory B. Koltun
Alexandra Preece Barlow
Miranda Russell
Rachel A. Kaiser
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
GKoltun@mofo.com
ABarlow@mofo.com
MRussell@mofo.com
RKaiser@mofo.com

Re:   Demand for Adequate Assurances; Notice of Default to East Valley Development, LLC ("EVD")

Dear EVD General Counsel,

This letter follows up on prior notices that have been given of self-help pursuant to the Ground Lease Agreement ("Lease") between EVD and East Valley Cattle, LLC ("EVC") and the Manure Supply Agreement ("MSA") between EVD and Millenkamp Cattle, Inc. ("Millenkamp Cattle"). More specifically, EVC has, after adequate and timely notice, undertaken efforts to remedy issues with the FAN Header Manifold in the dewatering building.

March 6, 2025
Page 2

Under Section 8.3 of the Lease, if EVD "fails to maintain or operate the Project, Manure Separation Facilities, and/or the Leased Premises in accordance with the foregoing and the MSA," EVC "may take such action as [EVC] deems reasonably necessary to cause the [same] to be so maintained and [EVD] shall promptly reimburse [EVC] for [EVC's] reasonable costs and expenses in connection therewith . . . ."

Similarly, under Section 6.4 of the Manure Supply Agreement, with respect to Manure Separation Facilities, and specifically Section 6.4.2,

> Developer shall be solely responsible for, and bear the cost of, operating, maintaining, repairing and replacing the Manure Separation Facilities in a good and workmanlike manner in accordance with the operation maintenance standards of the manufacturer of the Manure Separation Facility. . . . The cost of maintenance, repair and replacement parts required by the Manure Separation Facilities shall be Developer's sole cost and expense. In the event that Developer fails to operate, maintain, repair and/or replace the Manure Separation Facilities in accordance with this Section 6.4.2, Dairy may (subject to the same conditions and requirements of Dairy as would apply to Self-Help Measures under Section 11.6.3) undertake such operation, maintenance, and/or repair at Developer's expense, and Developer shall promptly reimburse Dairy for all costs and expenses incurred by Dairy thereof. Developer and Dairy acknowledge and agree that Dairy shall incur no expense and suffer no liability whatsoever with respect to the operation, maintenance, repair and/or replacement of the Manure Separation Facilities.

The FAN Header Manifold in the dewatering building was not built in accordance with the manufacturer's recommendations. The manufacturer has visited the site and indicated as much. This deficiency has materially impacted operation and is a violation of EVD's duties under the forgoing provisions. The details of this deficiency have repeatedly been shared with EVD, yet nothing has occurred. Any cure period with respect to the deficiencies in the FAN Header Manifold that may be applicable for a material default under the MSA (13.1) and Lease (17.1) has run without remedial action. Accordingly, after due notice of intent to invoke self-help, on March 4, 2025, a contractor at the direction of EVC and Millenkamp Cattle attempted to effect repair of this non-pressurized unit in accordance with the manufacturer's specifications. EVD's management caused the contractor to leave the site under the threat of OSHA violations.

The contractor returned on March 5, 2025, accompanied by representatives of EVC and Millenkamp Cattle to ensure that the self-help work was commenced. It is anticipated that the contractor will return to the site next week on Monday and complete the work on Tuesday.

Now, I understand that management of EVD is threatening not to resume operation of the Manure Separation Facilities, claiming that the work is rendering the facility unsafe or that the

18819247.2 [11054.187]

March 6, 2025
Page 3

engineer of record has to sign off. These are contrived excuses that have no basis in reality or fact. None of the work on the pipes associated with the FAN Header Manifold is making the facility unsafe, such work involves reusing 90% of the existing material, and such work is all being done strictly in accordance with the manufacturer's recommendations. EVC has stood ready at all times (and remains so willing) to cooperate with any kind of inspection or sign-off by EVD's or SKS's engineer (who I understand is on call and/or on site) with any modifications that are made. EVC and Millenkamp Cattle will provide EVD with the costs of this work and will expect the same to be timely paid by EVD.

The recent communications from EVD regarding this work give doubt as to whether EVD will honor its obligation to operate, maintain, repair and/or replace the Manure Separation Facilities. If EVD will not acknowledge and continue its obligation to continue to operate, maintain and repair the Manure Separation Facilities, this will likely result in great damage to the operations of EVC and Millenkamp Cattle. If EVC and Millenkamp Cattle have to assume this operation, they will hold EVD liable for all costs and damages that ensue.

Accordingly, demand is made that EVD immediately provide written and adequate assurance that it will resume such operations timely as it is required to do under the contract. EVD's failure to provide such adequate assurance within ten (10) days will be deemed an anticipatory repudiation of the Manure Supply Agreement. If the same occurs, EVC and Millenkamp Cattle will deem the same a breach of EVD's duty to operate and will have no option but to take over operation under the Agreement and will, of course, claim all damages for breach and violation of the MSA and the Lease.

This letter is without prejudice to, nor does it constitute a waiver of, any and all rights of EVC or Millenkamp Cattle under the MSA or Lease or at law or equity.

Sincerely,

Thomas E. Dvorak

TED/slc
cc:    Client

18819247.2  [11054.187]