DAVID HEIDA
HEIDA LAW OFFICE, PLLC
P.O. Box 216
Kimberly, ID 83341
Telephone: (208) 320-2569
Idaho State Bar No. 6980
david@heidalawoffice.com

*Attorneys for Millenkamp Cattle, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☐ ALL DEBTORS<br>☒ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

AMENDED MOTION FOR APPROVAL OF COMPROMISE-1

> **Notice of Motion for Approval of Compromises and Opportunity to Object and for a Hearing**
>
> <u>No Objection.</u> The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within twenty-one [21] days of the date of this notice. If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.
>
> <u>Objection.</u> Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.
>
> <u>Hearing on Objection.</u> The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

## AMENDED MOTION FOR APPROVAL OF COMPROMISE

Millenkamp Cattle, Inc. ("Millenkamp"), as debtors and debtors-in-possession (collectively, the "Debtors"), hereby file Debtors' *Amended Motion For Approval of Compromise* pursuant to Fed. R. Bankr. P. 9019 for an Order Approving Compromise between Debtors and Narciso Perez Cattle and Trading, LLC ("Perez") (the "Motion"), and respectfully represent as follows:

### RELIEF REQUESTED

1. By this Motion, the Debtors seek the entry of an order, substantially in the form attached hereto as Exhibit A, approving this Motion and authorizing the settlement between Millenkamp and Perez (the "Parties") and to take all actions necessary to effectuate the settlement agreement (the "Settlement Agreement") attached hereto as Exhibit B.

### JURISDICTION

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 134. This matter is a core proceeding under 28 U.S.C. § 157(b).

3. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 105(a) and 363(b) of

AMENDED MOTION FOR APPROVAL OF COMPROMISE-2

title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Fed. R. Bankr. P. 9019.

## FACTS

5. On August 29, 2024, Millenkamp filed suit against Perez in the Fifth Judicial District of Idaho, County of Jerome, case number CV-27-24-00839.

6. On January 6, 2025, Millenkamp obtained a default judgment against Perez in the amount of $21,005.33.

7. After entry of the default judgment, two separate law firms which represented Perez, but did not enter an appearance in the aforementioned case, contacted counsel for Millenkamp in an attempt to settle the default judgment.

8. After negotiation with Perez's counsel, Millenkamp and Perez entered into the Settlement Agreement.

## LAW

9. Fed. R. Bankr. P. 9019(a), the legal basis for the relief requested in the Motion, provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." This Bankruptcy Rule empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop, Inc. (In re Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 355 (5th Cir. 1997); *Conn. Gen. Life Ins. Co. v. United Co. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F. 3d 914, 917 (5th Cir. 1995). Further, "[a]pproval of a settlement agreement is a matter within the sound discretion of the bankruptcy court." *See United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984), cert. denied, 469 U.S. 880 (1984).

AMENDED MOTION FOR APPROVAL OF COMPROMISE-3

10. "To minimize litigation and expedite the administration of a bankruptcy estate,'[c]ompromises are favored in bankruptcy." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also Will v. Nw. Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006) ("[s]ettlements are favored [in bankruptcy]"); *In re Key3Media Grp., Inc.*, No. 03-10323 (MFW), 2006 WL 2842462, at *3 (D. Del. Oct. 2, 2006). The merits of a proposed compromise continue to be judged under the criteria set forth in *Protective Committee for Independent Stockholders v. Anderson*, 390 U.S. 414 (1968). *Anderson* requires that a compromise be "fair and equitable." 390 U.S. at 424. In determining whether a proposed compromise is fair and equitable, a court should consider the following factors: (a) "the probabilities of ultimate success should the claim be litigated"; (b) "the complexity, expense, and likely duration" of litigating the claim; (c) "the possible difficulties of collecting on any judgment" rendered from such litigation; and (d) "all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Anderson*, 390 U.S. at 424; *see also Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980); *In re Moore*, 608 F.3d 253, 263 (5th Cir. 2010).

11. Such "other factors" to be considered include "the paramount interest of creditors with proper deference to their reasonable views" and "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Foster Mortg. Corp.*, 68 F.3d at 917-18. 12. All of these factors weigh in favor of approval of the Settlement Agreement.

