Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
Suzanne Jaderholm, ISB: 12555
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
jjm@johnsonmaylaw.com
sj@johnsonmaylaw.com

Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

DEBTORS' OBJECTION TO EVD'S AMENDED MOTION FOR RELIEF FROM
AUTOMATIC STAY AND MOTION TO SHORTEN TIME – Page 1

**DEBTORS' OBJECTION TO EVD'S AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY AND MOTION TO SHORTEN TIME**

The Debtors, by and through their counsel of record, JOHNSON MAY, respond to the Amended Motion for Relief from Automatic Stay (Docket No. 950 – the "Amended Motion") and the Motion to Shorten Time (Docket No. 953) filed by East Valley Development, LLC ("EVD"), as follows:

1. The Amended Motion should not be held on shortened time.

The Motion, while couched as an "Amended Motion" is realistically an entirely new Motion that seeks relief from stay for entirely new reasons, compared with the original motion. The Motion was served and notice provided less than 48 hours prior to the scheduled hearing. The scope of relief requested in the motion is overly broad to be granted on such a shortened time period, effectively providing the Debtors just one business day to respond to the Motion prior to the scheduled hearing. For the reasons outlined further here, the Debtors assert that there is not an "emergency" requiring the time on the motion be shortened, and therefore objects to shortening time on the Amended Motion.

2. The Amended Motion continues to request stay relief for something that is moot.

The Motion seeks relief from the automatic stay for EVD to pursue an arbitration demand seeking injunctive relief stopping or otherwise prohibiting work the Debtors are performing on the FAN Header Manifold located at the Manure Separation Facility, which is located on East Valley Cattle's real property (and is leased by EVD). As outlined in the Motion (including the letters from Debtors' special counsel attached to the motion), the Debtors' modifications were being performed in order to fix an engineering design failure in the facility which was causing a portion of the manure separating facility (specifically the FAN separators in the dewatering building) to

constantly clog. EVD was notified of the problem in November of 2024 and failed to acknowledge or fix the problem. Only upon Debtors providing notice of their intent to fix the problem pursuant to the contractual right to self-help remedies in March 2025 did EVD acknowledge the failed engineering. Debtors located and secured the services of contractors, which previously and currently provide parts and service on the manure separating facility (i.e., they were not entirely new contractors to the facility) to re-route the plumbing for the manure to properly flow to the facility (all in accordance with the manufacturer's recommendations). It is this re-plumbing work that EVD seeks injunctive relief to stop.

However, the re-plumbing work was completed prior to EVD even filing its motion (a fact of which EVD was aware at the time the Amended Motion was filed). When the re-plumbing work was completed and the facility brought back into operation, the manure properly flowed through the FAN separators in a manner that precluded clogging. Thus, EVD again seeks relief from stay for an issue which no longer exists. The re-plumbing work is completed – there is nothing for injunctive relief to stop. For this reason, the Amended Motion is moot.

3. <u>The Amended Motion improperly seeks an order of this court compelling arbitration.</u>

There is no currently-pending arbitration between the Debtors or EVD. EVD seeks relief from stay in order to initiate arbitration and seek to litigate its alleged claims against the Debtors in an arbitration forum. Notably, however, EVD has not requested this Court compel arbitration, or otherwise filed any answer to the Debtors' adversary complaint (*see* Adv. Case No. 25-08003-NGH). Rather, EVD appears to be attempting to get this court to order arbitration in the context of a stay relief motion – which is a wholly-improper procedural posture to be requesting arbitration. Further, the Debtors intend to vigorously dispute any motion to compel arbitration for several reasons, including that arbitration of the disputes against the Debtors while a bankruptcy case is

DEBTORS' OBJECTION TO EVD'S AMENDED MOTION FOR RELIEF FROM
AUTOMATIC STAY AND MOTION TO SHORTEN TIME – Page 3

pending would be improper. *See, e.g., Samson v. The LCF Group, Inc. (In re Bridger Steel, Inc.)*, 2024 WL 4377452 (Bankr. D. Mont. 2024) (discussing and evaluating the requirements to compel arbitration in a bankruptcy proceeding). A request to compel arbitration cannot be pursued through a motion to lift stay.

4. <u>The automatic stay is implicated by EVD's requested relief.</u>

EVD argues that relief from the automatic stay isn't necessary, as the dispute is an "entirely post-petition dispute" and all they are seeking is a comfort order from this court. This statement is incorrect. The automatic stay prohibits, among other things, "any act to … exercise control over property of the estate." *11 U.S.C. § 362(a)(3)*. It is undisputed that the property where the facility is located is property of East Valley Cattle, LLC. It is further undisputed that the property is subject to the various agreements between the two parties, and that the work that was done by the Debtors was on the facility located on that property. Consequently, any action to prohibit the Debtors from accessing that property or otherwise using it is, by definition, any action to exercise control over property of the bankruptcy estate (property which is an integral part of the Debtors' daily dairy operations). Consequently, the automatic stay is implicated, and the "comfort order" sought from this Court is much more than that (and, as argued elsewhere herein, is not something that should be granted).

