Sheila R. Schwager, ISB No. 5059
Brent R. Wilson, ISB No. 8936
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 W. Main Street, Suite 200
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5261
Email: sschwager@hawleytroxell.com
       bwilson@hawleytroxell.com

Andrew J. Schoulder (pro hac vice)
Francisco Vazquez (pro hac vice)
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: 212.318.3030
Email: andrew.schoulder@nortonrosefulbright.com
       francisco.vazquez@nortonrosefulbright.com

Attorneys for Rabo AgriFinance LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
|---|---|
| Filing relates to:<br><br>☒ ALL DEBTORS<br><br>☐ Millenkamp Cattle, Inc.<br><br>☐ Idaho Jersey Girls<br><br>☐ East Valley Cattle<br><br>☐ Millenkamp Properties | Jointly Administered With Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy) |

OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING - 1

59797.0007.18324536.2

| | |
|---|---|
| ☐ Millenkamp Properties II | Chapter 11 Cases |
| ☐ Millenkamp Family | |
| ☐ Goose Ranch | |
| ☐ Black Pine Cattle | |
| ☐ Millenkamp Enterprises | |
| ☐ Idaho Jersey Girls Jerome Dairy | |

**OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING ON THIRD AMENDED DISCLOSURE STATEMENT**

Rabo AgriFinance LLC, in its capacity as agent and secured lender (the "RLOC Agent"), by and through its attorneys of record, hereby objects to the *Motion to Shorten Time for Notice of Hearing (Dkt. No. 968)* (the "Motion"), filed on March 17, 2025, by the Debtors Millenkamp Cattle, Inc., *et al.* (the "Debtors").

The Motion seeks to shorten time for a hearing to approve the *Disclosure Statement for Third Amended Chapter 11 Plan [of] Reorganization of Millenkamp Cattle, Inc. and Its Related Affiliates (Dkt. No. 966)* (the "Disclosure Statement"), which the Debtors also filed on March 17, 2025. The Motion is set for hearing on March 24, 2025, at 2:30 p.m. (MT) as a telephonic hearing. Dkt. No. 969.

**LAW AND ARGUMENT**

Federal Rule of Bankruptcy Procedure 2002(b) requires 28-days' notice for a hearing on approval of a disclosure statement, and that notice period should be required for the Disclosure Statement the Debtors recently filed. This is particularly so because the amendments to the Disclosure Statement are significant enough to warrant a full notice period. *See In re GTS 900 F, LLC*, 2009 WL 10818073, at *1 (Bankr. C.D. Cal. April 17, 2009) (holding a "significantly

OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING - 2

59797.0007.18324536.2

modified" disclosure statement did not afford the court or the parties sufficient time to consider whether the disclosure statement contained adequate information on shortened notice and requiring the full notice period under Federal Rule of Bankruptcy Procedure 2002). In the Motion, again, the Debtors seek to shorten time as has been their consistent approach in this case. *See, e.g.*, Dkt. Nos. 28, 115, 380, 465, and 709.

The RLOC Agent respectfully submits that there are three material reasons supporting the requested denial of the Debtors' Motion and setting the Disclosure Statement hearing for the dates this Court identified at the prior status conference, May 8-9.

First, while the Debtors have approached this case to expedite hearings on multiple matters, the case is at a critical juncture, which requires full notice and a sufficient opportunity to respond. The Debtors claim in the Motion that the RLOC Agent, and others, should have had notice of the contents of the Disclosure Statement because they participated at a judicial settlement conference where a *draft* of a third amended plan was provided. In that regard, the RLOC Agent had no way of knowing what terms the actually filed disclosure statement or plan would contain, which notably the Debtors waited to file until March 17, 2025, a week and a half after the mediation. Indeed, there are changes from the draft plan circulated at the judicial settlement conference in this case and the one that has now been filed, which the RLOC Agent is having to review and evaluate for the first time. Likewise, there are a number of statements, terms, and monetary amounts that are either incorrect or inaccurate. These issues further complicate and delay the RLOC Agent's ability to evaluate and respond to a very consequential pleading in these chapter 11 cases.

Second, as counsel to the RLOC Agent informed this Court at the status hearing, the RLOC Agent intends to file an amended disclosure statement and plan to run on a dual track with the Disclosure Statement and current version of the Debtors' chapter 11 plan, that was filed on March 17, 2025, just a few days ago. Between the need to evaluate and respond to the Debtors' late-filed Disclosure Statement and the need to draft, finalize, and file its own amended disclosure statement and plan to be heard in parallel, the RLOC Agent would be prejudiced and at a disadvantage if the Court granted the Motion.

