Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
       jjm@johnsonmaylaw.com

Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
|---|---|
| Filing relates to:<br><br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

DEBTORS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SHORTEN TIME FOR NOTICE OF HEARING – Page 1

### DEBTORS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SHORTEN TIME FOR NOTICE OF HEARING

Millenkamp Cattle, Inc. (together with its affiliated entities, the "Debtors" or "Millenkamp Cattle"), by and through its counsel of record, provides this Reply Memorandum in Support of Motion to Shorten Time for Notice of Hearing on the Debtor's Third Amended Disclosure Statement (Docket No. 968 – the "Motion"). Two parties have expressed written support for the Motion (*see* Docket Nos. 980 and 982). Further, the Debtors understand that MetLife will express support for the Motion at the hearing, and the Debtors counsel has discussed the Motion with the attorney for the United States Trustee, who does not oppose the Motion. Two objections to the Motion were filed, one from Conterra (Docket No. 971 - "Conterra's Objection") and one from Rabo AgriFinance (Docket No. 977 – "Rabo's Objection"). Both Conterra and Rabo are secured creditors who receive the weekly reporting from the Debtors regarding their ongoing operations, and were parties that participated in the recent settlement conference which resulted in the 3rd Amended Plan.

In the context of shortening time, it should be remembered that "the cardinal standard for § 1125 approval is that the disclosure statement provide adequate information needed for creditors ***to evaluate whether, and how, the plan will be effectuated*** so that they might decide whether to accept it." *See In re Diamond Springs Ranch, LLC*, 2011 WL 2748697 (Bankr. D. Idaho, 2011) (emphasis added). To that end, "the determination of what is adequate information is subjective and made on a case by case basis and is largely within the discretion of the bankruptcy court." *Computer Task Grp, Inc. v. Brotby (In re Brotby)*, 303 B.R. 177, 193 (9th Cir. BAP 2003).

Keeping in mind the scope of changes in the pending 3rd Amended Disclosure Statement, the "information needed to evaluate whether, and how, the plan will be effectuated" has not

DEBTORS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SHORTEN TIME
FOR NOTICE OF HEARING – Page 2

significantly changed from the 2nd to 3rd Disclosure Statements. The plan language itself has changed – but the method of implementing the plan has not significantly changed.

Conterra's Objection appears to deal with this issue – the perception that the changes between the Disclosure Statement served nearly 2 months ago and the most recent are so extensive as to make the new information regarding whether and how the plan will be effectuated either misleading, or too extensive to evaluate in a shorter time period. This objection ignores, however, the fact that the 3rd Amended Disclosure Statement is not a new document – it incorporates language regarding the Debtors, the implementation of the plan and the history of the bankruptcy case which has been present in every other version of the Disclosure Statement.

Rabo's Objection is three-fold: first is a mirror to Conterra's Objection – the changes are too major to evaluate in a shortened time frame. Second, that Rabo intends to pursue its own amended plan and associated Disclosure Statement; and third, that Rabo has pursued a sale of the equity of the Debtors which could otherwise potentially disrupt the Debtors' proposed plan.

Rabo's first objection is addressed above, in the context of Conterra's Objection. The changes to the 3rd Amended Disclosure Statement are not as extensive as Conterra and Rabo claim.

Regarding Rabo's potential Amended Plan and Amended Disclosure Statement – Rabo has had the same amount of time as the Debtors to propose a plan that amends its previous plan, and a related Disclosure Statement. The fact that Rabo chose not to do so does not mean that Rabo's amended plan and the Debtors' 3rd Amended Plan need to continue on related tracks. Rabo could have filed an amended plan sooner; it had ample opportunity to do so. Further, the Debtors believe Rabo has not garnered any support from any other creditor for its original plan, and doubts it would do so with an amended plan. This is insufficient reason to delay consideration of the Debtors' plan and disclosure statement. Further, the Debtors' new plan (and associated Disclosure Statement)

DEBTORS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SHORTEN TIME
FOR NOTICE OF HEARING – Page 3

treat Rabo's claims *better* than the prior version of the Debtors' plan did – Rabo is not prejudiced by proceeding with consideration of the Debtors' new proposed plan and disclosure statement.

Last, the Debtors do not contest that Rabo has, yet again, set an equity sale of Bill and Susie Millenkamp's ownership interests in the Debtor.[1]  Rabo is attempting to use this potential sale of the Debtors' equity interests to disrupt the Debtors' reorganization prospects.  Setting aside whether this is a legitimate creditor tactic in a contested reorganization process where every other creditor group supports the Debtors' 3rd Amended Plan, this potential future event[2] should not disrupt the Debtors' efforts to proceed to confirmation of its proposed plan.

