## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF IDAHO

IN RE:

Millenkamp Cattle, Inc.                          Case No.  24-40158-NGH

    Debtor

Filing relates to:                               Jointly Administered With Case Nos.

☐   ALL DEBTORS                          24-40159-NGH (Idaho Jersy Girls)
                                         24-40160-NGH (East Valley Cattle)
X   Millenkamp Cattle, Inc.              24-40161-NGH (Millenkamp Properties)
                                         24-40162-NGH (Millenkamp Properties II)
☐   Idaho Jersey Girls                   24-40163-NGH (Millenkamp Family)
                                         24-40164-NGH (Goose Ranch)
☐   East Valley Cattle                   24-40166-NGH (Black Pine Cattle)
                                         24-40167-NGH (Millenkamp Enterprises)
☐   Millenkamp Properties               24-40165-NGH (Idaho Jersey Girls Jerome Dairy)

☐   Millenkamp Properties II

☐   Millenkamp Family

☐   Goose Ranch                          Chapter 11 Cases

☐   Black Pine Cattle

☐   Millenkamp Enterprises

☐   Idaho Jersey Girls Jerome Dairy

**FREDIN BROTHERS, INC.'S RESPONSE TO OBJECTION TO CLAIM NO. 84**

Fredin Brothers, Inc. ("Fredin Brothers") by and through its attorneys, Spencer Fane LLP,

for its Response To Objection To Claim No. 84 (the "Claim") states as follows:

Fredin Brothers is a family business.  The Debtor's actions described below has caused

losses to a family business.

Fredin Brothers is a licensed and bonded livestock dealer under the Packers and Stockyards

Act, and is in the business of buying and selling cattle.

1

DE 10037222.2

In early 2023 the Debtor, through William Millenkamp, solicited Fredin Brothers to purchase cattle from the Debtor and for the Debtor to provide feeding services to day-old calves. During those discussions the Debtor did not disclose that the Debtor was in default on its operating loan with Rabo, was under a forbearance agreement with Rabo, and that the forbearance period was about to expire.  Had these facts been disclosed Fredin Brothers would not have undertaken the actions and transactions described below.

Commencing on or about June 29, 2023 Fredin Brothers purchased cattle from the Debtor. Fredin Brothers re-sold the cattle to Fredin Brothers' customers, and those customers placed some cattle with the Debtor for feeding services.  Thereafter, a receiver was appointed over the Debtor, the Debtor was unable to pay feed suppliers, and feeding services were interrupted.

At first, the Debtor, through Bill Millenkamp, represented that Fredin Brothers and its customers could pick up their calves.  Fredin Brothers sent trucks to pick up their calves from the Debtor's facility at great out of pocket expense.  However, when the trucks arrived Mr. Millenkamp refused to load the trucks, and the trucks left empty.  Thereafter, the Debtor to continue to charge feed and care to the cattle after the owner of the cattle tried to pick them up and feed them at another feeding facility.

Eventually, Bill Millenkamp forced a sale of the cattle to another of customer of the Debtor who agreed to keep the cattle at the Debtor's feeding facility and who agreed to pay the Debtor for feeding services for a longer period of time.

Bill Millenkamp and the Debtor's actions were wrongful, and caused Fredin Brothers losses.

Fredin Brothers was forced to engage counsel during the Debtor's receivership proceedings and in these bankruptcy proceedings to protect its interests.  Fredin Brothers was unable to timely

DE 10037222.2

recover many cattle from the Debtor and was unable to realize the benefit of its bargains with the Debtor.  The few cattle that were recovered did not perform (gain weight as expected) probably due to interruption of feed supplies or rations or the calamity during the receivership.

Fredin Brothers has claims against the Debtor for, among other things, breach of contract, breach of warranty, fraud and fraudulent concealment for losses that Fredin Brothers has incurred and as a result of claims that Fredin Brothers's customers may file against Fredin Brothers and for exposing Fredin Brothers to court proceedings.  At the time of this filing the amount of Fredin Brothers's damages are unknown, ongoing and cannot be fully calculated because these proceedings are ongoing and unsettled.  Therefore, this Claim is a contingent claim for an amount to be determined once Fredin Brothers is able to completely evaluate its losses.

The cattle which are the subject of Fredin Brothers' claim are summarized in Fredin Brothers' Claim.  The Claim describes that Fredin Brothers paid Millenkamp Cattle $7,441,200.87 for 4,961 head of cattle penned in 36 lots.  The Claim itemizes the date of purchase of each lot, the head count in each lot, the average weight of the cattle in each lot, the sex of the cattle in each lot, the purchase price for each lot, the breed of the cattle in each lot, Millenkamp Cattle's invoice number for each lot, and payment information for how Fredin Brothers paid for each lot.

Fredin Brothers does not assert that the Claim is secured. Fredin Brothers' Claim is a general unsecured Class 13 Claim.

The Debtor is fully aware of its wrongful conduct.  Nevertheless, the Debtor filed a one-paragraph objection to the Claim (the "Objection").

## **ARGUMENT**

A.    <u>Burden of Proof</u>.

"Under Rule 3001(f), a filed proof of claim constitutes prima facie evidence of the validity and amount of the claim which, via § 502(a), is deemed allowed unless a party in interest objects."

DE 10037222.2

In re Davis, 554 B.R. 918, 921 (Bankr. D. Idaho 2016) (citing Lundell v. Anchor Constr. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000)).

If a party objects to a proof of claim "the Code instructs the Court to conduct a hearing, to determine the amount of the claim, and to allow the claim, except to the extent that 'such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured[.]" § 502(b)(1). In re Davis, 554 B.R. 918, 921 (Bankr. D. Idaho 2016).

