**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF IDAHO**

IN RE:

Millenkamp Cattle, Inc.                    Case No.  24-40158-NGH

　　　Debtor

Filing relates to:                         Jointly Administered With Case Nos.

☐  ALL DEBTORS                             24-40159-NGH (Idaho Jersy Girls)
                                           24-40160-NGH (East Valley Cattle)
X   Millenkamp Cattle, Inc.                24-40161-NGH (Millenkamp Properties)
                                           24-40162-NGH (Millenkamp Properties II)
☐  Idaho Jersey Girls                      24-40163-NGH (Millenkamp Family)
                                           24-40164-NGH (Goose Ranch)
☐  East Valley Cattle                      24-40166-NGH (Black Pine Cattle)
                                           24-40167-NGH (Millenkamp Enterprises)
☐  Millenkamp Properties                   24-40165-NGH (Idaho Jersey Girls Jerome Dairy)

☐  Millenkamp Properties II

☐  Millenkamp Family

☐  Goose Ranch                             Chapter 11 Cases

☐  Black Pine Cattle

☐  Millenkamp Enterprises

☐  Idaho Jersey Girls Jerome Dairy


**PRIME RIDGE BEEF LLC'S RESPONSE TO OBJECTION TO CLAIM NO. 85**

Prime Ridge Beef LLC ("Prime Ridge") by and through its attorneys, Spencer Fane LLP,

for its Response To Objection To Claim No. 85 (the "Claim") states as follows:

Prime Ridge is a family farm in Minnesota.  Prime Ridge purchases lite-weight cattle which

it brings home to feed to a fat weight for resale to a packer.

The Debtor's actions caused losses to Prime Ridge's family farm.  In a nutshell, the Debtor

imposed losses on Prime Ridge's family farm to try to save the Debtor's struggling business.

1

DE 10043524.1

Through Fredin Brothers, Inc., a licensed and bonded livestock dealer under the Packers and Stockyards Act, Prime Ridge purchased a 50% tenant in common interest in the cattle described below.  The other 50% interest is owned by Connie Lapaseotes, Ltd. which is a family farm located in Nebraska.

In early 2023 the Debtor, through William Millenkamp, solicited Prime Ridge to feed and care for Prime Ridge's lite-weight cattle at the Debtor's facility.  The Debtor agreed to provide feeding services to Prime Ridge's day-old calves until they grew to a weight which they could be transported to Prime Ridge's facility.  During those discussions the Debtor did not disclose that the Debtor was in default on its operating loan with Rabo, was under a forbearance agreement with Rabo, and that the forbearance period was about to expire.  Had these facts been disclosed Prime Ridge would not have placed cattle with the Debtor or undertaken the actions and transactions described below.

Commencing on or about June 29, 2023 Prime Ridge placed cattle with the Debtor for feeding services.  Thereafter, a receiver was appointed over the Debtor, the Debtor was unable to pay feed suppliers, and feeding services were interrupted.

At first, the Debtor, through Bill Millenkamp, represented that Prime Ridge could pick up its calves.  Prime Ridge sent trucks to pick up its calves from the Debtor's facility at great out of pocket expense.  However, when the trucks arrived Mr. Millenkamp refused to load the trucks, and the trucks left empty.  Thereafter, the Debtor to continue to charge feed and care to the cattle after Prime Ridge tried to pick them up and feed them at Prime Ridge's facility.

Eventually, Bill Millenkamp forced a sale of Prime Ridge's cattle to another of customer of the Debtor who agreed to keep the cattle at the Debtor's feeding facility and who agreed to pay the Debtor for feeding services for a longer period of time.

2

DE 10043524.1

Bill Millenkamp and the Debtor's actions were wrongful, and caused Prime Ridge losses.

Prime Ridge was forced to engage counsel during the Debtor's receivership proceedings and in these bankruptcy proceedings to protect its interests. Prime Ridge was unable to timely recover many cattle from the Debtor and was unable to realize the benefit of its bargains with the Debtor. The few cattle that were recovered did not perform (gain weight as expected) probably due to interruption of feed supplies or rations or the calamity during the receivership.