**ARGUMENT**

13. Subject to Court approval, the Debtors' assert the proposed settlement is a "fair and equitable" resolution of the dispute, based upon factors such as: difficulty in enforcement of a judgment, the complexity, expense, and delay of the litigation, the risk of non-collection, and the paramount interest of creditors, as analyzed below. *See In re: Marples*, 266 B.R. 202, 206, 01.3

AMENDED MOTION FOR APPROVAL OF COMPROMISE-4

I.B.C.R. 116, 118 (Bankr. D. Idaho, 2001); *Martin v. Kane (In re: A&C Properties)*, 784 F.2d 1377, 1381-83 (9th Cir., 1986).

14. The Debtors respectfully submit that the Settlement Agreement represents a fair and reasonable compromise that is in the best interest of the Debtors' estates. The Settlement Agreement monetizes a judgment obtained on behalf of the Debtors and quickly provides assets to the benefit the Debtors' estate.

15. In addition, the Settlement Agreement was the result of negotiations among the Parties, which, if approved by the Court, will allow the Parties to avoid time-consuming and distracting litigation over the collection of the default judgment in Perez's home state, New Mexico.

16. The Settlement Agreement resolves all pending disputes, enabling the Debtors to focus the efforts of their key management team and other resources on confirmation issues. Accordingly, the Debtors respectfully request that the Court enter the and order approving the Settlement Agreement.

17. The Debtors respectfully submit that the compromise is fair and equitable and properly balance the interests of the Debtors' estate and the likely rewards of attempting to collect upon the judgment in a forum that is not convenient to the Debtors. The Debtors have determined in their reasonable business judgment that the benefits of the settlement outweigh their costs after considering the time, costs and probability of success in attempting to collect upon the judgment and other factors bearing on the wisdom of the compromise, including the interests of the creditors and the extent to which the settlement is the product of an arms-length negotiation.

18. The Agreement is fair, reasonable, and in the best interest of the estate. Moreover, the Debtors believe that the Agreement is in the best interests of the Debtors' estates because it

AMENDED MOTION FOR APPROVAL OF COMPROMISE-5

resolves the issues between the Parties, and prevents the expenditure of additional time and expense associated with attempting to collect upon the default judgment.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, approving the proposed Settlement Agreement; (b) authorizing the Parties to take any actions necessary to effectuate and carry out the terms of the Agreement; and(c) granting such other and further relief as may be just and proper.

DATED this 12th day of March 2025.

                                              HEIDA LAW OFFICE, PLLC

                                              By:_____
                                                   David A. Heida

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of March, 2025, I caused to be served a true and correct copy of the foregoing *Motion For Approval of Compromise* electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Matthew T. Christensen mtc@johnsonmaylaw.com
US Trustee ustp.region18.bs.ecf@usdoj.gov
Aaron R. Bell abell@evanskeane.com
Morton R. Branzburg mbranzburg@klehr.com
Heidi B. Morrison heidi@racineolson.com
Laura E. Burri lburri@morrowfischer.com
Brett R. Cahoon ustp.region18.bs.ecf@usdoj.gov
William K. Carter kentcarter@grsm.com
D. Blair Clark dbc@dbclarklaw.com
David A. Coleman david@colemanjacobsonlaw.com
Connor B. Edlund edlund@mwsslawyers.com
Gery W. Edson gedson@gedson.com
Jon B. Evans evans.jb@dorsey.com
Zachary Fairlie zfairlie@spencerfane.com
Brian Faria brian@sawtoothlaw.com
Kimbell D. Gourley kgourley@idalaw.com
Daniel C. Green dan@racineolson.com
Matthew W. Grimshaw matt@grimshawlawgroup.com
John F. Kurtz jfk@kurtzlawllc.com
Adam A. Lewis alewis@mofo.com
Karyn Lloyd klloyd@grsm.com
Jed W. Manwaring jmanwaring@evanskeane.com
J. Justin May jjm@johnsonmaylaw.com
Krystal R. Mikkilineni krystal.mikkilineni@dentons.com
Rhett M. Miller rmiller@magicvalley.law
John D. Munding john@mundinglaw.com
Jason R. Naess jason.r.naess@usdoj.gov
James Niemeier jniemeier@mcgrathnorth.com
John O'Brien jobrien@spencerfane.com
Scott C. Powers spowers@spencerfane.com
Cheryl Rambo cheryl.rambo@isp.idaho.gov
Janine P. Reynard janine@averylaw.net
Robert E. Richards robert.richards@dentons.com
Holly Roark holly@roarklawboise.com
Evan T. Roth evan@sawtoothlaw.com
Tirzah R. Roussell tirzah.roussell@dentons.com
Miranda K. Russell mrussell@mofo.com
Andrew J. Schoulder andrew.schoulder@nortonrosefulbright.com