5. <u>The Amended Motion seeks relief in order to pursue an injunction with questionable merit.</u>

The relief sought by the motion is the right to pursue potential injunctive relief prohibiting the Debtors from completing remedial work on the Manure Separation Facility.[1] Setting aside the

---

[1] Keep in mind, the Amended Motion is a request for stay relief – not a request for injunctive relief. This court has not been requested to issue injunctive relief, and the Debtors likely dispute whether an arbitrator would even possess authority to order injunctive relief regarding the Debtors' property, rather than simply monetary damages – which EVD expressly argues it would not be seeking in the arbitration.

DEBTORS' OBJECTION TO EVD'S AMENDED MOTION FOR RELIEF FROM
AUTOMATIC STAY AND MOTION TO SHORTEN TIME – Page 4

fact that the remedial work is already completed, as this court is aware the standards for receiving injunctive relief are high, and require a showing by EVD that (1) it has a reasonable likelihood of success on the merits; (2) possibility of irreparable injury to EVD if injunctive relief is not granted; (3) balance of hardships favors EVD in the absence of injunctive relief; (4) the entry of the injunction would advance the public interest. *Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1094-95 (9th Cir. 2007). Where monetary relief is available, irreparable injury will normally not be present. *See, e.g., L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197 (9th Cir. 1980). The Debtors dispute whether EVD could even show reasonable likelihood of success on the merits (i.e., that the Debtors actions somehow violated the facility agreements which provide for the sort of self-help measures employed by the Debtors); or irreparable injury to EVD (since monetary relief would fully compensate EVD for whatever damages it claims to have suffered).

For all of the foregoing reasons, the Debtors object to shorting time on the Amended Motion, or even granting the Amended Motion at all. The Debtors reserve the right to provide additional arguments and authorities against the Amended Motion in the event the court does not deny the motion at the hearing on March 13, 2025.

DATED this 12th day of March 2025.

JOHNSON MAY

/s/ Matthew T. Christensen
MATTHEW T. CHRISTENSEN
Counsel for Debtors

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 12th day of March 2025, I caused to be served a true and correct copy of DEBTORS' OBJECTION TO EVD'S AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY AND MOTION TO SHORTEN TIME electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Suzanne Jaderholm | sj@johnsonmaylaw.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Aaron R. Bell | abell@evanskeane.com |
| Adam A. Lewis | alewis@mofo.com |
| Alexandra O. Caval | alex@cavallawoffice.com |
| Andrew J. Schoulder | andrew.schoulder@nortonrosefulbright.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |
| Brett R. Cahoon | ustp.region18.bs.ecf@usdoj.gov |
| Brian Faria | brian@sawtoothlaw.com |
| Cheryl Rambo | Cheryl.rambo@isp.idaho.gov |
| Connor B. Edlund | edlund@mwsslawyers.com |
| D. Blair Clark | dbc@dbclarklaw.com |
| Daniel C. Green | dan@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| David T. Krueck | dkrueck@perkinscoie.com |
| Eric R. Clark | Eclark101@hotmail.com |
| Evan T. Roth | evan@sawtoothlaw.com |
| Gabriel L. Olivera | golivera@omm.com |
| Gery W. Edson | gedson@gedson.com |
| Heidi B. Morrison | heidi@racineolson.com |
| Holly Roark | holly@roarklawboise.com |
| James Niemeier | jniemeier@mcgrathnorth.com |
| Janine P. Reynard | janine@averylaw.net |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| John D. Munding | john@mundinglaw.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| John O'Brien | jobrien@spencerfane.com |
| Jon B. Evans | evans.jb@dorsey.com |
| Joseph M. Wager | wager@mwsslawyers.com |
| Julian Gurule | jgurule@omm.com |
| Karyn Lloyd | klloyd@grsm.com |
| Kim J. Trout | ktrout@trout-law.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Laura E. Burri | lburri@morrowfischer.com |
| Louis V. Spiker | louis.spiker@millernash.com |
| Mark B. Perry | mbp@perrylawpc.com |

DEBTORS' OBJECTION TO EVD'S AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY AND MOTION TO SHORTEN TIME – Page 6

| | |
|---|---|
| Matthew A. Sturzen | matt@shermlaw.com |
| Matthew Kremer | mkremer@omm.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| Meredith L. Thielbahr | mthielbahr@grsm.com |
| Miranda K. Russell | mrussell@mofo.com |
| Morton R. Branzburg | mbranzburg@klehr.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| Scott C. Powers | spowers@spencerfane.com |
| Sheila R. Schwager | sschwager@hawleytroxell.com |
| William K. Carter | kentcarter@grsm.com |
| Zachary Fairlie | zfairlie@spencerfane.com |

Any others as listed on the Court's ECF Notice.

/s/ Matthew T. Christensen
MATTHEW T. CHRISTENSEN