Finally, and perhaps the most consequential reason to deny the relief requested in the Motion, is the RLOC Agent's issuance, on March 20, 2025, of a notice of a plan to proceed with a UCC sale of the equity pledged to secure the debt owed to the RLOC Agent by the non-bankrupt co-borrowers and equity owners. As set forth in the attached notice, as Exhibit A hereto, the public sale is scheduled to take place on May 6, 2025. Upon sale of the equity interest, current equity will no longer be in a position to control the Debtors, and as a consequence, the Debtors may not have the requisite corporate authority to consummate the transactions contemplated in their Disclosure Statement. Indeed, the new owners of the Debtors' equity may elect to withdraw the Debtors' Disclosure Statement and plan. Apart from the Debtors' need to disclose this risk to interested parties in a disclosure statement, if the Debtors are permitted to move forward with a hearing on their Disclosure Statement on April 3-4, it would require the incurrence of significant estate resources. If there is a reasonable likelihood that the Debtors will not have the necessary corporate authority to consummate their plan as a result of the UCC auction on May 6, it would be prudent to schedule the Disclosure Hearing for

May 8-9, to provide due notice and disclosure and avoid the incurrence of unnecessary costs to the estates.

Federal Rule of Bankruptcy Procedure 9006(c)(1) allows the Court, in its discretion, to shorten time for a hearing upon a showing of "cause." "Cause" is not present here or articulated in the Motion given the concerns and issues stated above. The Disclosure Statement filed seventeen (17) days before the hearing is not sufficient to provide appropriate notice and does not meet the "high burden" the Debtors would be under to shorten the time prescribed by Federal Rule of Bankruptcy Procedure 2002(b), pursuant to this Court's comments at the hearing on March 13, 2025.

However, to the extent that the Court is inclined to grant the Debtors' Motion, the RLOC Agent respectfully requests that the Court authorize the RLOC Agent to file its amended disclosure statement and plan by March 27, 2025, so that it can be heard in parallel with the Debtors' Disclosure Statement. While such a compressed timeframe will certainly prejudice the RLOC Agent and create the risk of unnecessary inaccuracies, the RLOC agent will endeavor to work within that timeframe to the extent that the Court is inclined to grant the Motion.

Based on the foregoing, the RLOC Agent respectfully requests that the Motion be denied.

Dated: March 21, 2025					HAWLEY TROXELL ENNIS & HAWLEY LLP

							/s/ Brent R. Wilson
							_____
							Brent R. Wilson, ISB No. 8936
							Attorneys for Rabo AgriFinance LLC

OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING - 5

59797.0007.18324536.2

Dated: March 21, 2025                       NORTON ROSE FULBRIGHT US LLP

/s/ Andrew J. Schoulder
_____
Andrew J. Schoulder, *pro hac vice*
Francisco Vazquez, *pro hac vice*
Attorneys for Rabo AgriFinance LLC

OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING - 6

59797.0007.18324536.2

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of March, 2025, I electronically filed the foregoing **OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING** with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to those identified in the CM/ECF system for this matter, at the time this document was filed, including the following persons:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Roussell | tirzah.roussell@dentons.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Jon B. Evans | evans.jb@dorsey.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine Patrice Reynard | janine@averylaw.net |
| Sheila Rae Schwager | sschwager@hawleytroxell.com |
| Brent Russel Wilson | bwilson@hawleytroxell.com |
| Zachary Fairlie | zfairlie@spencerfance.com |
| John O'Brien | jobrien@spencerfane.com |
| Gery W. Edson | gedson@gedson.com |
| Aaron Bell | abell@evanskeane.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Faucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| Karen Lloyd | klloyd@grsm.com |
| James Justin May | jjm@johnsonmaylaw.com |
| Rhett Michael Miller | rmiller@magicvalley.law |
| Robert E. Richards | robert.richards@dentons.com |

OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING - 7

59797.0007.18324536.2

| | |
|---|---|
| Holly Roark | holly@roarklawboise.com |
| Evan Thomas Roth | evan@sawtoothlaw.com |
| Meredith Leigh Thielbahr | mthielbahr@grsm.com |
| John F. Kurtz, Jr. | jfk@kurtzlaw.com |

And any others receiving cm/ecf notices

/s/ Brent R. Wilson
Brent R. Wilson

OBJECTION TO DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE OF HEARING - 8

59797.0007.18324536.2



IDAHO | NEVADA | WASHINGTON

877 W. Main Street, Suite 200
P.O. Box 1617
Boise, Idaho 83701-1617
T 208.344.6000
F 208.954.5261
HAWLEYTROXELL.COM

SHEILA R. SCHWAGER
ADMITTED IN IDAHO, OREGON, AND WASHINGTON
EMAIL: SSCHWAGER@HAWLEYTROXELL.COM
DIRECT DIAL: 208.388.4928
DIRECT FAX: 208.954.5261