Last, it should be noted that both Rabo and Conterra are secured creditors who remain over-secured in the Debtors assets.  They are also creditors who are receiving weekly reports regarding the Debtors operations, and were creditors that participated in the settlement conference.  If anything, these two parties have an abundance of information regarding the Debtors and their operations that is not even included in the Debtors' proposed disclosure statements.  On the other hand, the parties with arguably the least amount of ongoing week-by-week information about the Debtors (i.e., the unsecured creditors represented by the Official Committee of Unsecured Creditors) support the Motion to Shorten Time and believe the 3rd Amended Disclosure Statement contains sufficient information.

/

/

---

[1] This is not the first time Rabo has threatened a sale of the equity.  On at least 3 occasions (Feb 23, Feb 28 and Mar 15, 2024) prior to the Debtors' bankruptcy filing, Rabo issued similar notices.  None of those sales actually occurred.

[2] There is no guarantee this event ever actually happens.  For instance, Bill and Susie Millenkamp are prepared to file their own personal bankruptcy cases, if necessary, to stop the equity sale from occurring. *See, e.g., Docket No. 457* (Notice of Appearance in the Debtors' cases by Alex Caval, the Millenkamps personal attorney).

DEBTORS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SHORTEN TIME FOR NOTICE OF HEARING – Page 4

For the foregoing reasons, the Debtors request the Court shorten time for notice of the hearing on the 3rd Amended Disclosure Statement.

DATED this 24th day of March, 2025.

                                                JOHNSON MAY

                                                */s/ Matt Christensen*
                                                MATTHEW T. CHRISTENSEN
                                                Attorney for the Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of March, 2025, I caused to be served a true and correct copy of the foregoing document electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Krystal R. Mikkilineni | krystal.mikkilineni@dentons.com |
| Tirzah R. Rousell | Tirzah.rousell@dentons.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Heidi Buck Morrison | heidi@racineolson.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Gery W. Edson | gedson@gedson.com |
| J.B. Evans | evans.jb@dorsey.com |
| Zachary Fairlie | zfairlie@spencerfane.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| John O'Brien | jobrien@spencerfane.com |
| Scott C. Powers | spowers@spencerfane.com |
| Janine P. Reynard | janine@averylaw.net |
| Sheila R. Schwager | sschwager@hawleytroxell.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |
| Brian Faria | brian@sawtoothlaw.com |
| Robert A. Foucher | rfaucher@hollandhart.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| John D. Munding | john@mundinglaw.com |
| Jason R. Naess | jason.r.naess@usdoj.gov |
| Holly Roark | holly@roarklawboise.com |
| Evan R. Roth | evan@sawtoothlaw.com |
| Bruce A. Anderson | baafiling@eaidaho.com |
| Morton R. Branzburg | mbranzburg@klehr.com |
| Laura E. Burri | lburri@morrowfischer.com |
| William K. Carter | kentcarter@grsm.com |
| Alexandra O. Caval | alex@cavallawoffice.com |
| D. Blair Clark | dbc@dbclarklaw.com |
| Eric R. Clark | Eclark101@hotmail.com |
| Connor B. Edlund | edlund@mwsslawyers.com |
| Julian Gurule | jgurule@omm.com |
| Matthew Kremer | mkremer@omm.com |
| David T. Krueck | dkrueck@perkinscoie.com |
| Adam A. Lewis | alewis@mofo.com |
| Karyn Lloyd | klloyd@grsm.com |

DEBTORS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SHORTEN TIME FOR NOTICE OF HEARING – Page 6

| | |
|---|---|
| James Neimeier | jniemeier@mcgrathnorth.com |
| Gabriel L. Olivera | golivera@omm.com |
| Mark B. Perry | mbp@perrylawpc.com |
| Cheryl Rambo | Cheryl.rambo@isp.idaho.gov |
| Miranda K. Russell | mrussell@mofo.com |
| Andrew J. Schoulder | andrew.schoulder@nortonrosefulbright.com |
| Louis V. Spiker | louis.spiker@millernash.com |
| Matthew A. Sturzen | matt@shermlaw.com |
| Meredith L. Thielbahr | mthielbahr@grsm.com |
| Kim J. Trout | ktrout@trout-law.com |
| Joseph M. Wager | wager@mwsslawyers.com |

Any others as listed on the Court's ECF Notice.


   /s/ Matt Christensen
MATTHEW T. CHRISTENSEN