The prima facie validity of the proof of claim afforded to a creditor by Rule 3001(f) operates as a rebuttable evidentiary presumption in favor of the creditor. Id. "

Here, the Debtor fails to rebut that presumption. As detailed below, the Objection lacks merit and is premature and should be overruled.

B.    The Objection Should be Denied.

Millenkamp Cattle objects to the Claim because damages are not itemized.

However, these bankruptcy proceedings are ongoing, and the amount of Fredin Brothers' losses are not yet determined or determinable.  Therefore, the Claim is good, although the Debtor may dispute the amount of the Claim at an appropriate time and in an appropriate proceeding.

C.    The Objection is Premature and Not Ripe.

At this juncture, it is uncertain if a plan will be confirmed, and which of the two competing plans may be confirmed.  The Objection is premature.  And, Fredin Brothers' losses are ongoing and unsettled until there is clarity in this case.

Section 8.1 of the Debtor's proposed plan provides that "from and after the Effective Date, the Reorganized Debtors shall have the exclusive authority to compromise, resolve, and Allow and Disputed Claim."  The Effective Date has not arrived, and may never arrive if a Plan is not confirmed.

DE 10037222.2

The Plan does not require contested claims to be resolved at this time.  Even if an Effective Date were to arrive, distributions will not be made on Class 13 Claims until the end of the calendar quarter after any confirmation.  And the timing of any distribution is subject to the qualification terms of Plan Section 7.1 concerning "Timing Of Distributions Of Allowed Claims" which states all distributions will be made "on or <u>as soon as practicable</u> after the applicable Distribution Date." [Emphasis added]

The Debtor's Objection is premature and unnecessary.

To the extent the Objection is designed to eliminate Fredin Brothers' voting rights, Fredin Brothers has elected to abstain from voting on both of the pending Plans.  However, Fredin Brothers continues to assert its Claim in an amount to be determined once Fredin Brothers loss is calculated.

WHEREFORE, Fredin Brothers submits its Response To Objection To Claim No. 84.

DATED May 22, 2025.

Respectfully submitted,

SPENCER FANE LLP

_/s/John O'Brien_____
John O'Brien (*Pro Hac Vice*)
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO  80203-4554
Telephone: 303-839-3800
Email:  jobrien@spencerfane.com

Scott C. Powers #9958
Spencer Fane LLP
10 Exchange Place, 11th Floor
Salt Lake City, UT 84111
Telephone: 801-322-9164
Email: spowers@spencerfane.com

DE 10037222.2

Attorneys for Fredin Brothers, Inc.

DE 10037222.2

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 22, 2025 I served via CM/ECF system an electronic copy of the foregoing on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Fed. R. Bankr. P. and the L.B.R. at the following addresses:

| | |
|---|---|
| Bruce Anderson | brucea@eaidaho.com |
| Morton R. Branzburg | mbranzburg@klehr.com |
| Laura E. Burri | lburri@morrowfischer.com |
| W. Kent Carter | kentcarter@grsm.com |
| Alexandra O. Caval | alex@cavallawoffice.com |
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| D. Blair Clark | dbc@dbclarklaw.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Thomas E. Dvorak | tedservice@givenspursley.com |
| Gery W. Edson | gedson@gedson.com |
| John Brian (JB) Evans | Evans.jb@dorsey.com |
| Brian A. Faria | brian@sawtoothlaw.com |
| David D. Farrell | dfarrell@thompsoncoburn.com |
| Scott D. Fink | sfink@weltman.com |
| David W. Gadd | dwg@magicvalleylaw.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| Julian Gurule | jgurule@omm.com |
| Matthew Kremer | mkremer@omm.com |
| David T. Krueck | dkrueck@perkinscoie.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| Adam A. Lewis | alewis@mofo.com |
| Karyn Lloyd | klloyd@grsm.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Zachery J. McCraney | ZJMcCraney@hollandhart.com |
| Christopher McCurdy | ccmccurdy@hollandhart.com |
| Krystal Mikkilineni | Krystal.mikkilineni@dentons.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| Heidi Buck Morrison | heidi@racineolson.com |
| John D. Munding | John@Mundinglaw.com |
| James J. Niemeier | jniemeier@mcgrathnorth.com |
| Gabriel L. Olivera | golivera@omm.com |
| Mark B. Perry | mbp@perrylawpc.com |
| Cheryl Rambo | Cheryl.rambo@isp.idaho.gov |
| W. Reed Cotten | wrc@idlawfirm.com |
| Janine P. Reynard | janine@averylaw.net |
| Robert E. Richards | Robert.richards@dentons.com |

DE 10037222.2

| Holly Roark | holly@roarklawboise.com |
| Evan T. Roth | evan@sawtoothlaw.com |
| Tirzah R. Roussell | Tirzah.roussell@dentons.com |
| Miranda Russell | mrussell@mofo.com |
| Sheila R. Schwager | sschwager@hawleytroxell.com |
| Steven F. Schossberg | sschossberger@trout-law.com |
| Andrew Schoulder | Andrew.Schoulder@nortonrosefulbright.com |
| Louis Spiker | Louis.spiker@millernash.com |
| Richard L. Stacey | stacey@mwsslawyers.com |
| Matthew A. Sturzen | matt@shermlaw.com |
| Meredith L. Thielbahr | mthielbahr@grsm.com |
| U.S. Trustee | Ustp.region18.bs.ecf@usdoj.gov |
| Joseph M. Wager | wager@mwsslawyers.com |
| Arnold Wagner | wagner@mwsslawyers.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |
| Brian Rothschild | brothschild@parsonsbehle.com |

/s/*John O'Brien*
John O'Brien

8

DE 10037222.2