Prime Ridge has claims against the Debtor for, among other things, breach of contract, breach of warranty, fraud and fraudulent concealment for losses that Prime Ridge has incurred and as a result of the Debtor's actions. At the time of this filing the amount of Prime Ridge's damages are unknown, ongoing and cannot be fully calculated because these proceedings are ongoing and unsettled. Therefore, this Claim is a contingent claim for an amount to be determined once Prime Ridge is able to completely evaluate its losses.

The cattle which are the subject of Prime Ridge's claim are summarized in Prime Ridge's Claim. The Claim describes that Prime Ridge owned an interest in 4,961 head of cattle penned in 36 lots at the Debtor's feeding facility. The Claim itemizes the head count in each lot, the average weight of the cattle in each lot, the sex of the cattle in each lot, the purchase price for each lot, the breed of the cattle in each lot, Millenkamp Cattle's invoice number for each lot, and payment information for how Prime Ridge paid for each lot.

Prime Ridge does not assert that the Claim is secured. Prime Ridge's Claim is a general unsecured Class 13 Claim.

The Debtor is fully aware of its wrongful conduct. Nevertheless, the Debtor filed a one-paragraph objection to the Claim (the "Objection").

## **ARGUMENT**

A.    Burden of Proof.

3

DE 10043524.1

"Under Rule 3001(f), a filed proof of claim constitutes prima facie evidence of the validity and amount of the claim which, via § 502(a), is deemed allowed unless a party in interest objects." In re Davis, 554 B.R. 918, 921 (Bankr. D. Idaho 2016) (citing Lundell v. Anchor Constr. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000)).

If a party objects to a proof of claim "the Code instructs the Court to conduct a hearing, to determine the amount of the claim, and to allow the claim, except to the extent that 'such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured[.]" § 502(b)(1). In re Davis, 554 B.R. 918, 921 (Bankr. D. Idaho 2016).

The prima facie validity of the proof of claim afforded to a creditor by Rule 3001(f) operates as a rebuttable evidentiary presumption in favor of the creditor. Id. "

Here, the Debtor fails to rebut that presumption. As detailed below, the Objection lacks merit and is premature and should be overruled.

B.      The Objection Should be Denied.

Millenkamp Cattle objects to the Claim because damages are not itemized.

However, these bankruptcy proceedings are ongoing, and the amount of Prime Ridge's losses it is not yet determined or determinable.  Therefore, the Claim is good, although the Debtor may dispute the amount of the Claim at an appropriate time and in an appropriate proceeding.

C.      The Objection is Premature and Not Ripe.

At this juncture, it is uncertain if a plan will be confirmed, and which of the two competing plans may be confirmed.  The Objection is premature.  And, Prime Ridge's losses are ongoing and unsettled until there is clarity in this case.

Section 8.1 of the Debtor's proposed plan provides that "from and after the Effective Date, the Reorganized Debtors shall have the exclusive authority to compromise, resolve, and Allow and

4

DE 10043524.1

Disputed Claim." The Effective Date has not arrived, and may never arrive if a Plan is not confirmed.

The Plan does not require contested claims to be resolved at this time. Even if an Effective Date were to arrive, distributions will not be made on Class 13 Claims until the end of the calendar quarter after any confirmation. And the timing of any distribution is subject to the qualification terms of Plan Section 7.1 concerning "Timing Of Distributions Of Allowed Claims" which states all distributions will be made "on or as soon as practicable after the applicable Distribution Date." [Emphasis added]

The Debtor's Objection is premature and unnecessary.

To the extent the Objection is designed to eliminate Prime Ridge's voting rights, Prime Ridge has elected to abstain from voting on both of the pending Plans. However, Prime Ridge continues to assert its Claim in an amount to be determined once Prime Ridge's loss is calculated.

WHEREFORE, Prime Ridge submits its Response To Objection To Claim No. 85.

DATED May 22, 2025.