AMENDED MOTION FOR APPROVAL OF COMPROMISE-7

Sheila R. Schwager sschwager@hawleytroxell.com
Louis V. Spiker louis.spiker@millernash.com
Matthew A. Sturzen matt@shermlaw.com
Meredith L. Thielbahr mthielbahr@grsm.com
Kim J. Trout ktrout@trout-law.com
Brent R. Wilson bwilson@hawleytroxell.com

Any others as listed on the Court's ECF Notice.

By: _____
      David A. Heida

AMENDED MOTION FOR APPROVAL OF COMPROMISE-8

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☐ ALL DEBTORS<br>☒ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

**[PROPOSED] ORDER GRANTING THE DEBTORS' MOTION PURSUANT TO RULE 9019 FOR AN ORDER APPROVING COMPROMISE AND SETTLEMENT AGREEMENT BETWEEN THE DEBTOR MILLENKAMP CATTLE AND NARCISCO PEREZ CATTLE AND TRADING, LLC**

Upon the Debtors' Motion (Docket No. _____) (the "Motion") Pursuant to Rule 9019 for an Order Approving Compromise and Settlement Agreement Between Millenkamp Cattle, Inc. and Narciso Perez Cattle and Trading, LLC, as debtors and debtors-in-possession (the "Debtors"); and the

ORDER ON APPROVAL OF COMPROMISE-1

Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334, and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that the relief requested in the Motion is in the best interests of the Debtors and their estates; and it appearing that due and sufficient notice of the Motion has been provided by the Debtors and that no other or further notice is required; and after due deliberation and good cause appearing, it is

HEREBY ORDERED THAT:

    1. The Settlement Agreement attached as Exhibit B to the Motion is approved pursuant to Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code.

    2. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion and the terms of the Settlement Agreement.

    3. This Order shall be effective immediately and not stayed under any provision of the Bankruptcy Code or any Bankruptcy Rule.

    4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Settlement Agreement.

// end of text //

Submitted by David Heida
Attorney for Millenkamp Cattle, Inc.

DATED:_____

_____
HONORABLE NOAH G. HILLEN
UNITED STATES BANKRUPTCY JUDGE

ORDER ON APPROVAL OF COMPROMISE-2

Exhibit G

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between **NARCISO PEREZ CATTLE & TRADING, LLC**, a New Mexico limited liability company, and **MILLENKAMP CATTLE, INC.**, an Idaho limited liability company, and their respective agents, representatives, heirs, and assigns (collectively "Parties").

## RECITALS

A. A dispute arose between the Parties out of a December 2023 transaction involving 310 cattle sold by Millenkamp Cattle, Inc. to Narciso Perez Cattle & Trading, LLC. Millenkamp Cattle, Inc. filed suit against Narciso Perez Cattle & Trading, LLC regarding this dispute on August 29, 2024, in the Fifth Judicial District of Idaho, County of Jerome, case number CV-27-24-00839 (the "Lawsuit").

B. Default judgment was applied for and granted in the amount of $21,005.33.

C. Since 2022, Millenkamp Cattle, Inc. has been in continuous possession of approximately 2500 Semen Straws owned by Narciso Perez Cattle & Trading, LLC (the "Semen Straws").

D. Recognizing the value of the Semen Straws and desiring to resolve the dispute underlying the Lawsuit and default judgment, the Parties wish to enter into the Agreement in order to effect full and final satisfaction of the default judgment entered in the Lawsuit.

## AGREEMENT

**1.    Satisfaction of Judgment.** In consideration of Narciso Perez Cattle & Trading, LLC's agreement to provide value as defined in ¶ 2, below, Millenkamp Cattle, Inc. agrees to file a satisfaction of judgment under Idaho Rule of Civil Procedure 58.1 in the above-referenced Lawsuit within two (2) days of receipt of such value.