March 20, 2025

**VIA FEDERAL EXPRESS, US MAIL,
AND ELECTRONIC MAIL**

**ARTICLE #772857689342**

William John Millenkamp
Individually and as Trustee
of the SJM 2012 Trust
471 North 300 West
Jerome, Idaho 83338

**ARTICLE #772857909170**

Millenkamp Cattle, Inc., et al.
c/o Matthew T. Christensen
Johnson May
Counsel for Debtor Entities
199 N. Capitol Blvd., Suite 200
Boise, Idaho 83702

**ARTICLE #772857812369**

Susan J. Millenkamp
Individually and as Trustee
of the WJM 2012 Trust
471 North 300 West
Jerome, Idaho 83338

**Electronic Mail**

Bill@Millenkamp.com
Susie@Millenkamp.com
MTC@johnsonmaylaw.com

Re:   *Notice of Plan to Sell Property by Public Sale*

**PLEASE TAKE NOTICE** that in accordance with the provisions of Idaho Code § 28-9-601, et seq. (including Idaho Code § 28-9-611), and pursuant to Idaho Code § 28-9-101, et seq., generally, Rabo AgriFinance LLC, as Agent (the "**Agent**"), will offer at a PUBLIC SALE all right, title and interest of (1) William John Millenkamp, (2) Susan Jo Millenkamp, (3) Susan Millenkamp, as Trustee of the WJM 2012 Trust and (4) William John Millenkamp, as Trustee of the SJM 2012 Trust (collectively the "**Debtors**"), in the equity interests (the "**Equity Interests**"), issued by each

59797.0007.18307144.5

William John Millenkamp
Susan J. Millenkamp
March 20, 2025
Page 2

of the following entities: (i) Millenkamp Cattle, Inc., an Idaho corporation; (ii) Idaho Jersey Girls LLC, an Idaho limited liability company; (iii) East Valley Cattle, LLC, an Idaho limited liability company; (iv) Millenkamp Properties, L.L.C., an Idaho limited liability company; (v) Millenkamp Properties II LLC, an Idaho limited liability company; (vi) Millenkamp Family LLC, an Idaho limited liability company; (vii) Goose Ranch LLC, an Idaho limited liability company; (viii) Idaho Jersey Girls Jerome Dairy LLC, an Idaho limited liability company; (ix) Black Pine Cattle LLC, an Idaho limited liability company; and (x) Millenkamp Enterprises LLC, an Idaho limited liability company (collectively the "**Debtor Entities**"), by virtue of the default of the Debtors and Debtor Entities (collectively the "**Borrowers**"), under the terms of that certain Third Amended and Restated Loan and Security Agreement, dated as of April 21, 2021, by and among the Borrowers, the lenders party thereto (the "**Lenders**"), and the Agent, as agent for the Lenders and other Secured Parties (as defined therein), and related financing agreements.

At the request of Agent, a designated investment banker will sell the Equity Interests at a public sale. A sale could include a lease or license. The public sale will be held as follows:

    **DATE / TIME:**    Tuesday, May 06, 2025, at 10:00 A.M., Mountain Standard Time

    **LOCATION:**    Hawley Troxell Ennis & Hawley, LLP, 877 W. Main Street, Suite 200, Boise, Idaho 83702     j

The money received by the Agent from the sale (after paying the cost of the sale) will reduce the amount Borrowers owe to the Lenders. If the Agent receives less money than Borrowers owe, Borrowers will still owe the Agent the difference. If the Agent receives more money than Borrowers owe, Borrowers will receive the additional funds, unless the Agent is legally required to pay such funds to someone else.

The sale shall be "AS-IS, WHERE-IS," with no representation or warranties of any kind or nature. Notwithstanding the generality of the foregoing, there shall be no warranty relating to title, possession, quiet enjoyment, or the like, in the disposition of the Equity Interests described in this notice.

The Debtors may obtain the Equity Interests back at any time before the Agent sells the Equity Interests by paying the full amount owed (not just the past due payments), including the Agent's expenses. To learn the exact amount the Debtors must pay, contact Sheila R. Schwager, Hawley Troxell (208) 344-6000, or sschwager@hawleytroxell.com.  Borrowers are entitled to an accounting of the unpaid indebtedness the Borrowers owe to the Agent, the Lenders, and the other Secured Parties. You may contact Sheila Schwager and request such accounting.

William John Millenkamp
Susan J. Millenkamp
March 20, 2025
Page 3

If you need more information, please contact Sheila R. Schwager, Hawley Troxell at (208) 344-6000 or sschwager@hawleytroxell.com. Please be advised that the Agent intends to proceed with publication of the sale to duly advertise and promote the sale of the Equity Interests.

Sincerely,

HAWLEY TROXELL ENNIS & HAWLEY LLP

Sheila R. Schwager

SRS:jbro
None
cc: Agent

59797.0007.18307144.5