Respectfully submitted,

SPENCER FANE LLP


*/s/John O'Brien*
John O'Brien (*Pro Hac Vice*)
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO  80203-4554
Telephone: 303-839-3800
Email:  jobrien@spencerfane.com

Scott C. Powers #9958
Spencer Fane LLP
10 Exchange Place, 11th Floor
Salt Lake City, UT 84111
Telephone: 801-322-9164

5

DE 10043524.1

Email: spowers@spencerfane.com

Attorneys for Prime Ridge Beef LLC

6

DE 10043524.1

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 22, 2025 I served via CM/ECF system an electronic copy of the foregoing on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Fed. R. Bankr. P. and the L.B.R. at the following addresses:

| | |
|---|---|
| Bruce Anderson | brucea@eaidaho.com |
| Morton R. Branzburg | mbranzburg@klehr.com |
| Laura E. Burri | lburri@morrowfischer.com |
| W. Kent Carter | kentcarter@grsm.com |
| Alexandra O. Caval | alex@cavallawoffice.com |
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| D. Blair Clark | dbc@dbclarklaw.com |
| David A. Coleman | david@colemanjacobsonlaw.com |
| Thomas E. Dvorak | tedservice@givenspursley.com |
| Gery W. Edson | gedson@gedson.com |
| John Brian (JB) Evans | Evans.jb@dorsey.com |
| Brian A. Faria | brian@sawtoothlaw.com |
| David D. Farrell | dfarrell@thompsoncoburn.com |
| Scott D. Fink | sfink@weltman.com |
| David W. Gadd | dwg@magicvalleylaw.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Daniel C. Green | dan@racineolson.com |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| Julian Gurule | jgurule@omm.com |
| Matthew Kremer | mkremer@omm.com |
| David T. Krueck | dkrueck@perkinscoie.com |
| John F. Kurtz | jfk@kurtzlawllc.com |
| Adam A. Lewis | alewis@mofo.com |
| Karyn Lloyd | klloyd@grsm.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| J. Justin May | jjm@johnsonmaylaw.com |
| Zachery J. McCraney | ZJMcCraney@hollandhart.com |
| Christopher McCurdy | ccmccurdy@hollandhart.com |
| Krystal Mikkilineni | Krystal.mikkilineni@dentons.com |
| Rhett M. Miller | rmiller@magicvalley.law |
| Heidi Buck Morrison | heidi@racineolson.com |
| John D. Munding | John@Mundinglaw.com |
| James J. Niemeier | jniemeier@mcgrathnorth.com |
| Gabriel L. Olivera | golivera@omm.com |
| Mark B. Perry | mbp@perrylawpc.com |
| Cheryl Rambo | Cheryl.rambo@isp.idaho.gov |
| W. Reed Cotten | wrc@idlawfirm.com |
| Janine P. Reynard | janine@averylaw.net |
| Robert E. Richards | Robert.richards@dentons.com |

7

DE 10043524.1

| | |
|---|---|
| Holly Roark | holly@roarklawboise.com |
| Evan T. Roth | evan@sawtoothlaw.com |
| Tirzah R. Roussell | Tirzah.roussell@dentons.com |
| Miranda Russell | mrussell@mofo.com |
| Sheila R. Schwager | sschwager@hawleytroxell.com |
| Steven F. Schossberg | sschossberger@trout-law.com |
| Andrew Schoulder | Andrew.Schoulder@nortonrosefulbright.com |
| Louis Spiker | Louis.spiker@millernash.com |
| Richard L. Stacey | stacey@mwsslawyers.com |
| Matthew A. Sturzen | matt@shermlaw.com |
| Meredith L. Thielbahr | mthielbahr@grsm.com |
| U.S. Trustee | Ustp.region18.bs.ecf@usdoj.gov |
| Joseph M. Wager | wager@mwsslawyers.com |
| Arnold Wagner | wagner@mwsslawyers.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |
| Brian Rothschild | brothschild@parsonsbehle.com |

/s/*John O'Brien*
John O'Brien

8

DE 10043524.1