**2.    Consideration.** In consideration of Millenkamp Cattle, Inc.'s agreement to file a satisfaction of judgment set forth above in ¶ 1, Narciso Perez Cattle & Trading hereby agrees to pay Millenkamp Cattle, Inc., the sum of SEVENTEEN THOUSAND ONE HUNDRED AND FORTY-EIGHT and 93/100 DOLLARS ($17,141.93), and to relinquish claim to the above-referenced Semen Straws. The time for such payment shall be within one (1) week of the Effective Date as defined in ¶ 5, below. Payment shall be by wire transfer or check made out to Millenkamp Cattle, Inc.-Debtor In Possession.

**3.    Semen Straws.** Narciso Perez Cattle & Trading, LLC, does hereby grant, bargain, sell, convey, warrant, and transfer to Millenkamp Cattle, Inc., all of its right, title and interest in and to the Semen Straws previously described in the Recitals upon the Effective Date. Narciso Perez Cattle & Trading, LLC, hereby covenants it is the lawful owner of the Semen Straws, has good right and title to sell and convey the Semen Straws to Millenkamp Cattle, Inc., that the Semen Straws are free from any and all liens, claims (including but not limited to third-party claims arising out of law, course of dealing, course of performance, usage of trade or otherwise), restrictions,

1

licenses and encumbrances of any nature, and that Narciso Perez Cattle & Trading, LLC, will defend the same from and after the date hereof, and that Narciso Perez Cattle & Trading, LLC, will execute, acknowledge and deliver any further assignments, conveyances and other assurances, documents and instruments of transfer reasonably requested by Millenkamp Cattle, Inc. and its successors and assigns for the purpose of assigning, transferring, granting, conveying and confirming the Semen Straws to Millenkamp Cattle, Inc. Narciso Perez Cattle & Trading, LLC, disclaims any implied or express warranty as to the quality of the Semen Straws and Millenkamp Cattle, Inc., takes possession of the Semen Straws on an AS-IS, WHERE-IS" and "WITH ALL FAULTS" basis, regardless of defects, latent or otherwise. Narciso Perez Cattle & Trading, LLC makes no warranties, express or implied other than to good and merchantable right and title as stated above.

**4.     Attorneys' Fees.** The Parties shall bear their own attorneys' fees and costs in connection this Agreement and incurred prior to the last date of signature of the Agreement.

**5.     Bankruptcy Court Approval Required.** This Settlement Agreement is subject to approval by the Bankruptcy Court. Millenkamp Cattle, Inc, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, will file a motion in the United States Bankruptcy Court for the District of Idaho, Case No. 24-40158-NGH requesting an order approving this Settlement Agreement. This Settlement Agreement will become effective upon approval of the Bankruptcy Court (the "Effective Date").

**6.     Entire Agreement.** The Parties agree that this Agreement is the entire agreement between the Parties concerning the facts underlying the Lawsuit and shall be binding upon their successors and assigns.

**7.     Representation of Comprehension of Document.** The Parties represent that they have entered into this Agreement voluntarily following the opportunity to consult with legal counsel, have completely reviewed and understand the terms of this Agreement, and have voluntarily accepted it.

**8.     Governing Law.** This Agreement shall be governed by the laws of the State of Idaho.

**9.     Additional Documents.** The Parties agree that this document may be executed in counterparts. The Parties further agree that they will execute any additional documents that may be necessary to give full force and effect to the terms of this Agreement.

*//remainder of this page intentionally left blank//*

THE UNDERSIGNED HAS READ THE FOREGOING AND FULLY UNDERSTANDS AND AGREES TO THE TERMS SET FORTH ABOVE.

*[signature]*

William J. Millenkamp, as President of Millenkamp Cattle, Inc.

AGREED TO AND APPROVED AS TO FORM AND CONTENT

THE UNDERSIGNED HAS READ THE FOREGOING AND FULLY UNDERSTANDS AND AGREES TO THE TERMS SET FORTH ABOVE.

*DocuSigned by:*
*Narciso Perez*

Narciso Perez, as Member of Narciso Perez Cattle & Trading, LLC

AGREED TO AND APPROVED AS TO FORM AND CONTENT

3